# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
LIBERTY MUTUAL INSURANCE COMPANY,

                Plaintiff,

    -against-

TRAVELERS PROPERTY CASUALTY COMPANY
OF AMERICA f/k/a THE TRAVELERS INDEMNITY
COMPANY OF ILLINOIS,

                Defendant.
----------------------------------------------------------x

JUDGE KEENAN

07 Civil Action No. 11292

**COMPLAINT**



DEC 1 7 2007
U.S.D.C. S.D. N.Y.
CASHIERS

**M A D A M/S I R S:**

    Plaintiff LIBERTY MUTUAL INSURANCE COMPANY ("Liberty Mutual"), by its attorneys, JAFFE & ASHER LLP, as and for its complaint against defendant TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA f/k/a THE TRAVELERS INDEMNITY COMPANY OF ILLINOIS ("Travelers"), alleges as follows:

### JURISDICTION AND PARTIES

    1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) by reason of the diversity of citizenship of the parties and the fact that the amounts in controversy exceed the sum of $75,000 exclusive of costs. This is an action against Travelers for a declaratory judgment as to rights under an insurance policy and for recovery of monetary damages for breach of said insurance policy.

    2.    At all times hereinafter mentioned, Liberty Mutual was, and still is, a stock insurance company organized under the laws of the Commonwealth of

1

Massachusetts, with its principal place of business located at 175 Berkeley Street, Boston, Massachusetts.

3. At all times hereinafter mentioned, Liberty Mutual was, and still is, an insurance company duly authorized to conduct business within the State of New York.

4. Upon information and belief, at all times hereinafter mentioned, Travelers was, and still is, a stock insurance company organized under the laws of the State of Connecticut, with its principal place of business located at One Tower Square, Hartford, Connecticut.

5. At all times hereinafter mentioned, Travelers was, and still is, an insurance company duly authorized to conduct business within the State of New York.

## SUBSTANTIVE ALLEGATIONS

6. On or about October 27, 2003, George Santoli and Stacey Santoli (hereinafter, collectively "Santoli") commenced an action entitled <u>George Santoli and Stacey Santoli v. 475 Ninth Avenue Associates LLC, VJB Construction 475 9th Avenue LLC, VJB Construction Corp., Spieler & Ricca Electrical Co. Inc., and Kajima Development Corporation</u>, Index No. 118596/03, in the Supreme Court of the State of New York, County of New York (the "Underlying Action").

7. In the Underlying Action, Santoli alleged that George Santoli was employed and performing work at a construction site located at 475 Ninth Avenue, New York, New York (the "Job Site") on April 7, 2003 when, whiling acting within the scope of his employment, he was caused to fall and sustain bodily injuries.

2

8. In the Underlying Action, George Santoli seeks damages in the sum of $5 million and his wife, Stacey Santoli, seeks damages for loss of consortium in the sum of $500,000.

9. At the time of his alleged action, George Santoli was working as an employee of R & J Construction, a subcontractor at the Job Site.

10. Pursuant to a written Subcontract, dated January 9, 2001, R & J Construction was retained as a subcontractor for carpentry & drywall at the Job Site (the "Subcontract").

11. The Subcontract provides, in part, as follows:

> 17. **[Note: Schedules may need to be specified]**
> <u>Insurance</u>. Subcontractor shall maintain and pay for insurance coverage of the types and with the minimum limits set forth in Schedule _ attached hereto. Such coverage shall be maintained in form and with companies acceptable to Construction Manager, Architect, and Owner, and shall, notwithstanding Schedule __, meet the applicable requirements imposed under the Contract or by any governmental authority having jurisdiction over the Work. Subcontractor shall name all Indemnitees as Additional Insureds. If Subcontractor fails at any time to secure and maintain any insurance coverage required hereunder, such failure will constitute a material breach by Subcontractor, entitling Construction Manager to proceed under the provisions of Article 26, Default, hereof. Subcontractor shall furnish Construction Manager certificates of the insurance required hereunder and each policy of insurance shall provide for thirty (30) days notice to Construction Manager prior to cancellation. Construction Manager may at any time require Subcontractor to reaffirm the maintenance of such coverage.

12. The Subcontract contains an Exhibit "B", which is part of the Subcontract.

3

13. Exhibit B of the Subcontract contains specific "Subcontractor's Insurance Requirements", which provides that R & J Construction must obtain Commercial General Liability Insurance with "Limits not less than . . . $2,000,000 Each Occurrence."

14. Exhibit B of the Subcontract provides, in part, as follows:

- All named Additional Insured shall be named additional insured in a form equivalent in all respects to ISO 1992 form CG 2010. **<u>Copies of policy additional insured endorsements must be provided with the certificate of insurance prior to mobilization on the site.</u>**

- Owner, Architect and others are additional insured as required in the Contract Documents. **Please include the following as an additional insured:**

    ♦ Kajima Construction/VJB LLC

    ♦ VJB Construction Corp. – 200 West 56th St., New York, NY 10019

    * * *

    ♦ 475 Ninth Avenue Associates LLC

    * * *

- Other insurance clause to be deleted and insurance is to apply on a primary basis for additional insured. Rights of subrogation against additional insured are waived and evidence of waiver shall be in form equivalent in all respects to ISO 1984 form CG 24 04 11 85. **<u>A copy of the policy endorsement for waiver of subrogation must be submitted with the insurance certificate prior to mobilization on the site.</u>** Insurance carried by the additional insured shall be non-contributory and will apply excess of the subcontractor's insurance for the additional insured only.

4

15. Upon information and belief, R & J complied with its obligation to obtain insurance, in part, by obtaining from Travelers a Contractors policy, No. DT-CO-963K2686-TIL-03, with a policy period from January 1, 2003 to January 1, 2004 (the "Travelers Policy").

16. Upon information and belief, the Travelers Policy has an "Each Occurrence Limit" of $1 million and a "General Aggregate Limit" of $2 million.

17. Upon information and belief, the Travelers Policy includes a "Blanket Additional Insured (Contractors)" endorsement, which provides, in part, as follows:

> 1. WHO IS AN INSURED – (Section II) is amended to include any person or organization you are required to include as an additional insured on this policy by a written contract or written agreement in effect during this policy period and executed prior to the occurrence of any loss.
>
> * * *
>
> 4. Any coverage provided by this endorsement to an additional insured shall be excess over any other valid and collectible insurance available to the additional insured whether primary, excess, contingent or on any other basis unless a written contract or agreement specifically requires that this insurance apply on a primary or contributory basis.

18. Upon information and belief, the Travelers Policy contains an "Other Insurance" provision that provides, in part, as follows:

> **4.   Other Insurance or Self-Insurance**
>
> If other valid and collectible insurance, including any type of self-insurance such as a deductible or self-

5

insured retention, or other mechanism by which an insured arranges for funding of legal liability, is available to the insured for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as follows:

a. Primary Insurance

   This insurance is primary except when b. below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in c. below.

b. Excess Insurance

   This insurance is excess over any of the other insurance, including any type of self-insurance such as a deductible or self-insured retention, or other mechanism by which an insured arranges for funding of legal liability, whether primary, excess, contingent or on any other basis:

   (1) That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work";

   (2) That is insurance for fire, explosion, lightning, smoke resulting from such fire, explosion or lightning or water, for premises rented to you or temporarily occupied by you with permission of the owner;

   (3) If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion f. of Coverage A (Section I).

   (4) That is valid and collectible insurance available to the insured as an additional insured under any other policy;

6

> **(5)** That is valid and collectible insurance available under a contractor controlled insurance program or owner controlled insurance program, "wrap-up" or other similar insurance program; or
>
> **(6)** That is valid and collectible insurance available to you for your interest in any past partnership, joint venture or limited liability company that is not listed in the Declarations.

19. Upon information and belief, no portion of subparagraph b. of the "Other Insurance" provision applies to the coverage afforded by Liberty Mutual's policy, as more fully described below.

20. Upon information and belief, Travelers is not aware of any exclusions in the Travelers Policy that potentially apply to the claims alleged against VJB Construction Corp. ("VJB") or 475 Ninth Avenue Associates, LLC ("475 Ninth").

21. Liberty Mutual issued a Commercial General Liability policy, No. DGL-NY-078805-012, with a policy period from January 25, 2002 to July 25, 2003, to VJB as the first Named Insured (the "Liberty Mutual Policy").

22. The Liberty Mutual Policy contains an "Other Insurance" provision that provides, in part, as follows:

> This insurance is excess over: . . . (2) Any other primary insurance available to you covering liability for damages arising out of the premises or operations for which you have been added as an additional insured by attachment of any endorsement.

23. Upon information and belief, Travelers was duly notified of the April 7, 2003 accident and the Underlying Action.

7

24. Upon information and belief, R & J Construction timely notified Travelers of the April 7, 2003 accident.

25. Upon information and belief, R & J Construction timely notified Travelers of the Underlying Action.

26. The defense and indemnity of VJB and 475 Ninth was duly tendered to Travelers.

27. By letter dated May 11, 2004, Travelers disclaimed that it had any duty to defend or indemnify VJB or 475 Ninth for the claims alleged in the Underlying Action.

28. In the letter dated May 11, 2004, Travelers asserted that VJB and 475 Ninth do not qualify as additional insureds under the Travelers Policy for the claims alleged in the Underlying Action.

29. VJB and 475 Ninth qualify as an additional insured under the Travelers Policy for the claims alleged in the Underlying Action.

30. As a result of the failure and refusal of Travelers to provide a defense to VJB and 475 Ninth, pursuant to the terms of the Liberty Mutual Policy, Liberty Mutual has dropped down and provided a defense to VJB and 475 Ninth for the Underlying Action.

### AS AND FOR A FIRST CAUSE OF ACTION
#### (For Declaratory Judgment)

31. Liberty Mutual repeats, realleges, and reiterates each and every allegation contained in paragraphs "1" though "30" of this Complaint as if more fully set forth herein.

32. Travelers' disclaimer of coverage and/or refusal to provide a defense and indemnify for VJB and 475 Ninth is improper, and VJB and 475 Ninth are entitled to a defense and indemnity for the Underlying Action as an additional insured under the Travelers Policy.

33. The Travelers Policy provides for liability insurance coverage to VJB and 475 Ninth for the Underlying Action that is primary to the liability insurance coverage afforded by the Liberty Mutual Policy.

34. Liberty Mutual seeks a determination of its rights with regard to the Travelers Policy, including a declaratory judgment that Travelers is required to defend and indemnify VJB and 475 Ninth for the Underlying Action, and that Liberty Mutual's coverage is excess over the coverage afforded by Travelers.

35. Liberty Mutual has no adequate remedy at law.

### AS AND FOR A SECOND CAUSE OF ACTION
#### (For Recovery of Co-Insurance)

36. Liberty Mutual repeats, realleges, and reiterates each and every allegation contained in paragraphs "1" though "35" of this Complaint as if more fully set forth herein.

9

37. As a result of Travelers' failure to acknowledge their duty to defend VJB and 475 Ninth for the Underlying Action, Liberty Mutual has been required to provide a defense to VJB and 475 Ninth for the Underlying Action.

38. As a result of failure to acknowledge their duty to defend VJB and 475 Ninth for the Underlying Action, Liberty Mutual has incurred substantial attorneys' fees and other costs.

39. Travelers fails and refuses to acknowledge its coverage obligations and to reimburse Liberty Mutual for costs incurred to defend VJB and 475 Ninth in the Underlying Action.

40. As a result of the foregoing, Liberty Mutual is entitled to a money judgment against Travelers in an amount equal to what it has incurred and will incur to defend VJB and 475 Ninth in the Underlying Action in an amount to be determined by the Court.

**WHEREFORE**, plaintiff LIBERTY MUTUAL INSURANCE COMPANY demands judgment as follows:

1. On the first cause of action, a declaratory judgment determining the respective rights and obligations of Liberty Mutual and Travelers with respect to their liability insurance coverage obligations for VJB and 475 Ninth, including a declaratory judgment that Travelers is required to defend and indemnify VJB and 475 Ninth for the Underlying Action and that Liberty Mutual's coverage is excess over the coverage afforded by Travelers to VJB and 475 Ninth for the Underlying Action;

   2. On the second cause of action, awarding Liberty Mutual a money judgment against Travelers in an amount to be determined by the Court; and

   3. Granting Liberty Mutual recovery of the costs and disbursements of this action, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
       December 17, 2007

Yours, etc.,

JAFFE & ASHER LLP

By: _____
   Marshall T. Potashner, Esq. (MTP-3552)
Attorneys for Plaintiff
LIBERTY MUTUAL INSURANCE COMPANY
600 Third Avenue, 9TH Floor
New York, New York 10016
(212) 687-3000

11