# Exhibit E

*Wv Brvck*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------------X
GEORGE SANTOLI and STACEY SANTOLI,

                                        plaintiffs,                    Index No.: 118596/03

                  - against -

475 NINTH AVENUE ASSOCIATES, LLC,
VJB CONSTRUCTION 475 9TH AVENUE LLC,
VJB CONSTRUCTION CORP., SPIELER & RICCA
ELECTRICAL CO. INC. and KAJIMA DEVELOPMENT
CORPORATION,

                                        defendants.
----------------------------------------------------------------X
VJB CONSTRUCTION CORP.; and LIBERTY INTERNATIONAL          TP Index No.: 590445/04
UNDERWRITERS a/s/o VJB CONSTRUCTION CORP.,                 Date Purchased 4/29/04
                                                                   NEW YORK
                                        third-party-plaintiffs,    COUNTY CLERK'S OFFICE

                  -against-                                        APR 2 9 2004

R&J CONSTRUCTION CORP.; TRAVELERS INDEMNITY              NOT COMPARED
COMPANY; TRAVELERS INDEMNITY COMPANY OF                  WITH COPY FILED
AMERICA; TRAVELERS INDEMNITY COMPANY OF
CONNECTICUT; REPUBLIC FRANKLIN INSURANCE                 SUM  ONS
COMPANY; UTICA NATIONAL INSURANCE COMPANY
OF TEXAS; UTICA NATIONAL INSURANCE GROUP;
UTICA MUTUAL INSURANCE COMPANY; UTICA NATIONAL
ASSURANCE COMPANY; REGIONAL SCAFFOLDING and
HOISTING CO., INC.,

                                        third-party-defendants.
----------------------------------------------------------------X

TO THE ABOVE-NAMED THIRD-PARTY DEFENDANTS:

        You are hereby SUMMONED to answer the attached third-party complaint in this action

and to serve a copy of your answer or, if this third-party complaint is not served with this

summons, to serve a notice of appearance, on the defendants' attorneys RYAN, DEVEREAUX

& CONLON, LLP, 39 Broadway, Suite 910, New York, New York 10006 within twenty days

after the service of the summons with third-party complaint, exclusive of the day of service (or

within 30 days after the service), is complete. If this summons is not personally delivered to you

within the State of New York, and in case of your failure to appear or answer, judgment will be

taken against you by default for the relief demanded in the third-party complaint.

Dated: April 14, 2004
      New York, New York

                                       Michael J. Devereaux
                                       RYAN, DEVEREAUX & CONLON, LLP
                                       Attorneys for Defendant/Third-Party
                                       Plaintiffs VJB Construction Corp., Liberty
                                       39 Broadway, Suite 910
                                       New York, New York 10006
                                       (212) 785-5959 (T)
                                       (212) 785-4487 (F)

TO:    Michael A. Rose, Esq.
        HACH & ROSE, LLP
        Attorneys for Plaintiffs
        GEORGE SANTOLI AND
          STACEY SANTOLI,
        185 Madison Avenue, 8th Floor
        New York, New York 10016

        Timothy F. Hegarty, Esq.
        ZETLIN & DECHIARA, LLP
        Attorneys for Defendants
        475 NINTH AVENUE ASSOCIATES, LLC
        801 Second Avenue
        New York, New York 10017
        (212) 682-6800

        Kevin J. Murtagh, Esq.
        O'CONNOR O'CONNOR HINTZ & DEVENEY, LLP
        Attorneys for Defendants
        SPIELER & RICCA ELECTRICAL CO., INC.
        One Huntington Quadrangle, Suite 1C07
        Melville, New York 11741
        (631) 777-2330

R&J Construction Corp.
4435 Austin Blvd.
Island, New York 11558
(516) 432-6900

Travelers Indemnity Company
One Tower Square
Hartford, Connecticut 06115
(203) 277-0111

Traveler's Indemnity Company of America
One Tower Square
Hartford, Connecticut 06115
(860) 277-4869

Traveler's Indemnity Company of Connecticut
One Tower Square
Hartford, Connecticut 06183
(860) 277-6850

Republic Franklin Insurance Company
P.O. Box 29906
Columbus, Ohio 43229
(516) 479-5000

Utica National Insurance Company of Texas
400 Garden City Plaza
Garden City, New York 11530
(516) 873-2600

Utica National Insurance Company of Texas
One Jericho Plaza, 2nd Floor
Wing A, Jericho, New York 11753
(516) 479-5000

Utica National Insurance Group
400 Garden City Plaza
Garden City, New York 11530
(516) 873-2600

Utica National Insurance Group
One Jericho Plaza, 2nd Floor
Wing A, Jericho, New York 11753
(516) 479-5000

RECEIVED AM

MAY 3 1 2004

LAW DEPARTMENT

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------X

GEORGE SANTOLI and STACEY SANTOLI,

plaintiffs,                           Index No.: 118596/03

- against -

475 NINTH AVENUE ASSOCIATES, LLC,
VJB CONSTRUCTION 475 9TH AVENUE LLC,
VJB CONSTRUCTION CORP., SPIELER & RICCA
ELECTRICAL CO. INC  and KAJIMA DEVELOPMENT
CORPORATION,

defendants.
-------------------------------------------------------------------------X
VJB CONSTRUCTION CORP.; and LIBERTY INTERNATIONAL
UNDERWRITERS a/s/o VJB CONSTRUCTION CORP.,

TP Index No.: 590445/04
Date Purchased 4/29/04

third-party-plaintiffs,

-against-

R&J CONSTRUCTION CORP.; TRAVELERS INDEMNITY
COMPANY; TRAVELERS INDEMNITY COMPANY OF
AMERICA; TRAVELERS INDEMNITY COMPANY OF
CONNECTICUT; REPUBLIC FRANKLIN INSURANCE
COMPANY; UTICA NATIONAL INSURANCE COMPANY
OF TEXAS; UTICA NATIONAL INSURANCE GROUP;
UTICA MUTUAL INSURANCE COMPANY; UTICA NATIONAL
ASSURANCE COMMPANY; REGIONALSCAFFOLDING and
HOISTING CO., INC.,

VERIFIED
THIRD PARTY
COMPLAINT

NEW YORK
COUNTY CLERK'S OFFICE

APR 2 9 2004

NOT COMPARED
WITH COPY FILED

third-party-defendants.
-------------------------------------------------------------------------X

VJB CONSTRUCTION CORP. ("VJB"), by and through their attorneys RYAN,

DEVEREAUX & CONLON, LLP, 39 Broadway, Suite 910, New York, New York 10006,

hereby alleges that the herein named third-party defendants are responsible and/or liable for any

and all damages and are required by contract and law to defend/indemnify the defendants/third-

party plaintiffs VJB CONSTRUCTION CORP., and LIBERTY INTERNATIONAL

UNDERWRITERS a/s/o VJB CONSTRUCTION CORP., as follows:

1. The plaintiffs George Santoli and Stacey Santoli served a supplemental summons and amended verified complaint dated February 2, 2004, a copy of which is attached as Exhibit 1.

2. VJB Construction Corp. ("VJB"), answered the plaintiffs' pleadings with an answer, affirmative defenses and cross-claims against Spieler & Ricca Electrical Co. Inc. ("Spieler") on March 26, 2004. A copy is attached as Exhibit 2.

3. The project is the construction of a new building structure at 475 North Avenue, New York, New York 10018 (the "project").

4. R&J Construction Corp. ("R&J") worked on the project.

5. R&J performs construction work.

6. R&J worked at 475 Ninth Avenue, New York, New York 10018.

7. R&J does carpentry and drywall tradework.

8. R&J did carpentry tradework on the project.

9. R&J did drywall tradework on the project.

10. R&J are drywall contractors.

11. R&J's offices are located at 4435 Austin Blvd., Island Park, New York 11558.

12. R&J's telephone number is 516-432-6900.

13. R&J's fax number is 516-432-6322.

14. R&J was at all relevant times licensed by the State of New York.

15. R&J was at all relevant times licensed to perform work in the City of New York.

16. R&J was at all relevant times permitted by the City of New York to perform construction in the City of New York.

17. R&J at all relevant times did not violate any federal, state, local statutes, laws, rules, regulations and/or codes while performing work on the project.

18. R&J is a licensed contractor.

2

19.    R&J was, at all relevant times, a licensed contractor.

20.    Joe Ferrara is a principal of R&J.

21.    Walter Pivnick is a principal of. R&J.

22.    R&J is a domestic corporation.

23.    R&J is a business duly organized and existing under the laws of the State of New York.

24.    R&J, at all relevant times, employed George Santoli.

25.    R&J presently employs George Santoli.

26.    R&J no longer employs George Santoli.

27.    George Santoli is a tradesman.

28.    George Santoli is a carpenter.

29.    George Santoli is a drywall tradesman.

30.    George Santoli was employed by R&J on April 2, 2004.

31.    George Santoli worked as an employee of R&J at the project.

32.    George Santoli was not caused to fall at the project.

33.    George Santoli was not caused to fall on April 2, 2004 at the project.

34.    R&J entered into a subcontractor dated January 9, 2001 for carpentary and drywall on the project.

35.    R&J's subcontract price was two million, nine-hundred and fifty thousand dollars ($2,950,000.00).

36.    Kajima/VJB Construction Services, LLC ("Kajima/VJB"), was, at all relevant times, the construction manager for the project.

37.    R&J entered into a subcontract dated January 9, 2001 for the project as a subcontractor and Kajima/VJB as the construction manager.

3

38.     R&J furnished all the labor, material, tools, equipment, supervision, business administration and services necessary for or incidental to successfully prosecute and complete its work under R&J's subcontract dated January 9, 2001.

39.     R&J did not furnish all the labor, material, tools, equipment, supervision, business administration and services necessary for or incidental to successfully prosecute and complete its work under R&J's subcontract dated January 9, 2001.

40.     R&J's work on the project was anticipated to start in about January 2002.

41.     R&J's work on the project started in about January 2002.

42.     R&J's work on the project did not start in about January 2002.

43.     R&J's work on the project was anticipated to be substantially completed on or before April 30, 2004.

44.     R&J's work on the project was not substantially completed on or before April 30, 2003.

45.     R&J was, at all relevant times, bound by the decisions of the architect H. Thomas O'Harra Architect, PLLC.

46.     R&J, to the fullest extent permitted by law, indemnified Kajima/VJB of and/or relating to its work on the project.

47.     R&J agreed to indemnify Kajima/VJB to the fullest extent permitted by law of and/or relating to its work on the project.

48.     R&J, to the fullest extent permitted by law, indemnified Kajima/VJB against any and all damages or injuries caused by or arising from R&J's work on the project.

49.     R&J agreed, to the fullest extent permitted by law, to indemnify Kajima/VJB against and hold Kajima/VJB harmless from and pay the full amount of any and all damages or injuries caused by or causing from R&J's work on the project.

50.     R&J agreed, at its sole expense, to defend, with counsel reasonably acceptable to Kajima/VJB, any and all legal proceedings commenced against Kajima/VJB of and/or relating to or arising from its work at the project.

51.     R&J purchased comprehensive general liability ("CGL") insurance policy number CO963K2686TIL02 from the Travelers Indemnity Company ("Travelers").

52.     R&J did not purchase comprehensive general liability ("CGL") insurance policy number CO963K2686TIL02 from the Travelers Indemnity Company ("Travelers").

53.     R&J agreed to purchase CGL insurance for the project naming Kajima/VJB and VJB as additional insureds.

54.     R&J did not agree to purchase CGL insurance for the project naming Kajima/VJB and VJB as additional insureds.

55.     R&J named Kajima/VJB and VJB as additional insureds of Travelers' policy number CO963K2686TIL02.

56.     R&J did not name Kajima/VJB and VJB as additional insureds of Travelers' policy number CO963K2686TIL02.

57.     R&J named 475 Ninth Avenue Associates, LLC ("475 LLC") as an additional insured of Traveler's policy number CO963K2686TIL02.

58.     R&J did not name 475 Ninth Avenue Associates, LLC ("475 LLC") as an additional insured of Traveler's policy number CO963K2686TIL02.

59.     R&J represented to VJB and/or to Kajima/VJB that it had purchased Traveler's policy number CO963K2686TIL02.

60.     R&J represented to VJB and/or to Kajima/VJB that VJB and Kajima/VJB were additional insureds of Travelers' policy number CO963K2686TIL02.

61.     R&J presented the certificate of liability insurance dated May 23, 2002 to Kajima/VJB.

5

62.    R&J presented certificate of liability insurance dated May 23, 2002 to VJB.

63.    R&J executed its work on the project in a prudent, cautious and safe manner.

64.    R&J was required to execute its work on the project in a prudent, cautious and safe manner.

65.    R&J continuously maintained a safe and secure work place on the project.

66.    R&J was required to continuously maintained a safe and secure work place on the project.

67.    R&J employed at all times whatever means that was reasonably required to insure the safety and avoid the endangerment of all persons and property of itself and others on the project.

68.    R&J did not employ at all times whatever means that was reasonably required to insure the safety and avoid the endangerment of all persons and property of itself and others on the project.

69.    R&J was required to employ at all times whatever means that was reasonably required to insure the safety and avoid the endangerment of all persons and property of itself and others on the project.

70.    R&J corrected all unsafe conditions on the project.

71.    R&J was required to correct all unsafe conditions on the project.

72.    R&J recommended corrective action when subcontracters violated safety standards on the project.

73.    R&J did not recommend corrective action when subcontracters violated safety standards on the project.

74.    R&J was required to recommend corrective action when subcontracters violated safety standards on the project.

75.    R&J installed all the carpentary and drywell work for the project.

6

76.    R&J complied with all OSHA requirements on the project.

77.    R&J was required to comply with all OSHA requirements on the project.

78.    R&J complied with federal, state, local safety and health requirements and applicable building codes for the project.

79.    R&J was required to comply with federal, state, local safety and health requirements and applicable building codes for the project.

80.    R&J complied with the site safety plan for the project.

81.    R&J was required  to comply with the site safety plan for the project.

82.    R&J at all relevant times on the project kept aisles, stairways, fire exits and doorways clean of materials, debris and electrical cords.

83.    R&J was at all relevant times on the project required to keep aisles, stairways, fire exits and doorways clean of materials, debris and electrical cords.

84.    R&J agreed to purchase and maintain CGL insurance as follows:

> **Exhibit B**
> <u>**Subcontractor's Insurance Requirements – NY**</u>
> *Subcontractors shall maintain during the progress of the Work, and any extended warranty period as required by the Contract Documents or by law, insurance with the minimum limits and coverage as shown below or, if higher, the requirements set forth in the Agreement between the Owner and the Contractor.  The insurance coverage and limits that are required in this exhibit shall not limit the subcontractor's liability in any way.*
> ***B) Commercial General Liability Insurance with the following features:***
> *...*
> - ***Owner, Architect and others are additional insured as required in the Contract Documents.  Please include the following as additional insured:***
>
>      *...*
>      o   *VJB Construction Corp. – 200 West 56th Street, New York, NY 10019*

85.    R&J purchased CGL insurance of and/or relating to the project.

86.    R&J maintained CGL insurance of and/or relating to the project.

87.    R&J purchased CGL insurance naming VJB was an additional insured.

88.    R&J purchased CGL insurance listing VJB as an additional insured.

89.    R&J purchased CGL insurance naming VJB as a named additional insured.

90.    R&J purchased CGL insurance listing VJB as a named additional insured.

91.    R&J purchased CGL insurance naming VJB as a named insured.

92.    R&J purchased CGL insurance listing VJB as named insured.

93.    R&J maintained CGL insurance during the progress of its work on the project.

94.    R&J maintained CGL insurance during the extended warranty period for the project.

95.    R&J agreed to defend VJB with respect to the herein lawsuit.

96.    R&J defended VJB with respect to the herein lawsuit.

97.    R&J is defending VJB with respect to the herein lawsuit.

98.    R&J agreed to indemnify VJB with respect to the herein lawsuit.

99.    R&J indemnified VJB with respect to the herein lawsuit.

100.    R&J agreed to defend VJB with respect to the herein lawsuit as follows:

**16. Indemnification:  To the fullest extent permitted by law, the Subcontractor hereby agrees to indemnify the Construction Manager, Owner, the Owner's parent company, its partners, affiliates and related entities and its and their respective employees, partners, principals, officers, directors and shareholders, Owner's Representative, Architect and Project Managers (the "Indemnitees") against, and hold each of them harmless from, and pay the full amount of, all Loss-and Expense, whenever asserted or occurring, which any Indemnitee may suffer, incur or pay out, or which may be asserted against any Indemnitee in whole or in part, by reason of, or in connection with, the following:**

**(a) any bodily injury...occurring in connection with, or arising out of, or resulting from, acts or omissions of the Subcontractor...or their respective employees or its breach of its obligations under this Agreement.**

101.    R&J is defending VJB with respect to the herein lawsuit to the fullest extent permitted by law.

102.    R&J is not defending VJB with respect to the herein lawsuit.

8

103. R&J is holding VJB harmless from any loss-and-expense on the project.

104. R&J agreed to indemnify VJB with respect to the herein lawsuit as follows:

**16. Indemnification:** To the fullest extent permitted by law, the Subcontractor hereby agrees to indemnify the Construction Manager, Owner, the Owner's parent company, its partners, affiliates and related entities and its and their respective employees, partners, principals, officers, directors and shareholders, Owner's Representative, Architect and Project Managers (the "Indemnitees") against, and hold each of them harmless from, and pay the full amount of, all Loss-and Expense, whenever asserted or occurring, which any Indemnitee may suffer, incur or pay out, or which may be asserted against any Indemnitee in whole or in part, by reason of, or in connection with, the following:

(a) any bodily injury...occurring in connection with, or arising out of, or resulting from, acts or omissions of the Subcontractor...or their respective employees or its breach of its obligations under this Agreement.

105. R&J's CGL carrier, Travelers, is providing a defense for R&J.

106. R&J's attorneys' fees are being paid by R&J's CGL carrier, Travelers.

107. VJB demanded that R&J provide a defense for VJB in this action.

108. VJB demanded that R&J indemnify VJB in this action.

109. VJB tendered its defense in this lawsuit to R&J.

110. VJB tendered its indemnity in this lawsuit to R&J.

111. Travelers is an insurance compay.

112. Travelers issues CGL policies.

113. Travelers' offices are located at One Tower Square, Hartford, Connecticut 06115.

114. Travelers' telephone number is 203-277-0111.

115. Travelers is registered with the New York State Insurance Department.

116. Travelers does business in the State of New York.

117. Travelers does business in the State of New York, County of New York.

118. Travelers sells insurance policies to businesses that work or transact business in the State of New York, County of New York.

119.   Travelers sold policy number CO963K2686TIL02 to R&J.

120.   Travelers policy number CO963K2686TIL02 to R&J.

121.   Travelers' policy number CO963K2686TIL02 has limits of one million dollars ($1,000,000) per occurrence and two million dollars ($2,000,000) aggregate.

122.   Kajima/VJB is an additional insured under Travelers' policy number CO963K2686TIL02.

123.   VJB is an additional insured under Travelers' policy number CO963K2686TIL02

124.   475 LLC is an additional insured under Travelers' policy number CO963K2686TIL02.

125.   Travelers is affording a defense to its insured R&J against the herein plaintiffs' personal injury lawsuit, including third-party action.

126.   The allegations of the plaintiffs' herein personal injury lawsuit, including third-party action trigger Travelers' obligations under its policy number CO963K2686TIL02 to defend R&J from the plaintiffs' herein personal injury lawsuit, including third-party action.

127.   Travelers Indemnity Company of America ("Travelers America") is an insurance company.

128.   Travelers America issues CGL policies.

129.   Travelers America's offices are located at One Tower Square, Hartford, Connecticut 06115.

130.   Travelers America's telephone number is 860-277-4869.

131.   Travelers America is related to and/or affiliated with Travelers.

132.   Travelers America is not related to Travelers.

133.   Travelers Indemnify Company of Connecticut ("Travelers Connecticut") is an insurance company.

134.   Travelers Connecticut issues CGL policies.

135.    Travelers Connecticut's offices are located at One Tower Square, Hartford, Connecticut 06183-1051.

136.    Travelers Connecticut's telephone number is 203-277-6850.

137.    Travelers Connecticut is related to and/or affiliated with Travelers.

138.    Travelers Connecticut is not related to and/or affiliated with Travelers.

139.    Republic Franklin Insurance Company ("Republic"'), is an insurance company.

140.    Republic issues CGL policies.

141.    Republic's offices are located at P.O. Box 29906, Columbus, Ohio 43229-7506.

142.    Republic is registered with the New York State Insurance Department.

143.    Republic does business in the State of New York.

144.    Republic does business in the State of New York, County of New York.

145.    Republic sells insurance policies to businesses that work or transact business in the State of New York.

146.    Republic issues insurance policies.

147.    Republic sells insurance policies.

148.    Republic issues CGL insurance.

149.    Republic sells CGL insurance.

150.    Republic sold policy CPP3113891.

151.    Republic issued policy CPP3113891.

152.    Republic did not sell policy CPP3113891.

153.    Republic did not issue policy CPP3113891.

154.    Paul J. Salvato is a Regional Claims Manager for the Utica National Insurance Group.

155    Republic has offices located at One Jericho Plaza, 2nd Floor, Wing A, Jericho, New York 11753-1636.

11

156.  Republic's telephone number of 516-479-5000.

157.  Republic's fax number of 516-479-5001.

158.  Paul J. Salvato acts in behalf of Republic.

159.  Betty Winkler is a Casualty Claim Specialist.

160.  Betty Winkler is a Casualty Claim Specialist for the Utica National Insurance Group.

161.  Betty Winkler's telephone number is 516-479-5116.

162.  Republic is related to and/or affiliated with the Utica National Insurance Group.

163.  Republic is related to and/or affiliated with the Utica National Insurance Company and its affiliated companies.

164.  Republic is related to and/or affiliated with the Utica National Insurance Company of Texas.

165.  Betty Winkler's is a representative and/or acts in behalf of Republic.

166.  Spieler is an insured of Republic.

167.  Spieler is not an insured of Republic.

168.  Kajima/VJB is an additional insured under policy number CPP3113891.

169.  VJB is an additional insured under policy number CPP3113891.

170.  475 LLC is an additional insured under policy number CPP3113891.

171.  By letter dated March 18, 2004, Paul J. Salvato, on the letterhead of the Utica National Insurance Group, stated that Republic was in receipt of a letter dated February 20, 2004 addressed to Utica National Insurance Company of Texas requesting defense/indemnify against plaintiffs' herein personal injury lawsuit.

172.  Paul J. Salvato, by his letter dated March 18, 2004, disclaimed coverage on behalf of Republic.

173.    Paul J. Salvato, by his letter dated March 18, 2004, rejected the tender by VJB and/or Kajima/VJB.

174.    Utica National Insurance Company of Texas ("Utica Texas") is duly authorized to do business in the State of New York.

175.    Utica Texas has offices in New York State.

176.    Utica Texas is related to and/or affiliated with Republic.

177.    Utica Texas is related to and/or affiliated with the Utica National Insurance Group ("Utica Group").

178.    Utica Texas is related to and/or affiliated with the Utica Mutual Insurance Company ("Utica Mutual").

179.    Utica Texas is related to and/or affiliated with the Utica Natioanal Assurance Company ("Utica Assurance").

180.    Utica Texas is an insurance company.

181.    Utica Texas issues CGL insurance policies.

182.    Utica Texas issued policy number CPP3113891.

183.    Utica Texas did not issue policy number CPP3113891.

184.    Utica Texas issued policy number CPP3113891 to Spieler.

185.    Utica Texas did not issue policy number CPP3113891 to Spieler.

186.    Policy number CPP3113891 is a CGL insurance policy.

187.    Policy number CPP3113891 was issued to Spieler.

188.    Utica Texas issued a CGL policy to Spieler.

189.    Spieler was and/or is an insured of Utica Texas.

190.    Spieler purchased policy CPP3113891.

191.    Utica Texas sells insurance to New York State residents or entities.

192.    Utica Texas is registered with the New York State Insurance Department.

193. Utica Texas conducts and transacts business in the State of New York

194. Utica Texas was requested to defend VJB against the herein plaintiffs' personal injury lawsuit.

195. Utica Texas is defending Spieler against the herein plaintiffs' personal injury lawsuit.

196. Utica Group is an insurance company.

197. Utica Group issues or sells insurance.

198. Utica Group issues or sells CGL insurance.

199. Utica Group conducts or transacts business in the State of New York.

200. Utica Group's offices are located at 400 Garden City Plaza, Garden City, New York 11530-3316.

201. Utica Group's telephone number is 516-873-2600.

202. Utica Group's offices are located at One Jericho Plaza, 2d Floor, Wing A, Jericho, New York 11753-1636.

203. Utica Group's telephone number is 516-479-5000.

204. Utica Group's fax number is 516-479-5001.

205. Utica Texas is in the Utica Group.

206. Utica Texas issued policy number CPP3113891.

207. Utica Texas issued to policy number CPP3113891 to Spieler.

208. Spieler is a Utica Group insured.

209. VJB is an additional insured under policy number CPP3113891.

210. Kajima/VJB is an additional insured under policy number CPP3113891.

211. VJB is a Utica Group additional insured.

212. Kajima/VJB is a Utica Group additional insured.

213. VJB is a Utica Texas additional insured.

214.   Kajima/VJB is a Utica Texas additional insured.

215.   Utica Mutual is an insurance company.

216.   Utica Mutual issues CGL insurance policies.

217.   Utica Mutual is registered with the New York State Insurance Department.

218.   Utica Mutual conducts or transacts business in the State of New York.

219.   Utica Mutual issues or sells insurance policies in the State of New York.

220.   Utica Mutual issues or sells CGL insurance policies to residents or entities
rendering or locating in the state of New York, County of New York.

221.   Utica Group is related or affiliated with Utica Mutual.

222.   Utica Mutual issued policy number CPP3113891.

223.   Utica Mutual did not issue policy number CPP3113891.

224.   Utica Mutual issued policy number CPP3113891.

225.   Utica Mutual issued policy number CPP3113891 to Spieler.

226.   Utica Mutual issued a CGL policy to Spieler.

227.   Spieler was and/or is an insured of Utica Mutual.

228.   VJB was an additional insured of Utica Mutual.

229.   Kajima/VJB was an additional insured of Utica Mutual.

230.   VJB and/or Kajima/VJB demanded Utica Mutual to defend VJB and/or
Kajima/VJB against the herein plaintiffs' personal injury lawsuit.

231.   Paul J. Salvato is a Regional Claims Manager for Utica Mutual.

232.   Betty Winkler is a Casualty Claims Specialist for Utica Mutual.

233.   Paul J. Salvato is a Regional Claims Manager for Republic.

234.   Betty Winkler is a Casualty Claims Specialist for Republic.

235.   Utica Mutual employs Paul J. Salvato.

236.   Utica Group employs Paul J. Salvato.

15

237.    Republic employs Paul J. Salvato.

238.    Utica Mutual employs Betty Winkler.

239.    Utica Group employs Betty Winkler.

240.    Republic employs Betty Winkler.

241.    Utica Mutual is affiliated with or related to Utica Group.

242.    Utica Mutual is affiliated with or related to Republic.

243.    Utica Assurance is an insurance company.

244.    Utica Assurance issues or sells insurance.

245.    Utica Assurance conducts or transacts business in the State of New York.

246.    Utica Assurance's offices are located at Garden City Plaza, Garden City, New York 11530-3316.

247.    Utica Assurance's telephone number is 516-873-2600.

248.    Utica Assurance has offices located at One Jericho Plaza, 2nd Floor, Wing A, Jericho, New York 11753-1636.

249.    Utica Assurance's telephone number is 516-479-5000.

250.    Utica Assurance fax number is 516-479-5001.

251.    Utica Assurance has an address of P.O. Box 530, Utica, New York 13503.

252.    Utica Assurance has a telephone number of 315-734-2000.

253.    Utica Assurance sells insurance to New York State residents or entities.

254.    Utica Assurance sells insurance to businesses located in the State of New York, County and City of New York.

255.    Utica Assurance was requested to defend VJB against the herein plaintiffs' personal injury lawsuit.

256.    Utica Assurance is in the Utica Group.

257.    Utica Assurance is related or affiliated with the Utica Group.

16

258. Utica Assurance is related or affiliated with Utica Texas.

259. Utica Assurance is related or affiliated with Utica Mutual.

260. Utica Assurance is related or affiliated with Republic.

261. Utica Assurance employs Paul J. Salvato.

262. Utica Assurance employs Betty Winkler.

263. Spieler's subcontract or agreement of and/or relating to the project is an "insured contract" under policy number CPP3113891.

264. R&J's subcontract or agreement of and/or relating to the project is an "insured contract" under policy number CO963K2686TIL02.

265. Regional Scaffolding & Hoisting Co., Inc. ("Regional") worked on the project.

266. Regional performs construction work.

267. Regional constructs scaffolding.

268. Regional does tradework.

269. Regional offices are located at 3900 Webster Avenue, Bronx, New York 10470.

270. Regional's telephone number is 718-881-6200.

271. Regional fax number is 718-324-4470.

272. Regional was at all relevant times licensed by the State of New York.

273. Regional was at all relevant times licensed to perform work in the City of New York.

274. Regional was at all relevant times permitted by the City of New York to perform constitution in the City of New York.

275. Regional is a licensed contractor.

276. Regional, at all relevant times, was a licensed contractor.

277. Regional, was at all relevant times, licensed to do tradework.

278. Lawrence Blinn is a principal of Regional.

17

279.    Regional is a domestic corporation.

280.    Regional is a business duly organized and existing under the laws of the State of New York.

281.    Regional entered into a subcontractor.

282.    Regional was, at all relevant times, bound by the decisions of the architect H. Thomas O'Hara Architect, PLLC.

283.    Regional entered into a agreement to do work on the project.

284.    Regional was, at all relevant times, bound by the decisions of the architect H. Thomas O' Hara Architect, PLLC.

285.    Regional purchased CGL insurance for the project.

286.    Regional named VJB and Kajima/VJB as additional insureds of Regional's CGL insurance.

287.    Regional named 475 LLC as additional insured of Regional's CGL insurance.

288.    VJB Construction Corp., and Liberty International Underwriters a/s/o VJB Construction Corp., are the herein third-party plaintiffs.

289.    Liberty International Underwriters a/s/o VJB Construction Corp. ("Liberty") is providing a defense to VJB against the herein plaintiffs' personal injury lawsuit.

290.    Liberty incurred and continues to incur attorneys' fees, costs and disbursements in providing VJB a defense against the herein plaintiffs' personal injury lawsuit.

AS AND FOR A FIRST THIRD-PARTY
CAUSE OF ACTION AGAINST R&J

291.    That the allegations pled in ¶1 and including ¶290 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

18

292.    R&J breached its contract to name, list or add VJB as an additional insured to R&J's applicable CGL insurance policy.

293.    R&J breached its contract to name, list or add Kajima/VJB as an additional insured to R&J's applicable CGL insurance policy.

294.    Third-party plaintiffs are entitled to damages, together with interest.

AS AND FOR A SECOND THIRD-PARTY
CAUSE OF ACTION AGAINST R&J

295.    That the allegations pled in ¶1 and including ¶294 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

296.    Third-party plaintiffs are entitled to a declaratory judgment that R&J failed to name, list or add VJB and Kajima/VJB as additional insureds to R&J's applicable CGL insurance policy.

AS AND FOR A THIRD THIRD-PARTY
CAUSE OF ACTION AGAINST R&J

297.    That the allegations pled in ¶1 and including ¶296 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

298.    Third-party plaintiff are entitled to a declaratory judgment that R&J pay or reimburse third-party plaintiffs for the attorneys' fees, costs and disbursements incurred and continuing to be incurred in defending against the herein plaintiffs' personal injury lawsuit.

AS AND FOR A FOURTH THIRD-PARTY
CAUSE OF ACTION AGAINST R&J

299.    That the allegations pled in ¶1 and including ¶298 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

300.    Third-party plaintiffs are entitled to a declaratory judgment that R&J failed to defend VJB and Kajima/VJB against the herein plaintiffs' personal injury lawsuit.

### AS AND FOR A FIFTH THIRD-PARTY
### CAUSE OF ACTION AGAINST R&J

301.    That the allegations pled in ¶1 and including ¶300 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

302.    Third-party plaintiffs are entitled to a declaratory judgment that R&J failed to indemnify VJB and/or Kajima/VJB against the herein plaintiffs' personal injury lawsuit.

### AS AND FOR A SIXTH THIRD-PARTY
### CAUSE OF ACTION AGAINST R&J

303.    That the allegations pled in ¶1 and including ¶302 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

304.    To the extent that R&J failed to name, add or list VJB and Kajima/VJB as additional insureds, then R&J misrepresented to VJB and to Kajima/VJB that VJB and Kajima/VJB were added, named or listed as additional insureds on R&J's applicable CGL insurance policy.

### AS AND FOR A SEVENTH THIRD-PARTY
### CAUSE OF ACTION AGAINST TRAVELERS

305.    That the allegations pled in ¶1 and including ¶304 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

306.    Third-party plaintiffs are entitled to a declaratory judgment that Travelers defend VJB and Kajima/VJB against the plaintiffs' herein personal injury lawsuit.

### AS AND FOR A EIGHTH THIRD-PARTY
### CAUSE OF ACTION AGAINST TRAVELERS

20

307.    That the allegations pled in ¶1 and including ¶306 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

308.    Third-party plaintiffs are entitled to a declaratory judgment that Travelers indemnify VJB and Kajima/VJB against the herein plaintiffs' personal injury lawsuit.

## AS AND FOR A NINTH THIRD-PARTY
## CAUSE OF ACTION AGAINST TRAVELERS

309.    That the allegations pled in ¶1 and including ¶308 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

310.    Travelers breached its contract to defend their additional insureds against the herein plaintiffs' personal injury lawsuit.

## AS AND FOR A TENTH THIRD-PARTY
## CAUSE OF ACTION AGAINST TRAVELERS

311.    That the allegations pled in ¶1 and including ¶310 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

312.    Travelers breached its contract to indemnify their additional insureds against the herein plaintiffs' personal injury lawsuit.

## AS AND FOR A ELEVENTH THIRD-PARTY
## CAUSE OF ACTION AGAINST TRAVELERS

313.    That the allegations pled in ¶1 and including ¶312 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

314.    Third-party plaintiffs are entitled to a declaratory judgment that Travelers pay the attorneys' fees, costs and disbursements incurred and continue to be incurred in defending against the herein plaintiffs' personal injury lawsuit.

## AS AND FOR A TWELFTH THIRD-PARTY
## CAUSE OF ACTION AGAINST TRAVELERS AMERICA

315.    That the allegations pled in ¶1 and including ¶314 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

316.    Third-party plaintiffs are entitled to be a declaratory judgment that Travelers America defend VJB and Kajima/VJB against the plaintiffs' herein personal injury lawsuit.

## AS AND FOR A THIRTEENTH THIRD-PARTY
## CAUSE OF ACTION AGAINST TRAVELERS AMERICA

317.    That the allegations pled in ¶1 and including ¶316 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

318.    Third-party plaintiffs are entitled to be a declaratory judgment that Travelers America indemnify VJB and Kajima/VJB against the herein plaintiffs' personal injury lawsuit.

## AS AND FOR A FOURTEENTH THIRD-PARTY
## CAUSE OF ACTION AGAINST TRAVELERS AMERICA

319.    That the allegations pled in ¶1 and including ¶318 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

320.    Travelers America breached its contract to defend their additional insureds against the herein plaintiffs' personal injury lawsuit.

## AS AND FOR A FIFTEENTH THIRD-PARTY
## CAUSE OF ACTION AGAINST TRAVELERS AMERICA

321.    That the allegations pled in ¶1 and including ¶320 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

322.    Travelers America breached its contract to indemnify their additional insureds against the herein plaintiffs' personal injury lawsuit.

## AS AND FOR A SIXTEENTH THIRD-PARTY
## CAUSE OF ACTION AGAINST TRAVELERS AMERICA

323.    That the allegations pled in ¶1 and including ¶322 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

324.    Third-party plaintiffs are entitled to a declaratory judgment that Travelers America pay the attorneys' fees, costs and disbursements incurred and continue to be incurred in defending against the herein plaintiffs' personal injury lawsuit.

## AS AND FOR A SEVEVTEENTH THIRD-PARTY CAUSE OF ACTION
## AGAINST TRAVELERS CONNECTICUT

325.    That the allegations pled in ¶1 and including ¶324 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

326.    Third-party plaintiffs are entitled to a declaratory judgment that Travelers defend and indemnify VJB and Kajima/VJB against the plaintiffs' herein personal injury lawsuit.

## AS AND FOR A EIGHTEENTH THIRD-PARTY CAUSE OF ACTION
## AGAINST TRAVELERS CONNECTICUT

327.    That the allegations pled in ¶1 and including ¶326 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

328.    Third-party plaintiffs are entitled to a declaratory judgment that Travelers Connecticut pay attorneys' fees, costs and disbursements incurred and continue to be incurred by VJB and Kajima/VJB against the herein plaintiffs' personal injury lawsuit.

## AS AND FOR A NINTEETNTH THIRD-PARTY CAUSE OF ACTION AGAINST TRAVELERS CONNECTICUT

329.    That the allegations pled in ¶1 and including ¶328 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

330.    Travelers Connecticut breached its contract to defend their additional insureds against the herein plaintiffs' personal injury lawsuit.

## AS AND FOR A TWENTIETH THIRD-PARTY CAUSE OF ACTION AGAINST TRAVELERS OF CONNECTICUT

331.    That the allegations pled in ¶1 and including ¶330 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

332.    Travelers Connecticut breached its contract to indemnify their additional insureds against the herein plaintiffs' personal injury lawsuit.

## AS AND FOR A TWENTY-FIRST THIRD-PARTY CAUSE OF ACTION AGAINST REPUBLIC FRANKLIN INSURANCE COMPANY

333.    That the allegations pled in ¶1 and including ¶332 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

334.    Third-party plaintiffs are entitled to a declaratory judgment that Republic pay the attorneys' fees, costs and disbursements incurred and continue to be incurred against the herein plaintiffs' personal injury lawsuit.

## AS AND FOR A TWENTY-SECOND THIRD-PARTY CAUSE OF ACTION AGAINST REPUBLIC FRANKLIN INSURANCE COMPANY

335.    That the allegations pled in ¶1 and including ¶334 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

336.    Third-party plaintiffs are entitled to a declaratory judgment that Republic defend VJB and Kajima/VJB against the plaintiffs' herein personal injury lawsuit.

## AS AND FOR A TWENTY-THIRD THIRD-PARTY CAUSE OF ACTION AGAINST REPUBLIC FRANKLIN INSURANCE COMPANY

337.    That the allegations pled in ¶1 and including ¶336 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

338.    Third-party plaintiffs are entitled to a declaratory judgment that Republic indemnify VJB and Kajima/VJB against the herein plaintiffs' personal injury lawsuit.

## AS AND FOR A TWENTY-FOURTH THIRD-PARTY CAUSE OF ACTION AGAINST REPUBLIC FRANKLIN INSURANCE COMPANY

339.    That the allegations pled in ¶1 and including ¶338 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

340.    Republic breached its contract to defend their additional insureds against the herein plaintiffs' personal injury lawsuit.

## AS AND FOR A TWENTY-FIFTH THIRD-PARTY CAUSE OF ACTION AGAINST REPUBLIC FRANKLIN INSURANCE COMPANY

341.    That the allegations pled in ¶1 and including ¶340 are herein repeated, reiterated. realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

342.    Republic breached its contract to indemnify their additional insureds against the herein plaintiffs' personal injury lawsuit.

### AS AND FOR A TWENTY-SIXTH THIRD-PARTY CAUSE OF ACTION AGAINST UTICA TEXAS

343.    That the allegations pled in ¶1 and including ¶342 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

344.    Third-party plaintiffs are entitled to a declaratory judgment that Utica Texas defend and indemnify VJB and Kajima/VJB against the plaintiffs' herein personal injury lawsuit

### AS AND FOR A TWENTY-SEVENTH THIRD-PARTY CAUSE OF ACTION AGAINST UTICA TEXAS

345.    That the allegations pled in ¶1 and including ¶344 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

346.    Third-party plaintiffs are entitled to a declaratory judgment that Utica Texas pay attorneys' fees, costs and disbursements incurred and continued to be incurred by Utica Texas by VJB and Kajima/VJB against the herein plaintiffs' personal injury lawsuit.

### AS AND FOR A TWENTY-EIGHTH THIRD-PARTY CAUSE OF ACTION AGAINST UTICA TEXAS

347.    That the allegations pled in ¶1 and including ¶346 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

348.    Utica Texas breached its contract to defend and indemnify their additional insureds against the herein plaintiffs' personal injury lawsuit.

### AS AND FOR A TWENTY-NINTH THIRD-PARTY CAUSE OF ACTION AGAINST UTICA GROUP

349.    That the allegations pled in ¶1 and including ¶348 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

350.    Utica Group breached its contract to defend and indemnify their additional insureds against the herein plaintiffs' personal injury lawsuit.

## AS AND FOR A THIRTIETH THIRD-PARTY CAUSE OF ACTION AGAINST UTICA GROUP

351.    That the allegations pled in ¶1 and including ¶350 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

352.    Third-party plaintiffs are entitled to a declaratory judgment that Utica Group pay the attorneys' fees, costs and disbursements incurred and continue to be incurred in defending against the herein plaintiffs' personal injury lawsuit.

## AS AND FOR A THIRTY-FIRST THIRD-PARTY CAUSE OF ACTION AGAINST UTICA GROUP

353.    That the allegations pled in ¶1 and including ¶352 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

354.    Third-party plaintiffs are entitled to a declaratory judgment that Utica Group defend and indemnify VJB and Kajima/VJB against the plaintiffs' herein personal injury lawsuit.

## AS AND FOR A THIRTY-SECOND THIRD-PARTY CAUSE OF ACTION AGAINST UTICA ASSURANCE

355.    That the allegations pled in ¶1 and including ¶354 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

356.    Third-party plaintiffs are entitled to a declaratory judgment that Utica Assurance defend and indemnify VJB and Kajima/VJB against the herein plaintiffs' personal injury lawsuit

## AS AND FOR A THIRTY-THIRD THIRD-PARTY CAUSE OF ACTION AGAINST UTICA ASSURANCE

357.    That the allegations pled in ¶1 and including ¶356 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

358.    Utica Company breached its contract to defend and indemnify their additional insureds against the herein plaintiffs' personal injury lawsuit.

## AS AND FOR A THIRTY-FOURTH THIRD-PARTY CAUSE OF ACTION AGAINST UTICA ASSURANCE

359.    That the allegations pled in ¶1 and including ¶358 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

360.    Third-party plaintiffs are entitled to a declaratory judgment that Utica Assurance pay the attorneys' fees, costs and disbursements incurred and continue to be incurred in defending against the herein plaintiffs' personal injury lawsuit.

## AS AND FOR A THIRTY-FIFTH THIRD-PARTY CAUSE OF ACTION AGAINST UTICA MUTUAL

361.    That the allegations pled in ¶1 and including ¶360 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

362.    Third-party plaintiffs are entitled to a declaratory judgment that Utica Mutual Group pay the attorneys' fees, costs and disbursements incurred and continue to be incurred in defending against the herein plaintiffs' personal injury lawsuit.

## AS AND FOR A THIRTY-SIXTH THIRD-PARTY CAUSE OF ACTION AGAINST UTICA MUTUAL

363.    That the allegations pled in ¶1 and including ¶362 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

364.    Third-party plaintiffs are entitled to a declaratory judgment that Utica Mutual defend and indemnify VJB and Kajima/VJB against the plaintiffs' herein personal injury lawsuit

## AS AND FOR A THIRTY-SEVENTH THIRD-PARTY CAUSE OF ACTION AGAINST UTICA MUTUAL

365.    That the allegations pled in ¶1 and including ¶364 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

366.    Utica Mutual breached its contract to defend and indemnify their additional insureds against the herein plaintiffs' personal injury lawsuit.

## AS AND FOR A THIRTY-EIGHTH THIRD-PARTY CAUSE OF ACTION AGAINST REGIONAL SCAFFOLDING AND HOISTING COMPANY, INC.

367.    That the allegations pled in ¶1 and including ¶366 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

368.    R&J breached its contract to name, list or add VJB as an additional insured to R&J's applicable CGL insurance policy.

369.    R&J breached its contract to name, list or add Kajima/VJB as an additional insured to R&J's applicable CGL insurance policy.

370.    Third-party plaintiffs are entitled to damages, together with interest.

## AS AND FOR A THIRTY-NINTH THIRD-PARTY CAUSE OF ACTION AGAINST REGIONAL SCAFFOLDING AND HOISTING COMPANY, INC.

29

371. That the allegations pled in ¶1 and including ¶370 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

372. Third-party plaintiffs are entitled to a declaratory judgment that R&J failed to name, list or add VJB and Kajima/VJB as additional insured to R&J's applicable CGL insurance policy.

### AS AND FOR A FORTIETH THIRD-PARTY CAUSE OF ACTION AGAINST REGIONAL SCAFFOLDING AND HOISTING COMPANY, INC.

373. That the allegations pled in ¶1 and including ¶372 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

374. Third-party plaintiff are entitled to a declaratory judgment that R&J pay or reimburse third-party plaintiffs for the attorneys' fees, costs and disbursements incurred and continuing to be incurred in defending against the herein plaintiffs' personal injury lawsuit.

### AS AND FOR A FORTY-FIRST THIRD-PARTY CAUSE OF ACTION AGAINST REGIONAL SCAFFOLDING AND HOISTING COMPANY, INC.

375. That the allegations pled in ¶1 and including ¶374 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

376. Third-party plaintiffs are entitled to a declaratory judgment that R&J failed to defend VJB and/or Kajima/VJB against the herein plaintiffs' personal injury lawsuit.

### AS AND FOR A FORTY-SECOND THIRD-PARTY CAUSE OF ACTION AGAINST REGIONAL SCAFFOLDING AND HOISTING COMPANY, INC.

377. That the allegations pled in ¶1 and including ¶376 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

378.    Third-party plaintiffs are entitled to be a declaratory judgment that R&J failed to indemnify VJB and/or Kajima/VJB against the herein plaintiffs' personal injury lawsuit.

## AS AND FOR A FORTY-THIRD THIRD-PARTY CAUSE OF ACTION AGAINST REGIONAL SCAFFOLDING AND HOISTING COMPANY, INC.

379.    That the allegations pled in ¶1 and including ¶378 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

380.    Third-party plaintiffs are entitled to be a declaratory judgment that R&J defend VJB and Kajima/VJB against the herein plaintiffs' personal injury lawsuit.

## AS AND FOR A FORTY-FOURTH THIRD-PARTY CAUSE OF ACTION AGAINST REGIONAL SCAFFOLDING AND HOISTING COMPANY, INC.

381.    That the allegations pled in ¶1 and including ¶380 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

382.    Third-party plaintiffs are entitled to be a declaratory judgment that R&J indemnify VJB and Kajima/VJB against the herein plaintiffs' personal injury lawsuit.

## AS AND FOR A FORTY-FIFTH THIRD-PARTY CAUSE OF ACTION AGAINST REGIONAL SCAFFOLDING AND HOISTING COMPANY, INC.

383.    That the allegations pled in ¶1 and including ¶382 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

384.    To the extent that R&J failed to name, add or list VJB and Kajima/VJB as additional insureds, then R&J misrepresented to VJB and/or to Kajima/VJB that VJB and Kajima/VJB were added, named or listed as additional insureds on R&J's applicable CGL insurance policy.

## AS AND FOR A FORTY-SIXTH THIRD-PARTY CAUSE OF ACTION AGAINST ALL THIRD-PARTY DEFENDANTS

31

385.    That the allegations pled in ¶1 and including ¶384 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

386.    To the extent that third-party defendants failed to name, add or list VJB and Kajima/VJB as additional insureds, then third-party defendants misrepresented to VJB and/or to Kajima/VJB that VJB and Kajima/VJB were added, named or listed as additional insureds on applicable CGL insurance policies.

## AS AND FOR A FORTY-SEVENTH THIRD-PARTY CAUSE OF ACTION AGAINST ALL R&J and REGIONAL

387.    That the allegations pled in ¶1 and including ¶386 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

388.    To the extent that VJB is an anyway at fault, then R&J, Regional and/or other entities are comparatively at fault and VJB is entitled to contribution/indemnity.

WHEREFORE, the third-party plaintiffs respectfully request the relief sought herein, together with such other and further relief as the Court and/or Jury deems just and proper in the circumstances, attorneys' fees, costs and disbursements.

Dated: April 26, 2004
      New York, New York

                                      Michael J. Devereaux
                                      RYAN, DEVEREAUX & CONLON, LLP
                                      Attorneys for Defendant/Third-Party
                                      Plaintiffs VJB Construction Corp.
                                        39 Broadway, Suite 910
                                        New York, New York 10006
                                        (212) 785-5959 (T)
                                        (212) 785-4487 (F)

TO:   Michael A. Rose, Esq.
       HACH & ROSE, LLP

Attorneys for Plaintiffs
GEORGE SANTOLI AND
    STACEY SANTOLI,
185 Madison Avenue, 8th Floor
New York, New York 10016

Timothy F. Hegarty, Esq.
ZETLIN & DECHIARA, LLP
Attorneys for Defendants
475 NINTH AVENUE ASSOCIATES, LLC
801 Second Avenue
New York, New York 10017
(212) 682-6800

Kevin J. Murtagh, Esq.
O'Connor O'Connor Hintz & Deveney, LLP
Attorneys for Defendants
SPIELER & RICCA ELECTRICAL CO., INC.
One Huntington Quadrangle, Suite 1C07
Melville, New York 11741
(631) 777-2330

R&J Construction Corp.
4435 Austin Blvd.
Island, New York 11558
(516) 432-6900

Travelers Indemnity Company
One Tower Square
Hartford, Connecticut 06115
(203) 277-0111

Traveler's Indemnity Company of America
One Tower Square
Hartford, Connecticut 06115
(860) 277-4869

Traveler's Indemnity Company of Connecticut
One Tower Square
Hartford, Connecticut 06183
(860) 277-6850

Republic Franklin Insurance Company
P.O. Box 29906
Columbus, Ohio 43229
(516) 479-5000

Utica National Insurance Company of Texas
400 Garden City Plaza

Garden City, New York 11530
(516) 873-2600

Utica National Insurance Company of Texas
One Jericho Plaza, 2nd Floor
Wing A, Jericho, New York 11753

Utica National Insurance Group
400 Garden City Plaza
Garden City, New York 11530
(516) 873-2600

Utica National Insurance Group
One Jericho Plaza, 2nd Floor
Wing A, Jericho, New York 11753
(516) 479-5000

Utica National Assurance Company
400 Garden City Plaza
Garden City, New York 11530
(516) 873-2600

Utica National Assurance Company
One Jericho Plaza, 2nd Floor
Wing A, Jericho, New York 11753
(516) 479-5000

Regional Scaffolding and Hoisting Co., Inc.
3900 Webster Avenue
Bronx, New York 10470
(718) 881-6200

## VERIFICATION

State of New York ⁣ )
⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣ )  ss.:
County of New York )

     Michael J. Devereaux, Esq., of RYAN, DEVEREAUX & CONLON, LLP, hereby affirms the following under the penalty of perjury:

     that he has read and knows the contents of the foregoing verified complaint and that same is true to his own knowledge, except as to those matters therein stated to be alleged on information and belief and that as to these matters he believes them to be true;

     that the grounds for his belief as to all matters therein stated upon information and belief are statements made to him by others and papers or documents received by deponent and which are now in his possession, and

     that the reason why this verification is made by deponent and not personally by is because deponent is and maintains an office outside the County of New York.

                         Michael J. Devereaux
                         RYAN, DEVEREAUX & CONLON, LLP
                         Attorneys for Defendant/Third-Party
                         Plaintiffs VJB Construction Corp.
                         39 Broadway, Suite 910
                         New York, New York 10006
                         (212) 785-5959 (T)
                         (212) 785-4487 (F)

# EXHIBIT 1