Exhibit E1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

GEORGE SANTOLI and STACEY SANTOLI,

Index No.: 118596/)

Plaintiff(s),

- against -

SUPPLEMENTAL
SUMMONS

475 NINTH AVENUE ASSOCIATES LLC, VJB CONSTRUCTION
475 9ᵗʰ AVENUE LLC, VJB CONSTUCTION CORP.,
SPIELER & RICCA ELECTRICAL CO. INC., and
KAJIMA DEVELOPMENT CORPORATION,

Defendant(s).

Basis of Venue:
Defendant's
Residence

To the above named Defendant(s):

YOU ARE HEREBY SUMMONED to answer the complaint in this action
and to serve a copy of your answer, or, if the complaint is not serve
with this summons, to serve a notice of appearance, on the plaintiff'
attorney within 20 days after the service of this summons, exclusive
of the day of service (or within 30 days after the service is complet
if this summons is not personally delivered to you within the State o
New York); and in case of your failure to appear or answer, judgment
will be taken against you by default for the relief demanded in the
complaint.

Defendants' address is:
-475 Ninth Avenue Associates LLC, c/o Dermot Meridian, LLC, 1775
Broadway, Suite 730, New York, NY 10022
-VJB Construction 475 9ᵗʰ Avenue LLC, Altieri, Kushner, Muccio & Frind
Attn: Dennis Frind, 60 East 42ⁿᵈ Street, New York, NY 10165
-VJB Construction Corp., c/o C T Corporation System, 111 Eighth
Avenue, New York, NY 10011
-Spieler & Ricca Electrical Co. Inc., Ronald Spieler 52-09 Van Dam
Street, Long Island City, New York 11101
-KAJIMA DEVELOPMENT CORPORATION-Latham & Watkins, Attn: Jamie
Hisiger, 885 Third Avenue, New York, NY 10022

Dated:    New York, New York
          February 2, 2004

1

Yours, etc.

Hach & Rose, LLP
185 Madison Avenue, 8th Floor
New York, NY 10016

By: _____
     Michael A. Rose

To:   Zetlin & De Chiara, LLP
      Attorneys for Defendant(s)
      475 Ninth Avenue Associates LLC
      801 Second Avenue
      New York, NY 10017
      (212) 682-6800

      Ryan Devereaux & Conlon, LLP
      Attorneys for Defendant(s)
      VJB Construction 475 9th Avenue LLC
      19 Broadway, Suite 910
      New York, NY 10006
      (212) 785-3959

      VJB Construction Corp.
      c/o C T Corporation System
      111 Eighth Avenue
      New York, NY 10011

      O'Connor O'Connor Hintz & Deveney, LLP
      Attorneys for Defendant(s)
      Spieler & Ricca
      Electrical Co., Inc.
      One Huntington Quadrangle, Suite 1C07
      Melville, NY 11747
      631.777.2330

      Kajima Development Corporation
      Latham & Watkins
      Attn: Jamie Wisiger
      885 Third Avenue
      New York, NY 10022

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
GEORGE SANTOLI and STACEY SANTOLI,

Index No  118596/03

Plaintiff(s),

-against-

**AMENDED**
**VERIFIED COMPLAINT**

475 NINTH AVENUE ASSOCIATES LLC, VJB
CONSTRUCTION 475 9TH AVENUE LLC, VJB
CONSTRUCTION CORP , SPIELER & RICCA
ELECTRICAL CO. INC., and
RACITMA DEVELOPMENT CORPORATION,

Defendant(s).
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Plaintiffs, GEORGE SANTOLI and STACEY SANTOLI, by his
attorneys, Hach & Rose, L L P , complaining of the defendants herein,
respectfully shows to this Court, and allege as follows.

That at all times hereinafter mentioned the plaintiff(s) were
residents of the town of Marlboro, State of New Jersey.

1.   ·That at all times mentioned herein, and on April 2, 2003, the
defendant, 475 NINTH AVENUE ASSOCIATES LLC, is was and has been a
domestic corporation duly organized and existing under and by virtue of
the laws of the State of New York.

That at all times mentioned herein the defendant, 475 NINTH
AVENUE ASSOCIATES LLC, is, was and has been a domestic partnership and/or
other domestic business entity doing business in the State of New York.

That at all times mentioned herein, the defendant, 475 NINTH
AVENUE ASSOCIATES LLC, transacted business within the State of New York;
regularly did or solicited business within the State of New York or
engaged in other persistent courses conduct and/or derived substantial

3

revenue from goods used or consumed or services rendered in the State of New York and expected or should have reasonably expected its acts to have consequences within the State of New York and/or derived substantial revenue from interstate or international commerce.

5.    That at all times mentioned herein, the defendant, 475 NINTH AVENUE ASSOCIATES LLC, was the owner of the land and structures thereon, commonly known as 475 Ninth Avenue, New York, NY

6.    That at all times mentioned herein, the defendant, 475 NINTH AVENUE ASSOCIATES LLC, was the agent of the owner of the land and structures thereon, commonly known as 475 Ninth Avenue, New York, NY.

7.    That at all times mentioned herein, the defendant, 475 NINTH AVENUE ASSOCIATES LLC, was the lessee of the land and structures thereon, commonly known as 475 Ninth Avenue, New York, NY.

8.    That at all times mentioned herein, the defendant, all times mentioned herein, the defendant, 475 NINTH AVENUE ASSOCIATES LLC, was the lessor of the land and structures thereon commonly known as 475 Ninth Avenue, New York, NY.

9.    That at all times mentioned herein, the defendant, 475 NINTH AVENUE ASSOCIATES LLC, operated the premises commonly known as 475 Ninth Avenue, New York, NY.

10.   That at all times mentioned herein, the defendant, 475 NINTH AVENUE ASSOCIATES LLC, controlled the premises commonly known as 475 Ninth Avenue, New York, NY.

11.   That at all times mentioned herein, the defendant, 475 NINTH AVENUE ASSOCIATES LLC, maintained the premises commonly known as 475 Ninth Avenue, New York, NY.

4

12    That at all times mentioned herein, the defendant, 475 NINTH AVENUE ASSOCIATES LLC, possessed and/or occupied the premises commonly known as 475 Ninth Avenue, New York, NY.

13    That at all times mentioned herein, the defendant, 475 NINTH AVENUE ASSOCIATES LLC, was the managing agent of the premises commonly known as 475 Ninth Avenue, New York, NY.

14    That at all times mentioned herein, the defendant, 475 NINTH AVENUE ASSOCIATES LLC, was the general contractor of the premises commonly known as 475 Ninth Avenue, New York, NY.

15.    That on or prior to April 2, 2003, 475 NINTH AVENUE ASSOCIATES LLC, retained plaintiff's employer, to perform certain work, labor and/or services at the premises commonly known as 475 Ninth Avenue, New York, NY.

16.    That on or prior to April 2, 2003, a party that 475 NINTH AVENUE ASSOCIATES LLC, had leased the aforementioned premises to had retained plaintiff's employer, to perform certain work, labor and/or services at the premises commonly known as 475 Ninth Avenue, New York, NY.

17.    That at all times mentioned herein, and on April 2, 2003, the defendant, VJB CONSTRUCTION 475 9TH AVENUE LLC, is was and has been a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

18    That at all times mentioned herein the defendant, VJB CONSTRUCTION 475 9TH AVENUE LLC, is, was and has been a domestic partnership and/or other domestic business entity doing business in the state of New York.

5

19. That at all times mentioned herein, the defendant, VJB CONSTRUCTION 475 9TH AVENUE LLC, transacted business within the State of New York; regularly did or solicited business within the State of New York or engaged in other persistent courses conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York and expected or should have reasonably expected its acts to have consequences within the State of New York and/or derived substantial revenue from interstate or international commerce.

20. That at all times mentioned herein, the defendant, VJB CONSTRUCTION 475 9TH AVENUE LLC, was the owner of the land and structures thereon, commonly known as 475 Ninth Avenue, New York, NY.

21. That at all times mentioned herein, the defendant, VJB CONSTRUCTION 475 9TH AVENUE LLC, was the agent of the owner of the land and structures thereon, commonly known as 475 Ninth Avenue, New York, NY.

22. That at all times mentioned herein, the defendant, VJB CONSTRUCTION 475 9TH AVENUE LLC, was the lessee of the land and structures thereon, commonly known as 475 Ninth Avenue, New York, NY.

23. That at all times mentioned herein, the defendant, all times mentioned herein, the defendant, VJB CONSTRUCTION 475 9TH AVENUE LLC, was the lessor of the land and structures thereon commonly known as 475 Ninth Avenue, New York, NY.

24. That at all times mentioned herein, the defendant, VJB CONSTRUCTION 475 9TH AVENUE LLC, operated the premises commonly known as 475 Ninth Avenue, New York, NY.

25. That at all times mentioned herein, the defendant, VJB

6

CONSTRUCTION 475 9TH AVENUE LLC, controlled the premises commonly known as 475 Ninth Avenue, New York, NY.

25. That at all times mentioned herein, the defendant, VJB CONSTRUCTION 475 9TH AVENUE LLC, maintained the premises commonly known as 475 Ninth Avenue, New York, NY.

26. That at all times mentioned herein, the defendant, VJB CONSTRUCTION 475 9TH AVENUE LLC, possessed and/or occupied the premises commonly known as 475 Ninth Avenue, New York, NY.

28. That at all times mentioned herein, the defendant, VJB CONSTRUCTION 475 9TH AVENUE LLC, was the managing agent of the premises commonly known as 475 Ninth Avenue, New York, NY.

29. That at all times mentioned herein, the defendant, VJB CONSTRUCTION 475 9TH AVENUE LLC, was the general contractor of the premises commonly known as 475 Ninth Avenue, New York, NY.

30. That on or prior to April 2, 2003, VJB CONSTRUCTION 475 9TH AVENUE LLC, retained plaintiff's employer, to perform certain work, labor and/or services at the premises commonly known as 475 Ninth Avenue, New York, NY.

31. That on or prior to April 2, 2003, a party that VJB CONSTRUCTION 475 9TH AVENUE LLC, had leased the aforementioned premises to and retained plaintiff's employer, to perform certain work, labor and/or services at the premises commonly known as 475 Ninth Avenue, New York, NY.

32. That at all times mentioned herein the defendant, VJB CONSTRUCTION CORP., is, was and has been a domestic partnership and/or other domestic business entity doing business in the State of New York.

13. That at all times mentioned herein, the defendant, VJB CONSTRUCTION CORP., transacted business within the State of New York; regularly did or solicited business within the State of New York or engaged in other persistent courses conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York and expected or should have reasonably expected its acts to have consequences within the State of New York and/or derived substantial revenue from interstate or international commerce.

14. That at all times mentioned herein, the defendant, VJB CONSTRUCTION CORP., was the owner of the land and structures thereon, commonly known as 475 Ninth Avenue, New York, NY

15. That at all times mentioned herein, the defendant, VJB CONSTRUCTION CORP., was the agent of the owner of the land and structures thereon, commonly known as 475 Ninth Avenue, New York, NY

16. That at all times mentioned herein, the defendant, VJB CONSTRUCTION CORP., was the lessee of the land and structures thereon, commonly known as 475 Ninth Avenue, New York, NY.

17. That at all times mentioned herein, the defendant, all times mentioned herein, the defendant, VJB CONSTRUCTION CORP., was the lessee of the land and structures thereon commonly known as 475 Ninth Avenue, New York, NY.

18. That at all times mentioned herein, the defendant, VJB CONSTRUCTION CORP., operated the premises commonly known as 475 Ninth Avenue, New York, NY.

19. That at all times mentioned herein, the defendant, VJB CONSTRUCTION CORP., controlled the premises commonly known as 475 Ninth

8

Avenue, New York, NY

40.   That at all times mentioned herein, the defendant, VJB CONSTRUCTION CORP., maintained the premises commonly known as 475 Ninth Avenue, New York, NY.

41.   That at all times mentioned herein, the defendant, VJB CONSTRUCTION CORP , possessed and/or occupied the premises commonly known as 475 Ninth Avenue, New York, NY

42.   That at all times mentioned herein, the defendant, VJB CONSTRUCTION CORP , was the managing agent of the premises commonly known as 475 Ninth Avenue, New York, NY.

43.   That at all times mentioned herein, the defendant, VJB CONSTRUCTION CORP., was the general contractor of the premises commonly known as 475 Ninth Avenue, New York, NY.

44.   That on or prior to April 2, 2003, VJB CONSTRUCTION CORP., retained plaintiff's employer, to perform certain work, labor and/or services at the premises commonly known as 475 Ninth Avenue, New York, NY.

45.   That on or prior to April 2, 2003, a party that VJB CONSTRUCTION CORP., had leased the aforementioned premises to had retained plaintiff's employer, to perform certain work, labor and/or services at the premises commonly known as 475 Ninth Avenue, New York, NY.

46    That at all times mentioned herein the defendant, SPIELER & RICCA ELECTRICAL CO. INC., is, was and has been a domestic partnership and/or other domestic business entity doing business in the State of New York.

9

47    That at all times mentioned herein, the defendant, SPIELER & RICCA ELECTRICAL CO. INC , transacted business within the State of New York regularly did or solicited business within the State of New York or engaged in other persistent courses conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York and expected or should have reasonably expected its acts to have consequences within the State of New York and/or derived substantial revenue from interstate or international commerce.

48    That at all times mentioned herein, the defendant, SPIELER & RICCA ELECTRICAL CO. INC., was the owner of the land and structures thereon, commonly known as 475 Ninth Avenue, New York, NY.

49    That at all times mentioned herein, the defendant, SPIELER & RICCA ELECTRICAL CO. INC , was the agent of the owner of the land and structures thereon, commonly known as 475 Ninth Avenue, New York, NY.

50    That at all times mentioned herein, the defendant, SPIELER & RICCA ELECTRICAL CO. INC., was the lessee of the land and structures thereon, commonly known as 475 Ninth Avenue, New York, NY.

51.    That at all times mentioned herein, the defendant, all times mentioned herein, the defendant, SPIELER & RICCA ELECTRICAL CO. INC , was the lessor of the land and structures thereon commonly known as 475 Ninth Avenue, New York, NY.

52    That at all times mentioned herein, the defendant, SPIELER & RICCA ELECTRICAL CO. INC., operated the premises commonly known as 475 Ninth Avenue, New York, NY.

53    That at all times mentioned herein, the defendant, SPIELER & RICCA ELECTRICAL CO. INC , controlled the premises commonly known as 475

10

Ninth Avenue, New York, NY

54   That at all times mentioned herein, the defendant, SPIELER & RICCA ELECTRICAL CO. INC., maintained the premises commonly known as 475 Ninth Avenue, New York, NY

55   That at all times mentioned herein, the defendant, SPIELER & RICCA ELECTRICAL CO. INC., possessed and/or occupied the premises commonly known as 475 Ninth Avenue, New York, NY.

56   That at all times mentioned herein, the defendant, SPIELER & RICCA ELECTRICAL CO. INC., was the managing agent of the premises commonly known as 475 Ninth Avenue, New York, NY.

57   That at all times mentioned herein, the defendant, SPIELER & RICCA ELECTRICAL CO. INC., was the general contractor of the premises commonly known as 475 Ninth Avenue, New York, NY.

58   That on or prior to April 2, 2003, SPIELER & RICCA ELECTRICAL CO. INC., retained plaintiff's employer, to perform certain work, labor and/or services at the premises commonly known as 475 Ninth Avenue, New York, NY

55   That on or prior to April 2, 2003, a party that SPIELER & RICCA ELECTRICAL CO. INC., had leased the aforementioned premises to had retained plaintiff's employer, to perform certain work, labor and/or services at the premises commonly known as 475 Ninth Avenue, New York, NY

60   That at all times mentioned herein, and on April 2, 2003, the defendant, KAJIMA DEVELOPMENT CORPORATION, is was and has been a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York

11

61.    That at all times mentioned herein the defendant, KAJIMA DEVELOPMENT CORPORATION, is, was and has been a domestic partnership and/or other domestic business entity doing business in the State of New York.

61.    That at all times mentioned herein, the defendant, KAJIMA DEVELOPMENT CORPORATION, transacted business within the State of New York regularly did or solicited business within the State of New York or engaged in other persistent courses conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York and expected or should have reasonably expected its acts to have consequences within the State of New York and/or derived substantial revenue from interstate or international commerce.

61.    That at all times mentioned herein, the defendant, KAJIMA DEVELOPMENT CORPORATION, was the owner of the land and structures thereon, commonly known as 475 Ninth Avenue, New York, NY.

61.    That at all times mentioned herein, the defendant, KAJIMA DEVELOPMENT CORPORATION, was the agent of the owner of the land and structures thereon, commonly known as 475 Ninth Avenue, New York, NY.

65.    That at all times mentioned herein, the defendant, KAJIMA DEVELOPMENT CORPORATION, was the lessee of the land and structures thereon, commonly known as 475 Ninth Avenue, New York, NY.

65.    That at all times mentioned herein, the defendant, all times mentioned herein, the defendant, KAJIMA DEVELOPMENT CORPORATION, was the lessor of the land and structures thereon commonly known as 475 Ninth Avenue, New York, NY.

6     That at all times mentioned herein, the defendant, KAJIMA

DEVELOPMENT CORPORATION, operated the premises commonly known as 475 Ninth Avenue, New York, NY.

68. That at all times mentioned herein, the defendant, KAJIMA DEVELOPMENT CORPORATION, controlled the premises commonly known as 475 Ninth Avenue, New York, NY.

69. That at all times mentioned herein, the defendant, KAJIMA DEVELOPMENT CORPORATION, maintained the premises commonly known as 475 Ninth Avenue, New York, NY.

70. That at all times mentioned herein, the defendant, KAJIMA DEVELOPMENT CORPORATION, possessed and/or occupied the premises commonly known as 475 Ninth Avenue, New York, NY.

71. That at all times mentioned herein, the defendant, KAJIMA DEVELOPMENT CORPORATION, was the managing agent of the premises commonly known as 475 Ninth Avenue, New York, NY.

72. That at all times mentioned herein, the defendant, KAJIMA DEVELOPMENT CORPORATION, was the general contractor of the premises commonly known as 475 Ninth Avenue, New York, NY.

73. That on or prior to April 2, 2003, KAJIMA DEVELOPMENT CORPORATION, retained plaintiff's employer, to perform certain work, labor and/or services at the premises commonly known as 475 Ninth Avenue, New York, NY.

74. That on or prior to April 2, 2003, a party that KAJIMA DEVELOPMENT CORPORATION, had leased the aforementioned premises to had retained plaintiff's employer, to perform certain work, labor and/or services at the premises commonly known as 475 Ninth Avenue, New York,

13

75.    That at all times mentioned herein the plaintiff, GEORGE SANTOLI, was employed and was performing his work at the construction site as aforesaid, at 475 Ninth Avenue, New York, NY.

76.    That on or about, April 2, 2003 while acting within the scope of his employment at the construction site as aforesaid, the plaintiff was caused to fall and sustain the injuries as set forth more fully below.

77.    That the above occurrence was caused solely by and through the negligence of the defendants herein, without any negligence on the part of the plaintiff contributing thereto.

78.    That the defendants, and/or each of them had both actual and constructive notice of the dangerous and defective conditions and practices complained of herein.

79.    Plaintiff asserts an exemption from the abolition of joint and several liability pursuant to Article 16 of the C.P.L.R.

80.    That the defendants, and/or each of them, and/or their agents, servants, associates and/or employees were negligent, careless and reckless, in that they:

   a)    Negligently, carelessly and recklessly, failed and omitted to properly construct, shore, equip, guard, arrange, operate and conduct the construction activities at the construction site as aforesaid, so as to provide reasonable and adequate protection and safety to the persons so employed therein, and more particularly to the plaintiff herein;

   b.    Failed and omitted to provide the plaintiff with a safe place to work and negligently maintained and separated a ladder at the

14

subject location;

c)    Failed and omitted to provide the plaintiff and the workers at the construction site thereat, with adequate, ample and proper scaffolding and ladders so as to perform their labor;

d)    Failed and omitted to insure that the working areas within the premises of the construction site as aforesaid were kept free of hazardous conditions and debris;

e)    Failed and omitted to provide the plaintiff with a safety belt;

f)    Failed and omitted to provide the plaintiff with a hardhat;

g)    Failed and omitted to properly inspect the construction site as aforesaid;

h)    Failed and omitted to properly and adequately coordinate the construction activities at the construction site as aforesaid so as to prevent the various trades from interfering with one another;

i)    Failed and omitted to construct and/or install barricades and/or other warnings so as to apprise workers, and more particularly the plaintiff herein, of the dangerous conditions existing thereat;

j)    Failed and omitted to comply with Section 240 of the Labor Law of the State of New York;

k)    Failed and omitted to comply with Section 241 of the Labor Law of the State of New York;

l)    Failed and omitted to comply with Section 241-a of the Labor Law of the State of New York;

m)    Failed and omitted to comply with Section 200 of the

15

Labor Law of the State of New York;

    n)   Failed and omitted to comply with Rule ___ of the Industrial Code;

    o)   Failed and omitted to properly secure the work area so that plaintiff could perform his labor in a safe environment,

    p)   Failed and omitted to keep the work areas free __ debris and other material;

    q)   Failed and omitted to provide the Plaintiff with the proper and necessary equipment to perform his job,

    r)   Failed and omitted to provide the Plaintiff with adequate hoists or other lifting equipment.

    9.   That as a result of the negligence of the defendant and/or each of them, the plaintiff, GEORGE SANTOLI, became, still ___ and for a long time to come, will be sick, sore, lame, bruised, injured, disabled and wounded in and about the various parts of her head, limbs, body, blood vessels and surrounding tissues, and has suffered severe and extreme mental shock, anguish and psychic injuries, and that plaintiff was otherwise injured, and upon information and belief, said injuries are permanent. That by reason of the foregoing, the plaintiff was obligated to and did necessarily employ medical aid, hospital services, medicinals and medical supplies in an attempt to cure the aforesaid injuries, and has been prevented from his/her usual duties and will be so prevented for a long time to come.

    8.   That by reason of the foregoing, the plaintiff, GEORGE SANTOLI has been damaged in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

AS AND FOR A SECOND CAUSE OF ACTION
ON BEHALF OF THE PLAINTIFF, GEORGE SANTOLI
BASED UPON A THEORY OF STATUTORY LIABILITY:

83. That the plaintiff, GEORGE SANTOLI, repeats, reiterates and realleges each and every allegation of the complaint in paragraphs numbered "1" through "82", with the same force and effect as though each and every allegation were set forth more fully herein at length below.

84. That at all times mentioned herein, and on April 2, 2003, Section 200 of the Labor law of the State of New York was in full force and effect.

85. That at all times mentioned herein, and on April 2, 2003, the defendants, and/or each of them were subject to the provisions of the statute as cited herein above.

86. That on or about, April 2, 2003, the defendants, and/or each of them were in violation of the Statute as cited as herein above.

87. That as a result of the statutory violation as cited herein above, the plaintiff, GEORGE SANTOLI, was caused to sustain the injuries as set forth herein above.

88. That as a result of the foregoing the plaintiff, GEORGE SANTOLI, has been damaged in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

AS AND FOR A THIRD CAUSE OF ACTION
ON BEHALF OF THE PLAINTIFF, GEORGE SANTOLI
BASED UPON A THEORY OF STATUTORY LIABILITY:

89. That the plaintiff, repeats, reiterates and realleges each and every allegation of the complaint in paragraphs numbered "1" through "88", with the same force and effect as though each and every allegation

17

were set forth more fully herein at length below.

90  That at all times mentioned herein, and on April 2, 2003, Section 241 of the Labor Law of the State of New York was in full force and effect.

91.  That at all times mentioned herein, and on April 2, 2003, the defendants, and/or each of them were subject to the provisions of the statute as cited herein above.

92  That on or about, April 2, 2003, the defendants, and/or each of them were in violation of the Statute as cited as herein above.

93.  That as a result of the statutory violation as cited herein above, the plaintiff, GEORGE SANTOLI, was caused to sustain the injuries as set forth herein above.

94.  That as a result of the foregoing the plaintiff, GEORGE SANTOLI, has been damaged in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

## AS AND FOR A FOURTH CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFF, GEORGE SANTOLI
## BASED UPON A THEORY OF STATUTORY LIABILITY:

95  That the plaintiff, GEORGE SANTOLI, repeats, reiterates and realleges each and every allegation of the complaint in paragraphs numbered "1" through "94", with the same force and effect as though each and every allegation were set forth more fully herein at length below.

96.  That at all times mentioned herein, and on April 2, 2003, Section 240 of the Labor law of the State of New York was in full force and effect.

97.  That at all times mentioned herein, and on April 2, 2003, the

18

defendants, and/or each of them were subject to the provisions of the statute as cited herein above.

98. That on or about, April 2, 2003, the defendants, and/or each of them were in violation of the Statute as cited as herein above.

99. That as a result of the statutory violation as cited herein above, the plaintiff, GEORGE SANTOLI, was caused to sustain the injuries as set forth herein above.

100. That as a result of the foregoing the plaintiff, GEORGE SANTOLI, has been damaged in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

## AS AND FOR A FIFTH CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFF, STACEY SANTOLI

101. That the Plaintiff, STACEY SANTOLI repeats, reiterates and realleges each and every allegation of the complaint in paragraphs numbered "1" through "100", with the same force and effect as though each and every allegation were set forth more fully herein at length below;

102. That at all times hereinafter mentioned, Plaintiff, STACEY SANTOLI was the lawful spouse of the Plaintiff, GEORGE SANTOLI and as such said Plaintiff, STACEY SANTOLI was entitled to the society, services and consortium of the said Plaintiff;

103. By reason of the afore-described negligence of the Defendants, their agents, servants and/or employees, the Plaintiff, STACEY SANTOLI was deprived of the aforesaid society, services and consortium of the Plaintiff, GEORGE SANTOLI and shall forever be deprived of said society, services and consortium;

19

104. **That** by reason of the foregoing negligence on the part of the Defendants, the Plaintiff STACEY SANTOLI has been damaged in a sum exceeding **FIVE** HUNDRED THOUSAND ($500,000.00) DOLLARS, together with the costs and disbursements of this action.

WHEREFORE, the plaintiff, GEORGE SANTOLI, demands judgment against the defendant(s), 475 NINTH AVENUE ASSOCIATES LLC, VJB CONSTRUCTION 475 9TH AVENUE LLC, VJB CONSTRUCTION CORP., SPIELER & RICCA ELECTRICAL CO. INC., and KAJIMA DEVELOPMENT CORPORATION in the amount of FIVE MILLION ($5,000,000.00) DOLLARS, on the First Cause of Action;

WHEREFORE, the plaintiff, GEORGE SANTOLI, demands judgment against the defendant(s), 475 NINTH AVENUE ASSOCIATES LLC, VJB CONSTRUCTION 475 9TH AVENUE LLC, VJB CONSTRUCTION CORP., SPIELER & RICCA ELECTRICAL CO. INC., and KAJIMA DEVELOPMENT CORPORATION in the amount of TWO MILLION ($2,000,000.00) DOLLARS, on the Second Cause of Action;

WHEREFORE, the plaintiff, GEORGE SANTOLI, demands judgment against the defendant(s), 475 NINTH AVENUE ASSOCIATES LLC, VJB CONSTRUCTION 475 9TH AVENUE LLC, VJB CONSTRUCTION CORP., SPIELER & RICCA ELECTRICAL CO. INC., and KAJIMA DEVELOPMENT CORPORATION in the amount of TWO MILLION ($2,000,000.00) DOLLARS, and/or each of them in the amount of TWO MILLION ($2,000,000.00) DOLLARS, on the Third Cause of Action;

WHEREFORE, the plaintiff GEORGE SANTOLI, demands judgment against the defendant(s), 475 NINTH AVENUE ASSOCIATES LLC, VJB CONSTRUCTION 475 9TH AVENUE LLC, VJB CONSTRUCTION CORP., SPIELER & RICCA ELECTRICAL CO. INC., and KAJIMA DEVELOPMENT CORPORATION in the amount of TWO MILLION ($2,000,000.00) DOLLARS, on the Fourth Cause of Action.

WHEREFORE, the plaintiff STACEY SANTOLI, demands judgment against the defendant(s), 475 NINTH AVENUE ASSOCIATES LLC, VJB CONSTRUCTION 475 9TH AVENUE LLC, VJB CONSTRUCTION CORP., SPIELER & RICCA ELECTRICAL CO. INC., and KAJIMA DEVELOPMENT CORPORATION in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, on the Fifth Cause of Action.

Dated:     New York, New York
           February 2, 2004

                              Yours, etc.,

                              Michael A. Rose
                              Hach & Rose, LLP
                              185 Madison Avenue, 8th Floor
                              New York, NY  10016
                              (212)779-0057

21

STATE OF NEW YORK )
                  ) ss.
COUNTY OF NEW YORK )

Michael A. Rose, being duly sworn, deposes and says:

That deponent is a member with HACH & ROSE, L.L.P., attorneys for the plaintiff in the within action; that the deponent has read the foregoing **SUPPLEMENTAL SUMMONS AND AMENDED COMPLAINT** and knows the contents thereof; that the same is true to deponents knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters deponent believes it to be true and the reasons that this verification is not made by the plaintiff and is made by deponent is that plaintiff does not reside in the county where the attorney for the plaintiff have their office.

Deponent further says that the source of deponent's information and the grounds of deponent's beliefs as to all matters not stated upon deponent's knowledge are from investigation made on behalf of said plaintiff.

DATED:      NEW YORK, NEW YORK
            February 2, 2004

                                    _____
                                    Michael A. Rose

# EXHIBIT 2