Exhibit E2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X
GEORGE SANTOLI and STACEY SANTOLI,

plaintiffs,

Index No.: 118596/03

- against -

475 NINTH AVENUE ASSOCIATES, LLC,
VJB CONSTRUCTION 475 9TH AVENUE LLC,
VJB CONSTRUCTION CORP., SPIELER & RICCA
ELECTRICAL CO. INC. and KAJIMA DEVELOPMENT
CORPORATION,

VERIFIED ANSWER,
AFFIRMATIVE DEFENSES,
AND CROSS-CLAIMS

defendants.

------------------------------------------------------------------X

Defendant, VJB CONSTRUCTION CORP. ("VJB"), by and through their attorneys RYAN, DEVEREAUX & CONLON, LLP, 39 Broadway, Suite 910, New York, New York 10006, as and for their answer and affirmative defenses to the plaintiffs' amended verified complaint and for their cross-claims avers as follows:

1.    Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 1 of the complaint.

2.    Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 2 of the complaint.

3.    Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 3 of the complaint.

4.    Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 4 of the complaint.

5.    Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 5 of the complaint.

6.    Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 6 of the complaint.

7.    Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 7 of the complaint.

8.    Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 8 of the complaint.

9.    Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 9 of the complaint.

10.    Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 10 of the complaint.

11.    Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 11 of the complaint.

12.    Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 12 of the complaint.

13.    Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 13 of the complaint.

14.    Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 14 of the complaint.

15.    Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 15 of the complaint

16.    Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 16 of the complaint.

17.    Denies each and every allegation contained in paragraph 17 of the complaint an denies same to the extent that plaintiffs are alleging or attempting to allege that VJB is related and/or affiliated with VJB Construction 475 9th Avenue LLC, which entity on information and believe appears non-existent.

18.    Denies each and every allegation contained in paragraph 18 of the complaint and denies same to the extent that plaintiffs are alleging or attempting to allege that VJB is related and/or affiliated with VJB Construction 475 9th Avenue LLC, which entity on information and believe appears non-existent.

19.    Denies each and every allegation contained in paragraph 19 of the complaint and denies same to the extent that plaintiffs are alleging or attempting to allege that VJB is related and/or affiliated with VJB Construction 475 9th Avenue LLC, which entity on information and believe appears non-existent.

20.    Denies each and every allegation contained in paragraph 20 of the complaint and denies same to the extent that plaintiffs are alleging or attempting to allege that VJB is related and or affiliated with VJB Construction 475 9th Avenue LLC, which entity on information and believe appears non-existent.

21.    Denies each and every allegation contained in paragraph 21 of the complaint and denies same to the extent that plaintiffs are alleging or attempting to allege that VJB is related and/or affiliated with VJB Construction 475 9th Avenue LLC, which entity on information and believe appears non-existent.

22.    Denies each and every allegation contained in paragraph 22 of the complaint and denies same to the extent that plaintiffs are alleging or attempting to allege that VJB is related

and/or affiliated with VJB Construction 475 9th Avenue LLC, which entity on information and believe appears non-existent.

23.     Denies each and every allegation contained in paragraph 23 of the complaint and denies same to the extent that plaintiffs are alleging or attempting to allege that VJB is related and/or affiliated with VJB Construction 475 9th Avenue LLC, which entity on information and believe appears non-existent.

24.     Denies each and every allegation contained in paragraph 24 of the complaint and denies same to the extent that plaintiffs are alleging or attempting to allege that VJB is related and/or affiliated with VJB Construction 475 9th Avenue LLC, which entity on information and believe appears non-existent.

25.     Denies each and every allegation contained in paragraph 25 of the complaint and denies same to the extent that plaintiffs are alleging or attempting to allege that VJB is related and/or affiliated with VJB Construction 475 9th Avenue LLC, which entity on information and believe appears non-existent.

26.     Denies each and every allegation contained in paragraph 26 of the complaint and denies same to the extent that plaintiffs are alleging or attempting to allege that VJB is related and/or affiliated with VJB Construction 475 9th Avenue LLC, which entity on information and believe appears non-existent.

27.     Denies each and every allegation contained in paragraph 27 of the complaint and denies same to the extent that plaintiffs are alleging or attempting to allege that VJB is related and/or affiliated with VJB Construction 475 9th Avenue LLC, which entity on information and believe appears non-existent.

28.    Denies each and every allegation contained in paragraph 28 of the complaint and denies same to the extent that plaintiffs are alleging or attempting to allege that VJB is related and/or affiliated with VJB Construction 475 9th Avenue LLC, which entity on information and believe appears non-existent.

29.    Denies each and every allegation contained in paragraph 29 of the complaint and denies same to the extent that plaintiffs are alleging or attempting to allege that VJB is related and/or affiliated with VJB Construction 475 9th Avenue LLC, which entity on information and believe appears non-existent.

30.    Denies each and every allegation contained in paragraph 30 of the complaint and denies same to the extent that plaintiffs are alleging or attempting to allege that VJB is related and/or affiliated with VJB Construction 475 9th Avenue LLC, which entity on information and believe appears non-existent.

31.    Denies each and every allegation contained in paragraph 31 of the complaint and denies same to the extent that plaintiffs are alleging or attempting to allege that VJB is related and/or affiliated with VJB Construction 475 9th Avenue LLC, which entity on information and believe appears non-existent.

32.    Denies each and every allegation contained in paragraph 32 of the complaint and denies that VJB was involved in the project at 475 Ninth Avenue.

33.    Denies each and every allegation contained in paragraph 33 of the complaint and denies that VJB was involved in the project at 475 Ninth Avenue.

34.    Denies each and every allegation contained in paragraph 34 of the complaint and denies that VJB was involved in the project at 475 Ninth Avenue.

35.    Denies each and every allegation contained in paragraph 35 of the complaint and denies that VJB was involved in the project at 475 Ninth Avenue.

36.    Denies each and every allegation contained in paragraph 36 of the complaint and denies that VJB was involved in the project at 475 Ninth Avenue.

37.    Denies each and every allegation contained in paragraph 37 of the complaint and denies that VJB was involved in the project at 475 Ninth Avenue.

38.    Denies each and every allegation contained in paragraph 38 of the complaint and denies that VJB was involved in the project at 475 Ninth Avenue.

39.    Denies each and every allegation contained in paragraph 39 of the complaint and denies that VJB was involved in the project at 475 Ninth Avenue.

40.    Denies each and every allegation contained in paragraph 40 of the complaint and denies that VJB was involved in the project at 475 Ninth Avenue

41.    Denies each and every allegation contained in paragraph 41 of the complaint and denies that VJB was involved in the project at 475 Ninth Avenue.

42.    Denies each and every allegation contained in paragraph 42 of the complaint and denies that VJB was involved in the project at 475 Ninth Avenue.

43.    Denies each and every allegation contained in paragraph 43 of the complaint and denies that VJB was involved in the project at 475 Ninth Avenue.

44.    Denies each and every allegation contained in paragraph 44 of the complaint and denies that VJB was involved in the project at 475 Ninth Avenue.

45.    Denies each and every allegation contained in paragraph 45 of the complaint and denies that VJB was involved in the project at 475 Ninth Avenue

46.     Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 46 of the complaint.

47.     Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 47 of the complaint.

48.     Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 48 of the complaint.

49.     Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 49 of the complaint.

50.     Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 50 of the complaint.

51.     Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 51 of the complaint.

52.     Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 52 of the complaint.

53.     Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 53 of the complaint.

54.     Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 54 of the complaint.

55.     Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 55 of the complaint.

56.     Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 56 of the complaint.

57.    Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 57 of the complaint.

58.    Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 58 of the complaint.

59.    Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 59 of the complaint.

60.    Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 60 of the complaint and denies same to the extent that plaintiffs are alleging or attempting to allege that VJB is related and/or affiliated with Kajima Development Corporation ("Kajima"), which entity on information and belief appears non-existent.

61.    Denies each and every allegation contained in paragraph 61 of the complaint and denies same to the extent that plaintiffs are alleging or attempting to allege that VJB is related and/or affiliated with Kajima, which entity on information and belief appears non-existent.

62.    Denies each and every allegation contained in paragraph 62 of the complaint and denies same to the extent that plaintiffs are alleging or attempting to allege that VJB is related and/or affiliated with Kajima, which entity on information and belief appears non-existent.

63.    Denies each and every allegation contained in paragraph 63 of the complaint and denies same to the extent that plaintiffs are alleging or attempting to allege that VJB is related and/or affiliated with Kajima, which entity on information and belief appears non-existent.

64.    Denies each and every allegation contained in paragraph 64 of the complaint and denies same to the extent that plaintiffs are alleging or attempting to allege that VJB is related and/or affiliated with Kajima, which entity on information and belief appears non-existent.

65.    Denies each and every allegation contained in paragraph 65 of the complaint and denies same to the extent that plaintiffs are alleging or attempting to allege that VJB is related and/or affiliated with Kajima, which entity on information and belief appears non-existent.

66.    Denies each and every allegation contained in paragraph 66 of the complaint and denies same to the extent that plaintiffs are alleging or attempting to allege that VJB is related and/or affiliated with Kajima, which entity on information and belief appears non-existent.

67.    Denies each and every allegation contained in paragraph 67 of the complaint and denies same to the extent that plaintiffs are alleging or attempting to allege that VJB is related and/or affiliated with Kajima, which entity on information and belief appears non-existent.

68.    Denies each and every allegation contained in paragraph 68 of the complaint and denies same to the extent that plaintiffs are alleging or attempting to allege that VJB is related and/or affiliated with Kajima, which entity on information and belief appears non-existent.

69.    Denies each and every allegation contained in paragraph 69 of the complaint and denies same to the extent that plaintiffs are alleging or attempting to allege that VJB is related and/or affiliated with Kajima, which entity on information and belief appears non-existent.

70.    Denies each and every allegation contained in paragraph 70 of the complaint and denies same to the extent that plaintiffs are alleging or attempting to allege that VJB is related and/or affiliated with Kajima, which entity on information and belief appears non-existent.

71.    Denies each and every allegation contained in paragraph 71 of the complaint and denies same to the extent that plaintiffs are alleging or attempting to allege that VJB is related and/or affiliated with Kajima, which entity on information and belief appears non-existent.

72.    Denies each and every allegation contained in paragraph 72 of the complaint and denies same to the extent that plaintiffs are alleging or attempting to allege that VJB is related and/or affiliated with Kajima, which entity on information and belief appears non-existent

73.    Denies each and every allegation contained in paragraph 73 of the complaint and denies same to the extent that plaintiffs are alleging or attempting to allege that VJB is related and/or affiliated with Kajima, which entity on information and belief appears non-existent.

74.    Denies each and every allegation contained in paragraph 74 of the complaint and denies same to the extent that plaintiffs are alleging or attempting to allege that VJB is related and/or affiliated with Kajima, which entity on information and belief appears non-existent.

75.    Denies each and every allegation contained in paragraph 75 of the complaint.

76.    Denies each and every allegation contained in paragraph 76 of the complaint.

77.    Denies each and every allegation contained in paragraph 77 of the complaint as to VJB.

78.    Denies each and every allegation contained in paragraph 78 of the complaint as to VJB.

79.    Denies each and every allegation contained in paragraph 79 of the complaint.

80.    (a) - (r) Denies each and every allegation contained in paragraph 80 of the complaint as to VJB

81.    Denies each and every allegation contained in paragraph 81 of the complaint as to VJB Construction.

82.    Denies each and every allegation contained in paragraph 82 of the complaint.

83.     That the allegations pled in ¶1 to and including ¶82 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully repeated herein word-for-word at length.

84.     Said allegation is an inappropriate pleading allegation and is respectfully referred to the Court.

85.     Said allegation is an inappropriate pleading allegation and is respectfully referred to the Court.

86.     Denies each and every allegation contained in paragraph 86 of the complaint as to VJB.

87.     Denies each and every allegation contained in paragraph 87 of the complaint.

88.     Denies each and every allegation contained in paragraph 88 of the complaint.

89.     That the allegations pled in ¶1 to and including ¶88 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully repeated herein word-for-word at length.

90.     Said allegation is an inappropriate pleading allegation and is respectfully referred to the Court.

91.     Said allegation is an inappropriate pleading allegation and is respectfully referred to the Court.

92.     Denies each and every allegation contained in paragraph 92 of the complaint.

93.     Denies each and every allegation contained in paragraph 93 of the complaint.

94.     Denies each and every allegation contained in paragraph 94 of the complaint.

95.    That the allegations pled in ¶1 to and including ¶94 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully repeated herein word-for-word at length.

96.    Said allegation is an inappropriate pleading allegation and is respectfully referred to the Court.

97.    Said allegation is an inappropriate pleading allegation and is respectfully referred to the Court.

98.    Denies each and every allegation contained in paragraph 98 of the complaint.

99.    Denies each and every allegation contained in paragraph 99 of the complaint.

100.    Denies each and every allegation contained in paragraph 100 of the complaint.

101.    That the allegations pled in ¶1 to and including ¶100 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully repeated herein word-for-word at length

102.    Denies each and every allegation contained in paragraph 102 of the complaint.

103.    Denies each and every allegation contained in paragraph 103 of the complaint

104.    Denies each and every allegation contained in paragraph 104 of the complaint.

## AS AND FOR A FIRST
## AFFIRMATIVE DEFENSE

105.    That the complaint and each cause of action therein pled fails to state a cause of action

## AS AND FOR A SECOND
## AFFIRMATIVE DEFENSE

106.    VJB was not a party to agreements, contracts and/or leases with respect to the property known as 475 Ninth Avenue.

107.    VJB was not involved in construction work performed at 475 Ninth Avenue.

AS AND FOR A THIRD
AFFIRMATIVE DEFENSE

108.    VJB Construction 475 9th Avenue LLC is not related to VJB Construction Corporation.

109.    VJB Construction 475 9th Avenue LLC, on information and belief, is a non-existent entity with respect to the 475 Ninth Avenue construction project.

110.    VJB Construction 475 9th Avenue LLC was not a party to any agreements, contracts and/or leases with respect to the property known as 475 Ninth Avenue.

AS AND FOR A FOURTH
AFFIRMATIVE DEFENSE

111.    Kajima Development Corporation, on information and belief, is a non-existent entity with respect to the 475 Ninth Avenue construction project.

112.    Kajima Development Corporation is not related to VJB.

113.    VJB did not enter into agreements, contracts and/or leases with Kajima Development Corporation with respect to the property known as 475 Ninth Avenue.

AS AND FOR A FIFTH
AFFIRMATIVE DEFENSE

114.    That damages alleged to have been sustained by plaintiff were caused in whole or part by the culpable conduct of plaintiff himself and/or others without any contributing and/or comparative fault or otherwise of or by VJB Construction.

13

115.     VJB is entitled, therefore, to dismissal or reduction of any recovery that may be had by plaintiff in proportion to the culpable conduct attributable to the plaintiff and non-parties that bears upon the entire measure of responsibility for the occurrence.

AS AND FOR A SIXTH
AFFIRMATIVE DEFENSE

116.     Upon information and belief, any past and/or future damages, costs or expenses incurred or to be incurred by plaintiff has been or will be replaced or indemnified in whole or in part from collateral sources pursuant to, in accordance with and/or as defined in CPLR §4545.

117.     If any recovery is awarded against VJB, the amount of such recovery shall be diminished by the amount of the funds which plaintiff has or shall receive from such collateral sources.

AS AND FOR A SEVENTH
AFFIRMATIVE DEFENSE

118.     Pursuant to CPLR 1603, the limitations of CPLR 1601 and 1602 and all rights contained in Article 16 applicable provisions are preserved and incorporated herein as though fully set forth at length.

AS AND FOR AN EIGHTH
AFFIRMATIVE DEFENSE

119.     VJB denies liability for the occurrence and damages herein complained of; nevertheless, if VJB is found liable for such occurrence and/or damages, this answering defendant's share of liability is fifty percent (50%) or less of the total liability assigned to all persons or entities liable, and pursuant to CPLR Section 1601, the liability of VJB to the claimant for non-economic loss shall not exceed the equitable share of VJB determined in

14

accordance with the relative culpability of each person causing or contributing to the total

liability for non-economic loss.

### AS AND FOR A NINTH
### AFFIRMATIVE DEFENSE

120. The instrumentality that allegedly injured the plaintiff was used, owned, operated,

managed, controlled and/or supervised by plaintiff, his employer and/or others.

### AS AND FOR A TENTH
### AFFIRMATIVE DEFENSE

121. The plaintiff voluntarily engaged in a dangerous activity and, in doing so,

assumed the risks attendant thereto, and those risks were open, obvious and known.

### AS AND FOR AN ELEVENTH
### AFFIRMATIVE DEFENSE

122. Any and all damages, including injuries, surgery, pain and/or suffering were

caused in the entirety or in part by plaintiff's employer and/or others under the supervision,

direction and/or control of plaintiff's employer.

### AS AND FOR A TWELFTH
### AFFIRMATIVE DEFENSE

123. Plaintiff's employer and/or others, at all relevant times, owned, operated,

maintained, serviced, supervised, directed and/or controlled equipment used in construction,

demolition, renovation, alteration and repair work, labor and/or other services performed upon

the premises alleged in the complaint and, accordingly, is responsible and liable for same.

## AS AND FOR A THIRTEENTH
## AFFIRMATIVE DEFENSE

124.    Plaintiff's employer and/or others, upon information and belief, were at all relevant times present at and in control of, managed, operated, responsible for and/or supervised the premises and, accordingly, is responsible and liable for any and all occurrences, activities, etc. of and/or relating to the herein complaint.

## AS AND FOR A FOURTEENTH
## AFFIRMATIVE DEFENSE

125.    That if plaintiff was caused to sustain damages by reason of the claims set forth in the complaint, all of which are denied, such damages were sustained by reason of the carelessness, negligence, recklessness, misconduct, omissions, misfeasance, nonfeasance, fault, breaches of duty, oversight, acts, commissions and/or conduct of the non-parties, i.e., R&J Construction and co-defendants, 475 Ninth Avenue Associates, LLC and Spieler & Ricca Electrical Corp., their agents, servants and/or employees and or others and not by VJB Construction, and if any judgment is recovered by plaintiff against VJB Construction, then VJB and Kajima will be unfairly and/or unjustly damaged thereby, and non-party employer, R&J Construction, co-defendants, 475 Ninth Avenue, LLC and Spieler & Ricca Electrical Corp. and/or others are or will be responsible therefore in whole or in part.

## AS AN FOR A FIFTEENTH
## AFFIRMATIVE DEFFENSE

126.    The damages claimed by plaintiff, which are expressly denied, were not proximately caused by the defendant, VJB.

16

## AS AND FOR A SIXTEENTH
## AFFIRMATIVE DEFENSE

127.    That if plaintiff was caused to sustain personal injuries and resulting damages at

the time and place set forth in the complaint and in the manner therein pled, through any fault,

negligence, oversight, accident, omission, commission, carelessness, recklessness and/or

breaches of duty, of warranty and/or of contract, other than of the plaintiff, then the said injuries

and damages arose out of the several and joint carelessness, recklessness, acts, omissions,

negligence and breaches of duty, obligations, warranty and/or contract in fact or implied in law,

upon the part of the co-defendants with indemnification and save harmless agreement and/or

responsibility by them in fact and/or implied in law and without any breaches or any fault or

negligence of VJB contributing thereto; and if VJB is found liable as to the plaintiff for the

injuries and damages as set breaches of duty and/or warranty and/or contract, other than of the

plaintiff, then the said injuries and damages arose out of the several and joint carelessness,

recklessness, acts, omissions, negligence and breaches of duty, obligations, warranties, statutes,

contract implied in law and/or in fact, upon the part of the co-defendants and non-party

employer, R&J Construction, with indemnification and save-harmless agreement(s) and/or

responsibility by them in fact and/or implied in law and without any breaches or any negligence

of VJB contributing thereto; and if the defendants are found liable to plaintiff, then in that event,

the relative responsibilities of each and every party, all defendants and others responsible, in

fairness, must be apportioned by a separate determination in view of the existing factual disparity

and the said defendants herein and their responsibility will be liable over jointly and severally to

the answering defendant and bound to fully indemnify and hold the answering defendant

harmless for the full amount of any verdict or judgment that the plaintiff herein may recover

17

against the answering defendant in this action, including all costs of investigations, disbursements, expenses and attorneys' fees incurred in the defense and in the conduct of these affirmative defenses

128    To the extent that VJB is liable to any and/or all parties, VJB is entitled to contribution.

129    To the extent that VJB is liable to any and/or all parties, VJB is entitled to indemnification.

## AS AND FOR A FIRST
## CROSS-CLAIM AGAINST
## SPIELER ELECTRICAL

130    By Agreement entitled "Subcontract," dated January 9, 2002, Spieler agreed to maintain CGL insurance, naming VJB as additional insured.

131    By Agreement, dated January 9, 2002, Spieler agreed to maintain CGL insurance to defend and indemnify VJB relating to the project known as 475 9th Avenue (the "Project").

132    By Agreement, dated January 9, 2002, Spieler agreed to furnish Certificates of Insurance

133    By Agreement, dated January 9, 2002, Spieler agreed to furnish Certificates of Insurance certifying that Spieler had maintained insurance to defend VJB.

134    Spieler furnished Certificates of Insurance to VJB.

135    By Agreement, dated January 9, 2002, Spieler agreed to furnish Certificates of Insurance certifying that Spieler had maintained insurance to indemnify VJB relating to the Project.

136    Spieler agreed to maintain CGL insurance.

137    Spieler agreed to maintain CGL insurance as follows.

*Exhibit B*
**Subcontractor's Insurance Requirements**
*Subcontractor [Spieler] shall maintain during the progress of the Work, and any extended warranty period as required by the Contract Documents or by law, insurance with the minimum limits and coverage as shown below or, if higher, the requirements set forth in the Agreement between the Owner and the Contractor. The insurance coverage and limits that are required in this Exhibit shall not limit the subcontractor's liability in any way.*

138. Spieler maintained CGL insurance

139. Spieler maintained CGL insurance, naming VJB as an additional insured.

140. Spieler maintained CGL insurance, naming VJB as a named insured

141. Spieler maintained CGL insurance, naming VJB as a named additional insured.

142. Spieler maintained CGL insurance, listing VJB as an additional insured.

143. Spieler maintained CGL insurance, listing VJB as a named insured.

144. Spieler maintained CGL insurance, listing VJB as a named additional insured.

145. Spieler maintained CGL insurance during the progress of the work.

146. Spieler maintained CGL insurance during the extended warranty period.

147. Spieler agreed to defend VJB with respect to the herein lawsuit.

148. Spieler defended VJB with respect to the herein lawsuit.

149. Spieler is currently defending VJB with respect to the herein lawsuit.

150. Spieler agreed to indemnify VJB with respect to the herein lawsuit.

151. Spieler indemnified VJB with respect to the herein lawsuit.

152. Spieler agreed to defend VJB with respect to the herein lawsuit as follows

*16. Indemnification: To the fullest extent permitted by law, the subcontractor hereby agrees to indemnify the Construction Manager[...against and hold each of them harmless from, any pay the full amount of all Loss-And-Expense, whenever asserted or occurring, which any Indemnitee may suffer, incur or pay out, or which may*

> *be asserted against any Indemnitee in whole or in part, by reason of, or in connection with, the following:*
>
> *(a) any bodily injury…occurring in connection with, or arising out of, or resulting from, acts or omissions of the Subcontractor…or their respective employees or its breach of its obligations under this Agreement*

153    Spieler is defending VJB with respect to the herein lawsuit to the fullest extent permitted by the law.

154    Spieler is not defending VJB with respect to the herein lawsuit.

155.    Spieler is holding VJB harmless from any loss-and-expense which any indemnitee has suffered.

156    Spieler agreed to indemnify VJB with respect to the herein lawsuit as follows:

> *16. Indemnification: To the fullest extent permitted by law, the subcontractor hereby agrees to indemnify the Construction Manager[…against and hold each of them harmless from, any pay the full amount of all Loss-And-Expense, whenever asserted or occurring, which any Indemnitee may suffer, incur or pay out, or which may be asserted against any Indemnitee in whole or in part, by reason of, or in connection with, the following:*
>
> *(a) any bodily injury…occurring in connection with, or arising out of, or resulting from, acts or omissions of the Subcontractor…or their respective employees or its breach of its obligations under this Agreement*

157    Spieler indemnified VJB with respect to the herein lawsuit to the fullest extent permitted by law.

158    Spieler presented VJB with a Certificate of Liability Insurance, dated May 14, 20[ ].

159    The Certificate of Liability Insurance represented that Spieler had purchased policy number CPP3113891.

160.    Spieler purchased CGL policy number CPP3113891.

161.    The Certificate of Liability Insurance represented that Spieler had maintained CGL policy number CPP3113891.

162.    Spieler maintained CGL policy number CPP3113891.

163.    The Certificate of Liability Insurance represented that Spieler had purchased CGL insurance from Utica National of Texas ("Utica").

164.    The Certificate of Liability Insurance represented that Spieler had maintained CGL insurance from Utica.

165.    Spieler maintained CGL insurance from Utica.

166.    The Certificate of Liability Insurance represented that Spieler had purchased and maintained CGL insurance with effective dates January 1, 2003 through January 1, 2004.

167.    Spieler maintained CGL insurance with effective dates January 1, 2003 through January 1, 2004.

168.    The Certificate of Liability Insurance represented that Spieler had purchased and maintained CGL insurance with effective dates January 1, 2003 through January 1, 2004 from Utica.

169.    Spieler maintained CGL insurance from Utica with effective dates January 1, 2003 through January 1, 2004.

170.    Spieler represented to VJB that the Certificate of Liability Insurance was true and accurate.

171.    Spieler did not state to VJB that the Certificate of Liability Insurance was incorrect.

172.    CGL insurance policy number CPP3113891 names VJB as a named insured.

173. Utica's CGL insurance policy number CPP3113891 names VJB as a named insured.

174. CGL insurance policy number CPP3113891 names VJB as a named additional insured.

175. Utica's CGL insurance policy number CPP3113891 names VJB as a named additional insured

176. CGL insurance policy number CPP3113891 names VJB as an additional insured

177. Utica's CGL insurance policy number CPP3113891 names VJB as an additional insured.

178. Spieler's CGL carrier, Utica, is providing a defense for Spieler.

179. Spieler's attorneys' fees are being paid by Spieler's CGL carrier, Utica.

180. VJB demanded that Spieler provide a defense for VJB in this action.

181. VJB demanded that Spieler indemnify VJB in this action.

182. VJB tendered its defense in this lawsuit to Spieler.

183. VJB tendered its indemnity in this lawsuit to Spieler.

184. VJB is incurring fees and expenses in defending this lawsuit.

185. VJB is incurring attorneys' fees and expenses in seeking to compel Spieler to provide a defense for VJB

186. VJB is incurring attorneys' fees and expenses in seeking to compel Spieler to indemnify VJB.

187. VJB is incurring attorneys' fees and expenses in seeking to compel Spieler to provide a defense for VJB pursuant to the January 9, 2002 Agreement.

188    VJB is incurring attorneys' fees and expenses in seeking to compel Spieler to indemnify VJB pursuant to the January 9, 2002 Agreement.

189.    VJB notified Spieler's carrier, Utica, to defend VJB.

190    VJB notified Spieler's carrier, Utica, to indemnify VJB

191.    VJB is a named insured of Utica.

192.    VJB is a named additional insured of Utica.

193.    VJB is an additional insured of Utica.

194.    Utica's CGL Policy number CPP3113891 insures VJB.

195    Utica's CGL Policy number CPP3113891 insures VJB of and/or relating to the instant lawsuit, including providing a defense for VJB with respect to this lawsuit.

196.    Utica's CGL Policy number CPP3113891 insures VJB of and/or relating to the instant lawsuit, including indemnifying VJB.

197    Utica is contractually bound and obligated to insure, including defend, VJB.

198.    Utica is contractually bound and obligated to insure, including indemnify.

199    Utica issued Policy number CPP3113891.

200    Utica issued Policy number CPP3113891 with the policy period of January 1, 2003 through January 1, 2004

201.    Utica issued Policy number CPP3113891 to Spieler.

202.    VJB is a named insured under Utica Policy number CPP3113891.

203.    VJB is a named additional insured under Utica Policy number CPP3113891.

204.    VJB is an additional insured under Utica Policy number CPP3113891.

205    Utica breached its contract to insure, including defend VJB of and/or relating to instant lawsuit.

206.    Accordingly, VJB is entitled to damages as a result of Utica's breach.

## AS AND FOR A SECOND
## CROSS-CLAIM AGAINST
## SPIELER ELECTRICAL

207    That the allegations pled in ¶130 to and including ¶206 are herein repeated, reiterated, realleged and incorporated by referenced with the same force and effect as though fully set forth herein at length word-for-word

208    Utica breached its contract to insure, including indemnify VJB of and/or relating to the instant lawsuit

209    Accordingly, VJB is entitled to damages as a result of Utica's breach.

## AS AND FOR A THIRD
## CROSS-CLAIM AGAINST
## SPIELER ELECTRICAL

210    That the allegations pled in ¶130 to and including ¶209 are herein repeated, reiterated, realleged and incorporated by referenced with the same force and effect as though fully set forth herein at length word-for-word.

211    VJB is entitled to damages as a result of Utica's breach of contract, including attorneys' fees and expenses, together with interest

## AS AND FOR A FOURTH
## CROSS-CLAIM AGAINST
## SPIELER ELECTRICAL

212    That the allegations pled in ¶130 to and including ¶211 are herein repeated, reiterated, realleged and incorporated by referenced with the same force and effect as though fully set forth herein at length word-for-word

213   VJB is entitled to a declaratory judgment against Utica to defend VJB of and/or relating to the instant lawsuit.

### AS AND FOR A FIFTH
### CROSS-CLAIM AGAINST
### SPIELER ELECTRICAL

214   That the allegations pled in ¶130 to and including ¶213 are herein repeated, reiterated, realleged and incorporated by referenced with the same force and effect as though fully set forth herein at length word-for-word.

215   VJB is entitled to a declaratory judgment against Utica to indemnify VJB of and/or relating to the instant lawsuit.

### AS AND FOR A SIXTH
### CROSS-CLAIM AGAINST
### SPIELER ELECTRICAL

216   That the allegations pled in ¶130 to and including ¶215 are herein repeated, reiterated, realleged and incorporated by referenced with the same force and effect as though fully set forth herein at length word-for-word.

217   Accordingly, Spieler is required to purchase and maintain CGL insurance on behalf of VJB to defend and indemnify VJB.

218   Accordingly, VJB is entitled to a declaratory judgment ordering Spieler to purchase and maintain CGL insurance to defend/indemnify VJB from the plaintiff's complaint.

### AS AND FOR A SEVENTH
### CROSS-CLAIM AGAINST
### SPIELER ELECTRICAL

219. That the allegations pled in ¶130 to and including ¶218 are herein repeated, reiterated, realleged and incorporated by referenced with the same force and effect as though fully set forth herein at length word-for-word.

220. Spieler failed to purchase and maintain CGL insurance on behalf of VJB.

221. Spieler breached its contract to purchase and maintain CGL insurance on behalf of VJB.

222. Accordingly, VJB is entitled to damages, including attorneys' fees and costs.

AS AND FOR A EIGHTH
CROSS-CLAIM AGAINST
SPIELER ELECTRICAL

223. That the allegations pled in ¶130 to and including ¶222 are herein repeated, reiterated, realleged and incorporated by referenced with the same force and effect as though fully set forth herein at length word-for-word.

224. Accordingly, Spieler agreed to defend and hold-harmless VJB.

225. Accordingly, Spieler is required to defend and hold-harmless VJB.

226. Accordingly, VJB is entitled a declaratory judgment against Spieler, ordering Spieler to defend and hold-harmless VJB against the plaintiff's compliant.

AS AND FOR A NINTH
CROSS-CLAIM AGAINST
SPIELER ELECTRICAL

227. That the allegations pled in ¶130 to and including ¶226 are herein repeated, reiterated, realleged and incorporated by referenced with the same force and effect as though fully set forth herein at length word-for-word.

228. Accordingly, Spieler's CGL insurance policy is required to defend and indemnify VJB as a named insured, additional insured and/or named additional insured

229. Accordingly, VJB is entitled to a declaratory judgment against Spieler's insurance company, Utica, ordering them, by and through their policy no. CPP3113891, to defend and indemnify VBJ as a named insured, additional insured and/or named additional insured.

AS AND FOR A TENTH
CROSS-CLAIM AGAINST
SPIELER ELECTRICAL

230. That the allegations pled in ¶130 to and including ¶229 are herein repeated, reiterated, realleged and incorporated by referenced with the same force and effect as though fully set forth herein at length word-for-word.

231. Accordingly, Spieler is required to notify its respective insurer CGL carrier of the herein claims and of VJB's tender and/or demand for Spieler to defend and indemnify VJB, and in the absence of having done so, Spieler is liable and obligated to pay all damages, attorneys' fees and costs

AS AND FOR A ELEVENTH
CROSS-CLAIM AGAINST
SPIELER ELECTRICAL

232. That the allegations pled in ¶130 to and including ¶231 are herein repeated, reiterated, realleged and incorporated by referenced with the same force and effect as though fully set forth herein at length word-for-word.

233. Accordingly, VJB is entitled to a declaratory judgment ordering Spieler to reimburse VJB for the attorneys' fees and expenses incurred to date and continuing to be incurred in defending VJB and seeking to compel Spieler to honor and abide by its agreement.

dated January 9, 2002, and obtain defense/indemnity under Spieler's Policy No. CPP3113891 with Utica.

234.   VJB, pursuant to and in accordance with CPLR §3011, demands Spieler to answer the cross-claims.

WHEREFORE , the defendant, VJB CONSTRUCTION CORP., demands judgment dismissing the plaintiffs' complaint on the merits; and if the plaintiffs, GEORGE SANTOLI and STACEY SANTOLI are found to have contributed to the accident or damages, that any damages be reduced in proportion to which the plaintiffs may be found to have so contributed to the accident or damages together with the costs, disbursements and expenses of this action including attorneys' fees

Dated: March 23, 2004
    New York, New York

                                        _____
                                        Janet R. Abrams, Esq.
                                        RYAN, DEVEREAUX & CONLON, LLP
                                        Attorneys for Defendants
                                         VJB CONSTRUCTION CORP.
                                        39 Broadway, Suite 910
                                        New York, New York 10006
                                        (212) 785-5959 (T)
                                        (212) 785-4487 (F)

TO:    Michael A. Rose, Esq.
       HACH & ROSE, LLP
       Attorneys for Plaintiffs
       GEORGE SANTOLI AND
       STACEY SANTOLI
       185 Madison Avenue, 8th Floor
       New York, New York 10016

       Gelin & DeChiara, LLP
       Attorneys for Defendants
       475 NINTH AVENUE ASSOCIATES, LLC
       801 Second Avenue

28

(212) 682-6800

O'Connor O'Connor Hintz & Deveney, LLP
Attorneys for Defendants
SPIELER & RICCA ELECTRICAL CO., INC
One Huntington Quadrangle, Suite 1C07
(631) 777-2330

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------X
GEORGE SANTOLI and STACEY SANTOLI,

                            plaintiffs,                       Index No.: 118596/03

        - against -

475 NINTH AVENUE ASSOCIATES, LLC,
VJB CONSTRUCTION 475 9TH AVENUE LLC,
VJB CONSTRUCTION CORP., SPIELER & RICCA
ELECTRICAL CO. INC. and KAJIMA DEVELOPMENT
CORPORATION,

                            defendants.
-------------------------------------------------------------------------X
VJB CONSTRUCTION CORP.; LIBERTY INTERNATIONAL       TP Index No.:
UNDERWRITERS a/s/o VJB CONSTRUCTION CORP.,

                      third-party-plaintiffs,

        -against-

R&J CONSTRUCTION CORP.; TRAVELERS INDEMNITY
COMPANY; TRAVELERS INDEMNITY COMPANY OF
AMERICA; TRAVELERS INDEMNITY COMPANY OF
CONNECTICUT; REPUBLIC FRANKLIN INSURANCE
COMPANY; UTICA NATIONAL INSURANCE COMPANY
OF TEXAS; UTICA NATIONAL INSURANCE GROUP;
UTICA MUTUAL INSURANCE COMPANY; REGIONAL
SCAFFOLDING and HOISTING CO., INC.,

                    third-party-defendants.
-------------------------------------------------------------------------X

## SUMMONS and VERIFIED THIRD PARTY COMPLAINT

# RYAN, DEVEREAUX & CONLON, LLP
### 39 BROADWAY
Suite 910
NEW YORK, NEW YORK 10006
TEL. (212) 785-5959 (T)   /   FAX (212) 785-4487 (F)