# Exhibit F

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------- X    Index No.: 118596/03

GEORGE SANTOLI and STACEY SANTOLI,


                Plaintiffs,


       -against-                        TP Index No.: 590445/04

475 NINTH AVENUE ASSOCIATES LLC., VJB
CONSTRUCTION 475 9th AVENUE LLC, VJB
CONSTRUCTION CORP., SPIELER & RICCA
ELECTRICAL CO., INC , and KAJIMA
DEVELOPMENT CORPORATION,


                Defendants.
-------------------------------------------------------------- X


VJB CONSTRUCTION CORP.; LIBERTY
INTERNATIONAL UNDERWRITERS a/s/o VJB      **VERIFIED ANSWER**
CONSTRUCTION CORP.,


       Third-Party Plaintiffs,


       -against-

R&J CONSTRUCTION CORP.; TRAVELERS
INDEMNITY COMPANY; TRAVELERS
INDEMNITY COMPANY OF AMERICA;
TRAVELERS INDEMNITY COMPANY OF
CONNECTICUT; REPUBLIC FRANKLIN
INSURANCE COMPANY; UTICA NATIONAL
INSURANCE COMPANY OF TEXAS; UTICA
NATIONAL INSURANCE GROUP; UTICA
MUTUAL INSURANCE COMPANY; REGIONAL
SCAFFOLDING and HOISTING CO., INC.,


       Third-Party Defendants
-------------------------------------------------------------- X

Defendant, 475 Ninth Avenue Associates LLC ("475 Ninth Avenue"), by its attorneys, Zetlin & De Chiara LLP, for its Answer to the Amended Verified Complaint ("Verified Complaint") of Plaintiffs, George Santoli and Stacey Santoli ("Plaintiffs"), hereby alleges and says:

## ANSWERING THE GENERAL ALLEGATIONS

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Verified Complaint.

2. Denies the allegations contained in paragraph 2 of the Verified Complaint.

3. Denies the allegations contained in paragraph 3 of the Verified Complaint.

4. Denies the allegations contained in paragraph 4 of the Verified Complaint except admits that 475 Ninth Avenue transacted business in New York.

5. Admits the allegations contained in paragraph 5 of the Verified Complaint.

6. Denies the allegations contained in paragraph 6 of the Verified Complaint.

7. Denies the allegations contained in paragraph 7 of the Verified Complaint.

8. Denies the allegations contained in paragraph 8 of the Verified Complaint.

9. Denies the allegations contained in paragraph 9 of the Verified Complaint.

10. Denies the allegations contained in paragraph 10 of the Verified Complaint.

11. Denies the allegations contained in paragraph 11 of the Verified Complaint.

12. Denies the allegations contained in paragraph 12 of the Verified Complaint.

2

13.    Denies the allegations contained in paragraph 13 of the Verified Complaint.

14.    Denies the allegations contained in paragraph 14 of the Verified Complaint.

15.    Denies the allegations contained in paragraph 15 of the Verified Complaint.

16.    Denies the allegations contained in paragraph 16 of the Verified Complaint.

17.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Verified Complaint.

18.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Verified Complaint.

19.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Verified Complaint.

20.    Denies the allegations contained in paragraph 20 of the Verified Complaint.

21.    Denies the allegations contained in paragraph 21 of the Verified Complaint.

22.    Denies the allegations contained in paragraph 22 of the Verified Complaint.

23.    Denies the allegations contained in paragraph 23 of the Verified Complaint.

24.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Verified Complaint.

25.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Verified Complaint.

26.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Verified Complaint.

27.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Verified Complaint.

28.    Denies the allegations contained in paragraph 28 of the Verified Complaint.

29.    Denies the allegations contained in paragraph 29 of the Verified Complaint.

30.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Verified Complaint.

31.    Denies the allegations contained in paragraph 31 of the Verified Complaint.

32    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Verified Complaint.

33.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Verified Complaint.

34.    Denies the allegations contained in paragraph 34 of the Verified Complaint.

35.     Denies the allegations contained in paragraph 35 of the Verified
Complaint.

36.     Denies the allegations contained in paragraph 36 of the Verified
Complaint.

37.     Denies the allegations contained in paragraph 37 of the Verified
Complaint.

38.     Denies knowledge or information sufficient to form a belief as to the truth
of the allegations contained in paragraph 38 of the Verified Complaint.

39.     Denies knowledge or information sufficient to form a belief as to the truth
of the allegations contained in paragraph 39 of the Verified Complaint.

40.     Denies knowledge or information sufficient to form a belief as to the truth
of the allegations contained in paragraph 40 of the Verified Complaint.

41.     Denies knowledge or information sufficient to form a belief as to the truth
of the allegations contained in paragraph 41 of the Verified Complaint.

42.     Denies the allegations contained in paragraph 42 of the Verified
Complaint.

43.     Denies the allegations contained in paragraph 43 of the Verified
Complaint.

44.     Denies knowledge or information sufficient to form a belief as to the truth
of the allegations contained in paragraph 44 of the Verified Complaint.

45.     Denies the allegations contained in paragraph 45 of the Verified
Complaint.

46.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Verified Complaint.

47.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Verified Complaint.

48.    Denies the allegations contained in paragraph 48 of the Verified Complaint.

49.    Denies the allegations contained in paragraph 49 of the Verified Complaint.

50.    Denies the allegations contained in paragraph 50 of the Verified Complaint.

51.    Denies the allegations contained in paragraph 51 of the Verified Complaint.

52.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Verified Complaint.

53.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Verified Complaint.

54.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Verified Complaint.

55.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Verified Complaint.

56.    Denies the allegations contained in paragraph 56 of the Verified Complaint.

6

57.    Denies the allegations contained in paragraph 57 of the Verified Complaint.

58.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Verified Complaint.

59.    Denies the allegations contained in paragraph 59 of the Verified Complaint.

60.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Verified Complaint.

61.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Verified Complaint.

62.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Verified Complaint.

63.    Denies the allegations contained in paragraph 63 of the Verified Complaint.

64.    Denies the allegations contained in paragraph 64 of the Verified Complaint.

65.    Denies the allegations contained in paragraph 65 of the Verified Complaint.

66.    Denies the allegations contained in paragraph 66 of the Verified Complaint.

67.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Verified Complaint.

68.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Verified Complaint.

69.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Verified Complaint.

70.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Verified Complaint.

71.    Denies the allegations contained in paragraph 71 of the Verified Complaint.

72.    Denies the allegations contained in paragraph 72 of the Verified Complaint.

73.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Verified Complaint.

74.    Denies the allegations contained in paragraph 74 of the Verified Complaint.

75.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Complaint.

76.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Verified Complaint.

77.    Denies the allegations contained in paragraph 77 of the Verified Complaint to the extent that such allegations are deemed to refer to or relate to 475 Ninth Avenue.  To the extent that such allegations are deemed not to refer or relate to 475 Ninth Avenue, 475 Ninth Avenue denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Verified Complaint.

8

78.    Denies the allegations contained in paragraph 78 of the Verified Complaint to the extent that such allegations are deemed to refer to or relate to 475 Ninth Avenue. To the extent that such allegations are deemed not to refer or relate to 475 Ninth Avenue, 475 Ninth Avenue denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the Verified Complaint.

79.    475 Ninth Avenue neither admits nor denies the allegations contained in paragraph 79 of the Verified Complaint and refers all questions of law to the Court.

80 a) – r).    Denies the allegations contained in paragraph 80 of the Verified Complaint to the extent that such allegations are deemed to refer to or relate to 475 Ninth Avenue. To the extent that such allegations are deemed not to refer or relate to 475 Ninth Avenue, 475 Ninth Avenue denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8o of the Verified Complaint.

81.    Denies the allegations contained in paragraph 81 of the Verified Complaint.

82.    Denies the allegations contained in paragraph 82 of the Verified Complaint.

## ANSWERING THE SECOND CAUSE OF ACTION

83.    475 Ninth Avenue's foregoing responses to all preceding paragraphs in the Verified Complaint are repeated and incorporated as if fully set forth herein.

84.    475 Ninth Avenue neither admits nor denies the allegations contained in paragraph 84 of the Verified Complaint and refers all questions of law to the Court.

85.    475 Ninth Avenue neither admits nor denies the allegations contained in paragraph 85 of the Verified Complaint and refers all questions of law to the Court.

9

86.    Denies the allegations contained in paragraph 86 of the Verified Complaint to the extent that such allegations are deemed to refer to or relate to 475 Ninth Avenue. To the extent that such allegations are deemed not to refer or relate to 475 Ninth Avenue, 475 Ninth Avenue denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Verified Complaint.

87.    Denies the allegations contained in paragraph 87 of the Verified Complaint.

88.    Denies the allegations contained in paragraph 88 of the Verified Complaint.

## ANSWERING THE THIRD CAUSE OF ACTION

89.    475 Ninth Avenue's foregoing responses to all preceding paragraphs in the Verified Complaint are repeated and incorporated as if fully set forth herein.

90.    475 Ninth Avenue neither admits nor denies the allegations contained in paragraph 90 of the Verified Complaint and refers all questions of law to the Court.

91.    475 Ninth Avenue neither admits nor denies the allegations contained in paragraph 91 of the Verified Complaint and refers all questions of law to the Court.

92.    Denies the allegations contained in paragraph 92 of the Verified Complaint to the extent that such allegations are deemed to refer to or relate to 475 Ninth Avenue. To the extent that such allegations are deemed not to refer or relate to 475 Ninth Avenue, 475 Ninth Avenue denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 of the Verified Complaint.

93.    Denies the allegations contained in paragraph 93 of the Verified Complaint.

94.    Denies the allegations contained in paragraph 94 of the Verified Complaint.

## ANSWERING THE FOURTH CAUSE OF ACTION

95.    475 Ninth Avenue's foregoing responses to all preceding paragraphs in the Verified Complaint are repeated and incorporated as if fully set forth herein.

96.    475 Ninth Avenue neither admits nor denies the allegations contained in paragraph 96 of the Verified Complaint and refers all questions of law to the Court.

97.    475 Ninth Avenue neither admits nor denies the allegations contained in paragraph 97 of the Verified Complaint and refers all questions of law to the Court

98.    Denies the allegations contained in paragraph 98 of the Verified Complaint to the extent that such allegations are deemed to refer to or relate to 475 Ninth Avenue.  To the extent that such allegations are deemed not to refer or relate to 475 Ninth Avenue, 475 Ninth Avenue denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of the Verified Complaint.

99.    Denies the allegations contained in paragraph 99 of the Verified Complaint.

100.    Denies the allegations contained in paragraph 100 of the Verified Complaint.

## ANSWERING THE FIFTH CAUSE OF ACTION

101.    475 Ninth Avenue's foregoing responses to all preceding paragraphs in the Verified Complaint are repeated and incorporated as if fully set forth herein.

102.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 of the Verified Complaint.

103.    Denies the allegations contained in paragraph 103 of the Verified

Complaint

104.    Denies the allegations contained in paragraph 104 of the Verified

Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Verified Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Verified Complaint is barred by reason of Plaintiffs' own negligence and/or

wrongful conduct.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' injuries and damages, if any, were the result of actions of third parties

over whom 475 Ninth Avenue had no responsibility or control.

### FOURTH AFFIRMATIVE DEFENSE

The damages allegedly suffered by Plaintiffs were not the proximate or

reasonably foreseeable result of any act or omission of 475 Ninth Avenue.

### FIFTH AFFIRMATIVE DEFENSE

The Verified Complaint is barred by the doctrine of avoidable consequences.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate any damages it allegedly sustained.

12

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries and damages, if any, were the result of unforeseeable intervening acts of a party independent of 475 Ninth Avenue that bars Plaintiffs' alleged causes of action against 475 Ninth Avenue.

## EIGHTH AFFIRMATIVE DEFENSE

The Verified Complaint is barred by virtue of the doctrines of waiver and/or res judicata and/or estoppel.

## NINTH AFFIRMATIVE DEFENSE

475 Ninth Avenue's liability is limited by the provisions of Article 16 of the Civil Practice Law and Rules.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery, if any, shall be reduced by the amount of money which plaintiff received or will receive from collateral sources.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to use safety devices provided to him.

## CROSS-CLAIM AGAINST VJB CONSTRUCTION CORP., KAJIMA DEVELOPMENT CORPORATION and KAJIMA/VJB CONSTRUCTION SERVICES, LLC SUED HEREIN AS VJB CONSTRUCTION 475 9th AVENUE LLC, AN ANSWER TO WHICH IS HEREBY DEMANDED

1.     Plaintiff has commenced the instant litigation against 475 Ninth Avenue, as owner of the Project, for injuries he allegedly sustained while participating in the construction of the Project.

2.    The Verified Complaint also names VJB Construction 475 9th Avenue LLC. VJB Construction Corp., Spieler & Ricca Electrical Co., Inc. and Kajima Development Corporation as defendants.

3.    On or about December 21, 2001, 475 Ninth Avenue entered into a contract (the "CM Contract") with Kajima Construction Services, Inc. ("Kajima") for construction management services in connection with the development and construction of 475 Ninth Avenue (the "Project").

4.    On or about December 21, 2001 Kajima assigned all of its right title and interest in the CM Contract to Kajima/VJB Construction Services, LLC ("Kajima/VJB") sued herein as VJB Construction 475 9th Avenue LLC for construction management services in connection with the development and construction of the Project ("Assignment").

5.    Kajima/VJB is a limited liability company whose members are Kajima Construction Services, Inc. and VJB Construction Corp.

6.    Pursuant to section 15.6.3 of the CM Contract and paragraph 4 of the Assignment, VJB Construction Corp. ("VJB") is jointly and severally liable for all of Kajima's obligations under the CM Contract.

7.    Pursuant to the paragraph 3 of the Assignment and Section 15.6.3 of the Contract, Kajima remains fully liable under the CM Contract, despite the Assignment.

8.    Pursuant to Section 13 of the CM Contract, Kajima, Kajima/VJB and/or VJB are to indemnify and hold harmless 475 Ninth Avenue Street from all claims for personal injury arising out of any act, error or omission of Kajima, Kajima/VJB and/or VJB as follows:

> [t]o the fullest extent permitted by law, the Construction Manager hereby agrees to indemnify the Owner, the Owner's parent company, its partners, affiliated and related entities and its and their respective employees, partners,

14

principals, officers, directors and shareholders, Owner's Representative, and Project Managers (the "Indemnitees") against, and hold each of them harmless from, and pay the full amount of, all Loss-And-Expense, whenever asserted or occurring, which any Indemnitee may suffer, incur or pay out, or which may be asserted against any Indemnitee in whole or in part, by reason of, or in connection with, the following:

(a)    any bodily injury, sickness, disease or death of or to any person or any damage to or destruction of any property occurring in connection with, or arising out of, or resulting from, negligent acts or omissions of the Construction Manager, Subcontractors, or their respective Employees or its breach of its obligations under this Agreement; or

(b)    any act, error or omission of the Construction Manager in connection with its performance of its services pursuant to any claim asserted, or lien or notice of lien filed, by any Subcontractor or any other person against the Owner in connection with the Work or the Project by reason of the failure of the Construction Manager or any of its employee(s) to comply with any obligation of the Construction Manager under this Agreement.

9.    Pursuant to paragraph 13.2.2 of the CM Contract Kajima, Kajima/VJB and/or

VJB are to defend 475 Ninth Avenue Street from all claims for personal injury arising out of any

act, error or omission of Kajima, Kajima/VJB and/or VJB as follows:

The Construction Manager, at its sole expense, shall defend, with counsel reasonably acceptable to the Owner, any and all Legal Proceedings commenced against any Indemnitee concerning any matter which is covered by any indemnity under this Section 13.2 of this Agreement. The Construction Manager shall deliver to the Owner copies of documents served in such Legal Proceeding and, whenever requested, by the Owner, shall advise as to the status of such Legal Proceeding. If the Construction Manager fails to defend diligently and in a timely manner any such Legal Proceeding, the Owner shall have the right, but not the obligation, to defend the same at the Construction Manager's expense. The Construction Manager shall not settle any such Legal Proceeding without the Owner's prior

15

written consent unless the effect of such settlement shall be to release all Indemnitees from all liability with respect to such legal Proceeding (and all claims and liabilities asserted therein.

.

10.     The claims brought by Plaintiff in the instant action arise out of allegedly negligent acts or omissions of Kajima, Kajima/VJB and/or VJB or its subcontractors.

11.     Accordingly, 475 Ninth Avenue sent a letter to Kajima, Kajima/VJB and/or VJB, dated December 19, 2003, timely demanding that Kajima/VJB defend, indemnify and hold harmless 475 Ninth Avenue from all claims in the instant litigation.

12.     Despite the clear language in Section 13 of the Contract, Kajima, Kajima/VJB and/or VJB has failed to indemnify, hold harmless and defend 475 Ninth Avenue from claims brought in the instant litigation.

13.     Kajima, Kajima/VJB and/or VJB has thus breached its contractual obligation to indemnify, hold harmless and defend 475 Ninth Avenue in the instant matter.

14.     475 Ninth Avenue demands that Kajima, Kajima/VJB and/or VJB indemnify, hold harmless and defend 475 Ninth Avenue from any and all judgments, attorneys' fees, interest and costs of suit to which 475 Ninth Avenue may be subjected to as a result of this litigation.

15.     Defendant 475 Ninth Avenue demands further that Kajima. Kajima/VJB and VJB serve an Answer to this cross-claim.

WHEREFORE, 475 Ninth Avenue hereby demands judgment dismissing the Verified Complaint herein, and, alternatively, demand judgment against VJB Construction 475 9th Avenue LLC, VJB Construction Corp. and Kajima Development Corporation for full indemnification, together with the costs and disbursements of this action, including reasonable attorneys' fees, and such other, further and different relief as this Court deems just and proper.

16

## CROSS-CLAIMS AGAINST ALL DEFENDANTS

Upon information and belief, if plaintiff sustained any damages as alleged in the complaint, all of which is denied by 475 Ninth Avenue, these alleged damages were caused by the negligence, culpable conduct and/or wrongful acts of the defendants, VJB Construction 475 9th Avenue LLC, VJB Construction Corp., Spieler & Ricca Electrical Co., Inc. and Kajima Development Corporation, their respective agents, servants and/or employees, and not through any acts of negligence, culpable or wrongful conduct on the part of either 475 Ninth Avenue, their agents, servants and/or employees.

By reason of the foregoing, 475 Ninth Avenue is entitled to full indemnification and/or contribution from defendants VJB Construction 475 9th Avenue LLC, VJB Construction Corp., Spieler & Ricca Electrical Co., Inc. and Kajima Development Corporation and to judgment over and against defendants, VJB Construction 475 9th Avenue LLC, VJB Construction Corp., Spieler & Ricca Electrical Co., Inc. and Kajima Development Corporation for full indemnification, or for contribution in the amount of any excess paid by 475 Ninth Avenue over and above their equitable share of any judgment, verdict and/or recovery, as determined in accordance with the relative culpability of each party liable for contribution.

**WHEREFORE,** 475 Ninth Avenue hereby demands judgment dismissing the Verified Complaint herein, and, alternatively, demand judgment against the defendants for full indemnification or for contribution in the amount of any excess paid by 475 Ninth Avenue over and above their equitable share of any judgment, verdict and/or recovery, as determined in accordance with the relative culpability of each party liable for contribution,

17

together with the costs and disbursements of this action, including reasonable attorneys' fees, and such other, further and different relief as this Court deems just and proper.

Date: June 21, 2004

                **ZETLIN & DE CHIARA LLP**
                *Attorneys for Defendant*
                475 Ninth Avenue Associates LLC

By: _____
        Timothy N Hegarty, Esq.
        Jenifer Minsky, Esq.
        801 Second Avenue
        New York, New York 10017
        (212) 682-6800

18

## VERIFICATION

STATE OF NEW YORK    )
                         ) ss:
COUNTY OF NEW YORK )

        **Stephen N. Benjamin**, being duly sworn, deposes and says:

        That he is a Principal of 475 NINTH AVENUE ASSOCIATES LLC, defendant in the within action; that he has read the foregoing VERIFIED ANSWER and CROSS-CLAIMS and knows the contents therefor; and that the same are true to deponent's own knowledge except as to the matters therein stated to be alleged on information and belief, and as to those matters deponent believes them to be true.

        The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are as follows: investigation of records and files.

                        475 NINTH AVENUE ASSOCIATES, LLC

                        By:_____
                             Stephen N. Benjamin, Principal

Sworn to before me on this 22nd
Day of June, 2004

_NOTARY PUBLIC_

**NICOLE ADAMS**
NOTARY PUBLIC, STATE OF NEW YORK
No. 01AD6096664
QUALIFIED IN BRONX COUNTY
MY COMMISSION EXPIRES AUG. 4, 2007

19

ZETLIN & DE CHIARA LLP

Index No. 118596/03    TP Index No.: 590445/04 Year

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

GEORGE SANTOLI and STACEY SANTOLI,,

Plaintiffs,

-against-

474 NINTH AVENUE ASSOCIATES et al.
Defendants.

## VERIFIED ANSWER

### ZETLIN & DE CHIARA LLP

Attorney(s) for    475 Ninth Avenue Associates LLC

Office and Post Office Address
801 SECOND AVENUE
NEW YORK, N.Y. 10017
(212) 682-6800

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous

Dated _____    Signature _____

Print Signer's Name _____

Service of a copy of the within    is hereby admitted.

Dated,

Attorney(s) for    _____

Sir: Please take notice
☐ NOTICE OF ENTRY
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on
☐ NOTICE OF ENTRY    of which the within is a true copy will be presented for
that an order    one of the
settlement to the HON.
judges

of the within named Court, at
on the    day of    at    M
Dated,

### ZETLIN & DE CHIARA LLP

Attorney(s) for

Office and Post Office Address
801 SECOND AVENUE
NEW YORK, N.Y. 10017
(212) 682-6800

To

Attorney(s) for