# Exhibit G

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

GEORGE SANTOLI and STACEY SANTOLI,

|  |  |
|---|---|
| Plaintiffs, | Index No. 118596/03 |
| -against- | **VERIFIED ANSWER TO THIRD-PARTY COMPLAINT** |

475 NINTH AVENUE ASSOCIATES, LLC,
VJB CONSTRUCTION 475 9TH AVENUE LLC, VJB
CONSTRUCTION CORP., SPIELER & RICCA
ELECTRICAL CO. INC. and KAJIMA DEVELOPMENT
CORPORATION,

Defendants,

VJB CONSTRUCTION CORP.; and LIBERTY
INTERNATIONAL UNDERWRITERS a/s/o VJB
CONSTRUCTION CORP.,

Third-Party Plaintiffs,

Third Party Index No.
590445/04

-against-

R&J CONSTRUCTION CORP.; TRAVELERS
INDEMNITY COMPANY; TRAVELERS INDEMNITY
COMPANY OF AMERICA; TRAVELERS INDEMNITY
COMPANY OF CONNECTICUT; REPUBLIC
FRANKLIN INSURANCE COMPANY; UTICA
NATIONAL INSURANCE COMPANY OF TEXAS;
UTICA NATIONAL INSURANCE GROUP; UTICA
MUTUAL INSURANCE COMPANY; UTICA
NATIONAL ASSURANCE COMPANY; REGIONAL
SCAFFOLDING and HOISTING CO., INC.

Third-Party Defendants.

Third-Party Defendant Travelers Property Casualty Company of America ("Travelers")

formerly known as The Travelers Indemnity Company of Illinois (erroneously sued herein as

"Travelers Indemnity Company," "Travelers Indemnity Company of America" and "Travelers Indemnity Company of Connecticut") by and through their attorneys, Lazare Potter Giacovas & Kranjac LLP, hereby answers the Third-Party Plaintiffs' Complaint ("Third-Party Complaint") as follows:

1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 47, 49, 50, 53, 54, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 87, 88, 89, 90, 91, 92, 93, 94, 95, 98, 100, 102, 104, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280, 281, 282, 283, 284, 285, 286, 287, 288 and 289 of the Third-Party Complaint.

2.     Denies, upon information and belief, the allegations contained in paragraphs 46, 48, 96, 97, 99, 101 and 103 of the Third-Party Complaint.

3.     Denies the allegations contained in paragraphs 51 and 52 of the Third-Party Complaint, except admits that Travelers issued a policy of insurance to its named insured "R & J Construction, Corp." ("R&J"), policy no. DT-CO-963K2686-TIL-03 (the "Travelers Policy"), with

2

a policy period of January 1, 2003 to January 1, 2004, and respectfully refers the Court to the Travelers Policy for its full and precise terms, conditions, provisions, exclusions and any effect thereof.

4.      Denies the allegations contained in paragraphs 55, 57, 107, 108, 109, 110, 114, 122, 123, 124, 136 and 290 of the Third-Party Complaint.

5.      Admits the allegations contained in paragraphs 56 and 58 of the Third-Party Complaint, and further states that R&J did not name 475 Ninth Avenue Associates, LLC ("475 LLC"), VJB Construction Corp. ("VJB") and/or Kajima/VJB Construction Services, LLC ("Kajima/VJB") as additional insureds on the Travelers Policy or any other policy issued by Travelers or any other related or affiliated entity.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 85 and 86 of the Third-Party Complaint, and further states that Travelers issued the Travelers Policy, and respectfully refers the Court to said policy for its full and precise terms, conditions, provisions, exclusions and any effect thereof.

7.      Denies the allegations in paragraphs 105, 106, 125 and 126 of the Third-Party Complaint, except admits that Travelers is providing R&J a defense and paying its attorneys' fees in connection with the above captioned action.

8.      Denies the allegations in paragraphs 111, 112 and 113 of the Third-Party Complaint, except admits that Travelers is an insurance company that issues commercial general liability policies with an office located at One Tower Square, Hartford Connecticut 06183.

9.      Denies the allegations in paragraphs 115, 116 and 117 of the Third-Party Complaint, except admits that Travelers is licensed with the New York State Insurance Department and does

business in the State of New York and County of New York.

10.    Denies the allegations in paragraph 118 of the Third-Party Complaint, except admits that Travelers issues insurance policies in the State of New York, County of New York.

11.    Denies the allegations in paragraphs 119, 120 and 121 of the Third-Party Complaint, except admits that Travelers issued the Travelers Policy and respectfully refers the Court to said policy for its full and precise terms, conditions, provisions, exclusions and any effect thereof.

12.    Denies the allegations in paragraphs 127, 128, 129, 131 and 132 of the Third-Party Complaint, except admits that Travelers is an insurance company which issued commercial general liability insurance policies and has an office located at One Tower Square, Hartford, Connecticut 06183.

13.    Denies the allegations in paragraph 130 of the Third-Party Complaint, except admits that (860) 277-4869 is the telephone number of an employee of Travelers and/or one of its affiliated and/or related companies.

14.    Denies the allegations in paragraph 133, 134, 135, 137 and 138 of the Third-Party Complaint, except admits that Travelers is an insurance company which issued commercial general liability insurance policies and has an office located at One Tower Square, Hartford, Connecticut 06183.

## AS AND FOR A RESPONSE TO THE FIRST
## THIRD-PARTY CAUSE OF ACTION AGAINST R&J

15.    Repeats and realleges each and every response contained herein to the paragraphs of the Third-Party Complaint realleged in paragraph 291 thereof.

16.    Denies knowledge or information sufficient to form a belief as to the truth of the

4

allegations contained in paragraphs 292 and 293 of the Third-Party Complaint.

17.     Denies the allegations contained in paragraph 294 of the Third-Party Complaint.

### AS AND FOR A RESPONSE TO THE SECOND
### THIRD-PARTY CAUSE OF ACTION AGAINST R&J

18.     Repeats and realleges each and every response contained herein to the paragraphs of

the Third-Party Complaint realleged in paragraph 295 thereof.

19.     Denies knowledge of information sufficient to form a belief as to the truth of the

allegations contained in paragraph 296 of the Third-Party Complaint.

### AS AND FOR A RESPONSE TO THE THIRD
### THIRD-PARTY CAUSE OF ACTION AGAINST R&J

20.     Repeats and realleges each and every response contained herein to the paragraphs of

the Third-Party Complaint realleged in paragraph 297 thereof.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 298 of the Third-Party Complaint.

### AS AND FOR A RESPONSE TO THE FOURTH
### THIRD-PARTY CAUSE OF ACTION AGAINST R&J

22.     Repeats and realleges each and every response contained herein to the paragraphs of

the Third-Party Complaint realleged in paragraph 299 thereof.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 300 of the Third-Party Complaint.

### AS AND FOR A RESPONSE TO THE FIFTH
### THIRD-PARTY CAUSE OF ACTION AGAINST R&J

24.     Repeats and realleges each and every response contained herein to the paragraphs of

the Third-Party Complaint realleged in paragraph 301 thereof.

25.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 302 of the Third-Party Complaint.

## AS AND FOR A RESPONSE TO THE SIXTH THIRD-PARTY CAUSE OF ACTION AGAINST R&J

26.    Repeat and reallege each and every response contained herein to the paragraphs of the Third-Party Complaint realleged in paragraph 303 thereof.

27.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 304 of the Third-Party Complaint.

## AS AND FOR A RESPONSE TO THE SEVENTH THIRD-PARTY CAUSE OF ACTION AGAINST TRAVELERS

28.    Repeats and realleges each and every response contained herein to the paragraphs of the Third-Party Complaint realleged in paragraph 305 thereof.

29.    Denies the allegations contained in paragraph 306 of the Third-Party Complaint.

## AS AND FOR A RESPONSE TO THE EIGHTH THIRD-PARTY CAUSE OF ACTION AGAINST TRAVELERS

30.    Repeats and realleges each and every response contained herein to the paragraphs of the Third-Party Complaint realleged in paragraph 307 thereof.

31.    Denies the allegations contained in paragraph 308 of the Third-Party Complaint.

## AS AND FOR A RESPONSE TO THE NINTH THIRD-PARTY CAUSE OF ACTION AGAINST TRAVELERS

32.    Repeats and realleges each and every response contained herein to the paragraphs of the Third-Party Complaint realleged in paragraph 309 thereof.

33.    Denies the allegations contained in paragraph 310 of the Third-Party Complaint.

6

### AS AND FOR A RESPONSE TO THE TENTH
### THIRD-PARTY CAUSE OF ACTION AGAINST TRAVELERS

34.    Repeats and realleges each and every response contained herein to the paragraphs of

the Third-Party Complaint realleged in paragraph 311 thereof.

35.    Denies the allegations contained in paragraph 312 of the Third-Party Complaint.

### AS AND FOR A RESPONSE TO THE ELEVENTH
### THIRD-PARTY CAUSE OF ACTION AGAINST TRAVELERS

36.    Repeats and realleges each and every response contained herein to the paragraphs of

the Third-Party Complaint realleged in paragraph 313 thereof.

37.    Denies the allegations contained in paragraph 314 of the Third-Party Complaint.

### AS AND FOR A RESPONSE TO THE TWELFTH
### THIRD-PARTY CAUSE OF ACTION AGAINST TRAVELERS AMERICA

38.    Repeats and realleges each and every response contained herein to the paragraphs of

the Third-Party Complaint realleged in paragraph 315 thereof.

39.    Denies the allegations contained in paragraph 316 of the Third-Party Complaint.

### AS AND FOR A RESPONSE TO THE THIRTEENTH
### THIRD-PARTY CAUSE OF ACTION AGAINST TRAVELERS AMERICA

40.    Repeats and realleges each and every response contained herein to the paragraphs of

the Third-Party Complaint realleged in paragraph 317 thereof.

41.    Denies the allegations contained in paragraph 318 of the Third-Party Complaint.

### AS AND FOR A RESPONSE TO THE FOURTEENTH
### THIRD-PARTY CAUSE OF ACTION AGAINST TRAVELERS AMERICA

42.    Repeats and realleges each and every response contained herein to the paragraphs of

the Third-Party Complaint realleged in paragraph 319 thereof.

43.    Denies the allegations contained in paragraph 320 of the Third-Party Complaint.

## AS AND FOR A RESPONSE TO THE FIFTEENTH
## THIRD-PARTY CAUSE OF ACTION AGAINST TRAVELERS AMERICA

44.    Repeats and realleges each and every response contained herein to the paragraphs of

the Third-Party Complaint realleged in paragraph 321 thereof.

45.    Denies the allegations contained in paragraph 322 of the Third-Party Complaint.

## AS AND FOR A RESPONSE TO THE SIXTEENTH
## THIRD-PARTY CAUSE OF ACTION AGAINST TRAVELERS AMERICA

46.    Repeats and realleges each and every response contained herein to the paragraphs of

the Third-Party Complaint realleged in paragraph 323 thereof.

47.    Denies the allegations contained in paragraph 324 of the Third-Party Complaint.

## AS AND FOR A RESPONSE TO THE SEVENTEENTH
## THIRD-PARTY CAUSE OF ACTION AGAINST TRAVELERS CONNECTICUT

48.    Repeats and realleges each and every response contained herein to the paragraphs of

the Third-Party Complaint realleged in paragraph 325 thereof.

49.    Denies the allegations contained in paragraph 326 of the Third-Party Complaint.

## AS AND FOR A RESPONSE TO THE EIGHTEENTH
## THIRD-PARTY CAUSE OF ACTION AGAINST TRAVELERS CONNECTICUT

50.    Repeats and realleges each and every response contained herein to the paragraphs of

the Third-Party Complaint realleged in paragraph 327 thereof.

51.    Denies the allegations contained in paragraph 328 of the Third-Party Complaint.

## AS AND FOR A RESPONSE TO THE NINETEENTH
## THIRD-PARTY CAUSE OF ACTION AGAINST TRAVELERS CONNECTICUT

52.    Repeats and realleges each and every response contained herein to the paragraphs of

the Third-Party Complaint realleged in paragraph 329 thereof.

53. Denies the allegations contained in paragraph 330 of the Third-Party Complaint.

## AS AND FOR A RESPONSE TO THE TWENTIETH
## THIRD-PARTY CAUSE OF ACTION AGAINST TRAVELERS CONNECTICUT

54. Repeats and realleges each and every response contained herein to the paragraphs of

the Third-Party Complaint realleged in paragraph 331 thereof.

55. Denies the allegations contained in paragraph 332 of the Third-Party Complaint.

## AS AND FOR A RESPONSE TO THE TWENTY-FIRST THIRD-PARTY
## CAUSE OF ACTION AGAINST REPUBLIC FRANKLIN INSURANCE COMPANY

56. Repeats and realleges each and every response contained herein to the paragraphs of

the Third-Party Complaint realleged in paragraph 333 thereof.

57. Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 334 of the Third-Party Complaint.

## AS AND FOR A RESPONSE TO THE TWENTY-SECOND THIRD-PARTY
## CAUSE OF ACTION AGAINST REPUBLIC FRANKLIN INSURANCE COMPANY

58. Repeats and realleges each and every response contained herein to the paragraphs of

the Third-Party Complaint realleged in paragraph 335 thereof.

59. Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 336 of the Third-Party Complaint.

## AS AND FOR A RESPONSE TO THE TWENTY-THIRD THIRD-PARTY
## CAUSE OF ACTION AGAINST REPUBLIC FRANKLIN INSURANCE COMPANY

60. Repeats and realleges each and every response contained herein to the paragraphs of

the Third-Party Complaint realleged in paragraph 337 thereof.

61. Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 338 of the Third-Party Complaint.

## AS AND FOR A RESPONSE TO THE TWENTY-FOURTH THIRD-PARTY CAUSE OF ACTION AGAINST REPUBLIC FRANKLIN INSURANCE COMPANY

62.    Repeats and realleges each and every response contained herein to the paragraphs of

the Third-Party Complaint realleged in paragraph 339 thereof.

63.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 340 of the Third-Party Complaint.

## AS AND FOR A RESPONSE TO THE TWENTY-FIFTH THIRD-PARTY CAUSE OF ACTION AGAINST REPUBLIC FRANKLIN INSURANCE COMPANY

64.    Repeats and realleges each and every response contained herein to the paragraphs of

the Third-Party Complaint realleged in paragraph 341 thereof.

65.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 342 of the Third-Party Complaint.

## AS AND FOR A RESPONSE TO THE TWENTY-SIXTH THIRD-PARTY CAUSE OF ACTION AGAINST UTICA TEXAS

66.    Repeats and realleges each and every response contained herein to the paragraphs of

the Third-Party Complaint realleged in paragraph 343 thereof.

67.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 344 of the Third-Party Complaint.

## AS AND FOR A RESPONSE TO THE TWENTY-SEVENTH THIRD-PARTY CAUSE OF ACTION AGAINST UTICA TEXAS

68.    Repeats and realleges each and every response contained herein to the paragraphs of

the Third-Party Complaint realleged in paragraph 345 thereof.

69.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 346 of the Third-Party Complaint.

## AS AND FOR A RESPONSE TO THE TWENTY-EIGHTH THIRD-PARTY CAUSE OF ACTION AGAINST UTICA TEXAS

70.     Repeats and realleges each and every response contained herein to the paragraphs of the Third-Party Complaint realleged in paragraph 347 thereof.

71.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 348 of the Third-Party Complaint.

## AS AND FOR A RESPONSE TO THE TWENTY-NINTH THIRD-PARTY CAUSE OF ACTION AGAINST UTICA GROUP

72.     Repeats and realleges each and every response contained herein to the paragraphs of the Third-Party Complaint realleged in paragraph 349 thereof.

73.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 350 of the Third-Party Complaint.

## AS AND FOR A RESPONSE TO THE THIRTIETH THIRD-PARTY CAUSE OF ACTION AGAINST UTICA GROUP

74.     Repeats and realleges each and every response contained herein to the paragraphs of the Third-Party Complaint realleged in paragraph 351 thereof.

75.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 352 of the Third-Party Complaint.

## AS AND FOR A RESPONSE TO THE THIRTY-FIRST THIRD-PARTY CAUSE OF ACTION AGAINST UTICA GROUP

76.     Repeats and realleges each and every response contained herein to the paragraphs of the Third-Party Complaint realleged in paragraph 353 thereof.

77.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 354 of the Third-Party Complaint.

## AS AND FOR A RESPONSE TO THE THIRTY-SECOND
## THIRD-PARTY CAUSE OF ACTION AGAINST UTICA ASSURANCE

78.    Repeats and realleges each and every response contained herein to the paragraphs of

the Third-Party Complaint realleged in paragraph 355 thereof.

79.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 356 of the Third-Party Complaint.

## AS AND FOR A RESPONSE TO THE THIRTY-THIRD
## THIRD-PARTY CAUSE OF ACTION AGAINST UTICA ASSURANCE

80.    Repeats and realleges each and every response contained herein to the paragraphs of

the Third-Party Complaint realleged in paragraph 357 thereof.

81.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 358 of the Third-Party Complaint.

## AS AND FOR A RESPONSE TO THE THIRTY-FOURTH
## THIRD-PARTY CAUSE OF ACTION AGAINST UTICA ASSURANCE

82.    Repeats and realleges each and every response contained herein to the paragraphs of

the Third-Party Complaint realleged in paragraph 359 thereof.

83.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 360 of the Third-Party Complaint.

## AS AND FOR A RESPONSE TO THE THIRTY-FIFTH
## THIRD-PARTY CAUSE OF ACTION AGAINST UTICA MUTUAL

84.    Repeats and realleges each and every response contained herein to the paragraphs of

the Third-Party Complaint realleged in paragraph 361 thereof.

85.    Denies knowledge or information sufficient to form a belief as to the truth of the

12

allegations contained in paragraph 362 of the Third-Party Complaint.

## AS AND FOR A RESPONSE TO THE THIRTY-SIXTH
## THIRD-PARTY CAUSE OF ACTION AGAINST UTICA MUTUAL

86.    Repeats and realleges each and every response contained herein to the paragraphs of

the Third-Party Complaint realleged in paragraph 363 thereof.

87.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 364 of the Third-Party Complaint.

## AS AND FOR A RESPONSE TO THE THIRTY-SEVENTH
## THIRD-PARTY CAUSE OF ACTION AGAINST UTICA MUTUAL

88.    Repeats and realleges each and every response contained herein to the paragraphs of

the Third-Party Complaint realleged in paragraph 365 thereof.

89.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 366 of the Third-Party Complaint.

## AS AND FOR A RESPONSE TO THE THIRTY-EIGHTH
## THIRD-PARTY CAUSE OF ACTION AGAINST
## REGIONAL SCAFFOLDING AND HOISTING COMPANY, INC.

90.    Repeats and realleges each and every response contained herein to the paragraphs of

the Third-Party Complaint realleged in paragraph 367 thereof.

91.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraphs 368 and 369 of the Third-Party Complaint.

92.    Denies the allegations contained in paragraph 370 of the Third-Party Complaint.

## AS AND FOR A RESPONSE TO THE THIRTY-NINTH
## THIRD-PARTY CAUSE OF ACTION AGAINST
## REGIONAL SCAFFOLDING AND HOISTING COMPANY, INC.

93.    Repeats and realleges each and every response contained herein to the paragraphs of

the Third-Party Complaint realleged in paragraph 371 thereof.

94.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 372 of the Third-Party Complaint.

## AS AND FOR A RESPONSE TO THE FORTIETH
## THIRD-PARTY CAUSE OF ACTION AGAINST
## REGIONAL SCAFFOLDING AND HOISTING COMPANY, INC.

95.    Repeats and realleges each and every response contained herein to the paragraphs of

the Third-Party Complaint realleged in paragraph 373 thereof.

96.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 374 of the Third-Party Complaint.

## AS AND FOR A RESPONSE TO THE FORTY-FIRST
## THIRD-PARTY CAUSE OF ACTION AGAINST
## REGIONAL SCAFFOLDING AND HOISTING COMPANY, INC.

97.    Repeats and realleges each and every response contained herein to the paragraphs of

the Third-Party Complaint realleged in paragraph 375 thereof.

98.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 376 of the Third-Party Complaint.

## AS AND FOR A RESPONSE TO THE FORTY-SECOND
## THIRD-PARTY CAUSE OF ACTION AGAINST
## REGIONAL SCAFFOLDING AND HOISTING COMPANY, INC.

99.    Repeats and realleges each and every response contained herein to the paragraphs of

the Third-Party Complaint realleged in paragraph 377 thereof.

100.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 378 of the Third-Party Complaint.

### AS AND FOR A RESPONSE TO THE FORTY-THIRD
### THIRD-PARTY CAUSE OF ACTION AGAINST
### REGIONAL SCAFFOLDING AND HOISTING COMPANY, INC.

101.    Repeats and realleges each and every response contained herein to the paragraphs of

the Third-Party Complaint realleged in paragraph 379 thereof.

102.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 380 of the Third-Party Complaint.

### AS AND FOR A RESPONSE TO THE FORTY-FOURTH
### THIRD-PARTY CAUSE OF ACTION AGAINST
### REGIONAL SCAFFOLDING AND HOISTING COMPANY, INC.

103.    Repeats and realleges each and every response contained herein to the paragraphs of

the Third-Party Complaint realleged in paragraph 381 thereof.

104.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 382 of the Third-Party Complaint.

### AS AND FOR A RESPONSE TO THE FORTY-FIFTH
### THIRD-PARTY CAUSE OF ACTION AGAINST
### REGIONAL SCAFFOLDING AND HOISTING COMPANY, INC.

105.    Repeats and realleges each and every response contained herein to the paragraphs of

the Third-Party Complaint realleged in paragraph 383 thereof.

106.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 384 of the Third-Party Complaint.

### AS AND FOR A RESPONSE TO THE FORTY-SIXTH
### THIRD-PARTY CAUSE OF ACTION AGAINST
### ALL THIRD-PARTY DEFENDANTS

107.    Repeats and realleges each and every response contained herein to the paragraphs of

the Third-Party Complaint realleged in paragraph 385 thereof.

15

108.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 386 of the Third-Party Complaint that pertain to a party other than Travelers, and denies all remaining allegations.

### AS AND FOR A RESPONSE TO THE FORTY-SEVENTH THIRD-PARTY CAUSE OF ACTION AGAINST R&J AND REGIONAL

109.    Repeats and realleges each and every response contained herein to the paragraphs of the Third-Party Complaint realleged in paragraph 387 thereof.

110.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 388 of the Third-Party Complaint that pertain to a party other than Travelers, and denies all remaining allegations.

### AS AND FOR A FIRST DEFENSE

111.    Third-Party Plaintiffs have failed to state any claim or cause of action for which relief can be granted.

### AS AND FOR A SECOND DEFENSE

112.    Third-Party Plaintiffs are estopped from asserting any claims and their claims are barred, upon information and belief, by unclean hands, laches, waiver and/or estoppel.

### AS AND FOR A THIRD DEFENSE

113    Third-Party Plaintiffs' claims should be dismissed based on defenses founded upon documentary evidence.

### AS AND FOR A FOURTH DEFENSE

114.    Third-Party Plaintiffs are not entitled to recover against Travelers because and to the extent that 475 LLC, VJB and/or Kajima/VJB are not insureds or additional insureds under the

Travelers Policy or any other policy issued by Travelers or any other related or affiliated entity.

### AS AND FOR A FIFTH DEFENSE

115.    Upon information and belief, Third-Party Plaintiffs failed to mitigate their alleged damages.

### AS AND FOR A SIXTH DEFENSE

116.    The Travelers Policy provides in part:

Blanket Additional Insured (Contractors)

1.    WHO IS AN INSURED (SECTION II) is amended to include any person or organization you are required to include as an additional insured on this policy by a written contract or written agreement in effect during this policy period and executed prior to the occurrence of any loss.

2.    The insurance provided to the additional insured is limited as follows:

a)    The person or organization is only an additional insured with respect to liability arising out of "your work" for that additional insured.

b)    In the event that the limits of liability stated in the policy exceed the limits of liability required by the written contract or written agreement, the insurance provided by this endorsement shall be limited to the limits of liability required by the written contract. This endorsement shall not increase the limits stated in Section III - LIMITS OF INSURANCE.

c)    The insurance provided to the additional insured does not apply to "bodily injury", "property damage", "personal injury" or "advertising injury" arising out of an architect's, engineer's or surveyor's rendering of or failure to render any professional services including:

I.    The preparing, approving or failing to prepare or approve maps, shop drawings, opinions, reports, surveys, field orders, change orders, or drawings and specifications; and

II.    Supervisory or inspection activities performed as part of any related architectural or engineering activities.

17

d)     Except when required by written contract or written agreement, the coverage provided to the additional insured by this endorsement does not apply to "bodily injury" or "property damage" arising out of acts or omissions of the additional insured other than in connection with the general supervision of "your work".

e)     This insurance does not apply to "bodily injury" or "property damage" arising out of "your work" included in the "products completed operations hazard" unless you are required to provide such coverage by written contract or written agreement and then only for the period of time required by the contract and in no event beyond the expiration date of the policy.

3.     Subpart (1)(a) of the Pollution exclusion under Paragraph 2., Exclusions of Bodily Injury and Property Damage Liability Coverage (Section I - Coverages) does not apply to you if the "bodily injury" or "property damage" arises out of "your work" performed on premises which are owned or rented by the additional insured at the time "your work" is performed.

4.     Any coverage provided by this endorsement to an additional insured shall be excess over any other valid and collectible insurance available to the additional insured whether primary, excess, contingent or on any other basis unless a written contract or agreement specifically requires that this insurance apply on a primary or contributory basis.

5.     As soon as practicable, each additional insured must give us prompt notice of any "occurrence" which may result in a claim, forward all legal papers to us, cooperate in the defense of any actions, and otherwise comply with policy conditions.

117.    475 LLC, VJB and/or Kajima/VJB are not covered as additional insureds under the above endorsement to the extent that Travelers' named insured did not agree to "include [said parties] as additional insureds on this policy by a written contract or written agreement in effect during this policy period and executed prior to the occurrence of any loss."

118.    Even if said endorsement were applicable, 475 LLC, VJB and/or Kajima/VJB would not be additional insureds thereunder because and to the extent that the allegations or circumstances relevant to the underlying first-party action are not "with respect to liability arising out of 'your

work' [i.e., the work of Travelers' named insured] for that additional insured." Further, 475 LLC, VJB and/or Kajima/VJB are not additional insureds under said endorsement because, upon information and belief, the allegations, claims, causes of action and/or circumstances relevant to the underlying first-party action "[arise] out of acts or omissions of the additional insured other than in connection with the general supervision of 'your work' [i.e., the work of Travelers' named insured]."

119.    Even if 475 LLC, VJB and/or Kajima/VJB were somehow covered under the Travelers Policy (which they are not), any such coverage would be excess to any and all other insurance, deductibles or self-insured amounts available and applicable to said third-party plaintiffs because, upon information and belief, Travelers' named insured did not agree in a written contract or agreement to "specifically" provide any such insurance "on a primary or contributory basis." For this reason and in accordance with the terms of any other relevant "other insurance" provisions, the Travelers Policy would not provide, under any circumstances, primary coverage. In any event, even if the Travelers Policy could somehow be found to provide primary coverage, said coverage would, at most, provide co-insurance subject to stated methods of sharing under the policy's relevant "other insurance" provision(s). For this additional reason, Third-Party Plaintiffs are not entitled to the relief they seek herein. Moreover, any coverage otherwise afforded by the above endorsement would be limited to the extent so provided by its remaining provisions.

120.    Even if 475 LLC, VJB and/or Kajima/VJB were otherwise entitled to coverage, any such coverage is precluded because and to the extent that said parties failed to provide "prompt notice of any 'occurrence' which may result in a claim, forward all legal papers to us, cooperate in the defense of any actions and otherwise comply with the Policy conditions" and/or any similar provisions in the Travelers Policy or in any other related policy issued by Travelers or any other

19

related or affiliated entity, due to said parties' failure to timely and properly notify Travelers or any other related entity of the alleged occurrence, offense, claim and/or suit at issue; failure to timely forward relevant legal papers; failure to cooperate; and/or failure to comply with the above provisions or similar provisions. Thus, neither Travelers nor any other related or affiliated entity has any duty to defend or indemnify 475 LLC, VJB and/or Kajima/VJB or any other claimant in connection with the underlying action or any related claims for which third-party plaintiffs seek relief in their Third-Party Complaint. Nor does Travelers or any other related or affiliated entity have any obligation to the underlying first-party plaintiff, Regional Scaffolding and Hoisting Co., Inc. or any other possible claimant herein. For this and other reasons coverage is hereby denied to any and all such entities.

## AS AND FOR A SEVENTH DEFENSE

121.    The Travelers Policy also provides in part:

Duties in the Event of Occurrence, Offense, Claim or Suit

a.    You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. Knowledge of an "occurrence" or an offense by your "employees" shall not, in itself, constitute knowledge to you unless your partners, executive officers, directors, member or insurance manage[rs] shall have actually received notice. To the extent possible, notice should include:

(1)    How, when and where the "occurrence" or offense took place;

(2)    The names and addresses of any injured persons and witnesses; and

(3)    The nature and location of any injury or damage arising out of the "occurrence" or offense.

We will not deny coverage based solely on your delay in reporting an "occurrence" or offense unless we are prejudiced by your delay.

This condition does not apply as respects the specific number of days within which you are required to notify us in writing of the abrupt commencement of a discharge, release or escape of "pollutants" which causes "bodily injury" or "property damage" which may otherwise be covered under this policy.

b.    If a claim is made or "suit" is brought against any insured, you and any other involved insured must:

    (1)    Immediately record the specifics of the claim or "suit" and the date received; and

    (2)    Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

c.    You and any other involved insured must:

    (1)    Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

    (2)    Authorize and assist us to obtain records and other information and to obtain a special verdict as to covered and uncovered claims in any lawsuit in which you request our defense and/or indemnification;

    (3)    Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

    (4)    Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

d.    No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

e.    Notice given by or on behalf of the insured, or written notice by or on behalf of the injured person or any other claimant, to any agent of ours in New York State, with particulars sufficient to identify the insured, shall be considered to be notice to us.

122.    Even if 475 LLC, VJB and/or Kajima/VJB was otherwise entitled to coverage, any

21

such coverage is precluded by the above provisions and/or any similar provisions in the Travelers Policy or in any other related policy issued by Travelers or any other related or affiliated entity, due to said parties' failure to timely and properly notify Travelers or any other related entity of the alleged occurrence, offense, claim and/or suit at issue here; failure to timely forward relevant legal papers; failure to cooperate; and/or failure to comply with the above provisions or similar provisions. Similarly, Travelers and any other related entity was not timely notified by the underlying first-party plaintiff, 475 LLC, Kajima/VJB, Regional Scaffolding and Hoisting Co., Inc. or by any other relevant claimant or party. Nor was Travelers otherwise timely notified under any applicable law. Thus, neither Travelers nor any other related or affiliated entity has any duty to defend or indemnify 475 LLC, VJB and/or Kajima/VJB. Nor does Travelers otherwise have any obligation to the underlying first-party plaintiff, Regional Scaffolding and Hoisting Co., Inc. or any other claimant in connection with the first-party action or any related claims for which Third-Party Plaintiffs seek relief in their Third-Party Complaint.

123.    Additionally, even if Travelers or any other related or affiliated entity, had received timely notice of the claims at issue and was timely provided with copies of process, pleadings and other required documents, no party would be entitled to defense costs incurred prior to the date it tendered said claims to Travelers and/or to the extent they failed altogether to tender the underlying first-party action or underlying claim at issue.

<u>AS AND FOR AN EIGHTH DEFENSE</u>

124.    Third-Party Plaintiffs' claims should be dismissed to the extent that all or part of the damages alleged by the underlying first-party plaintiff or any other claimant herein do not arise out of or constitute "bodily injury," an "accident" or "occurrence" under the Travelers Policy or any

22

other relevant policy of insurance issued by Travelers or any other related or affiliated entity. Additionally, there is no coverage to the extent the underlying claims at issue do not allege or concern liability for damages as a result of "bodily injury" or "property damage."

## AS AND FOR A NINTH DEFENSE

125.    There is no coverage with respect to any claimant who is not an insured under the Travelers Policy in connection with the claims at issue.

## AS AND FOR A TENTH DEFENSE

126.    Neither the Travelers Policy nor any other relevant policy issued by Travelers or any other related or affiliated entity covers any claims for breach of contract asserted against any claimed insured.  The Travelers Policy and any other relevant policy would only cover (subject to other terms, limitations, exclusions and conditions) those sums an insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which said insurance applies. Also, said policies exclude from coverage any "bodily injury" or "property damage" expected or intended from the standpoint of the "insured."

## AS AND FOR AN ELEVENTH DEFENSE

127.    Any coverage afforded by the Travelers Policy or any other policy issued by Travelers or any other related or affiliated entity would be subject to any and all limits, deductibles, retained limits, retentions, self insured retentions and/or other limits as stated in any such policies.

## AS AND FOR A TWELFTH DEFENSE

128.    If at the time of trial, any issues herein have finally been determined against Third-Party Plaintiffs, any party and/or any claimed insured(s), by a tribunal, forum or court, all of competent jurisdiction, then, in that event, Third-Party Plaintiffs, and/or any other claimed insured(s)

23

will be estopped from relitigating said issues under principles of res judicata, collateral estoppel or any similar principle.

## AS AND FOR A THIRTEENTH DEFENSE

129.   To the extent that the Third-Party Complaint seeks a declaratory judgment with respect to any alleged duty of Travelers or any other related or affiliated entity to indemnify Third-Party Plaintiffs or any claimed insureds in connection with the underlying first-party action or underlying claims herein, said request would be premature insofar as the facts necessary to determine said coverage issues will be decided in the underlying first-party action and/or any related action.

## AS AND FOR A FOURTEENTH DEFENSE

130.   The Third-Party Complaint should be dismissed to the extent it concerns or relates to any alleged circumstances, accidents, losses, occurrences or damages that took place outside of the policy period of the Travelers Policy or any other relevant primary or excess insurance policy issued by Travelers or any other related or affiliated entity upon which Third-Party Plaintiffs are basing their claims.  Also, this action should be dismissed to the extent the alleged accidents, losses, occurrences or damages took place at a location or premises not covered by the Travelers Policy or any other relevant insurance policy issued by Travelers or any other related or affiliated entity. Furthermore, this action should be dismissed to the extent that any alleged circumstances, accidents, losses, occurrences or damages that took place after the cancellation of the Travelers Policy or any other relevant insurance policy issued by Travelers or any other related or affiliated entity upon which Third-Party Plaintiffs are basing their claims.

## AS AND FOR A FIFTEENTH DEFENSE

131.   Third-Party Plaintiffs' claims are barred in whole or in part by the terms, exclusions,

24

conditions, definitions and limitations in the Travelers Policy or any other relevant primary or excess policy issued by Travelers or any other related or affiliated entity that could be applicable to this claim.

## AS AND FOR A SIXTEENTH DEFENSE

132.     Upon information and belief, Third-Party Plaintiffs failed to join all necessary and/or indispensable parties to this action, the absence of which creates a substantial risk that Travelers will be exposed to prejudice. Such parties include, but are not limited to, any and all relevant general liability insurers or any other type of insurer.

## AS AND FOR A SEVENTEENTH DEFENSE

133.     Under the Travelers Policy or any other policy issued by Travelers or any other related or affiliated entity, Third-Party Plaintiffs' action should be dismissed because of its failure, any claimed insured's failure and/or any party's failure to fully comply with all the terms of any said policies including, but not limited to, notice, assistance, and cooperation.

## AS AND FOR AN EIGHTEENTH DEFENSE

134.     Third-Party Plaintiffs are not third-party beneficiaries of any contract between Travelers and its named insured. Nor do Third-Party Plaintiffs otherwise have standing to seek recovery in connection with any such insurance contract.

## AS AND FOR A NINETEENTH DEFENSE

135.     No coverage is created by any alleged Certificate of Insurance.

## AS AND FOR A TWENTIETH DEFENSE

136.     Under its terms, the Travelers Policy does not apply to:

    b.     Contractual Liability

25

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1) That the insured would have in the absence of the contract or agreement; or

(2) Assumed in a contract or agreement that is an "insured contract," provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

(a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

(b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

c.    Workers Compensation and Similar Laws

Any obligation of the insured under a workers compensation, disability benefits or unemployment compensation law or any similar law.

d.    Employer's Liability

"Bodily injury" to:

(1)    An employee of the insured arising out of and in the course of:

(a) Employment by the insured; or

(b) Performing duties related to the conduct of the insured's business; or

(2)    The spouse, child, parent, brother or sister of that "employee" as a consequence of (1) above.

This exclusion applies:

(1)    Whether the insured may be liable as an employer or in any other

capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract."

137. Thus, the Travelers Policy would not cover any insured, additional insured or alleged insured to the extent any claims against any said entity or individual fall within the above exclusions. Travelers reserves all its rights in this regard.

## AS AND FOR A TWENTY-FIRST DEFENSE

138. Upon information and belief, Third-Party Plaintiffs' claims are barred in whole or in part by New York's General Obligations Law § 5-322.1, and/or by virtue of their own culpability in connection with any claim here at issue.

## AS AND FOR A TWENTY-SECOND DEFENSE

139. Travelers and any other relevant, related or affiliated entity reserves the right to assert additional defenses (policy based or otherwise) upon receipt and review of all documents and other materials or information relevant to this matter.

## AS AND FOR A CROSS CLAIM AGAINST REPUBLIC FRANKLIN INSURANCE COMPANY, UTICA NATIONAL INSURANCE COMPANY OF TEXAS, UTICA NATIONAL INSURANCE GROUP, UTICA MUTUAL INSURANCE COMPANY, and UTICA NATIONAL ASSURANCE COMPANY

140. Travelers repeats and realleges each and every allegation contained in paragraphs 1 through 140 as though fully set forth herein.

141. Upon information and belief, Third-Party Defendants REPUBLIC FRANKLIN

INSURANCE COMPANY, UTICA NATIONAL INSURANCE COMPANY OF TEXAS, UTICA NATIONAL INSURANCE GROUP, UTICA MUTUAL INSURANCE COMPANY and UTICA NATIONAL ASSURANCE COMPANY issued a policy of insurance covering Third-Party Plaintiffs for each and every aspect of the claims set forth in and relating to the above captioned action.

142.    To the extent, if any, it is determined that Travelers or any other related entity is obligated to defend and/or indemnify Third-Party Plaintiffs or any other party herein or in connection with the above captioned action (which Travelers denies), any such obligation would be subject to the duties and obligations of Third-Party Defendants REPUBLIC FRANKLIN INSURANCE COMPANY, UTICA NATIONAL INSURANCE COMPANY OF TEXAS, UTICA NATIONAL INSURANCE GROUP, UTICA MUTUAL INSURANCE COMPANY and UTICA NATIONAL ASSURANCE COMPANY and of any and all other insurance carriers to act as primary insurers.

143.    There exists a real, actual and justiciable controversy between Third-Party Defendants REPUBLIC FRANKLIN INSURANCE COMPANY, UTICA NATIONAL INSURANCE COMPANY OF TEXAS, UTICA NATIONAL INSURANCE GROUP, UTICA MUTUAL INSURANCE COMPANY and UTICA NATIONAL ASSURANCE COMPANY and Travelers.

144.    Travelers has no adequate remedy at law with respect to the allegations in this cross-claim.

**WHEREFORE**, Third-Party Defendants Travelers Property Casualty Company of America ("Travelers") formerly known as The Travelers Indemnity Company of Illinois (erroneously sued herein as "Travelers Indemnity Company," "Travelers Indemnity Company of America" and "Travelers Indemnity Company of Connecticut"), demands judgment as follows:

a.   declaring that Travelers has no obligation to defend or to indemnify, and/or have no other obligation to Third-Party Plaintiffs, 475 Ninth Avenue Associates, LLC, Kajima/VJB Construction Services, LLC or any other relevant party herein;

b.   otherwise dismissing the Third-Party Complaint in its entirety;

c.   that Travelers has judgment over and against Third-Party Defendants REPUBLIC FRANKLIN INSURANCE COMPANY, UTICA NATIONAL INSURANCE COMPANY OF TEXAS, UTICA NATIONAL INSURANCE GROUP, UTICA MUTUAL INSURANCE COMPANY and UTICA NATIONAL ASSURANCE COMPANY for all or part of any verdict or judgment which may be obtained herein by Third-Party Plaintiffs against this answering third-party defendant;

d.   awarding Travelers its expenses, costs and reasonable attorneys fees;

e.   awarding Travelers such other and further relief as the Court otherwise deems, just and proper.

Dated:  New York, New York
        July 8, 2004

LAZARE POTTER GIACOVAS & KRANJAC LLP

By:        Stephen M. Lazare
           Andrew M. Premisler
        950 Third Avenue
        New York, New York  10022
        (212) 758-9300
        Attorneys for Third-Party Defendants
        Travelers Property Casualty Company of America f/ka
        The Travelers Indemnity Company of Illinois e/s/h/a
        "Travelers Indemnity Company," The Travelers
        Indemnity Company of America, e/s/h/a "Travelers
        Indemnity Company of America," and The Travelers
        Indemnity Company of Connecticut, e/s/h/a
        "Travelers Indemnity Company of Connecticut"

29

## ATTORNEY VERIFICATION

ANDREW M. PREMISLER, an attorney admitted to practice in the Courts of the State New York, and an associate with the firm of Lazare Potter Giacovas & Kranjac LLP, with offices located at 950 Third Avenue, New York, NY 10022, affirms that he is the attorney for the answering Third-Party Defendants, Travelers Property Casualty Company of America formerly known as The Travelers Indemnity Company of Illinois and erroneously sued herein as "Travelers Indemnity Company," The Travelers Indemnity Company of America, erroneously sued herein as "Travelers Indemnity Company of America," and The Travelers Indemnity Company of Connecticut, erroneously sued herein as "Travelers Indemnity Company of Connecticut" in the within action, and that the following statements are true under the penalties of perjury:

I have read the foregoing Answer and know the contents thereof, and the same is true to the best of my knowledge except as to the matters therein stated to be alleged upon information and belief and as to those matters I believe them to be true. The grounds for my belief as to all matters therein are as follows: investigations made into the subject matter and information received in the course of my duties as attorney for said Defendant.

The reason this Verification is made by me and not by said Defendant is said Defendant is a foreign corporation.

Dated: New York, New York
       July 8, 2004

ANDREW M. PREMISLER, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
Index No. 118596/03; Third Party Index No. 590445/04

GEORGE SANTOLI and STACEY SANTOLI,

Plaintiffs,

-against-

475 NINTH AVENUE ASSOCIATES, LLC,
VJB CONSTRUCTION 475 9TH AVENUE LLC, VJB CONSTRUCTION CORP., SPIELER &
RICCA ELECTRICAL CO. INC. and KAJIMA DEVELOPMENT CORPORATION,

Defendants,

VJB CONSTRUCTION CORP.; and LIBERTY INTERNATIONAL UNDERWRITERS a/s/o
VJB CONSTRUCTION CORP.,

Third-Party Plaintiffs,

-against-

R&J CONSTRUCTION CORP.; TRAVELERS INDEMNITY COMPANY; TRAVELERS
INDEMNITY COMPANY OF AMERICA; TRAVELERS INDEMNITY COMPANY OF
CONNECTICUT; REPUBLIC FRANKLIN INSURANCE COMPANY; UTICA NATIONAL
INSURANCE COMPANY OF TEXAS; UTICA NATIONAL INSURANCE GROUP; UTICA
MUTUAL INSURANCE COMPANY; UTICA NATIONAL ASSURANCE COMPANY;
REGIONAL SCAFFOLDING and HOISTING CO., INC.

Third-Party Defendants.

## VERIFIED ANSWER TO THIRD-PARTY COMPLAINT

Certification (Pursuant to Rule 130-1.1)

**LAZARE POTTER GIACOVAS & KRANJAC LLP**
**950 THIRD AVENUE, 15th FLOOR**
**NEW YORK, NEW YORK 10022**
**(212) 758-9300**

To

**Service of a copy of the within**                          **is hereby admitted.**
**Dated,**

Sir:-Please take notice
*NOTICE OF ENTRY*
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on                          20

*NOTICE OF SETTLEMENT*
that an order                                    of which the within is a true copy will be presented for
settlement to the HON.                             one of the judges of the within named Court, at
on the          day of                   20   at   M
Dated,

Yours, etc
**LAZARE POTTER GIACOVAS & KRANJAC LLP**
**950 THIRD AVENUE, 15th FLOOR**
**NEW YORK, NEW YORK 10022**
**(212) 758-9300**
*Attorneys for Third-Party Defendants*
*Travelers Property Casualty Company of America f/ka The Travelers Indemnity Company of*
*Illinois e/s/h/a "Travelers Indemnity Company," The Travelers Indemnity Company of America,*
*e/s/h/a "Travelers Indemnity Company of America," and The Travelers Indemnity Company of*
*Connecticut, e/s/h/a "Travelers Indemnity Company of Connecticut"*