# Exhibit J

## SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: **SHIRLEY WERNER KORNREICH**                    PART **S4**

Index Number : 118596/2003          **J.S.C.**

SANTOLI, GEORGE

vs                                                INDEX NO.    _118596/03_

475 NINTH AVENUE ASSOCIATES                       MOTION DATE  _9/15/05_

Sequence Number : 006                             MOTION SEQ. NO.  _6_

DISMISS                                           MOTION CAL. NO.  _____

The following papers, numbered 1 to _7_ were read on this motion to/for _Dismiss_

|                                                                          | PAPERS NUMBERED |
|--------------------------------------------------------------------------|-----------------|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ...         | _1, 2, 3_       |
| Answering Affidavits — Exhibits _____             | _4_             |
| Replying Affidavits _____                         | _5, 6, 7_       |

**Cross-Motion:**   ☐ Yes   ☒ No

Upon the foregoing papers, it is ordered that this motion

_is decided in accordance with the annexed decision and order._

FILED
OCT 5 2005
NEW YORK
COUNTY CLERKS OFFICE

Dated: _10/3/05_                          SHIRLEY WERNER KORNREICH
                                                       J.S.C.
                                                             J.S.C.

**Check one:**   ☒ FINAL DISPOSITION    ☐ NON-FINAL DISPOSITION

**Check if appropriate:**   ☐ DO NOT POST

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S):

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 54
-----------------------------------------------------------------X
GEORGE SANTOLI and STACEY SANTOLI,

                    Plaintiffs,                          Index No.: 118596/03

                                                         **DECISION and
                                                         ORDER**

          -against-

475 NINTH AVENUE ASSOCIATES, LLC, VJB
CONSTRUCTION 475 9TH AVENUE LLC, VJB
CONSTRUCTION CORP., SPIELER & RICCA
ELECTRICAL CO., INC. and KAJIMA
DEVELOPMENT CORPORATION,

                    Defendants.
-----------------------------------------------------------------X
-----------------------------------------------------------------X
VJB CONSTRUCTION CORP. and LIBERTY
INTERNATIONAL UNDERWRITERS a/s/o VJB
CONSTRUCTION CORP.,

                    Third-Party Plaintiffs             Index No.:  590445/04

          -against-

R&J CONSTRUCTION CORP., TRAVELERS
INDEMNITY COMPANY, TRAVELERS INDEMNITY
COMPANY OF AMERICA, TRAVELERS INDEMNITY
COMPANY OF CONNECTICUT; REPUBLIC
FRANKLIN INSURANCE COMPANY, UTICA
NATIONAL INSURANCE COMPANY OF TEXAS,
UTICA NATIONAL INSURANCE GROUP, UTICA
MUTUAL INSURANCE COMPANY, UTICA NATIONAL
ASSURANCE COMPANY, REGIONAL SCAFFOLDING
and HOISTING CO., INC.,

                    Third-Party Defendants.
-----------------------------------------------------------------X
KORNREICH, SHIRLEY WERNER, J.:

        This is an action to recover for work-related injury in connection with an accident on a

                                    1

construction site located at 475 Ninth Avenue, in New York City. Plaintiff's complaint, dated

February 2, 2004, asserted causes of action against the building owner, managing agent, lessee,

general contractor and subcontractors for negligence, and violations of Labor Law §§ 200, 240

and 241. VJB Construction Corp. ("VJB"), the general contractor, asserted cross-claims against

co-defendant Spieler & Ricca Electrical Co., Inc. ("Spieler"), the electrical subcontractor,

alleging that Spieler, and its insurer (various "Utica" entities and/or Republic Franklin Insurance

Company ("Republic"; together, "Utica/Republic")),[1] were contractually bound to indemnify

VJB.

From the foregoing, rather commonplace, procedural posture, this action thence

proceeded along a tortured path, which the Court–with great and needless expenditure of time

and effort–will now attempt to describe.

First, under Index No. 590445/04, VJB and its insurer, Liberty International Underwriters

a/s/o VJB Construction Corp., commenced a third-party action against: R&J Construction Corp.

("R&J"), a carpentry and drywall subcontractor on the project and plaintiff's employer; Travelers

Indemnity Company, Travelers Indemnity Company of America, Travelers Indemnity Company

of Connecticut (collectively, "Travelers"); Utica/Republic; and Regional Scaffolding and

Hoisting Co., Inc. ("Regional"). The third-party complaint, dated April 26, 2004, consisted of 47

causes of action set forth in 388 paragraphs, on 32 pages.

In the above-described third-party action, VJB alleged that R&J was contractually bound

---

[1] The third-party complaint alleges that Republic Franklin Insurance Company is related to and/or affiliated with the Utica entities, and thus, also owes VJB indemnification. In a previous Motion Sequence, Utica, by its attorney Steven Rach II, admitted that they are affiliated with Republic, and that Republic issued a policy to Spieler.

to indemnify VJB pursuant to its contract with non-party Kajima/VJB Construction Services, LLC ("Kajima/VJB"), the construction manager on the project, and also, apparently, an affiliate of VJB. VJB further alleged that it was an additional insured under a policy issued to R&J by Travelers, and that Travelers had breached its duty thereunder to defend VJB. VJB also alleged that R&J breached its contractual duty to procure insurance.

On October 28, 2004, a discovery compliance conference was held. There, the Court directed, *inter alia*,[2] that the "third party plaintiff ... produce underwriting and claim files with privilege logs within twenty days." Affirmation of M. Devereaux, Exhibit 16. Thereafter, on January 13, 2005, at another discovery conference, the Court directed, *inter alia*,[3] "third-party plaintiffs" to comply, by February 4, 2005, with the previous order of October 28, 2004. Affirmation of M. Rose, Exhibit E. The January 13 conference order provided that "failure to comply with the foregoing will result in a conditional ORDER OF PRECLUSION." *Id.* (emphasis in original). On March 17, 2005, the Court issued a further order directing "VJB, the general contractor" to respond to "*all* discovery requests on or before March 31, 2005, or its answer and 3d party complaint will be stricken." *Id.*, Ex. F. Whereas the previously mentioned orders contained directives for parties other than VJB, the March 17 order dealt exclusively with VJB. *See id.*

On April 28, 2005, the parties again came before the Court for a discovery compliance

---

[2]For example, the Court, by the same order, set dates for depositions of all parties; required that "all outstanding discovery requests to be responded to by 11/30/04"; and directed "third-party defendant insurers to produce underwriting and claim files with privilege logs within twenty days." *Id.*

[3]This order also provided directives as to "all other outstanding documentary discovery/disclosure"; "all EBTs"; and "IMEs" (Independent Medical Examinations). *Id.*

conference. The Court issued an order striking the answer and third-party complaint of VJB, on the ground that it had not complied with the Court's conditional order dated March 18, 2005. Affirmation of T. Torno, Ex. B. The Court's order noted that: (1) the attorneys for plaintiff, Spieler, R&J, Regional and Utica/Republic all represented that VJB had not complied; (2) VJB represented that its only production after March 18, 2005 consisted of three documents, two of which were then presented to the Court. The Court reviewed the documents and concluded that VJB had not complied, and therefore, issued the order striking its pleadings.

On or about May 17, 2005, a second third-party action was commenced by all of the VJB entities named as direct defendants. The second third-party complaint consists of 47 causes of action (against the same third-party defendants as the first third-party complaint), set forth in 396 paragraphs, on 33 pages.

While entangled in the above-discussed discovery thicket, the VJB entities engaged in substantive motion practice.

In Motion Sequence No. 2, certain of the VJB entities moved for summary judgment on cross-claims against Republic, Utica and Spieler. In Motion Sequence No. 3, the same VJB entities moved for summary judgment against Travelers and R&J. The Court noted that certain VJB entities were moving for relief despite the fact that they did not answer the complaint, or were not named as third-party plaintiffs. Nevertheless, the Court held that its decision on these motions would bind all of the VJB entities, lest some of them be unfairly shielded from its impact. By Decision and Order dated June 9, 2005, the Court denied both motions. The Court granted the cross-motions of Utica/Republic and Travelers for summary judgment dismissing all of the VJB entities' causes of action against them.

4

*I.*    ***Present Motions***

Now before the Court are three more motions: sequences 4, 5 and 6.

In Motion Sequence No. 4, the VJB entities move to: strike plaintiffs' bill of particulars; and to compel discovery, preclude, and/or strike the pleadings of plaintiffs, Travelers, Utica/Republic, R&J, Spieler and Regional. Movants submit their attorney's affirmation, together with pleadings and discovery documents. The motion is opposed by plaintiffs, Spieler, Utica/Republic, R&J, and Travelers. In reply, movants submit a further affirmation, together with 43 documentary exhibits, comprising a total paper girth of approximately 28 inches.

In Motion Sequence No. 5, the VJB entities move for: leave to reargue, renew, vacate, modify, and/or reverse the Court's orders dated March 18, 2005 and April 28, 2005; and for an order compelling the deposition of Spieler, R&J, Regional, Travelers and Utica/Republic. Movants submit their attorney's affirmation, together with 50 documentary exhibits, manifesting a paper girth of approximately 32 inches. The motion is opposed by the other parties.

In Motion Sequence No. 6, Utica/Republic moves to dismiss the second third-party action, and submits its attorney's affirmation, together with copies of pleadings and deposition testimony of Edward Venezia, on behalf of VJB. Supporting affirmations have been submitted by the other parties. In opposition, the VJB entities submit the affirmation of their attorney.

*II.*    ***Conclusions of Law***

As a preliminary matter, the Court is aware that, having struck the answer and first third-party complaint of the VJB entities, the Court could deny their subsequent motions as moot. However, in the interest of justice, the Court will consider the motions substantively, as follows.

*A.*    *Motion to Strike Plaintiffs' Bill of Particulars*

The VJB movants argue that plaintiffs' bill of particulars leaves plaintiff's injury impermissibly open-ended, and therefore, should be stricken. The Court disagrees. The bill of particulars does specify the plaintiff's claimed injuries, but the movants object to that portion of it that refers to "further soft tissue injury to the traumatically affected [areas]..." Affirmation of M. Devereaux, paras. 3-4. The very case cited by movants in support of this argument, *O'Dell v. Turner*, 64 A.D 2d 989, 990 (3d Dept. 1978), holds that even where alleged personal injury sequelae are "overly broad," the proper remedy is not to strike them from the bill of particulars, but to require a further bill of particulars describing them in greater detail. Here, the Court finds that plaintiffs have adequately particularized the alleged injuries and damages in the Verified Bill of Particulars and Supplemental Verified Bill of Particulars and no further bill of particulars is required at this point.

*B.*    *Motion to Compel Discovery and/or Strike Pleadings*

The Court's normal practice is to set discovery schedules and manage compliance therewith at discovery conferences. Most of the discovery compliance issues raised in Motion Sequence No. 4 are addressed in full by the Court's previous discovery conference orders. The parties are directed to produce any outstanding discovery and to appear before the Court for a compliance conference on October 20, 2005 at 9:30 a.m.

*C.*    *Motion for Protective Order against Travelers*

This motion was mooted by the Court's order dated June 9, 2005, granting summary judgment to Travelers.

6

*D     Motion to Reargue, Renew, Vacate, Modify and/or Reverse the Court's Orders Dated March 18, 2005 and April 28, 2005*

CPLR 2221 provides authority for a "motion for leave to renew or to reargue a prior order... ." A motion to renew "is based on new proof," while a reargument motion "just seeks to convince the judge that the decision was in error and should be changed. *See* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2221:55, at 182, 185. "A motion for reargument is addressed to the sound discretion of the court which decided the prior motion and may be granted upon a showing that the court overlooked or misapprehended the facts or law or for some other reason mistakenly arrived at its earlier decision." *Long v. Long,* 251 A.D.2d 631 (2nd Dept. 1998) citing *Rodney v. New York Pyrotechnic Prods. Co.,* 112 A.D.2d 410, 411 (2nd Dept. 1985); *Foley v. Roche,* 68 A.D.2d 558 (1st Dept. 1979) *lv denied* 56 N.Y.2d 507 (1982). "On a motion to renew under CPLR 2221, a party must show new facts to support the motion, as well as a justifiable excuse for not initially placing such facts before the court." *Lansing Research Corp. v. Sybron Corp.,* 142 A.D.2d 816, 819 (3rd Dept. 1988) citing *Foley,* 68 A.D.2d 558.

Without setting forth any legal standard for reargument or renewal, movants' attorney puts forward a flurry of factual arguments, with no effective organization to assist the Court in evaluating its claims, or the voluminous exhibits. As far as is discernible, movants appear to argue that the Court's order should be vacated because: (1) other parties, too, have not complied with the Court's discovery orders; (2) Spieler, R&J and Regional never served discovery demands on VJB; (3) the Court improperly based its order on unsworn oral evidence and failed to provide a court reporter; and (4) plaintiffs failed to comply with the service requirements of

7

the Court's March 18, 2005 conditional preclusion order. None of these arguments has merit.

First, the compliance *vel non* of other parties with the Court's discovery orders is not germane to whether the Court erred in determining that VJB failed to comply with the conditional preclusion order. The Court notes, in this connection, that in the course of multiple discovery conferences and orders discussed above, no other party was the subject of a specific conditional preclusion order. Similarly, whether or not Spieler, R&J and Regional served discovery demands on VJB has no bearing on whether VJB complied with the Court's order specifically directing VJB to provide discovery.

As to the propriety of the Court's compliance conference order of April 28, 2005, VJB inaccurately characterizes the Court's reliance on unsworn testimony. As the order itself reflects, the Court asked VJB's attorney whether his clients had complied with the relevant discovery requests. Mr. Deveraux responded that they had, as evidenced by the two documents, denominated "Compliance with March 18th Court Order Dated March 29, 2005", and "Amended Compliance with March 18th Court Order Dated March 29, 2005," that were then presented to the Court. Moreover, Mr. Devereaux represented that with the exception of a "Notice dated March 24, 2005 that Gary C. Wall is no longer employed by Kajima," those documents were the *only* discovery that had been provided by his clients after the March 18th Order. The Court then reviewed those documents point-by-point, in the presence of all of the attorneys, and concluded that they were not in compliance with the court's previous order. It was this specific evidence—not the representations of the other attorneys that VJB had not complied—that formed the basis of the Court's order. Unless the unsworn testimony movants object to is that of Mr. Deveraux himself, upon whose representations the Court's order *was* based, there is no valid argument that

8

the order was improper. If movants are heard to object to the Court's reliance on Mr. Devereaux's verbal representations, then the onus is on him to explain to the Court why his own statements were misleading. This, he has not done.

Moreover, the record reflects that specific documents that were requested of VJB, but were not disclosed, should have been readily available to VJB's attorney upon a reasonable inquiry. The attorney for R&J refers to specific documents requested of VJB–owner meeting minutes; construction work schedules; toolbox minutes; minutes of weekly meetings between subcontractors and the construction manager; daily field reports/logs; documents relating to any fines issued to subcontractors on site; progress photographs; billing records; correspondence related to the project; certificates of occupancy; general and subcontracts; time sheets and payroll records; and bills invoices and requisitions–that VJB's attorney continually represented were being searched for, but did not produce. Affirmation of T. Torno, para. 28. The Court notes that the testimony of the witness produced by VJB, Edward Venezia, strongly suggests that such documents should have been available to produce upon a reasonably diligent effort. *See Id.*, Ex. A (EBT of E. Venezia). VJB contends that the "irrefutable evidence" attached to its moving papers establishes VJB's good faith efforts to comply with the Court's orders. The Court finds this general avowal unpersuasive–nor has VJB provided the Court any coherent explanation of its failure to produce documents that should have, and apparently were, available.

Finally, the Court rejects movants' argument that the Court's order was not properly served upon them. Movants' own evidence–the two "Compliance with March 18th Court Order..." documents presented to the Court, belies this argument. Clearly, VJB was apprised of the Court March 18th order as of March 29, 2005 (the date of the first "Compliance"),

9

approximately one month before the date of the conference at which its pleadings were stricken.

Ms. Torino describes VJB's conduct herein as a "consistent and brazen campaign to thwart discovery, which justified the striking of their pleadings." Given the background above discussed, and the massive and disorganized submissions now thrust before the Court, this characterization does not appear farfetched.

### E.     *Motion to Dismiss Second Third-Party Action*

Utica/Republic moves to dismiss the second third-party complaint pursuant to CPLR 3211(a)(4), on the ground that the complaint seeks the same relief from the same defendants as did the first third-party complaint, which has been stricken. In papers,[4] the VJB entities do not dispute that the causes of action in the second third-party complaint are substantially identical to those of the first; however, they argue that the filing of the second third-party complaint was an appropriate response to the filing of a Supplemental Summons and Amended Verified Complaint by plaintiffs, which added as a defendant Kajima/VJB Construction Services, LLC. This argument is patently absurd. The proper response would have been to serve an amended third-party complaint, under the same index number. Of course, this was not possible, given that the first third-party complaint was stricken, as discussed above. The filing of the second third-party complaint appears to have been an improper attempt to circumvent the Court's order striking VJB's pleadings. Accordingly, it is

ORDERED that the motion of defendants/third-party plaintiffs 475 Ninth Avenue

---

[4]The Court notes that counsel for the VJB entities did not appear for the scheduled oral argument of this motion. The attorneys for the other parties, who did appear, orally represented to the Court that Mr. Devereaux had been present earlier in the morning, but had left the Courtroom.

Associates, LLC, VJB Construction 475 9th Avenue LLC, VJB Construction Corp., Kajima

Development Corporation and International Underwriters a/s/o VJB Construction Corp., to strike

plaintiffs' bill of particulars; compel discovery, preclude, and/or strike the pleadings of plaintiffs,

Travelers, Utica/Republic, R&J, Spieler and Regional is denied; and it is further

ORDERED that the motion of defendants/third-party plaintiffs 475 Ninth Avenue

Associates, LLC, VJB Construction 475 9th Avenue LLC, VJB Construction Corp., Kajima

Development Corporation and International Underwriters a/s/o VJB Construction Corp., to

reargue, renew, vacate, modify, and/or reverse the Court's orders dated March 18, 2005 and April

28, 2005; and for an order compelling the deposition of Spieler, R&J, Regional, Travelers and

Utica/Republic, is denied; and it is further

ORDERED that the motion of third-party defendants Republic Franklin Insurance

Company, Utica National Insurance Company of Texas, Utica National Insurance Group, Utica

Mutual Insurance Company, and Utica National Assurance Company, to dismiss the second

third-party action (Index No. 590528/05) is granted, and said action is dismissed; and the Clerk is

directed to enter judgment accordingly; and it is further

ORDERED that the parties are to appear before the Court for a discovery compliance

conference on October 20, at 9:30 a.m., at 111 Centre Street, Part 54, Room 1227, New York,

NY 10013.

Date: October 3, 2005
       New York, New York

SHIRLEY WERNER KORNREICH

*FILED*

*OCT 5 2005*

*NEW YORK COUNTY CLERK'S OFFICE*

11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------X
GEORGE SANTOLI and STACEY SANTOLI,

                                            Index No.: 118596/03

                   plaintiffs,

      - against -

475 NINTH AVENUE ASSOCIATES, LLC,                 PRE-ARGUMENT
VJB CONSTRUCTION 475 9TH AVENUE LLC,           STATEMENT
VJB CONSTRUCTION CORP., SPIELER & RICCA
ELECTRICAL CO. INC. and KAJIMA DEVELOPMENT
CORPORATION,

                   defendants.
-------------------------------------------------------------------------X
VJB CONSTRUCTION CORP.; LIBERTY INTERNATIONAL
UNDERWRITERS a/s/o VJB CONSTRUCTION CORP.,     TP Index No.: 590445/04

                 third-party plaintiffs,

      -against-

R&J CONSTRUCTION CORP.; TRAVELERS INDEMNITY
COMPANY; TRAVELERS INDEMNITY COMPANY OF
AMERICA; TRAVELERS INDEMNITY COMPANY OF
CONNECTICUT; REPUBLIC FRANKLIN INSURANCE
COMPANY; UTICA NATIONAL INSURANCE COMPANY
OF TEXAS; UTICA NATIONAL INSURANCE GROUP;
UTICA MUTUAL INSURANCE COMPANY; REGIONAL
SCAFFOLDING and HOISTING CO , INC.,

                 third-party defendants.
-------------------------------------------------------------------------X

ORIGINAL

| | | | |
|---|---|---|---|
| 1. | TITLE OF ACTION | : | George Santoli and Stacey Santoli, plaintiffs v. 475 Ninth Avenue Associates, LLC, VJB Construction 475 9th Avenue LLC, VJB Construction Corp., Spieler & Ricca Electrical Co. Inc. and Kajima Development Corporation Stores, LLC, defendants; Index No.: 118596/03, and |

VJB Construction Corp.; Liberty
International Underwriters a/s/o VJB
Construction Corp, third-party
plaintiffs v. R&J Construction Corp.;
Travelers Indemnity Company;
Travelers Indemnity Company of
America; Travelers Indemnity
Company of Connecticut; Republic
Franklin Insurance Company; Utica
National Insurance Company
of Texas; Utica National Insurance
Group; Utica Mutual Insurance
Company; Regional Scaffolding and
Hoisting Co., Inc, third-party
defendants; TP Index No.:
590445/04

2.  NAME OF PARTIES:

| | | |
|---|---|---|
| George Santoli | : | Plaintiff-Respondent |
| Stacey Santoli | : | Plaintiff-Respondent |
| 475 Ninth Avenue Associates, LLC | : | Defendant- Appellant |
| VJB Construction 475 9th Avenue LLC | : | Defendant-Appellant |
| VJB Construction Corp. | . | Defendant-Appellant |
| Spieler & Ricca Electrical Co. Inc. | : | Defendant- Respondent |
| Kajima Development Corporation | : | Defendant-Appellant |
| VJB CONSTRUCTION CORP. | : | Third-Party Plaintiffs-Appellants |
| Liberty International Underwriters a/s/o VJB Construction Corp. | : | Third-Party Plaintiffs-Appellants |
| R&J Construction Corp. | : | Third-Party Defendant-Respondent |
| Travelers Indemnity Company | : | Third-Party Defendant-Respondent |

Travelers Indemnity Company of

2

| America | : | Third-Party Defendant-Respondent |
| Travelers Indemnity Company of Connecticut | : | Third-Party Defendant-Respondent |
| Republic Franklin Insurance Company | : | Third-Party Defendant-Respondent |
| Utica National Insurance Company of Texas | : | Third-Party Defendant-Respondent |
| Utica National Insurance Group | : | Third-Party Defendant-Respondent |
| Utica Mutual Insurance Company | : | Third-Party Defendant-Respondent |
| Regional Scaffolding | : | Third-Party Defendant-Respondent |
| Hoisting Co., Inc. | : | Third-Party Defendant-Respondent |

The aforesaid parties are the originally named parties to this action

3. COUNSEL FOR DEFENDANTS/THIRD-PARTY PLAINTIFFS VJB CONSTRUCTION 475 9TH AVENUE LLC, VJB CONSTRUCTION CORP., VJB CONSTRUCTION CORP., and KAJIMA DEVELOPMENT CORPORATION; LIBERTY INTERNATIONAL UNDERWRITERS a/s/o VJB CONSTRUCTION CORP.

> Michael J. Devereaux
> DEVEREAUX & ASSOCIATES, LLP
> Attorneys for Defendant/Third-Party Plaintiffs
> VJB CONSTRUCTION 475 9TH AVENUE
> LLC, VJB CONSTRUCTION CORP.,
> VJB CONSTRUCTION CORP.,
> and KAJIMA DEVELOPMENT CORPORATION;
> LIBERTY INTERNATIONAL UNDERWRITERS

3

a/s/o VJB CONSTRUCTION CORP.
39 Broadway, Suite 910
New York, NY 10006
(212) 785-5959 (T)
(212) 785-4487 (F)

4. COUNSEL FOR RESPONDENTS:

Michael A. Rose, Esq.
HACH & ROSE, LLP
Attorneys for Plaintiffs
GEORGE SANTOLI AND
STACEY SANTOLI
185 Madison Avenue, 8th Floor
New York, New York 10016
(212) 779-0057 (T)
(212) 779-0028 (F)

Philip Castellano, Esq.
O'CONNOR O'CONNOR HINTZ
& DEVENEY, LLP
Attorneys for Defendant
SPIELER & RICCA ELECTRICAL CO., INC.
One Huntington Quadrangle, Suite 1C07
Melville, New York 11741
(631) 777-2330 (T)
(631) 777-2340 (F)

Glenn J. Matera, Esq.
FUREY, KERLEY, WALSH, MATERA &
CINQUEMANI, P.C.
Attorneys for Third-Party Defendants
TRAVELER'S FRANKLIN INSURANCE
COMPANY; UTICA NATIONAL
INSURANCE COMPANY OF TEXAS; UTICA
NATIONAL INSURANCE GROUP; UTICA
MUTUAL INSURANCE COMPANY;
2174 Jackson Avenue
Seaford, New York 11783
(516) 409-6200 (T)
(516) 409-8288 (F)

David Rutherford, Esq.
RUTHERFORD & CHRISTIE LLP
Attorneys for Third-Party Defendants
R&J CONSTRUCTION CORP.

ORIGINAL

4

300 E 42nd Street
New York, New York 10017
(212) 599-5799 (T)
(212) 599-5162 (F)

Robert Sanchez, Esq.
FRANK H. WRIGHT, P.C.
Attorneys for Third-Party Defendants
REGIONAL SCAFFOLDING and
HOISTING CO., INC.
641 Lexington Avenue
New York, New York 10022
(212) 832-3611 (T)
(212) 371-6632 (F)

Andrew M. Premisler, Esq.
LAZARE POTTER GIACOVAS & KRANJAC LLP
Attorneys for Third-Party Defendants
TRAVELERS INDEMNITY COMPANY OF
AMERICA; TRAVELERS INDEMNITY
COMPANY OF AMERICA; TRAVELERS
INDEMNITY COMPANY OF CONNETICUT
950 Third Avenue
New York, New York 10022
(212) 758-9300 (T)
(212) 888-0919 (F)

5. APPEAL FROM                  :    Decision and Order of the Honorable
                                     Shirley Werner Kornreich, Supreme
                                     Court of the State of New York, New
                                     York County

6. DATE OF ORDER                :    October 3, 2005

7. ADDITIONAL APPEALS PENDING :      Yes

8. RELATED PENDING ACTIONS      :    None

9. NATURE AND OBJECT OF ACTION:      Tort/Contract

10. RESULT REACHED IN THE COURT :
    BELOW

5

The Honorable Shirley Werner-Kornreich, by Decision and Order dated October 3, 2005, and

filed in the Office of the Clerk of the Supreme Court of the State of New York, New York

County on October 5, 2005, denied VJB's motions.

    11. GROUNDS FOR REVERSAL    :

Appellants seek reversal of each and every part and the whole of the Court's Decision and

Order which is against the weight of the evidence, misapplied the law and constitutes an

abuse of discretion.

Dated:    October 13, 2005
          New York, New York

                         Michael J. Devereaux, Esq.
                         DEVEREAUX & ASSOCIATES, LLP
                         Attorneys for Defendant/Third-Party Plaintiffs
                         VJB CONSTRUCTION 475 9TH AVENUE
                         LLC, VJB CONSTRUCTION CORP., VJB
                         CONSTRUCTION CORP , and KAJIMA
                         DEVELOPMENT CORPORATION, LIBERTY
                         INTERNATIONAL UNDERWRITERS
                         a/s/o VJB CONSTRUCTION CORP.
                         39 Broadway, Suite 910
                         New York, New York 10006
                         (212) 785-5959 (T)
                         (212) 785-4487 (F)

TO:    Michael A. Rose, Esq.
        HACH & ROSE, LLP
        Attorneys for Plaintiffs
        GEORGE SANTOLI AND
        STACEY SANTOLI
        185 Madison Avenue, 8th Floor
        New York, New York 10016
        (212) 779-0057 (T)
        (212) 779-0028 (F)

        Philip Castellano, Esq.
        O'CONNOR O'CONNOR HINTZ
        & DEVENEY, LLP
        Attorneys for Defendant