Case 1:07-cv-11292-JFK    Document 6-15    Filed 01/22/2008    Page 1 of 15

# Exhibit K

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 54
-----------------------------------------------------------------X
GEORGE SANTOLI and STACEY SANTOLI,

                Plaintiffs,                Index No.: 118596/03

                                                        **DECISION and ORDER**

      -against-

475 NINTH AVENUE ASSOCIATES, LLC, VJB
CONSTRUCTION 475 9TH AVENUE LLC, VJB
CONSTRUCTION CORP., SPIELER & RICCA
ELECTRICAL CO., INC. and KAJIMA
DEVELOPMENT CORPORATION,

                Defendants.
-----------------------------------------------------------------X
-----------------------------------------------------------------X
VJB CONSTRUCTION CORP. and LIBERTY
INTERNATIONAL UNDERWRITERS a/s/o VJB
CONSTRUCTION CORP.,

                Third-Party Plaintiffs       Index No.: 590445/04

      -against-

R&J CONSTRUCTION CORP., TRAVELERS
INDEMNITY COMPANY, TRAVELERS INDEMNITY
COMPANY OF AMERICA, TRAVELERS INDEMNITY
COMPANY OF CONNECTICUT; REPUBLIC
FRANKLIN INSURANCE COMPANY, UTICA
NATIONAL INSURANCE COMPANY OF TEXAS,
UTICA NATIONAL INSURANCE GROUP, UTICA
MUTUAL INSURANCE COMPANY, UTICA NATIONAL
ASSURANCE COMPANY, REGIONAL SCAFFOLDING
and HOISTING CO., INC.,

                Third-Party Defendants.
-----------------------------------------------------------------X
KORNREICH, SHIRLEY WERNER, J.:

      This is an action to recover for work-related injury in connection with an accident on a

1

construction site located at 475 Ninth Avenue, in New York City. Plaintiff's complaint, dated February 2, 2004, asserts causes of action against the building owner, managing agent, lessee, general contractor and subcontractors for negligence, and violations of Labor Law §§ 200, 240 and 241. VJB Construction Corp. ("VJB"), the general contractor, asserts cross-claims against electrical subcontractor Spieler & Ricca Electrical Co., Inc. ("Spieler"), alleging that Spieler, and its insurer (various "Utica" entities and/or Republic Franklin Insurance Company ("Republic"; together, "Utica/Republic")),[1] were contractually bound to indemnify VJB.

VJB, together with its insurer Liberty International Underwriters ("Liberty"), instituted a third-party action,[2] alleging that plaintiff's employer, R&J Construction Corp. ("R&J"), a carpentry and drywall subcontractor on the project, was contractually bound to indemnify VJB pursuant to its contract with non-party Kajima/VJB Construction Services, LLC ("Kajima/VJB"), the construction manager on the project, and also, apparently, an affiliate of VJB. The third-party complaint alleges that VJB is an additional insured under a policy issued to R&J by the named Travelers entities (collectively, "Travelers"), and thus, is entitled to defense by Travelers. The third-party complaint further alleges that R&J breached its contractual duty to procure insurance, and that Travelers breached its duty to defend VJB.

---

[1] The third-party complaint alleges that Republic Franklin Insurance Company ("Republic") is related to and/or affiliated with the Utica entities, and thus, also owes VJB indemnification. Utica admits that they are affiliated with Republic, and that Republic issued a policy to Spieler. Affirmation of S. Rach II, para. 4.

[2] The Court notes that both the answer and third-party complaint are made only on behalf of VJB Construction Corp.

2

I.  Factual Background

   A.  The Republic Policy

Under its subcontract with Kajima/VJB, Spieler agreed to indemnify Kajima/VJB, the property owner, and affiliated entities, for any loss due to personal or property damage arising from the "acts or omissions" of Spieler, its employees and/or subcontractors and their employees. Affirmation of M. Deveraux, Exhibit 5. Spieler further agreed to procure and maintain general liability insurance naming all indemnitees under the contract as additional insureds. Id. Utica/Republic admit that Republic issued a policy to Spieler. Affirmation of S. Rach II, para. 4. The Republic policy requires that an insured under the policy must notify Republic "as soon as practicable of an 'occurrence' or an offense which may result in a claim." Id., Ex. A (General Liability Extension Endorsement, para. 15).

After plaintiff's accident, VJB sought defense and indemnification from Utica and/or Republic, pursuant to the Spieler subcontract. Utica/Republic's attorney affirms that VJB was served with a copy of the summons and complaint in the underlying action on or about October 23, 2003, and did not notify Utica/Republic of its claim until February 23, 2004. Rach Aff., p. 3. VJB's attorney does not address the notice issue, either in his moving affirmation, or in reply papers.[3] By letter dated March 18, 2004, Republic wrote to reject VJB's claim on the grounds that: (1) plaintiff's accident was caused by VJB's negligence and did not arise out of Spieler's

---

[3]VJB's Verified Third-Party Complaint alleges that "[b]y letter dated March 18, 2004, Paul J. Salvato, on the letterhead of the Utica National Insurance Group, stated that Republic was in receipt of a letter dated February 20, 2004 addressed to Utica National Insurance Company of Texas requesting defense/indemnify [sic] against plaintiffs' herein personal injury lawsuit." Affirmation of M. Deveraux, Exhibit 1. A copy of the March 18 letter is annexed to Utica/Republic's moving papers.

3

work; and (2) VJB failed to give timely notice of its claim under the policy issued to Spieler by Republic. Rach Aff., Ex. B.

    B.    The Travelers Policy

VJB also sought defense and indemnification from Travelers, pursuant to a policy issued by Travelers to R&J, plaintiff's employer. The Travelers policy does not name VJB or any of its affiliates as additional insureds, but provides additional insured coverage for any entity which R&J agreed to name as an additional insured pursuant to a written contract. Affidavit of J. Candela, Exhibit A-2. The Travelers policy provides additional insured coverage only to the extent that the loss arises from R&J's work for the additional insured. Id. By letter dated May 11, 2004, Travelers rejected VJB's claim on the grounds that: (1) VJB and its affiliates were not named additional insureds; (2) no written agreement requiring R&G to indemnify them was extant; (3) the accident did not arise out of R&J's work; and (4) VJB failed to give timely notice of its claim. Affirmation of A. Premisler, Exhibit C.

II.    Motions

In Motion Sequence No. 2, defendants VJB Construction Corp., 475 Ninth Avenue Associates, LLC, Kajima Development Corp., and Liberty International Underwriters a/s/o VJB Construction Corp. (collectively, the "VJB Entities")[4] move for summary judgment on certain of VJB's causes of action and/or cross-claims against Republic, Utica and Spieler. In support of their motion, the VJB Entities submit the affirmation of their attorney, copies of pleadings and

---

[4] Although the motions sub judice seek relief on behalf of the VJB Entities, including entities that did not answer and are not named as third-party plaintiffs, the Court will rule on the motions as to all of the VJB Entities. The VJB Entities (other than VJB) should not be allowed to escape the rulings herein–which apply in equal force to all of them–merely because VJB neglected to include them as answering parties and third-party plaintiffs.

4

the sub-contract between Spieler and Kajima/VJB. Utica/Republic cross-move for summary judgment dismissing the third-party complaint as against them. They submit the affirmation of their attorney, together with copies of the insurance policy issued to Spieler by Republic, and a disclaimer letter issued by Utica/Republic to the third-party plaintiffs.

In Motion Sequence No. 3, the VJB Entities move for summary judgment on certain of their causes of action against Travelers and R&J. The VJB Entities submit copies of pleadings, an unexecuted copy of the R&J subcontract, and Travelers policy. Travelers cross-moves for summary judgment dismissing the third-party complaint as against it. Travelers submits the affirmation of its attorney, the affidavit of its employee Joanne Candela, a copy of the Travelers policy issued to R&J, with copies of associated documents and correspondence, copies of pleadings, plaintiff's deposition, and other documentary evidence.

The Court consolidates both motion sequences for unitary decision.

III.   Conclusions of Law

    A.   Summary Judgment

In order to prevail on a motion for summary judgment, the movant must establish its cause of action or defense sufficiently to warrant the court as a matter of law in directing judgment in its favor, and do so by tender of evidentiary proof in admissible form. Zuckerman v. City of N.Y., 49 N.Y.2d 557 (1980). If the movant makes out a prima facie case, the opponent must come forward and "lay bare his proofs" of any alleged triable issues of fact. See In re Dissolution of Rencor Controls, Inc., 263 A.D.2d 845 (3rd Dept. 1999) citing Hanson v. Ontario Milk Producers Coop., Inc., 58 Misc.2d 138 (Sup.Ct. Oswego County 1968) (Aronson, J.); Bank of New York v. Spitzer, 43 A.D.2d 105 (1st Dept. 1973). For the reasons that follow, summary

5

judgment is denied the VJB Entities, and is granted to Travelers and R&J.

B. The Republic Policy

1. No Evidence the Accident Arose Out of Spieler's Work

"Generally, the courts bear the responsibility of determining the rights or obligations of parties under insurance contracts based on the specific language of the policies." State v. Home Indem. Co., 66 N.Y.2d 669, 671 (1985) (citations omitted). Here, reading the Republic policy together with the indemnification provision of the Spieler subcontract, it is clear that the Republic policy provides coverage to additional insureds only for losses arising from the work of Spieler. The VJB Entities put forward absolutely no evidence that plaintiff's accident arose from the work of Spieler, an electrical contractor on the project. Notably, the VJB Entities submit no deposition testimony whatsoever, and the only deposition testimony on the record is that of plaintiff, submitted by Travelers in support of its cross-motion (see below). Indeed, Utica/Republic's attorney affirms that this action is in the "infant stages of discovery," and questions the ripeness of the instant motions, especially considering that VJB, apparently insured by co-third-party plaintiff Liberty, has failed to produce a copy of the Liberty policy, despite the Court's order, dated October 28, 2004 requiring its production.[5] Rach Aff., para. 3;

---

[5] The Court notes that VJB's failure to produce requested discovery, including the Liberty policy, was the subject of an order issued by the Court on March 18, 2005, providing that VJB's pleadings would be stricken unless VJB provided the requested discovery. Thereafter, the parties appeared for a conference on April 28, 2005. VJB represented to the Court that it had responded to the March 18 order by producing documents entitled "Compliance with March 18th Court Order" and "Amended Compliance with March 18th Court Order." After reviewing these documents at the conference, the Court concluded that they were not in compliance with its March 18 order, and therefore, issued a Compliance Conference Order dated April 28, 2005, striking VJB's pleadings. As noted in the April 28 order, plaintiff, Spieler, R&J, Regional Scaffolding, and Utica/Republic were present at the conference and orally represented that VJB had not provided discovery compliant with the March 18 order. The Court further notes that VJB

6

Utica/Republic Memorandum of Law. VJB does not dispute this. Nor does the affirmation put in by VJB's attorney even assert that the accident arose from Spieler's work. When a matter is submitted to the Court on summary judgment, "it is presumed that the record now contains all the available evidence, obviating the necessity of further hearings." Bank of New York v. Spitzer, 43 A.D.2d 105 (1st Dept. 1973). Under the circumstances, it appears that there is no evidence establishing that plaintiff's accident arose from Spieler's work.

2. Application of the "Four Corners of the Complaint" Doctrine

On the other hand, the VJB Entities argue that Republic is required to indemnify them because the "pleadings allege a covered occurrence, even though facts outside the four corners of those pleadings indicate that the claim may be meritless or not covered." See Fitzpatrick v. American Honda Motor Co., 78 N.Y.2d 61, 63 (1991). The Court finds this argument strained, but sufficient to prevent a grant of summary judgment for any party in Motion Sequence No. 2.

In Fitzpatrick, the plaintiff's husband was killed while working on a landscaping project, using a vehicle owned by a company hired by the property owner. An officer of the company had given the decedent permission to use the vehicle. The complaint named the property owner and the officer, on the (incorrect) theory that he was an officer of the property owner. The officer sought defense under the company's insurance policy, which provided that he was an additional insured, so long as he was acting in the scope of his duties. The insurer knew that the accident arose out of the use of the vehicle and that the officer was acting in his official capacity, based on communications from the officer, and the insurer's own agent. In other words, the facts known to

---

has since moved to vacate the strike order, and also has moved, separately, for various discovery and/or preclusion orders against other parties. Both of VJB's pending motions have yet to be taken under submission by the Court.

7

the insurer unmistakably gave rise to additional insured coverage for the officer. However, the insurer refused to defend the officer on the ground that the complaint failed to allege a covered event: the complaint failed to allege that the officer was an officer of the insured. The Appellate Division agreed with the insurer, but the Court of Appeals reversed. The Court acknowledged the so-called "four corners of the complaint" rule: "the duty to defend exists '[i]f the complaint contains any facts or allegations which bring the claim even potentially within the protection purchased.'" Fitzpatrick, 78 N.Y.2d at 66 quoting Technicon Elecs. Corp. v American Home Assur. Co., 74 N.Y.2d 66, 73 (1989). The Court held, however, that the insurer's proposed wooden application of the rule would unfairly allow the insurer to hide behind the plaintiff's incorrectly drafted complaint.

The present matter is a far cry from Fitzpatrick. Unlike in Fitzpatrick, the named insured here, Spieler, does not admit that the accident arose from its activity. Nor is there any showing that Republic has knowledge of Spieler's involvement. The VJB Entities cite cases applying Fitzpatrick which, also, are factually distinguishable, in that the underlying facts giving rise to coverage were undisputed. See, e.g., New York Univ. v. Royal Ins. Co., 200 A.D.2d 527, 528-529 (1st Dept. 1994) (trial court properly held that additional insured coverage was triggered for general contractor, a named additional insured, where it was undisputed that underlying accident occurred while injured party was employed by named insureds and accident occurred during course of, and within scope of that employment); see also Consolidated Edison Co. v. Hartford Ins. Co., 203 A.D.2d 83 (1st Dept. 1994) (additional insured coverage is triggered only where injury-producing activity is covered by additional insured endorsement); Dayton Beach Park No. 1 Corp. v. National Union Fire Ins. Co., 175 A.D.2d 854, 856 (2nd Dept. 1991) (insurer was obligated to defend named additional insured where policy provided additional insured coverage for liability

8

"arising out of" actions performed by named insured and record was clear that injury-producing event arose out of named insured's actions). Movants cite no case applying the <u>Fitzpatrick</u> doctrine where, as here, there is no evidence that the injury-producing activity triggered additional insured coverage, nor is the Court aware of any such precedent. Still, the Court concludes that, under <u>Fitzpatrick</u>, the VJB Entities' claim cannot be rejected out of hand.

2.    <u>Notice</u>

The Second Department summarized the law as to an insured's obligation to provide notice as follows:

> Where an insurance policy... requires an insured to provide notice of an accident or loss as soon as practicable, such notice must be provided within a reasonable time in view of all of the facts and circumstances. Providing an insurer with timely notice of a potential claim is a condition precedent, and thus absent a valid excuse, a failure to satisfy the notice requirement vitiates the policy. While a good-faith belief of nonliability may excuse or explain a failure to give timely notice, the insured bears the burden of demonstrating that the delay in giving notice was reasonable.

<u>Travelers Indem. Co.</u> v. <u>Worthy</u>, 281 A.D.2d 411, 411-412 (2nd Dept. 2001) (citations, internal quotation marks, omitted). The First Department has held that a four-month delay between the insured's discovery of potential liability and its notice of claim to the insurer is unreasonable as a matter of law where the insured provides no explanation for the delay. <u>See</u> <u>Zadrima</u> v. <u>PSM Ins. Cos.</u>, 208 A.D.2d 529, 530 (1st Dept. 1994); <u>see also</u> <u>Argentina v. Otsego Mut. Fire Ins. Co.</u>, 86 N.Y.2d 748, 750 (N.Y., 1995) (where notice was given 171 days after occurrence, insured bore burden of showing reasonable excuse for delay) (citation omitted).  Here, even affording the VJB Entities great latitude, the latest date upon which they could have been charged with knowledge of their potential liability was the date of service of the complaint upon them. <u>See</u>, <u>e.g.</u>, <u>M.J. Frenzy, LLC</u> v. <u>Utica Nat'l Ins. Group</u>, 309 A.D.2d 566, 567 (1st Dept. 2003) (duty to notify insurer of the

9

incident not triggered until insured's receipt of complaint where insured (jazz club) knew of underlying assault incident involving bartender and patron but had reasonable belief complaint would not be brought based on justification defense) citing Merchants Mut. Ins. Co. v Hoffman, 56 N.Y.2d 799, 801 (1982). The VJB Entities do not deny Utica/Republic's assertion that they were served with a copy of the summons and complaint on or about October 23, 2003, and notified Utica/Republic of their claim on or about February 23, 2004. Nor do the VJB Entities supply any excuse for this 4-month delay. Indeed, the matter is not addressed in their moving or reply papers. Thus, the Court concludes that the delay was unreasonable as a matter of law, and grants summary judgment to Utica/Republic on the cross-motion.

### 3. Spieler's Duty to Procure Insurance

Finally, the claim against Spieler for breach of duty to procure insurance is without merit. VJB's cross-claim alleged that Spieler agreed to procure additional insured coverage for VJB, and Utica/Republic admit that Republic issued a policy to Spieler naming VJB as an additional insured. Affirmation of S. Rach II, para. 4. Nor does the Court agree with the VJB Entities that Spieler's failure to oppose their motion compels a grant of summary judgment in favor of the VJB Entities, for the reasons discussed above.

### C. The Travelers Policy

The Court concludes that the Travelers policy does not provide coverage to the VJB Entities. By its terms, the Travelers policy provides coverage only to those additional insureds to whom R&J promised by written agreement to procure additional insured coverage. The VJB Entities argue that their additional insured status is established by: (1) an unexecuted copy of a purported subcontract agreement between R&J and Kajima/VJB, and (2) an attachment to R&J's certificate of liability insurance naming them as additional insureds. Travelers argues, and the

Court agrees, that neither of these documents is sufficient to establish the VJB Entities' entitlement to defense and indemnification from Travelers.

1. The Unexecuted Contract

"[I]f parties to an agreement do not intend it to be binding upon them until it is reduced to writing and signed by both of them, they are not bound and may not be held liable until it has been written out and signed." Scheck v. Francis, 26 N.Y.2d 466, 469-470 (1970). It is clear that general contractors/construction managers and subcontractors in the construction industry routinely and consistently rely on detailed written contracts to set forth the parties' rights and obligations. Thus, mutual assent is lacking, and the unexecuted contract submitted here cannot be enforced.[6]

Nor can the VJB Entities establish the validity of the contract, as they attempt to do, by the affidavit of Edward Venezia, the Vice-President of VJB, wherein Venezia avers that the unexecuted copy is a "true and accurate copy of the original," to which R&J agreed. Affidavit of E. Venezia, para. 3. The Venezia affidavit is submitted for the first time in reply papers, and is, thus, precluded from consideration. See Clearwater Realty Co. v. Hernandez, 256 A.D.2d 100, 102 (1st Dept. 1998) ("Arguments advanced for the first time in reply papers are entitled to no consideration by a court entertaining a summary judgment motion. This Court has required and will require consistent application of the rule.") (citations omitted). Moreover, the Court notes that the "best evidence rule ... requires the production of an original writing where its contents are in dispute and sought to be proven." Schozer v. William Penn Life Ins. Co., 84 N.Y.2d 639, 644 (1994) (citations omitted). "[S]econdary evidence of the contents of an unproduced original may

---

[6]Because the Court concludes that there is no competent evidence of a written contract requiring R&J to indemnify the VJB Entities, it need not reach Travelers' arguments that VJB was not a named additional insured, that the accident did not arise out of R&J's work and that VJB failed to give timely notice to Travelers.

11

be admitted upon threshold factual findings by the trial court that the proponent of the substitute has sufficiently explained the unavailability of the primary evidence." Id. If an executed agreement between R&J and Kajima/VJB exists, the VJB Entities give no explanation for their failure to produce it. Indeed, it is implausible that Kajima/VJB, the construction manager, does not possess an executed copy of the subcontractor agreement, if it exists. The unexecuted copy, and the Venezia affidavit are, thus, impermissible secondary evidence which cannot be used to establish R&J's assent to a contract it did not sign.

    2.    R&J's Certificate of Insurance

Second, the VJB Entities argue that their additional insured coverage is established by a document annexed to R&J's certificate of insurance. The document consists of one unsigned page, containing a typewritten paragraph which refers to "Job Site: 475 9th Avenue, NYC," but does not refer to any specific insurance policy. Although the paragraph lists the VJB Entities as additional insureds, this document is patently insufficient to establish that the VJB Entities were additional insureds under the Travelers policy, let alone to establish R&J's contractual obligation to provide them with additional insured coverage. See Tribeca Broadway Assocs., LLC v. Mount Vernon Fire Ins. Co., 5 A.D.3d 198, 200 (1st Dept. 2004) ("a party that is not named an insured or an additional insured on the face of the policy is not entitled to coverage ... [a] certificate of insurance is ... not a contract to insure the designated party nor is it conclusive proof, standing alone, that such a contract exists") (citations omitted). Thus, summary judgment is granted to Travelers. Accordingly, it is

    ORDERED that the motion of defendants VJB Construction Corp., 475 Ninth Avenue Associates, LLC, Kajima Development Corp., and third-party plaintiff Liberty International Underwriters a/s/o VJB Construction Corp., for summary judgment as against defendant Spieler

& Ricca Electrical Co., Inc., and third-party defendants Republic Franklin Insurance Company, Utica National Insurance Company of Texas, Utica National Insurance Group, Utica Mutual Insurance Company, and Utica National Assurance Company, is denied; and it is further

ORDERED that the motion of defendants VJB Construction Corp., 475 Ninth Avenue Associates, LLC, Kajima Development Corp., and third-party plaintiff Liberty International Underwriters a/s/o VJB Construction Corp., for summary judgment as against third-party defendants R&J Construction Corp., Travelers Indemnity Company, Travelers Indemnity Company of America, and Travelers Indemnity Company of Connecticut is denied; and it is further

ORDERED that the cross-motion of third-party defendants Republic Franklin Insurance Company, Utica National Insurance Company of Texas, Utica National Insurance Group, Utica Mutual Insurance Company, and Utica National Assurance Company, for summary judgment dismissing the third-party complaint and all cross-claims as against them is granted and the third-party complaint and all cross-claims are dismissed as against said third-party defendants; and it is further

ORDERED that the cross-motion of third-party defendants Travelers Indemnity Company, Travelers Indemnity Company of America, and Travelers Indemnity Company of Connecticut, for summary judgment dismissing the third-party complaint and all cross-claims as against them is granted, and the third-party complaint and all cross-claims are dismissed as

13

against said third-party defendants.

        The foregoing constitutes the Decision and Order of the Court.

Date: June 9, 2005

      New York, New York                   SHIRLEY WERNER KORNREICH