SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------X
GEORGE SANTOLI and STACEY SANTOLI,

                                                      Index No:118596/03

                       plaintiffs,

        - against -                                  ANSWER,
                                                 AFFIRMATIVE
475 NINTH AVENUE ASSOCIATES, LLC,             DEFENSES AND
VJB CONSTRUCTION 475 9TH AVENUE LLC,       CROSS-CLAIMS
VJB CONSTRUCTION CORP., SPIELER & RICCA
ELECTRICAL CO. INC. and KAJIMA/VJB DEVELOPMENT
SERVICES, LLC,

                       defendants.
---------------------------------------------------------------X

       475 NINTH AVENUE ASSOCIATES, LLC ("475 Ninth"), VJB CONSTRUCTION 475

9th AVENUE LLC ("VJB 475 Ninth"), VJB CONSTRUCTION CORP. ("VJB"), KAJIMA

DEVELOPMENT CORPORATION ("Kajima"), and KAJIMA/VJB CONSTRUCTION

SERVCE, LLC ("Kajima/VJB") by and through their attorneys DEVEREAUX & CONLON,

LLP, 39 Broadway, Suite 910, New York, New York 10006, as and for their response to the

plaintiffs' supplemental summons and amended verified complaint hereby Deny the allegations

of liability and of damages and hereby interposes affirmative defenses and cross-claims as

follows:

       1.      Deny having knowledge or information sufficient to form a belief as to each and

every allegation contained in paragraph 1 of the complaint.

       2.      Deny, except admit that 475 Ninth was and is authorized to do business in the

State, City and County of New York.

3. Deny, except admit that 475 Ninth was and is authorized to do business in the State, City and County of New York.

4. Deny, except admit that 475 Ninth was and is authorized to do business in the State, City and County of New York.

5. Deny, except admit that at all relevant times, 475 Ninth and the land commonly known as 475 Ninth Ave.

6. Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 6 of the complaint.

7. Deny each and every allegation contained in paragraph 7 of the complaint.

8. Deny each and every allegation contained in paragraph 8 of the complaint.

9. Deny each and every allegation contained in paragraph 9 of the complaint.

10. Deny each and every allegation contained in paragraph 10 of the complaint.

11. Deny each and every allegation contained in paragraph 11 of the complaint.

12. Deny each and every allegation contained in paragraph 12 of the complaint.

13. Deny each and every allegation contained in paragraph 13 of the complaint.

14. Deny each and every allegation contained in paragraph 14 of the complaint.

15. Deny each and every allegation contained in paragraph 15 of the complaint.

16. Deny each and every allegation contained in paragraph 16 of the complaint.

17. Deny each and every allegation contained in paragraph 17 of the complaint.

18. Deny each and every allegation contained in paragraph 18 of the complaint.

19. Deny each and every allegation contained in paragraph 19 of the complaint.

20. Deny each and every allegation contained in paragraph 20 of the complaint.

21. Deny each and every allegation contained in paragraph 21 of the complaint.

22.    Deny each and every allegation contained in paragraph 22 of the complaint.

23.    Deny each and every allegation contained in paragraph 23 of the complaint.

24.    Deny each and every allegation contained in paragraph 24 of the complaint.

25.    Deny each and every allegation contained in paragraph 25 of the complaint.

26.    Deny each and every allegation contained in paragraph 26 of the complaint.

27.    Deny each and every allegation contained in paragraph 27 of the complaint.

28.    Deny each and every allegation contained in paragraph 28 of the complaint.

29.    Deny each and every allegation contained in paragraph 29 of the complaint.

30.    Deny each and every allegation contained in paragraph 30 of the complaint.

31.    Deny each and every allegation contained in paragraph 31 of the complaint.

32.    Deny, except admit that VJB was and is authorized to do business in the State, City and County of New York.

33.    Deny, except admit that VJB was and is authorized to do business in the State, City and County of New York.

34.    Deny each and every allegation contained in paragraph 34 of the complaint.

35.    Deny each and every allegation contained in paragraph 35 of the complaint.

36.    Deny each and every allegation contained in paragraph 36 of the complaint.

37.    Deny each and every allegation contained in paragraph 37 of the complaint.

38.    Deny each and every allegation contained in paragraph 38 of the complaint.

39    Deny each and every allegation contained in paragraph 39 of the complaint.

40.    Deny each and every allegation contained in paragraph 40 of the complaint.

41.    Deny each and every allegation contained in paragraph 41 of the complaint.

42.    Deny each and every allegation contained in paragraph 42 of the complaint.

43.    Deny each and every allegation contained in paragraph 43 of the complaint.

44.    Deny each and every allegation contained in paragraph 44 of the complaint.

45.    Deny each and every allegation contained in paragraph 45 of the complaint.

46.    Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 46 of the complaint.

47.    Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 47 of the complaint.

48.    Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 48 of the complaint.

49.    Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 49 of the complaint.

50.    Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 50 of the complaint.

51.    Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 51 of the complaint.

52.    Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 52 of the complaint.

53.    Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 53 of the complaint.

54.    Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 54 of the complaint.

55.    Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 55 of the complaint.

56.    Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 56 of the complaint.

57.    Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 57 of the complaint.

58.    Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 58 of the complaint.

59.    Deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 59 of the complaint.

60.    Admits the allegations contained in paragraph 60 of the complaint.

61.    Deny each and every allegation contained in paragraph 61 of the complaint.

62.    Deny each and every allegation contained in paragraph 62 of the complaint.

63.    Deny each and every allegation contained in paragraph 63 of the complaint.

64.    Deny each and every allegation contained in paragraph 64 of the complaint.

65.    Deny each and every allegation contained in paragraph 65 of the complaint.

66.    Deny each and every allegation contained in paragraph 66 of the complaint.

67.    Deny each and every allegation contained in paragraph 67 of the complaint.

68.    Deny each and every allegation contained in paragraph 68 of the complaint.

69.    Deny each and every allegation contained in paragraph 69 of the complaint.

70.    Deny each and every allegation contained in paragraph 70 of the complaint.

71.    Deny each and every allegation contained in paragraph 71 of the complaint.

72.    Deny each and every allegation contained in paragraph 72 of the complaint.

73.    Deny each and every allegation contained in paragraph 73 of the complaint.

74.    Deny each and every allegation contained in paragraph 74 of the complaint.

75.    Deny, except admit that Kajima/VJB was and is authorized to do business in the State, City and County of New York.

76.    Deny each and every allegation contained in paragraph 76 of the complaint.

77.    Deny each and every allegation contained in paragraph 77 of the complaint.

78.    Deny each and every allegation contained in paragraph 78 of the complaint.

79.    Deny each and every allegation contained in paragraph 79 of the complaint.

80.    Deny each and every allegation contained in paragraph 80 of the complaint.

81.    Deny each and every allegation contained in paragraph 81 of the complaint.

82.    Deny each and every allegation contained in paragraph 82 of the complaint.

83.    Deny each and every allegation contained in paragraph 83 of the complaint.

84.    Deny each and every allegation contained in paragraph 84 of the complaint.

85.    Deny each and every allegation contained in paragraph 85 of the complaint.

86.    Deny each and every allegation contained in paragraph 86 of the complaint.

87.    Deny each and every allegation contained in paragraph 87 of the complaint.

88.    Deny each and every allegation contained in paragraph 88 of the complaint.

89.    Deny each and every allegation contained in paragraph 89 of the complaint.

90.    Deny each and every allegation contained in paragraph 90 of the complaint.

91.    Deny each and every allegation contained in paragraph 91 of the complaint.

92.    Deny each and every allegation contained in paragraph 92 of the complaint.

93.    Deny each and every allegation contained in paragraph 93 of the complaint.

94.    Deny each and every allegation contained in paragraph 94 of the complaint.

95.    Deny each and every allegation contained in paragraph 95 of the complaint.

96.    Deny each and every allegation contained in paragraph 96 of the complaint.

97.   Deny each and every allegation contained in paragraph 97 of the complaint.

98.   That the allegations pled in ¶1 to and including ¶ 97 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully repeated herein word-for-word at length.

99.   Deny each and every allegation contained in paragraph 99 of the complaint.

100.   Deny each and every allegation contained in paragraph 100 of the complaint.

101.   Deny each and every allegation contained in paragraph 101 of the complaint.

102.   Deny each and every allegation contained in paragraph 102 of the complaint.

103.   Deny each and every allegation contained in paragraph 103 of the complaint.

104.   That the allegations pled in ¶1 to and including ¶ 103 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully repeated herein word-for-word at length.

105.   Deny each and every allegation contained in paragraph 105 of the complaint.

106.   Deny each and every allegation contained in paragraph 106 of the complaint.

107.   Deny each and every allegation contained in paragraph 107 of the complaint.

108.   Deny each and every allegation contained in paragraph 108 of the complaint.

109.   Deny each and every allegation contained in paragraph 109 of the complaint.

110.   That the allegations pled in ¶1 to and including ¶ 109 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully repeated herein word-for-word at length.

111.   Deny each and every allegation contained in paragraph 111 of the complaint.

112.   Deny each and every allegation contained in paragraph 112 of the complaint.

113.   Deny each and every allegation contained in paragraph 113 of the complaint.

114.    Deny each and every allegation contained in paragraph 114 of the complaint.

115.    Deny each and every allegation contained in paragraph 115 of the complaint.

116.    That the allegations pled in ¶1 to and including ¶ 115 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully repeated herein word-for-word at length.

117.    Deny each and every allegation contained in paragraph 117 of the complaint.

118.    Deny each and every allegation contained in paragraph 118 of the complaint.

119.    Deny each and every allegation contained in paragraph 119 of the complaint.

120.    Deny each and every allegation contained in paragraph 120 of the complaint.

AS AND FOR A FIRST<br>AFFIRMATIVE DEFENSE

121.    That the complaint and each cause of action therein pled fails to state a cause of action.

AS AND FOR A SECOND<br>AFFIRMATIVE DEFENSE

122.    Kajima/VJB Construction Services, LLC ("Kajima/VJB") was, at all relevant times, the construction manager to the 475 Ninth Ave project.

123.    Kajima/VJB was, at all relevant times, a joint venuture.

124.    VJB was not involved in the 475 Ninth Ave project.

125.    VJB 475 9th, on information and belief, appears to be a non-existent entity

AS AND FOR A THIRD<br>AFFIRMATIVE DEFENSE

8

126.    Kajima Development Corporation, on information and belief, appears to be a non-existent entity with respect to the 475 Ninth Avenue construction project.

127.    Kajima Development Corporation, on information and belief, appears not to be related to 475 Ninth, VJB, and Kajima/VJB.

128.    475 Ninth, VJB, and Kajima/VJB did not enter into agreements, contracts and/or leases with Kajima Development Corporation with respect to the property known as 475 Ninth Avenue.

## AS AND FOR A FOURTH
## AFFIRMATIVE DEFENSE

129.    The damages alleged to have been sustained by plaintiff were caused in whole or part by the culpable conduct of plaintiff himself and/or others without any contributing and/or comparative fault or otherwise of or by 475 Ninth, VJB, and Kajima/VJB.

130.    475 Ninth, VJB, and Kajima/VJB are entitled, therefore, to dismissal or reduction of any recovery that may be had by plaintiffs in proportion to the culpable conduct attributable to the plaintiff and non-parties that bears upon the entire measure of responsibility for the occurrence.

## AS AND FOR AN FIFTH
## AFFIRMATIVE DEFENSE

131.    Upon information and belief, any past and/or future damages, costs or expenses incurred or to be incurred by plaintiff has been or will be replaced or indemnified in whole or in part from collateral sources pursuant to, in accordance with and/or as defined in CPLR §4545.

132.    If any recovery is awarded against 475 Ninth, VJB, and Kajima/VJB, the amount of such recovery shall be diminished by the amount of the funds which plaintiffs have or shall receive from such collateral sources.

AS AND FOR A SIXTH
AFFIRMATIVE DEFENSE

133.    Pursuant to CPLR 1603, the limitations of CPLR 1601 and 1602 and all rights

contained in Article 16 applicable provisions are preserved and incorporated herein as though

fully set forth at length.

AS AND FOR A SEVENTH
AFFIRMATIVE DEFENSE

134.    475 Ninth, VJB, and Kajima/VJB Deny liability for the occurrence and damages

herein complained of; nevertheless, if 475 Ninth, VJB, and Kajima/VJB is found liable for such

occurrence and/or damages, these answering defendants' share of liability is fifty percent (50%)

or less of the total liability assigned to all persons or entities liable, and pursuant to CPLR

Section 1601, the  liability of 475 Ninth, VJB, and Kajima/VJB to the claimant for non-economic

loss shall not exceed the equitable share of 475 Ninth, VJB, and Kajima/VJB determined in

accordance with the relative culpability of each person causing or contributing to the total

liability for non-economic loss.

AS AND FOR AN EIGHTH
AFFIRMATIVE DEFENSE

135.    The instrumentality that allegedly injured the plaintiff was used, owned, operated,

managed, controlled and/or supervised by plaintiff, his employer and/or others.

AS AND FOR A NINTH
AFFIRMATIVE DEFENSE

136.    The plaintiff voluntarily engaged in a dangerous activity and, in doing so,

assumed the risks attendant thereto, and those risks were open, obvious and known.

## AS AND FOR A TENTH
## AFFIRMATIVE DEFENSE

137.    Any and all damages, including injuries, surgery, pain and/or suffering were

caused in the entirety or in part by plaintiff's employer and/or others under the supervision,

direction and/or control of plaintiff's employer.

## AS AND FOR A ELEVENTH
## AFFIRMATIVE DEFENSE

138.    Plaintiff's employer and/or others, at all relevant times, owned, operated,

maintained, serviced, supervised, directed and/or controlled equipment used in construction,

demolition, renovation, alteration and repair work, labor and/or other services performed upon

the premises alleged in the complaint and, accordingly, is responsible and liable for same.

## AS AND FOR A TWELFTH
## AFFIRMATIVE DEFENSE

139.    Plaintiff's employer and/or others, upon information and belief, were at all

relevant times present at and in control of, managed, operated, responsible for and/or supervised

the premises and, accordingly, is responsible and liable for any and all occurrences, activities,

etc. of and/or relating to the herein complaint.

## AS AND FOR A THIRTEENTH
## AFFIRMATIVE DEFENSE

140.    That if plaintiff was caused to sustain damages by reason of the claims set forth in

the complaint, all of which are denied, such damages were sustained by reason of the

carelessness, negligence, recklessness, misconduct, omissions, misfeasance, nonfeasance, fault,

breaches of duty, oversight, acts, commissions and/or conduct of the non-parties, i e., R&J

Construction and co-defendants and Spieler & Ricca Electrical Corp., their agents, servants

and/or employees and or others and not by 475 Ninth, VJB, and Kajima/VJB, and if any

judgment is recovered by plaintiff against 475 Ninth, VJB, and Kajima/VJB, then 475 Ninth will

be unfairly and/or unjustly damaged thereby, and non-party employer, R&J Construction, co-

defendants and Spieler & Ricca Electrical Corp. and/or others are or will be responsible

therefore in whole or in part.

AS AN FOR A FOURTEENTH<br>AFFIRMATIVE DEFFENSE

141.   The damages claimed by plaintiff, which are expressly denied, were not

proximately caused by 475 Ninth, VJB, and Kajima/VJB.

AS AND FOR A FIFTEENTH<br>AFFIRMATIVE DEFENSE

142.   That if plaintiff was caused to sustain personal injuries and resulting damages at

the time and place set forth in the complaint and in the manner therein pled, through any fault,

negligence, oversight, accident, omission, commission, carelessness, recklessness and/or

breaches of duty, of warranty and/or of contract, other than of the plaintiff, then the said injuries

and damages arose out of the several and joint carelessness, recklessness, acts, omissions,

negligence and breaches of duty, obligations, warranty and/or contract in fact or implied in law,

upon the part of the co-defendants with indemnification and save harmless agreement and/or

responsibility by them in fact and/or implied in law and without any breaches or any fault or

negligence of 475 Ninth, VJB, and Kajima/VJB contributing thereto; and if 475 Ninth, VJB, and

Kajima/VJB is found liable as to the plaintiff for the injuries and damages as set breaches of duty

and/or warranty and/or contract, other than of the plaintiff, then the said injuries and damages

arose out of the several and joint carelessness, recklessness, acts, omissions, negligence and

breaches of duty, obligations, warranties, statutes, contract implied in law and/or in fact, upon the part of the co-defendants and non-party employer, R&J Construction, with indemnification and save-harmless agreement(s) and/or responsibility by them in fact and/or implied in law and without any breaches or any negligence of 475 Ninth, VJB, and Kajima/VJB contributing thereto; and if the defendants are found liable to plaintiff, then in that event, the relative responsibilities of each and every party, all defendants and others responsible, in fairness, must be apportioned by a separate determination in view of the existing factual disparity and the said defendants herein and their responsibility will be liable over jointly and severally to the answering defendant and bound to fully indemnify and hold the answering defendant harmless for the full amount of any verdict or judgment that the plaintiff herein may recover against the answering defendant in this action, including all costs of investigations, disbursements, expenses and attorneys' fees incurred in the defense and in the conduct of these affirmative defenses.

143.    To the extent that 475 Ninth, VJB, and Kajima/VJB is liable to any and/or all parties, 475 Ninth, VJB, and Kajima/VJB are entitled to contribution.

144.    To the extent that 475 Ninth, VJB, and Kajima/VJB is liable to any and/or all parties, 475 Ninth, VJB, and Kajima/VJB are entitled to indemnification.

AS AND FOR A FIRST
CROSS-CLAIM AGAINST
SPIELER & RICCA

145.    By Agreement entitled "Subcontract," dated January 9, 2002, Spieler & Ricca Electrical Co., Inc. ("Spieler & Ricca") agreed to maintain CGL insurance, naming 475 Ninth, VJB, and Kajima/VJB as additional insureds.

146.   By Agreement, dated January 9, 2002, Spieler & Ricca agreed to maintain CGL insurance to defend and indemnify 475 Ninth, VJB, and Kajima/VJB relating to the project known as 475 9th Avenue (the "Project").

147.   By Agreement, dated January 9, 2002, Spieler & Ricca agreed to furnish Certificates of Insurance.

148.   By Agreement, dated January 9, 2002, Spieler & Ricca agreed to furnish Certificates of Insurance certifying that Spieler & Ricca had maintained insurance to defend 475 Ninth, VJB, and Kajima/VJB.

149.   Spieler & Ricca furnished Certificates of Insurance to 475 Ninth, VJB, and Kajima/VJB.

150.   By Agreement, dated January 9, 2002, Spieler & Ricca agreed to furnish Certificates of Insurance certifying that Spieler & Ricca had maintained insurance to indemnify 475 Ninth, VJB, and Kajima/VJB relating to the Project.

151.   Spieler & Ricca agreed to maintain CGL insurance.

152.   Spieler & Ricca agreed to maintain CGL insurance as follows:

> *Exhibit B*
> *Subcontractor's Insurance Requirements*
> *Subcontractor [Spieler] shall maintain during the progress of the Work, and any extended warranty period as required by the Contract Documents or by law, insurance with the minimum limits and coverage as shown below or, if higher, the requirements set forth in the Agreement between the Owner and the Contractor. The insurance coverage and limits that are required in this Exhibit shall not limit the subcontractor's liability in any way.*

153.   Spieler & Ricca maintained CGL insurance.

154.   Spieler & Ricca maintained CGL insurance, naming 475 Ninth, VJB, and Kajima/VJB as an additional insured.

155.    Spieler & Ricca maintained CGL insurance, naming 475 Ninth, VJB, and Kajima/VJB as a named insured.

156.    Spieler & Ricca maintained CGL insurance, naming 475 Ninth, VJB, and Kajima/VJB as a named additional insured.

157.    Spieler & Ricca maintained CGL insurance, listing 475 Ninth, VJB, and Kajima/VJB as an additional insured.

158.    Spieler & Ricca maintained CGL insurance, listing 475 Ninth, VJB, and Kajima/VJB as a named insured.

159.    Spieler & Ricca maintained CGL insurance, listing 475 Ninth, VJB, and Kajima/VJB as a named additional insured.

160.    Spieler & Ricca maintained CGL insurance during the progress of the work.

161.    Spieler & Ricca maintained CGL insurance during the extended warranty period.

162.    Spieler & Ricca agreed to defend 475 Ninth, VJB, and Kajima/VJB with respect to the herein lawsuit.

163.    Spieler & Ricca defended 475 Ninth, VJB, and Kajima/VJB with respect to the herein lawsuit.

164.    Spieler & Ricca is currently defending 475 Ninth, VJB, and Kajima/VJB with respect to the herein lawsuit.

165.    Spieler & Ricca agreed to indemnify 475 Ninth, VJB, and Kajima/VJB with respect to the herein lawsuit.

166.    Spieler & Ricca indemnified 475 Ninth, VJB, and Kajima/VJB with respect to the herein lawsuit.

167.  Spieler & Ricca agreed to defend 475 Ninth, VJB, and Kajima/VJB with respect
to the herein lawsuit as follows:

> *16. Indemnification: To the fullest extent permitted by*
> *law, the subcontractor hereby agrees to indemnify the*
> *Construction Manager]...against and hold each of them*
> *harmless from, any pay the full amount of all Loss-And-*
> *Expense, whenever asserted or occurring, which any*
> *Indemnitee may suffer, incur or pay out, or which may*
> *be asserted against any Indemnitee in whole or in part,*
> *by reason of, or in connection with, the following:*
>
> *(a) any bodily injury...occurring in connection with, or*
> *arising out of, or resulting from, acts or omissions of the*
> *Subcontractor...or their respective employees or its*
> *breach of its obligations under this Agreement*

168.  Spieler & Ricca is defending 475 Ninth, VJB, and Kajima/VJB with respect to the
herein lawsuit to the fullest extent permitted by the law.

169.  Spieler & Ricca is not defending 475 Ninth, VJB, and Kajima/VJB with respect to
the herein lawsuit.

170.  Spieler & Ricca is holding 475 Ninth, VJB, and Kajima/VJB harmless from any
loss-and-expense which any indemnitee has suffered.

171.  Spieler & Ricca agreed to indemnify 475 Ninth, VJB, and Kajima/VJB with
respect to the herein lawsuit as follows:

> *16. Indemnification: To the fullest extent permitted by*
> *law, the subcontractor hereby agrees to indemnify the*
> *Construction Manager]...against and hold each of them*
> *harmless from, any pay the full amount of all Loss-And-*
> *Expense, whenever asserted or occurring, which any*
> *Indemnitee may suffer, incur or pay out, or which may*
> *be asserted against any Indemnitee in whole or in part,*
> *by reason of, or in connection with, the following:*
>
> *(a) any bodily injury...occurring in connection with, or*
> *arising out of, or resulting from, acts or omissions of the*

*Subcontractor...or their respective employees or its*
*breach of its obligations under this Agreement*

172.    Spieler & Ricca indemnified 475 Ninth, VJB, and Kajima/VJB with respect to the herein lawsuit to the fullest extent permitted by law.

173.    Spieler & Ricca presented 475 Ninth, VJB, and Kajima/VJB with a Certificate of Liability Insurance, dated May 14, 2003.

174.    The Certificate of Liability Insurance represented that Spieler & Ricca had purchased policy number CPP3113891.

175.    Spieler & Ricca purchased CGL policy number CPP3113891.

176.    The Certificate of Liability Insurance represented that Spieler & Ricca had maintained CGL policy number CPP3113891.

177.    Spieler & Ricca maintained CGL policy number CPP3113891.

178.    The Certificate of Liability Insurance represented that Spieler & Ricca had purchased CGL insurance from Utica National of Texas ("Utica").

179.    The Certificate of Liability Insurance represented that Spieler & Ricca had maintained CGL insurance from Utica.

180     Spieler & Ricca maintained CGL insurance from Utica.

181.    The Certificate of Liability Insurance represented that Spieler & Ricca had purchased and maintained CGL insurance with effective dates January 1, 2003 through January 1, 2004.

182.    Spieler & Ricca maintained CGL insurance with effective dates January 1, 2003 through January 1, 2004.

183.    The Certificate of Liability Insurance represented that Spieler & Ricca had purchased and maintained CGL insurance with effective dates January 1, 2003 through January 1, 2004 from Utica.

184.    Spieler & Ricca maintained CGL insurance from Utica with effective dates January 1, 2003 through January 1, 2004.

185.    Spieler & Ricca represented to 475 Ninth, VJB, and Kajima/VJB that the Certificate of Liability Insurance was true and accurate.

186.    Spieler & Ricca did not state to 475 Ninth, VJB, and Kajima/VJB that the Certificate of Liability Insurance was incorrect.

187.    CGL insurance policy number CPP3113891 names 475 Ninth, VJB, and Kajima/VJB as a named insured.

188.    Utica's CGL insurance policy number CPP3113891 names 475 Ninth, VJB, and Kajima/VJB as a named insured.

189.    CGL insurance policy number CPP3113891 names 475 Ninth, VJB, and Kajima/VJB as a named additional insured.

190.    Utica's CGL insurance policy number CPP3113891 names 475 Ninth, VJB, and Kajima/VJB as a named additional insured.

191.    CGL insurance policy number CPP3113891 names 475 Ninth, VJB, and Kajima/VJB as an additional insured.

192.    Utica's CGL insurance policy number CPP3113891 names 475 Ninth, VJB, and Kajima/VJB as an additional insured.

193.    Spieler & Ricca's CGL carrier, Utica, is providing a defense for Spieler & Ricca.

194.    Spieler & Ricca's attorneys' fees are being paid by Spieler & Ricca's CGL carrier, Utica.

195.    475 Ninth, VJB, and Kajima/VJB demanded that Spieler & Ricca provide a defense for 475 Ninth, VJB, and Kajima/VJB in this action.

196.    475 Ninth, VJB, and Kajima/VJB demanded that Spieler & Ricca indemnify 475 Ninth, VJB, and Kajima/VJB in this action.

197.    475 Ninth, VJB, and Kajima/VJB tendered its defense in this lawsuit to Spieler & Ricca.

198.    475 Ninth, VJB, and Kajima/VJB tendered its indemnity in this lawsuit to Spieler & Ricca.

199.    475 Ninth, VJB, and Kajima/VJB is incurring fees and expenses in defending this lawsuit.

200.    475 Ninth, VJB, and Kajima/VJB is incurring attorneys' fees and expenses in seeking to compel Spieler & Ricca to provide a defense for 475 Ninth, VJB, and Kajima/VJB.

201.    475 Ninth, VJB, and Kajima/VJB is incurring attorneys' fees and expenses in seeking to compel Spieler & Ricca to indemnify 475 Ninth, VJB, and Kajima/VJB.

202.    475 Ninth, VJB, and Kajima/VJB is incurring attorneys' fees and expenses in seeking to compel Spieler & Ricca to provide a defense for 475 Ninth, VJB, and Kajima/VJB pursuant to the January 9, 2002 Agreement.

203.    475 Ninth, VJB, and Kajima/VJB is incurring attorneys' fees and expenses in seeking to compel Spieler & Ricca to indemnify 475 Ninth, VJB, and Kajima/VJB pursuant to the January 9, 2002 Agreement.

204.    475 Ninth, VJB, and Kajima/VJB notified Spieler & Ricca's carrier, Utica, to defend 475 Ninth, VJB, and Kajima/VJB.

205.    475 Ninth, VJB, and Kajima/VJB notified Spieler & Ricca's carrier, Utica, to indemnify 475 Ninth, VJB, and Kajima/VJB.

206.    475 Ninth, VJB, and Kajima/VJB is a named insured of Utica.

207.    475 Ninth, VJB, and Kajima/VJB is a named additional insured of Utica.

208.    475 Ninth, VJB, and Kajima/VJB is an additional insured of Utica.

209.    Utica's CGL Policy number CPP3113891 insures 475 Ninth, VJB, and Kajima/VJB.

210.    Utica's CGL Policy number CPP3113891 insures 475 Ninth, VJB, and Kajima/VJB of and/or relating to the instant lawsuit, including providing a defense for 475 Ninth, VJB, and Kajima/VJB with respect to this lawsuit.

211.    Utica's CGL Policy number CPP3113891 insures 475 Ninth, VJB, and Kajima/VJB of and/or relating to the instant lawsuit, including indemnifying 475 Ninth, VJB, and Kajima/VJB.

212.    Utica is contractually bound and obligated to insure, including defend, 475 Ninth, VJB, and Kajima/VJB.

213.    Utica is contractually bound and obligated to insure, including indemnify.

214.    Utica issued Policy number CPP3113891.

215.    Utica issued Policy number CPP3113891 with the policy period of January 1, 2003 through January 1, 2004.

216.    Utica issued Policy number CPP3113891 to Spieler & Ricca.

217.    475 Ninth, VJB, and Kajima/VJB is a named insured under Utica Policy number CPP3113891.

218.    475 Ninth, VJB, and Kajima/VJB is a named additional insured under Utica Policy number CPP3113891.

219.    475 Ninth, VJB, and Kajima/VJB is an additional insured under Utica Policy number CPP3113891.

220.    Utica breached its contract to insure, including defend 475 Ninth, VJB, and Kajima/VJB of and/or relating to the instant lawsuit.

221.    Accordingly, 475 Ninth, VJB, and Kajima/VJB is entitled to damages as a result of Utica's breach.

AS AND FOR A SECOND
CROSS-CLAIM AGAINST
SPIELER & RICCA

222.    That the allegations pled in ¶116 to and including ¶221 are herein repeated, reiterated, realleged and incorporated by referenced with the same force and effect as though fully set forth herein at length word-for-word.

223.    Utica breached its contract to insure, including indemnify 475 Ninth, VJB, and Kajima/VJB of and/or relating to the instant lawsuit.

224.    Accordingly, 475 Ninth, VJB, and Kajima/VJB is entitled to damages as a result of Utica's breach.

225.    These herein cross-claims are required to be answered otherwise same are admitted pursuant to the CPLR and applicable caselaw.

AS AND FOR A THIRD
CROSS-CLAIM AGAINST
SPIELER & RICCA

226.    That the allegations pled in ¶ 222 to and including ¶225 are herein repeated, reiterated, realleged and incorporated by referenced with the same force and effect as though fully set forth herein at length word-for-word.

227.    475 Ninth, VJB, and Kajima/VJB is entitled to damages as a result of Utica's breach of contract, including attorneys' fees and expenses, together with interest.

AS AND FOR A FOURTH
CROSS-CLAIM AGAINST
SPIELER & RICCA

228.    That the allegations pled in ¶ 226 to and including ¶227 are herein repeated, reiterated, realleged and incorporated by referenced with the same force and effect as though fully set forth herein at length word-for-word.

229.    475 Ninth, VJB, and Kajima/VJB is entitled to a declaratory judgment against Utica to defend 475 Ninth, VJB, and Kajima/VJB of and/or relating to the instant lawsuit.

AS AND FOR A FIFTH
CROSS-CLAIM AGAINST
SPIELER & RICCA

230.    That the allegations pled in ¶ 228 to and including ¶229 are herein repeated, reiterated, realleged and incorporated by referenced with the same force and effect as though fully set forth herein at length word-for-word.

231.    475 Ninth, VJB, and Kajima/VJB is entitled to a declaratory judgment against Utica to indemnify 475 Ninth, VJB, and Kajima/VJB of and/or relating to the instant lawsuit.

AS AND FOR A SIXTH
CROSS-CLAIM AGAINST
SPIELER & RICCA

232.   That the allegations pled in ¶ 230 to and including ¶231 are herein repeated, reiterated, realleged and incorporated by referenced with the same force and effect as though fully set forth herein at length word-for-word.

233.   Accordingly, Spieler & Ricca is required to purchase and maintain CGL insurance on behalf of 475 Ninth, VJB, and Kajima/VJB to defend and indemnify 475 Ninth, VJB, and Kajima/VJB.

234.   Accordingly, 475 Ninth, VJB, and Kajima/VJB is entitled to a declaratory judgment ordering Spieler & Ricca to purchase and maintain CGL insurance to defend/indemnify 475 Ninth, VJB, and Kajima/VJB from the plaintiff's complaint.

AS AND FOR A SEVENTH
CROSS-CLAIM AGAINST
SPIELER & RICCA

235.   That the allegations pled in ¶ 232 to and including ¶234 are herein repeated, reiterated, realleged and incorporated by referenced with the same force and effect as though fully set forth herein at length word-for-word.

236.   Spieler & Ricca failed to purchase and maintain CGL insurance on behalf of 475 Ninth, VJB, and Kajima/VJB.

237.   Spieler & Ricca breached its contract to purchase and maintain CGL insurance on behalf of 475 Ninth, VJB, and Kajima/VJB.

238.   Accordingly, 475 Ninth, VJB, and Kajima/VJB is entitled to damages, including attorneys' fees and costs.

AS AND FOR A EIGHTH
CROSS-CLAIM AGAINST
SPIELER & RICCA

239.    That the allegations pled in ¶235to and including ¶238 are herein repeated, reiterated, realleged and incorporated by referenced with the same force and effect as though fully set forth herein at length word-for-word.

240.    Accordingly, Spieler & Ricca agreed to defend and hold-harmless 475 Ninth, VJB, and Kajima/VJB.

241.    Accordingly, Spieler & Ricca is required to defend and hold-harmless 475 Ninth, VJB, and Kajima/VJB.

242.    Accordingly, 475 Ninth, VJB, and Kajima/VJB is entitled a declaratory judgment against Spieler & Ricca, ordering Spieler & Ricca to defend and hold-harmless 475 Ninth, VJB, and Kajima/VJB against the plaintiff's compliant.

### AS AND FOR A NINTH
### CROSS-CLAIM AGAINST
### SPIELER & RICCA

243.    That the allegations pled in ¶239 to and including ¶242 are herein repeated, reiterated, realleged and incorporated by referenced with the same force and effect as though fully set forth herein at length word-for-word.

244.    Accordingly, Spieler & Ricca's CGL insurance policy is required to defend and indemnify 475 Ninth, VJB, and Kajima/VJB as a named insured, additional insured and/or named additional insured.

245.    Accordingly, 475 Ninth, VJB, and Kajima/VJB is entitled to a declaratory judgment against Spieler & Ricca's insurance company, Utica, ordering them, by and through their policy no. CPP3113891, to defend and indemnify 475 Ninth, VJB, and Kajima/VJB as a named insured, additional insured and/or named additional insured.

### AS AND FOR A TENTH

CROSS-CLAIM AGAINST
SPIELER & RICCA

246.    That the allegations pled in ¶243 to and including ¶225 are herein repeated,
reiterated, realleged and incorporated by referenced with the same force and effect as though
fully set forth herein at length word-for-word.

247.    Accordingly, Spieler & Ricca is required to notify its respective insurer CGL
carrier of the herein claims and of 475 Ninth, VJB, and Kajima/VJB's tender and/or demand for
Spieler & Ricca to defend and indemnify 475 Ninth, VJB, and Kajima/VJB, and in the absence
of having done so, Spieler & Ricca is liable and obligated to pay all damages, attorneys' fees and
costs.

AS AND FOR A ELEVENTH
CROSS-CLAIM AGAINST
SPIELER & RICCA

248.    That the allegations pled in ¶246 to and including ¶247 are herein repeated,
reiterated, realleged and incorporated by referenced with the same force and effect as though
fully set forth herein at length word-for-word.

249.    Accordingly, 475 Ninth, VJB, and Kajima/VJB is entitled to a declaratory
judgment ordering Spieler & Ricca to reimburse 475 Ninth, VJB, and Kajima/VJB for the
attorneys' fees and expenses incurred to date and continuing to be incurred in defending 475
Ninth, VJB, and Kajima/VJB and seeking to compel Spieler & Ricca to honor and abide by its
agreement, dated January 9, 2002, and obtain defense/indemnity under Spieler & Ricca's Policy
No. CPP3113891 with Utica. 475 NINTH AVENUE ASSOCIATES, LLC, pursuant to and in
accordance with CPLR §3011, demands Spieler & Ricca to answer the cross-claims.

250.    Spieler & Ricca is required to answer these cross-cliams pursuant to CPLR §3011.

WHEREFORE, the defendant, 475 NINTH AVENUE ASSOCIATES, LLC, demand judgment dismissing the plaintiffs' complaint on the merits; and if the plaintiffs, GEORGE SANTOLI AND STACEY SANTOLI, are found to have contributed to the accident or damages, that any damages be reduced in proportion to which the plaintiffs may be found to have so contributed to the accident or damages together with the costs, disbursements and expenses of this action including attorneys' fees.

Dated: May 12, 2005
       New York, New York

                             Michael J. Devereaux, Esq.
                             RYAN, DEVEREAUX & CONLON, LLP
                             Attorneys for Defendant
                             475 NINTH AVENUE ASSOCIATES,
                             LLC, VJB CONSTRUCTION 475 9th
                             AVENUE LLC, VJB CONSTRUCTION
                             CORP., KAJIMA DEVELOPMENT
                             CORPORATION, and KAJIMA/VJB
                             CONSTRUCTION SERVCE, LLC
                             39 Broadway, Suite 910
                             New York, New York 10006
                             (212) 785-5959 (T)
                             (212) 785-4487 (F)

TO:    Michael A. Rose, Esq.
       HACH & ROSE, LLP
       Attorneys for Plaintiffs
       GEORGE SANTOLI AND
       STACEY SANTOLI
       185 Madison Avenue, 8th Floor
       New York, New York 10016
       (212) 779-0057 (T)
       (212) 779-0028 (F)

       Phil Castellano, Esq.

O'CONNOR O'CONNOR HINTZ
& DEVENEY, LLP
Attorneys for Defendant
SPIELER & RICCA ELECTRICAL CO., INC.
One Huntington Quadrangle, Suite 1C07
Melville, New York 11741
(631) 777-2330 (T)
(631) 777-2340 (F)

Stephen B. Rach, Esq.
FUREY, KERLEY, WALSH, MATERA &
CINQUEMANI, P.C.
Attorneys for Third-Party Defendants
TRAVELER'S FRANKLIN INSURANCE
COMPANY; UTICA NATIONAL
INSURANCE COMPANY OF TEXAS; UTICA
NATIONAL INSURANCE GROUP; UTICA
MUTUAL INSURANCE COMPANY;
2174 Jackson Avenue
Seaford, New York 11783
(516) 409-6200 (T)
(516) 409-8288 (F)

David Rutherford, Esq./Tania Torno, Esq.
RUTHERFORD & CHRISTIE LLP
Attorneys for Third-Party Defendants
R&J CONSTRUCTION CORP.
300 E 42nd Street
New York, New York 10017
(212) 599-5799 (T)
(212) 599-5162 (F)

Robert Sanchez, Esq.
FRANK H. WRIGHT, P.C.
Attorneys for Third-Party Defendants
REGIONAL SCAFFOLDING and
HOISTING CO., INC.
641 Lexington Avenue
New York, New York 10022
(212) 832-3611 (T)
(212) 371-6632 (F)

Andrew M. Premisler, Esq.
LAZARE POTTER GIACOVAS & KRANJAC LLP
Attorneys for Third-Party Defendants
TRAVELERS INDEMNITY COMPANY OF

AMERICA; TRAVELERS INDEMNITY
COMPANY OF AMERICA; TRAVELERS
INDEMNITY COMPANY OF CONNETICUT
950 Third Avenue
New York, New York 10022
(212) 758-9300 (T)
(212) 888-0919 (F)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
GEORGE SANTOLI and STACEY SANTOLI,

                                        plaintiffs,           Index No.: 118596/03

              -against -

475 NINTH AVENUE ASSOCIATES, LLC, VJB CONSTRUCTION
475 9TH AVENUE LLC, VJB CONSTRUCTION CORP., SPIELER &
RICCA ELECTRICAL CO. INC., KAJIMA DEVELOPMENT
CORPORATION, and KAJIMA/VJB CONSTRUCTION SERVICES,
LLC,

                                        defendants.
-------------------------------------------------------------------X
475 NINTH AVENUE ASSOCIATES, LLC, VJB CONSTRUCTION
475 9TH AVENUE LLC, VJB CONSTRUCTION CORP., KAJIMA          TP Index No.: 590528/05
DEVELOPMENT CORPORATION, KAJIMA/VJB CONSTRUCTION            Date Purchased 5/17/05
SERVICES, LLC, and LIBERTY INTERNATIONAL UNDERWRITERS
a/s/o 475 NINTH AVENUE ASSOCIATES, LLC, VJB CONSTRUCTION
475 9TH AVENUE LLC, VJB CONSTRUCTION CORP., KAJIMA
DEVELOPMENT CORPORATION, KAJIMA/VJB CONSTRUCTION
SERVICES, LLC,

                              2nd third-party-plaintiffs,

              -against-

R&J CONSTRUCTION CORP ; SAINT PAUL TRAVELERS GROUP;
TRAVELERS CASUALTY and SURETY COMPANY OF AMERICA;
TRAVELERS INDEMNITY COMPANY; TRAVELERS INDEMNITY
COMPANY OF AMERICA; TRAVELERS INDEMNITY COMPANY OF
CONNECTICUT; REPUBLIC FRANKLIN INSURANCE COMPANY;
UTICA NATIONAL INSURANCE COMPANY OF TEXAS; UTICA
NATIONAL INSURANCE GROUP; UTICA MUTUAL INSURANCE
COMPANY; UTICA NATIONAL ASSURANCE COMPANY;
REGIONAL SCAFFOLDING and HOISTING CO., INC., .

                              2nd third-party-defendants.
-------------------------------------------------------------------X

---

                              2nd
          SUMMONS and THIRD PARTY COMPLAINT

---

# DEVEREAUX & ASSOCIATES, LLP
### 39 BROADWAY
Suite 910
### NEW YORK, NEW YORK 10006
TEL (212) 785-5959 (T)    /    FAX (212) 785-4487 (F)