# Exhibit M

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
GEORGE SANTOLI and STACEY SANTOLI,

                        plaintiffs,                      Index No.. 118596/03

                - against -                   AMENDED SECOND
                                                  THIRD PARTY
475 NINTH AVENUE ASSOCIATES, LLC,          COMPLAINT
VJB CONSTRUCTION 475 9TH AVENUE LLC,
VJB CONSTRUCTION CORP., SPIELER & RICCA
ELECTRICAL CO. INC. and KAJIMA DEVELOPMENT
CORPORATION,

                        defendants,
-----------------------------------------------------------------X
475 NINTH AVENUE ASSOCIATES, LLC,         2nd TP Index No.: 590528/05

              second third-party-plaintiff,

              -against-

R&J CONSTRUCTION CORP.; SPIELER & RICCA
ELECTRICAL COMPANY, INC.; REPUBLIC FRANKLIN
INSURANCE COMPANY; UTICA NATIONAL INSURANCE
GROUP; UTICA NATIONAL INSURANCE GROUP;
SCOTTSDALE INSURANCE COMPANY; TRAVELERS
PROPERTY CASUALTY COMPANY OF AMERICA; ST. PAUL
FIRE AND MARINE INSURANCE COMPANY,

              second third-party-defendants.
-----------------------------------------------------------------X

       475 NINTH  AVENUE ASSOCIATES LLC ("475 Ninth"), by and through their

attorneys DEVEREAUX AND WEIDENBAUM, as successor to the firm, DEVEREAUX &

ASSOCIATES, 39 Broadway, Suite 910, New York, New York 10006, hereby aver that the

above-named second third-party defendants are responsible and/or liable for any and all damages

and are required by contract and law to defend/indemnify 475 Ninth as follows:

1.    The plaintiffs George Santoli and Stacey Santoli served a summons and complaint, a copy of which is attached as Exhibit 1 and incorporated herein by reference (hereinafter "Santoli's lawsuit," or "Santoli's personal injury lawsuit")..

2.    475 Ninth Avenue, VJB 475 9th, VJB, Kajima, and Kajima/VJB answered the plaintiffs' pleadings with an answer, affirmative defenses and cross-claims against Spieler & Ricca Electrical Co. Inc. ("Spieler"), on March 12, 2005.  A copy is attached as Exhibit 2 and incorporated herein by reference.

3.    The project is the construction of a new building structure at 475 Ninth Avenue, New York, New York 10018 (the "project").

4    Santoli testified that in the course of his employment with R&J as a foreman on the project, he jumped-off his ladder that he had used a thousand times before onto BX cable.  A true and accurate excerpted copy of the certified transcript of Santoli's sworn-to deposition testimony is attached as Exhibit 3.

5.    Spieler testified that they worked on the project, and supplied and installed BX cable for their work on the project and were the only entity that had BX cable on the project.  A true and accurate excerpted copy of the certified transcript of Spieler's sworn-to deposition testimony is attached as Exhibit 4.

6.    Santoli testified:

Page 145

[1]                         G. SANTOLI
                              ...
[23]      Q.    Which of your feet first hit the
[24]   ground.
[25]      A.    My left foot was about to hit the
                          ***

Page 146

[1]                         G. SANTOLI
[2]    last rung, but it slid off of it. *And I*

2

[3]  *jumped over to the* side and the ladder fell
[4]  and hit the wall, leaned up against the wall
[5]  and that's when I hit the wall on the opposite
[6]  side.

***

Page 44

[1]                          Santoli
                               ...

[4]          Q. Had you used this ladder before?
[5]          A. Yes.
[6]          Q. How many time would you say you
[7]  used it?
[8]          A. One thousand.
[9]          Q. What is it that you slipped on?
[10]         A. After catching my balance I looked
[11] down to see what it was and it was a little
[12] piece of BX debris, BX cable debris.

***

Page 25

[1]                          G. SANTOLI
[11]         Q.    Can you describe the duties of a
[12] carpenter foreman?
[13]        *A.    A carpenter foreman is in charge of*
[14] *all the other carpenters on the job.  Go*
[15] *around to set up their daily activities.  Sit*
[16] *in on meetings, working with the builders,*
[17] *running the while shell.*
[18]        *Q.    The whole construction site or just*
[19] *in terms of carpentry?*
[20]        *A.    Carpentry.*
[21]        *Q.    Do you supervise all of the other*
[22] *carpenters?*
[23]        *A.    Yes, I do.*
[24]        *Q.    Do they report to you?*
[25]        *A.    Yes, they do.*

Page 26

[1]                          G. SANTOLI
[2]        *Q.    Does anybody else report to you*
[3]  *besides the carpenters?*
[4]        *A    The other trades would report to me*
[5]  *to let me know the progress on where they*
[6]  *stand, coordinating with other trades.*

3

[7]     *Q.   So workers of other trades do*
[8]  *report to you?*
[9]     *A   Yes, for coordination reasons.*
[10]    Q.   What do you mean for "coordination
[11]  reasons?
[12]    A.   We all have to work together.
***

Page 30

G. SANTOLI
[1]
...
[15]    *Q.   The general duties and*
[16]  *responsibilities of the carpenter that*
[17]  *reported to you since you became foreman?*
[18]    *A.   Their daily activities what they*
[19]  *had to set out to do, I used to position them*
[20]  *in areas that were ready to be done.  framing*
[21]  *dry wall, cabinet installations, doors.*
[22]  *molding, et cetera, et cetera.*
***

Page 33

G. SANTOLI
[1]
...
[22]    *Q.   What did you do in particular to*
[23]  *that building?*
[24]    *A.   Everything that our contract was*
[25]  *covered by.  My responsibilities was to handle*
***

See Exhibit 3.

7.    Spieler testified:

Page 71

F. ASSELTA
[1]
...
[11]  Q: On this project did Spieler & Ricca
[12] use BX cable?
[13]  A: Yes.
...
[21]  Q: Were you the only one using BX
[22] cable on this project?
[23]  A: To the best of my knowledge, yes.
[24]  MR. RUSSO: Just so we are clear,
[25] when you say you, you mean his company?
***

Page 72

4

F. ASSELTA

[1]
[2]    MR. DEVEREAUX: Yes, of course.
[3]    Q: MR. Asselta, you understood that;
[4] is that correct?
[5]    A: Yes.
[6]    Q: On the 13th floor, did Spieler &
[7] Ricca use BX cable on this project?
[8]    A: Yes.

See Exhibit 4.

8.    Santoli's accident was caused by, arose out of, occurred during the course of

and/or in connection with his work at the project for R&J.

9.    Santoli's accident was caused by, arose out of, occurred during the course of

and/or in connection with Spieler's work at the project.

10.    475 Ninth was the owner of the project and/or site.

11.    R&J Construction Corp. ("R&J"), worked on the project.

12.    R&J performs construction work.

13.    R&J worked at 475 Ninth Avenue, New York, New York 10018.

14.    R&J does carpentry and drywall tradework.

15.    R&J did carpentry tradework on the project.

16.    R&J did drywall tradework on the project.

17    R&J are drywall contractors.

18.    R&J's offices are located at 4435 Austin Blvd., Island Park, New York 11558.

19.    R&J was at all relevant times licensed by the State of New York.

20.    R&J was at all relevant times licensed to perform work in the City of New York

21.    R&J was at all relevant times permitted by the City of New York to perform

construction in the City of New York.

22.  R&J, at all relevant times, did not violate any federal, state, local statutes, laws, rules, regulations and/or codes while performing work on the project.

23.  Joe Ferrara is a principal of R&J.

24.  Walter Pivnick is a principal of R&J.

25.  R&J is a domestic corporation.

26.  R&J is a business duly organized and existing under the laws of the State of New York.

27   R&J, at all relevant times, employed George Santoli.

28.  R&J presently employs George Santoli.

29.  R&J no longer employs George Santoli.

30.  George Santoli was, at all relevant times, a tradesman.

31.  George Santoli was, at all relevant times, a carpenter.

32.  George Santoli was, at all relevant times, a drywall tradesman.

33.  George Santoli was employed by R&J on April 2, 2003.

34.  George Santoli worked as an employee of R&J at the project.

35.  George Santoli was working for R&J on April 2, 2003, at the time he had his accident.

36.  R&J entered into a subcontract, dated January 9, 2001, for carpentry and drywall work on the project.

37.  R&J's subcontract price was two million, nine-hundred and fifty thousand dollars ($2,950,000.00).

38.  Kajima/VJB Construction Services, LLC ("Kajima/VJB"), was, at all relevant times, the construction manager for the project.

39.    R&J entered into a subcontract, dated January 9, 2001 for the project as a subcontractor and Kajima/VJB as the construction manager.

40.    R&J furnished all the labor, material, tools, equipment, supervision, business administration and services necessary for or incidental to successfully prosecute and complete its work under R&J's subcontract, dated January 9, 2001.

41.    R&J's work on the project was anticipated to start in about January 2002.

42.    R&J's work on the project started in about January 2002.

43.    R&J's work on the project did not start in about January 2002.

44.    R&J's work on the project was anticipated to be substantially completed on or before April 30, 2004.

45.    R&J's work on the project was not substantially completed on or before April 30, 2003.

46.    R&J was, at all relevant times, bound by the decisions of the architect H. Thomas O'Hara Architect, PLLC.

47.    R&J, to the fullest extent permitted by law, agreed to indemnify 475 Ninth, VJB and Kajima/VJB of and/or relating to its work on the project.

48.    R&J agreed, to the fullest extent permitted by law, to indemnify 475 Ninth, VJB and Kajima/VJB against and hold 475 Ninth, and Kajima/VJB harmless from and pay the full amount of any and all damages or injuries caused by or arising from R&J's work on the project.

49.    R&J agreed, at its sole expense, to defend, 475 Ninth, VJB and Kajima/VJB from any and all legal proceedings commenced against 475 Ninth, VJB, and Kajima/VJB of and/or relating to or arising from its work at the project.

50.  R&J purchased comprehensive general liability ("CGL") insurance policy number CO963K2686TIL02 from the Travelers Indemnity Company, Travelers Property Casualty Company of America, St. Paul Fire and Marine Ins. Co., Travelers Casualty and Safety Company of America, St. Paul Special Liability Group, St. Paul's Travelers, St. Paul Travelers' Group (collectively hereinafter "Travelers") which are affiliated and/or related entities.

51.  R&J agreed to purchase CGL insurance for the project naming 475 Ninth, Kajima/VJB and VJB as additional insureds.

52.  R&J named 475 Ninth, and Kajima/VJB, and VJB as additional insureds on Travelers' policy number CO963K2686TIL02.

53.  R&J named 475 Ninth Avenue Associates, LLC ("475 Ninth" or "owner") as an additional insured on Traveler's policy number CO963K2686TIL02.

54.  R&J represented to 475 Ninth, Kajima/VJB, and VJB that it had purchased Traveler's policy number CO963K2686TIL02.

55.  R&J represented to 475 Ninth, Kajima/VJB and VJB that they were additional insureds on Travelers' policy number CO963K2686TIL02.

56.  R&J presented the certificate of liability insurance, dated May 23, 2002 to 475 Ninth, VJB, and Kajima/VJB.

57.  R&J presented a certificate of liability insurance, dated May 23, 2002 to 475 Ninth.

58.  R&J was required to execute its work on the project in a prudent, cautious and safe manner.

59.  R&J was required to continuously maintain a safe and secure work place on the project.

60. R&J employed at all times whatever means that was reasonably required to insure the safety and avoid the endangerment of all persons on the project.

61. R&J corrected all unsafe conditions on the project.

62. R&J was required to correct all unsafe conditions on the project.

63. R&J recommended corrective action when subcontractors violated safety standards on the project.

64. R&J was required to recommend corrective action when subcontractors violated safety standards on the project.

65. R&J installed all the carpentry and drywall work for the project.

66. R&J complied with all OSHA requirements on the project.

67. R&J was required to comply with all OSHA requirements on the project.

68. R&J complied with federal, state, local safety and health requirements and applicable building codes for the project.

69. R&J was required to comply with federal, state, local safety and health requirements and applicable building codes for the project.

70. R&J complied with the site safety plan for the project.

71. R&J was required to comply with the site safety plan for the project.

72. R&J, at all relevant times, on the project kept aisles, stairways, fire exits and doorways clear of materials, debris and electrical cords.

73. R&J was, at all relevant times, on the project required to keep aisles, stairways, fire exits and doorways clear of materials, debris and electrical cords.

74. R&J agreed to purchase and maintain CGL insurance as follows:

***Exhibit B***
***<u>Subcontractor's Insurance Requirements – NY</u>***

> *Subcontractors shall maintain during the progress of the Work, and any extended warranty period as required by the Contract Documents or by law, insurance with the minimum limits and coverage as shown below or, if higher, the requirements set forth in the Agreement between the Owner and the Contractor. The insurance coverage and limits that are required in this exhibit shall not limit the subcontractor's liability in any way.*
> *B) Commercial General Liability Insurance with the following features:*
> ...
> - *Owner, Architect and others are additional insured as required in the Contract Documents. Please include the following as additional insured:*
>
>     ...
>     o *VJB Construction Corp. – 200 West 56th Street, New York, NY 10019*

75.   R&J purchased CGL insurance of and/or relating to the project.

76.   R&J maintained CGL insurance of and/or relating to the project.

77.   R&J purchased CGL insurance naming 475 Ninth, Kajima/VJB and VJB was additional insureds.

78.   R&J purchased CGL insurance listing 475 Ninth and Kajima/VJB and VJB as additional insureds.

79.   R&J purchased CGL insurance naming 475 Ninth, Kajima/VJB and VJB as named additional insureds.

80.   R&J purchased CGL insurance listing 475 Ninth, Kajima/VJB and VJB as named additional insureds.

81.   R&J purchased CGL insurance naming 475 Ninth, Kajima/VJB and VJB as named insureds.

82.   R&J purchased CGL insurance listing 475 Ninth as a named insured.

83.   R&J maintained CGL insurance during the progress of its work on the project.

84.   R&J maintained CGL insurance during the extended warranty period for the project.

85.   R&J agreed to defend 475 Ninth against Santoli's lawsuit.

86.   R&J agreed to defend 475 Ninth Santoli's lawsuit as follows:

> 16. Indemnification: To the fullest extent permitted by law, the Subcontractor hereby agrees to indemnify the Construction Manager, Owner, the Owner's parent company, its partners, affiliates and related entities and its and their respective employees, partners, principals, officers, directors and shareholders, Owner's Representative, Architect and Project Managers (the "Indemnitees") against, and hold each of them harmless from, and pay the full amount of, all Loss and Expense, whenever asserted or occurring, which any Indemnitee may suffer, incur or pay out, or which may be asserted against any Indemnitee in whole or in part, by reason of, or in connection with, the following:
>
> (a) any bodily injury…occurring in connection with, or arising out of, or resulting from, acts or omissions of the Subcontractor…or their respective employees or its breach of its obligations under this Agreement.

87.   R&J caused, proximately caused and/or solely caused their employee, Santoli's accident, injuries and damages, if any.

88.   Santoli's accident at the project was caused by, arose out of, occurred during the course of and/or connection with his work for his employer R&J.

89.   R&J's attorneys' fees, costs and disbursements are being paid by R&J's CGL carrier, Travelers.

90.   475 Ninth, Kajima/VJB, VJB and other additional insureds demanded that R&J provide a defense for 475 Ninth, and VJB and its additional insureds against Santoli's lawsuit.

91.   475 Ninth demanded that R&J indemnify 475 Ninth against Santoli's lawsuit.

92.   475 Ninth tendered its defense against Santoli's lawsuit to R&J.

93.   Travelers is an insurance company.

94.   Travelers issues CGL policies.

95.   Travelers' offices are located at One Tower Square, Hartford, Connecticut 06115

96.   Travelers' telephone number is 203-277-0111.

11

97. Travelers is registered with the New York State Insurance Department.

98. Travelers does business in the State of New York.

99. Travelers does business in the State of New York, County of New York.

100. Travelers sells insurance policies to businesses that work or transact business in the State of New York, County of New York.

101. Travelers sold policy number CO963K2686TIL02 to R&J.

102. Travelers policy number CO963K2686TIL02 to R&J.

103. Travelers' policy number CO963K2686TIL02 has limits of one million dollars ($1,000,000) per occurrence and two million dollars ($2,000,000) aggregate.

104. R&J also purchased their excess and umbrella insurance for the project from Travelers.

105. Kajima/VJB is an additional insured under Travelers' policy number CO963K2686TIL02.

106. 475 Ninth is an additional insured under Travelers' policy number CO963K2686TIL02.

107. VJB is an additional insured under Travelers' policy number CO963K2686TIL02.

108. 475 Ninth or owner is an additional insured under Travelers' policy number CO963K2686TIL02.

109. R&J purchased excess and umbrella insurance of and relating to their work on the project and is requested to disclose the name of the excess and umbrella insurers, contact information and policy information.

110. Republic Franklin Insurance Company ("Republic"), is an insurance company.

111. Republic issues CGL policies.

12

112. Republic's offices are located at P.O Box 29906, Columbus, Ohio 43229-7506.

113. Republic is registered with the New York State Insurance Department.

114. Republic does business in the State of New York.

115. Republic does business in the State of New York, County of New York.

116. Republic sells insurance policies to businesses that work or transact business in the State of New York.

117. Republic issues insurance policies.

118. Republic sells insurance policies.

119. Republic issues CGL insurance.

120. Republic sells CGL insurance.

121. Republic sold policy CPP3113891.

122. Republic issued policy CPP3113891.

123. Republic did not sell policy CPP3113891.

124. Republic did not issue policy CPP3113891.

125. Republic has offices located at One Jericho Plaza, 2nd Floor, Wing A, Jericho, New York 11753-1636

126. Republic is related to and/or affiliated with Utica National Insurance Group, Utica National Insurance Company, Utica National Insurance Company of Texas, and Utica Mutual Insurance Company (collectively "Republic").

127. Spieler is an insured of Republic.

128. Kajima/VJB is an additional insured of Republic under policy number CPP3113891.

129. VJB is an additional insured of Republic under policy number CPP3113891.

13

130.    475 Ninth or Owner is an additional insured of Republic under policy number CPP3113891.

131.    By letter dated March 18, 2004, Paul J. Salvato, on the letterhead of the Utica National Insurance Group, stated that Republic was in receipt of a letter dated February 20, 2004 requesting defense/indemnify against Santoli's personal injury lawsuit.

132.    Republic Policy number CPP3113891 is a CGL insurance policy.

133.    Republic Policy number CPP3113891 was issued to Spieler

134.    Spieler was and/or is an insured of Republic.

135.    Spieler purchased policy Republic CPP3113891.

136.    Republic conducts and transacts business in the State of New York

137.    Republic was requested to defend VJB against the Santoli's personal injury lawsuit.

138.    Republic is defending R&J of and relating to Santoli's personal injury lawsuit.

139.    Spieler's subcontract or agreement of and/or relating to the project is an "insured contract" under Republic policy number CPP3113891.

140.    R&J's subcontract or agreement of and/or relating to the project is an "insured contract" under Travelers' policy number CO963K2686TIL02.

141.    Liberty International Underwriters "Liberty", is a subrogee of 475 Ninth, VJB, Kajima/VJB.

142.    Liberty incurred and continues to incur attorneys' fees, costs and disbursements in providing 475 Ninth and/or VJB a defense against Santoli's personal injury lawsuit.

143.    Spieler & Ricca Electrical Company, Inc. ("Spieler") worked on the project.

144.    Spieler performs electrical work.

14

145.    Spieler worked at 475 Ninth Avenue, New York, New York 10018.

146.    Spieler is an electrical trade contractor.

147.    Spieler worked at 475 Ninth Avenue, New York, New York 10018.

148.    Spieler is an electrical trade contractor.

149.    Spieler uses BX cable.

150.    Spieler used BX cable on the project.

151.    Spieler used BX cable at 475 Ninth Ave, New York 10018.

152.    Spieler agreed to execute their work in a prudent, cautious and safe manner.

153.    Spieler agreed to continuously maintain a safe and secure work place.

154.    Spieler agreed to employ at all times whatever means may be reasonably required
to ensure safety.

155.    Spieler agreed to avoid the endangerment of all persons on the project.

156.    Spieler agreed to furnish adequate and competent supervision and direction of
their workers.

157.    Spieler agreed to be responsible for the safe and proper care, use and custody of
tools or equipment used at the project.

158.    Spieler was, at all times, responsible for the safe and proper care, use and custody
of the tools or equipment they used on the project.

159.    Spieler coordinated their Work with the work of the other trades at the project.

160.    Spieler cleared all debris and rubbish originating from their work on the project.

161.    Spieler agreed to clear all debris and rubbish originating from their work.

162.    Spieler agreed to purchase and maintain umbrella and excess liability insurance
with $5,000,000 limits.

15

163. Housekeeping was the responsibility of everyone at the site.

164. Spieler agreed to keep floors clean and clear of debris.

165. Spieler kept floors clean and clear of debris.

166. Spieler kept floors clear of their BX cable.

167. R&J agreed to keep floors clean and clear of debris.

168. R&J kept floors clean and clear of debris.

169. R&J agreed to inspect ladders before their use.

170. R&J inspected their ladders before using them.

171. R&J agreed to keep the rungs of their ladder clean and free of damage or cracking.

172. R&J kept the rungs of their ladders free of damage or cracking.

173. R&J agreed to secure all their ladders at the top.

174. R&J secured all their ladders at the top.

175. R&J agreed that access and egress points to their ladders were to be clear of debris and slippery surfaces.

176. R&J cleared all access and egress points to their ladders of debris and slippery surfaces.

177. R&J agreed that three point contact with their ladders was to be maintained at all times when using the ladder.

178. R&J's workers at all times maintained three point contact with their ladders when using them.

179. R&J agreed to provide fall protection for their employees, including George Santoli.

180. R&J provided fall protection for their employees, including George Santoli.

181. R&J agreed to provide one hundred percent fall protection at all times on this project.

182. R&J provided one hundred percent fall protection at all times on this project.

183. By Agreement entitled "Subcontract," dated January 9, 2002, Spieler agreed to maintain CGL insurance, naming 475 Ninth, Kajima/VJB and VJB as additional insureds.

184. By Agreement, dated January 9, 2002, Spieler agreed to maintain CGL insurance to defend and indemnify 475 Ninth, Kajima/VJB and VJB relating to the project known as 475 9th Avenue (the "project").

185. By Agreement, dated January 9, 2002, Spieler agreed to furnish Certificates of Insurance.

186. By Agreement, dated January 9, 2002, Spieler agreed to furnish Certificates of Insurance certifying that Spieler had maintained insurance to defend VJB.

187. Spieler furnished Certificates of Insurance to 475 Ninth, Kajima/VJB and VJB.

188. By Agreement, dated January 9, 2002, Spieler agreed to furnish Certificates of Insurance certifying that Spieler had maintained insurance to indemnify 475 Ninth, Kajima/VJB and VJB relating to the project.

189. Spieler agreed to maintain CGL insurance of and relating to the project.

190. Spieler agreed to maintain CGL insurance of and relating to the project as follows:

> *Exhibit B*
> *<u>Subcontractor's Insurance Requirements</u>*
> *Subcontractor [Spieler] shall maintain during the progress of the Work, and any extended warranty period as required by the Contract Documents or by law, insurance with the minimum limits and coverage as shown below or, if higher, the requirements set forth in the Agreement between the Owner and the*

17

> *Contractor.  The insurance coverage and limits that are required in this Exhibit shall not limit the subcontractor's liability in any way.*

191.  Spieler maintained CGL insurance of and relating to the project.

192.  Spieler maintained CGL insurance, naming 475 Ninth, Kajima/VJB and VJB as additional insureds.

193.  Spieler maintained CGL insurance, naming 475 Ninth, Kajima/VJB and VJB as named insureds.

194.  Spieler maintained CGL insurance, naming 475 Ninth, Kajima/VJB and VJB as named insureds.

195.  Spieler maintained CGL insurance, listing VJB 475 Ninth, Kajima/VJB and VJB as named insureds.

196.  Spieler maintained CGL insurance, listing 475 Ninth, Kajima/ VJB and VJB as named insureds.

197.  Spieler maintained CGL insurance, listing 475 Ninth, Kajima/VJB and VJB as named insureds.

198.  Spieler maintained CGL insurance during the progress of its work on the project.

199.  Spieler maintained CGL insurance during the extended warranty period.

200.  Spieler agreed to defend 475 Ninth, Kajima/VJB and VJB as named insureds VJB with respect to Santoli's lawsuit.

201.  Spieler agreed to defend 475 Ninth, Kajima/VJB andVJB with respect to Santoli's lawsuit as follows:

> *16. Indemnification: To the fullest extent permitted by law, the subcontractor hereby agrees to indemnify the Construction Manager]...against and hold each of them harmless from, any pay the full amount of all Loss-And-Expense, whenever asserted or occurring, which any*

18

> *Indemnitee may suffer, incur or pay out, or which may*
> *be asserted against any Indemnitee in whole or in part,*
> *by reason of, or in connection with, the following:*
>
> *(a) any bodily injury...occurring in connection with, or*
> *arising out of, or resulting from, acts or omissions of the*
> *Subcontractor...or their respective employees or its*
> *breach of its obligations under this Agreement*

202.   R&J purchased and maintained excess and umbrella liability insurance of and relating to their work on the project.

203.   R&J purchased and maintained excess and umbrella liability insurance from St. Paul Fire And Marine Insurance Company

204.   R&J purchased and maintained excess and umbrella liability insurance as it agreed to do for the project.

205.   Spieler purchased excess and umbrella insurance from Scottsdale Insurance Company ("Scottsdale").

206.   Spieler purchased Scottsdale Policy No. UMS0012693.

207.   475 Ninth, Kajima/VJB and VJB are additional insureds on Scottsdale's Policy No. UMS0012693.

208    Scottsdale Policy UMS0012693 provides insured contract coverage.

209.   Republic is defending Spieler against Santoli's lawsuit.

210.   Republic is paying the attorney's fees incurred in defending Spieler against Santoli's lawsuit.

211.   Republic is defending Spieler under a reservation of rights.

212.   Republic received timely notice of Santoli's lawsuit.

213.   Republic received notice of Santoli's lawsuit by Spieler.

214.   Republic received timely notice of Sanotli's lawsuit by Spieler.

19

215.    Travelers is defending R&J against Santoli's lawsuit.

216.    Travelers is paying the attorneys' fees incurred in defending R&J against

Santoli's lawsuit.

217.    Travelers is defending R&J under a reservation of rights.

218.    Travelers received timely notice of Sanotli's lawsuit.

219.    Travelers received notice of Santoli's lawsuit by R&J.

220.    Travelers received timely notice of Santoli's lawsuit by R&J.

## AS AND FOR A FIRST
## CAUSE OF ACTION AGAINST R&J AND SPIELER

221.    That the allegations pled in ¶1 and including ¶220 are herein repeated, reiterated,

realleged and incorporated by reference with the same force and effect as though fully set forth

herein at length.

222.    In the event that the applicable insurers for R&J and Spieler do not step-in to

defend and indemnify 475 Ninth, then R&J and Spieler breached their contract to provide

insurance coverage for 475 Ninth of and relating to the project accidents arising out of its work.

223.    R&J and Spieler breached their contract to name, list or add 475 Ninth, VJB

and/or Kajima/VJB as additional insureds on the applicable CGL insurance policies for 475

Ninth and Spieler.

224.    475 Ninth and LIU are entitled to damages, together with interest.

## AS AND FOR A SECOND
## CAUSE OF ACTION AGAINST R&J AND SPIELER

225.    That the allegations pled in ¶1 and including ¶ 224 are herein repeated, reiterated,

realleged and incorporated by reference with the same force and effect as though fully set forth

herein at length.

20

226.    In the event that the applicable insurers for R&J and Spieler do not step-in to defend and indemnify 475 Ninth and LIU then plaintiffs are entitled to a declaratory judgment that R&J and Spieler breached their contracts.

### AS AND FOR A THIRD
### CAUSE OF ACTION AGAINST R&J AND SPIELER

227.    That the allegations pled in ¶1 and including ¶226 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

228.    475 Ninth and LIU are entitled to a declaratory judgment that R&J and Spieler pay or reimburse 475 Ninth and LIU for the attorneys' fees, costs and disbursements incurred and continuing to be incurred in defending against Santoli's lawsuit.

### AS AND FOR A FOURTH
### CAUSE OF ACTION AGAINST R&J AND SPIELER

229.    That the allegations pled in ¶1 and including ¶228 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

230.    475 Ninth and LIU are entitled to a declaratory judgment that R&J and Spieler defend 475 Ninth and Kajima/VJB against Santoli's personal injury lawsuit.

### AS AND FOR A FIFTH
### CAUSE OF ACTION AGAINST R&J AND SPIELER

231.    That the allegations pled in ¶1 and including ¶230 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

232.    475 Ninth and LIU are entitled to a declaratory judgment that R&J and Spieler indemnify 475 Ninth, and Kajima/VJB against Santoli's personal injury lawsuit.

21

### AS AND FOR A SIXTH
### CAUSE OF ACTION AGAINST R&J AND SPIELER

233.    That the allegations pled in ¶1 and including ¶232 are herein repeated, reiterated,

realleged and incorporated by reference with the same force and effect as though fully set forth

herein at length.

234.    To the extent that R&J and Spieler failed to name, add or list 475 Ninth , as

additional insureds, then R&J and Spieler made material misrepresentations.

### AS AND FOR A SEVENTH
### CAUSE OF ACTION AGAINST R&J AND SPIELER

235.    That the allegations pled in ¶1 and including ¶234 are herein repeated, reiterated,

realleged and incorporated by reference with the same force and effect as though fully set forth

herein at length.

236.    R&J and Spieler caused Santoli's accident and, as such, is liable for same and

must pay in whole and/or in part for any and all of Santoli's damages.

### AS AND FOR A EIGHTH CAUSE OF ACTION
### AGAINST TRAVELERS, REPUBLIC, SCOTTSDALE, ST. PAUL'S, AND UTICA

237.    That the allegations pled in ¶1 and including ¶236 are herein repeated, reiterated,

realleged and incorporated by reference with the same force and effect as though fully set forth

herein at length.

238.    475 Ninth and LIU are entitled to a declaratory judgment that Travelers, Republic,

Scottsdale, St. Paul's and/or Utica defend 475 Ninth, Kajima/VJB and VJB against Santoli's

personal injury lawsuit.

### AS AND FOR A NINTH CAUSE OF ACTION
### AGAINST TRAVELERS, REPUBLIC , SCOTTSDALE AND UTICA

22

239.    That the allegations pled in ¶1 and including ¶238 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

240.    475 Ninth and LIU are entitled to a declaratory judgment that Travelers, Republic, Scottsdale, St. Paul's and/or Utica indemnify 475 Ninth, VJB, and Kajima/VJB against Santoli's personal injury lawsuit.

### AS AND FOR A TENTH CAUSE OF ACTION
### AGAINST TRAVELERS, REPUBLIC, SCOTTSDALE AND UTICA

241.    That the allegations pled in ¶1 and including ¶240 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

242.    Travelers, Republic, Scottsdale, St. Paul's and/or Utica breached their respective policies or contracts to defend their additional insureds against  Santoli's personal injury lawsuit.

### AS AND FOR A ELEVENTH CAUSE OF ACTION
### AGAINST TRAVELERS, REPUBLIC, SCOTTSDALE AND UTICA

243.    That the allegations pled in ¶1 and including ¶242 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

244.    Travelers, Republic, Scottsdale, St. Paul's and/or Utica breached their respective policies or contracts to indemnify their additional insureds against Santoli's personal injury lawsuit.

### AS AND FOR A TWELFTH CAUSE OF ACTION
### AGAINST TRAVELERS, REPUBLIC, SCOTTSDALE AND UTICA

245.    That the allegations pled in ¶1 and including ¶244 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

246.    475 Ninth and LIU are entitled to a declaratory judgment that Travelers, Republic, Scottsdale, St. Paul's, and/or Utica pay the attorneys' fees, costs and disbursements incurred and continue to be incurred in defending against Santoli's personal injury lawsuit.

### AS AND FOR A THIRTEENTH THIRD-PARTY CAUSE OF ACTION AGAINST SPIELER and R&J

247.    That the allegations pled in ¶1 and including ¶246 are herein repeated, reiterated, realleged and incorporated by reference with the same force and effect as though fully set forth herein at length.

248.    475 Ninth and LIU are entitled to a declaratory judgment that Spieler and R&J are each, respectively, required to defend and indemnify 475 Ninth, VJB and Kajima/VJB against Santoli's lawsuit.

WHEREFORE, the Court is, respectfully, requested to grant the relief sought herein, together with such other and further relief as the Court deems just and proper in the circumstances, with attorneys' fees, costs and disbursements.

Dated: May 3, 2007
      New York, New York

                                      Michael J. Devereaux, Esq.
                                      DEVEREAUX AND WEIDENBAUM,
                                      LLP, as successor to DEVEREAUX &
                                      ASSOCIATES, LLP
                                      Attorneys for
                                      475 NINTH AVENUE ASSOCIATES, LLC,
                                      39 Broadway, Suite 910
                                      New York, New York 10006

24

(212) 785-5959 (T)
(212) 785-4487 (F)

TO:    Michael A. Rose, Esq.
HACH & ROSE, LLP
Attorneys for Plaintiffs
GEORGE SANTOLI and
STACEY SANTOLI
185 Madison Avenue, 8th Floor
New York, New York 10016
(212) 779-0057 (T)
(212) 779-0028 (F)

Philip Castellano, Esq.
O'CONNOR O'CONNOR HINTZ
& DEVENEY, LLP
Attorneys for Defendant
SPIELER & RICCA ELECTRICAL CO., INC.
One Huntington Quadrangle, Suite 1C07
Melville, New York 11741
(631) 777-2330 (T)
(631) 777-2340 (F)

Glenn J. Matera, Esq.
FUREY, KERLEY, WALSH, MATERA &
CINQUEMANI, P.C.
Attorneys for Third-Party Defendants
TRAVELER'S FRANKLIN INSURANCE
COMPANY; UTICA NATIONAL
INSURANCE COMPANY OF TEXAS; UTICA
NATIONAL INSURANCE GROUP; UTICA
MUTUAL INSURANCE COMPANY;
2174 Jackson Avenue
Seaford, New York 11783
(516) 409-6200 (T)
(516) 409-8288 (F)

David Rutherford, Esq.
RUTHERFORD & CHRISTIE LLP
Attorneys for Third-Party Defendants
R&J CONSTRUCTION CORP.
300 E 42nd Street
New York, New York 10017
(212) 599-5799 (T)
(212) 599-5162 (F)

25

Andrew M. Premisler, Esq.
LAZARE POTTER GIACOVAS & KRANJAC LLP
Attorneys for Third-Party Defendants
TRAVELERS INDEMNITY COMPANY OF
AMERICA; TRAVELERS INDEMNITY
COMPANY OF AMERICA; TRAVELERS
INDEMNITY COMPANY OF CONNETICUT
950 Third Avenue
New York, New York 10022
(212) 758-9300 (T)
(212) 888-0919 (F)

SCOTTSDALE INSURANCE COMPANY
8877 N. Gainey Center Drive
Scottsdale, Arizona 85258

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION, FIRST DEPARTMENT

-------------------------------------------------------------------------------X

GEORGE SANTOLI and STACEY SANTOLI,

Index No.: 118596/03

                          plaintiffs-respondents,

      - against -

475 NINTH AVENUE ASSOCIATES, LLC, VJB CONSTRUCTION
475 9TH AVENUE LLC, VJB CONSTRUCTION CORP., and
KAJIMA DEVELOPMENT CORPORATION,

                         defendants-appellants,

        - against -

SPIELER & RICCA ELECTRICAL CO. INC.

                        defendant-respondent,

-------------------------------------------------------------------------------X

VJB CONSTRUCTION CORP.; LIBERTY INTERNATIONAL
UNDERWRITERS a/s/o VJB CONSTRUCTION CORP.,

2nd TP Index No.:
590445/04

                  third-party plaintiffs-appellants,

       -against-

R&J CONSTRUCTION CORP.; TRAVELERS INDEMNITY
COMPANY; TRAVELERS INDEMNITY COMPANY OF
AMERICA; TRAVELERS INDEMNITY COMPANY OF
CONNECTICUT; REPUBLIC FRANKLIN INSURANCE
COMPANY; UTICA NATIONAL INSURANCE COMPANY
OF TEXAS; UTICA NATIONAL INSURANCE GROUP; UTICA
MUTUAL INSURANCE COMPANY; REGIONAL SCAFFOLDING
and HOISTING CO , INC.,

                third-party defendants-respondents.

-------------------------------------------------------------------------------X

## AMENDED SECOND THIRD-PARTY COMPLAINT

# DEVEREAUX & ASSOCIATES, LLP

39 BROADWAY
Suite 910
NEW YORK, NEW YORK 10006
TEL. (212) 785-5959 (T)   /   FAX (212) 785-4487 (F)