# Exhibit N

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

GEORGE SANTOLI and STACEY SANTOLI,

Plaintiffs,

Index No. 05782/03

-against-

475 NINTH AVENUE ASSOCIATES, LLC,
VJB CONSTRUCTION 475 9TH AVENUE LLC, VJB
CONSTRUCTION CORP., SPIELER & RICCA
ELECTRICAL CO and KAJIMA DEVELOPMENT
CORPORATION,

**ANSWER TO AMENDED
SECOND THIRD-PARTY
COMPLAINT**

Defendants.

475 NINTH AVENUE ASSOCIATES, LLC,

Second Third-Party Plaintiff,

-against-

Second Third-Party
Index No. 590528/05

R&J CONSTRUCTION CORP,; SPIELER & RICCA
ELECTRICAL COMPANY, INC.; REPUBLIC
FRANKLIN INSURANCE COMPANY; UTICA
NATIONAL INSURANCE GROUP; SCOTTSDALE
INSURANCE COMPANY; TRAVELERS PROPERTY
CASUALTY COMPANY OF AMERICA; ST. PAUL FIRE
AND MARINE INSURANCE COMPANY,

Second Third-Party Defendants.

Second Third-Party Defendants Travelers Property Casualty Company of America ("Travelers")

and St. Paul Fire and Marine Insurance Company ("St. Paul") by and through their attorneys, Lazare Potter

Giacovas & Kranjac LLP, hereby answer the Second Third-Party Plaintiff 475 Ninth Avenue Associates,

LLC's ("Second Third-Party Plaintiff" or "475 Ninth") Amended Second Third-Party Complaint

("Amended Second Third-Party Complaint") as follows:

1

1.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 51, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213 and 214 of the Amended Second Third-Party Complaint.

2.      Deny the allegations contained in paragraph 50 of the Amended Second Third-Party Complaint, except admit that Travelers issued policy number DT-CO-963K2686-TIL-03 ("the Travelers Policy" or "the Policy) to named insured "R & J Construction, Corp." ("R&J"), with a policy period of January 1, 2003 to January 1, 2004, and respectfully refer the Court to the Policy for its full and precise terms, conditions, provisions, exclusions and any effect thereof; and that Travelers and St. Paul are related and/or affiliated entities.

3.      Deny, upon information and belief, the allegations contained in paragraphs 52, 53, 90, 91, 92, 96, 105, 106, 107, 108, 217, 218 and 220 of the Amended Second Third-Party Complaint.

4.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 75 and 76 of the Amended Second Third-Party Complaint, and further state that Travelers issued the Travelers Policy, and respectfully refer the Court to said policy for its full and precise

2

terms, conditions, provisions, exclusions and any effect thereof.

5.      Deny the allegations in paragraphs 89, 215 and 216 of the Amended Second Third-Party Complaint, except admit that Travelers is providing R&J a defense and paying its attorneys' fees in connection with the above captioned action.

6.      Deny the allegations in paragraphs 93, 94 and 95 of the Amended Second Third-Party Complaint, except admit that Travelers and St. Paul are insurance companies that issue commercial general liability policies and have an office at One Tower Square, Hartford Connecticut 06183.

7.      Deny the allegations in paragraphs 97, 98 and 99 of the Amended Second Third-Party Complaint, except admit that Travelers and St. Paul are licensed with the New York State Insurance Department, do business in the State of New York and County of New York and sell insurance policies.

8.      Deny the allegations in paragraph 100 of the Amended Second Third-Party Complaint, except admit that Travelers and St. Paul issue insurance policies in the State of New York, County of New York.

9.      Deny the allegations in paragraphs 101, 102 and 103 of the Amended Second Third-Party Complaint, except admit that Travelers issued the Travelers Policy and respectfully refers the Court to said policy for its full and precise terms, conditions, provisions, exclusions and any effect thereof.

10.     Deny the allegations contained in paragraph 104 of the Amended Second Third-Party Complaint, except admit that St. Paul issued policy number QK09000355 ("the St. Paul Excess Policy" or "the Excess Policy") to named insured R & J, with a policy period of January 1, 2003 to January 1, 2004, and respectfully refer the Court to said policy for its full and precise terms, conditions, provisions, exclusions and any effect thereof.

11.     Deny the allegations contained in paragraph 140 of the Amended Second Third-Party Complaint, and respectfully refer the Court to the Travelers Policy for its full and precise terms, conditions, provisions, exclusions and any effect thereof.

12.     Deny the allegations contained in paragraphs 202 and 203 of the Amended Second Third-Party Complaint, except admit that St. Paul issued the Excess Policy, and respectfully refer the Court to said policy for its full and precise terms, conditions, provisions, exclusions and any effect thereof.

13.     Deny the allegations contained in paragraph 219 of the Amended Second Third-Party Complaint, except admit that Travelers received notice of the above captioned action from R&J.

## AS AND FOR A RESPONSE TO THE FIRST
## CAUSE OF ACTION AGAINST R&J AND SPIELER

14.     Repeat and reallege each and every response contained herein to the paragraphs of the Amended Second Third-Party Complaint realleged in paragraph 221 thereof.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 222 and 223 of the Second Amended Third-Party Complaint.

16.     Deny the allegations contained in paragraph 224 of the Second Amended Third-Party Complaint.

## AS AND FOR A RESPONSE TO THE SECOND
## CAUSE OF ACTION AGAINST R&J AND SPIELER

17.     Repeat and reallege each and every response contained herein to the paragraphs of the Amended Second Third-Party Complaint realleged in paragraph 225 thereof.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 226 of the Second Amended Third-Party Complaint.

## AS AND FOR A RESPONSE TO THE THIRD
## CAUSE OF ACTION AGAINST R&J AND SPIELER

19.    Repeat and reallege each and every response contained herein to the paragraphs of the

Amended Second Third-Party Complaint realleged in paragraph 227 thereof.

20.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations

contained in paragraph 228 of the Second Amended Third-Party Complaint.

## AS AND FOR A RESPONSE TO THE FOURTH
## CAUSE OF ACTION AGAINST R&J AND SPIELER

21.    Repeat and reallege each and every response contained herein to the paragraphs of the

Amended Second Third-Party Complaint realleged in paragraph 229 thereof.

22.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations

contained in paragraph 230 of the Amended Second Third-Party Complaint.

## AS AND FOR A RESPONSE TO THE FIFTH
## CAUSE OF ACTION AGAINST R&J AND SPIELER

23.    Repeat and reallege each and every response contained herein to the paragraphs of the

Amended Second Third-Party Complaint realleged in paragraph 231 thereof.

24.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations

contained in paragraphs 232 of the Second Amended Third-Party Complaint.

## AS AND FOR A RESPONSE TO THE SIXTH
## CAUSE OF ACTION AGAINST R&J AND SPIELER

25.    Repeat and reallege each and every response contained herein to the paragraphs of the

Amended Second Third-Party Complaint realleged in paragraph 233 thereof.

26.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations

5

contained in paragraph 234 of the Second Amended Third-Party Complaint.

## AS AND FOR A RESPONSE TO THE SEVENTH
## CAUSE OF ACTION AGAINST R&J AND SPIELER

27.     Repeat and reallege each and every response contained herein to the paragraphs of the

Amended Second Third-Party Complaint realleged in paragraph 235 thereof.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations

contained in paragraph 236 of the Second Amended Third-Party Complaint.

## AS AND FOR A RESPONSE TO THE EIGHTH CAUSE OF ACTION AGAINST
## TRAVELERS, REPUBLIC, SCOTTSDALE, ST. PAUL'S AND UTICA

29.     Repeats and realleges each and every response contained herein to the paragraphs of the

Amended Second Third-Party Complaint realleged in paragraph 237 thereof.

30.     Deny the allegations contained in paragraph 238 of the Second Amended Third-Party

Complaint.

## AS AND FOR A RESPONSE TO THE NINTH CAUSE OF ACTION AGAINST
## TRAVELERS, REPUBLIC, SCOTTSDALE AND UTICA

31.     Repeats and realleges each and every response contained herein to the paragraphs of the

Amended Second Third-Party Complaint realleged in paragraph 239 thereof.

32.     Deny the allegations contained in paragraph 240 of the Second Amended Third-Party

Complaint.

## AS AND FOR A RESPONSE TO THE TENTH CAUSE OF ACTION AGAINST
## TRAVELERS, REPUBLIC, SCOTTSDALE AND UTICA

33.     Repeats and realleges each and every response contained herein to the paragraphs of the

Amended Second Third-Party Complaint realleged in paragraph 241 thereof.

34.    Deny the allegations contained in paragraph 242 of the Second Amended Third-Party

Complaint.

## AS AND FOR A RESPONSE TO THE ELEVENTH CAUSE OF ACTION AGAINST TRAVELERS, REPUBLIC, SCOTTSDALE AND UTICA

35.    Repeats and realleges each and every response contained herein to the paragraphs of the

Amended Second Third-Party Complaint realleged in paragraph 243 thereof.

36.    Deny the allegations contained in paragraph 244 of the Second Amended Third-Party

Complaint.

## AS AND FOR A RESPONSE TO THE TWELFTH CAUSE OF ACTION AGAINST TRAVELERS, REPUBLIC, SCOTTSDALE AND UTICA

37.    Repeats and realleges each and every response contained herein to the paragraphs of the

Amended Second Third-Party Complaint realleged in paragraph 245 thereof.

38.    Deny the allegations contained in paragraph 246 of the Second Amended Third-Party

Complaint.

## AS AND FOR A RESPONSE TO THE THIRTEENTH CAUSE OF ACTION AGAINST SPIELER AND R&J

39.    Repeats and realleges each and every response contained herein to the paragraphs of the

Amended Second Third-Party Complaint realleged in paragraph 247 thereof.

40.    Deny the allegations contained in paragraph 248 of the Second Amended Third-Party

Complaint.

## AS AND FOR A FIRST DEFENSE

41.    Second Third-Party Plaintiff has failed to state any claim or cause of action for which relief

7

can be granted.

## AS AND FOR A SECOND DEFENSE

42.     Second Third-Party Plaintiff is estopped from asserting any claims and its claims are barred, upon information and belief, by unclean hands, laches, waiver and/or estoppel.

## AS AND FOR A THIRD DEFENSE

43.     Second Third-Party Plaintiff's claims should be dismissed based on defenses founded upon documentary evidence.

## AS AND FOR A FOURTH DEFENSE

44.     Second Third-Party Plaintiff is not entitled to recover against Travelers, St. Paul or any related or affiliated entity because and to the extent that 475 Ninth, VJB Construction Corp. ("VJB") and/or Kajima/VJB Construction Services, LLC ("Kajima/VJB") are not insureds or additional insureds under the Policy, the Excess Policy or any other policy issued by Travelers, St. Paul or any other related or affiliated entity.

## AS AND FOR A FIFTH DEFENSE

45.     Upon information and belief, Second Third-Party Plaintiff failed to mitigate its alleged damages.

## AS AND FOR A SIXTH DEFENSE

46.     The Policy provides in part:

Blanket Additional Insured (Contractors)

1.     WHO IS AN INSURED (SECTION II) is amended to include any person or organization you are required to include as an additional insured on this policy by a written contract or written agreement in effect during this policy period and

8

executed prior to the occurrence of any loss.

2.  The insurance provided to the additional insured is limited as follows:

    a)  The person or organization is only an additional insured with respect to liability arising out of "your work" for that additional insured.

    b)  In the event that the limits of liability stated in the policy exceed the limits of liability required by the written contract or written agreement, the insurance provided by this endorsement shall be limited to the limits of liability required by the written contract. This endorsement shall not increase the limits stated in Section III - LIMITS OF INSURANCE.

    c)  The insurance provided to the additional insured does not apply to "bodily injury", "property damage", "personal injury" or "advertising injury" arising out of an architect's, engineer's or surveyor's rendering of or failure to render any professional services including:

        I.   The preparing, approving or failing to prepare or approve maps, shop drawings, opinions, reports, surveys, field orders, change orders, or drawings and specifications; and

        II.  Supervisory or inspection activities performed as part of any related architectural or engineering activities.

    d)  Except when required by written contract or written agreement, the coverage provided to the additional insured by this endorsement does not apply to "bodily injury" or "property damage" arising out of acts or omissions of the additional insured other than in connection with the general supervision of "your work".

    e)  This insurance does not apply to "bodily injury" or "property damage" arising out of "your work" included in the "products completed operations hazard" unless you are required to provide such coverage by written contract or written agreement and then only for the period of time required by the contract and in no event beyond the expiration date of the policy.

3.  Subpart (1)(a) of the Pollution exclusion under Paragraph 2., Exclusions of Bodily Injury and Property Damage Liability Coverage (Section I - Coverages) does not apply to you if the "bodily injury" or "property damage" arises out of "your work" performed on premises which are owned or rented by the additional insured at the

9

time "your work" is performed.

4.    Any coverage provided by this endorsement to an additional insured shall be excess over any other valid and collectible insurance available to the additional insured whether primary, excess, contingent or on any other basis unless a written contract or agreement specifically requires that this insurance apply on a primary or contributory basis.

5.    As soon as practicable, each additional insured must give us prompt notice of any "occurrence" which may result in a claim, forward all legal papers to us, cooperate in the defense of any actions, and otherwise comply with policy conditions.

47.    475 Ninth, VJB and Kajima/VJB are not covered as additional insureds under the above endorsement to the extent that Travelers' named insured did not agree to "include [said parties] as additional insureds on this policy by a written contract or written agreement in effect during this policy period and executed prior to the occurrence of any loss."

48.    Even if said endorsement were applicable, 475 Ninth, VJB and Kajima/VJB would not be additional insureds thereunder because and to the extent that the allegations or circumstances relevant to the underlying first-party action are not "with respect to liability arising out of 'your work' [i.e., the work of Travelers' named insured] for that additional insured." Further, 475 Ninth, VJB and/or Kajima/VJB are not additional insureds under said endorsement because, upon information and belief, the allegations, claims, causes of action and/or circumstances relevant to the underlying first-party action "[arise] out of acts or omissions of the additional insured other than in connection with the general supervision of 'your work' [i.e., the work of Travelers' named insured]."

49.    Even if 475 Ninth, VJB and/or Kajima/VJB were somehow covered under the Travelers Policy (which they are not), any such coverage would be excess to any and all other insurance, deductibles or self-insured amounts available and applicable to said parties because, upon information and belief,

10

Travelers' named insured did not agree in a written contract or agreement to "specifically" provide any such insurance "on a primary or contributory basis." For this reason and in accordance with the terms of any other relevant "other insurance" provisions, the Travelers Policy would not provide, under any circumstances, primary coverage. In any event, even if the Travelers Policy could somehow be found to provide primary coverage, said coverage would, at most, provide co-insurance subject to stated methods of sharing under the policy's relevant "other insurance" provision(s). For this additional reason, Second Third-Party Plaintiff is not entitled to the relief they seek herein. Moreover, any coverage otherwise afforded by the above endorsement would be limited to the extent so provided by its remaining provisions.

      50.    Even if 475 Ninth, VJB and/or Kajima/VJB were otherwise entitled to coverage, any such coverage is precluded because and to the extent that said parties failed to provide "prompt notice of any 'occurrence' which may result in a claim, forward all legal papers to us, cooperate in the defense of any actions and otherwise comply with the Policy conditions" and/or any similar provisions in the Travelers Policy, the Excess Policy or in any other related policy issued by Travelers, St. Paul or any other related or affiliated entity, due to said parties' failure to timely and properly notify Travelers, St. Paul or any other related entity of the alleged occurrence, offense, claim and/or suit at issue; failure to timely forward relevant legal papers; failure to cooperate; and/or failure to comply with the above provisions or similar provisions. For example, the underlying accident allegedly took place on April 2, 2003. Further, 475 Ninth was served with the summons and complaint in the above captioned first party action no later than February of 2004. 475 Ninth, however, did not provide Travelers or St. Paul with any notice prior to their disclaimer. Thus, neither Travelers, St. Paul nor any other related or affiliated entity has any duty to defend or indemnify 475 Ninth, VJB and/or Kajima/VJB or any other claimant in connection with the underlying

11

action or any related claims for which third-party plaintiff seeks relief in the Amended Second Third-Party

Complaint. Nor does Travelers, St. Paul or any other related or affiliated entity have any obligation to the

underlying first-party plaintiff, or any other possible claimant herein. For this and other reasons coverage

is hereby denied to any and all such entities.

## AS AND FOR A SEVENTH DEFENSE

51.  The Policy also provides in part:

Duties in the Event of Occurrence, Offense, Claim or Suit

a.  You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. Knowledge of an "occurrence" or an offense by your "employees" shall not, in itself, constitute knowledge to you unless your partners, executive officers, directors, member or insurance manage[rs] shall have actually received notice.  To the extent possible, notice should include:

(1)  How, when and where the "occurrence" or offense took place;

(2)  The names and addresses of any injured persons and witnesses; and

(3)  The nature and location of any injury or damage arising out of the "occurrence" or offense.

We will not deny coverage based solely on your delay in reporting an "occurrence" or offense unless we are prejudiced by your delay.

This condition does not apply as respects the specific number of days within which you are required to notify us in writing of the abrupt commencement of a discharge, release or escape of "pollutants"which causes "bodily injury" or "property damage" which may otherwise be covered under this policy.

b.  If a claim is made or "suit" is brought against any insured, you and any other involved insured must:

(1)  Immediately record the specifics of the claim or "suit" and the date received; and

12

(2)     Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

c.     You and any other involved insured must:

   (1)   Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

   (2)   Authorize and assist us to obtain records and other information and to obtain a special verdict as to covered and uncovered claims in any lawsuit in which you request our defense and/or indemnification;

   (3)   Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

   (4)   Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

d.     No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

e.     Notice given by or on behalf of the insured, or written notice by or on behalf of the injured person or any other claimant, to any agent of ours in New York State, with particulars sufficient to identify the insured, shall be considered to be notice to us.

52.   The Excess Policy similarly provides, in part:

You or any other protected person involved must perform the following duties if:

•      an occurrence, event, accident, offense, incident, acts, error, or omission happens or is committed that will likely result in damages that are covered by this policy; or

•      any injury to a person results in death, brain damage, skull fracture, neurological sensory or systemic deficits, paralysis, with or without paraplegic or quadriplegic impairment, loss of eyesight, third-degree burns, or traumatic loss of or surgical amputation of any limb, if this policy covers such injury.

13

1.    Notify the policy if a law may have been broken.

2.    Send us a copy all written demands. Also send us a copy of all legal documents
      if someone starts a lawsuit.

3.    Tell us or our agent what happened as soon as possible if no written demand or
      lawsuit has been made or brought against you or any other protected person, but
      you or another protected person has knowledge of an occurrence, event, accident,
      offense, incident, act, error, or omission that may later result in a demand for
      damages.  This notice should include all of the following:

      •      The time and place that the occurrence, event, accident, offense, incident,
             act, error, or omission happened or was committed.

      •      The protected person involved;

      •      The specific nature of the occurrence, event, accident, offense, incident,
             act, error, or omission including the type of demand for damages that may
             result; and

      •      The names and addresses of any witnesses and any injured or damaged
             persons or organizations.

                                    * * *

4.    Cooperate and assist us in securing and giving evidence, attending hearings and
      trials, and obtaining the attendance of witnesses.

5.    Not assume any financial obligation or pay out any money without our consent.
      But this rule doesn't apply to first aid given to others at the time of an accident.

53.    Even if 475 Ninth, VJB and/or Kajima/VJB was otherwise entitled to coverage, any such

coverage is precluded by the above provisions and/or any similar provisions in the Policy, the Excess Policy

or in any other related policy issued by Travelers, St. Paul or any other related or affiliated entity, due to

said parties' failure to timely and properly notify Travelers, St. Paul or any other related entity of the alleged

occurrence, event, accident, offense, incident, act, error, omission, claim and/or suit at issue here; failure

14

to timely forward relevant legal papers and demands; failure to cooperate; and/or failure to comply with the above provisions or similar provisions. For example, the underlying accident allegedly took place on April 2, 2003. Further, 475 Ninth was served with the summons and complaint in the above captioned first party action no later than February of 2004. 475 Ninth, however, did not provide Travelers, St. Paul or any related or affiliated entity with any notice prior to their disclaimer. Similarly, Travelers, St. Paul and any other related entity was not timely notified by the underlying first-party plaintiff or by any other relevant claimant or party. Nor was Travelers or St. Paul otherwise timely notified under any applicable law. Thus, neither Travelers, St. Paul nor any other related or affiliated entity have any duty to defend or indemnify 475 Ninth, VJB and/or Kajima/VJB. Nor does Travelers or St. Paul otherwise have any obligation to the underlying first-party plaintiff or any other claimant in connection with the first-party action or any related claims for which Second Third-Party Plaintiff seeks relief in its Second Third-Party Complaint.

54.     Additionally, even if Travelers, St. Paul or any other related or affiliated entity, had received timely notice of the claims at issue and was timely provided with copies of process, pleadings and other required documents, no party would be entitled to defense costs incurred prior to the date it tendered said claims to Travelers, St. Paul and/or to the extent they failed altogether to tender the underlying first-party action or underlying claim at issue.

## AS AND FOR AN EIGHTH DEFENSE

55.     Second Third-Party Plaintiff's claims should be dismissed to the extent that all or part of the damages alleged by the underlying first-party plaintiff or any other claimant herein do not arise out of or constitute "bodily injury," an "accident" or "occurrence" under the Policy, the Excess Policy or any other relevant policy of insurance issued by Travelers, St. Paul or any other related or affiliated entity.

Additionally, there is no coverage to the extent the underlying claims at issue do not allege or concern

liability for damages as a result of "bodily injury" or "property damage."

AS AND FOR A NINTH DEFENSE

56.     There is no coverage with respect to any claimant who is not an insured under the Policy

and the Excess Policy in connection with the claims at issue.

AS AND FOR A TENTH DEFENSE

57.     Neither the Policy, the Excess Policy nor any other relevant policy issued by Travelers, St.

Paul or any other related or affiliated entity covers any claims for breach of contract asserted against any

claimed insured. The Policy, the Excess Policy and any other relevant policy would only cover (subject

to other terms, limitations, exclusions and conditions) those sums an insured becomes legally obligated to

pay as damages because of "bodily injury" or "property damage" to which said insurance applies. Also,

said policies exclude from coverage any "bodily injury" or "property damage" expected or intended from

the standpoint of the "insured" or "protected person."

AS AND FOR AN ELEVENTH DEFENSE

58.     Any coverage afforded by the Policy, the Excess Policy or any other policy issued by

Travelers, St. Paul or any other related or affiliated entity would be subject to any and all limits, deductibles,

retained limits, retentions, self insured retentions and/or other limits as stated in any such policies.

AS AND FOR A TWELFTH DEFENSE

59.     If at the time of trial, any issues herein have finally been determined against Second Third-

Party Plaintiff, any party and/or any claimed insured(s), by a tribunal, forum or court, all of competent

jurisdiction, then, in that event, Second Third-Party Plaintiff, and/or any other claimed insured(s) will be

16

estopped from relitigating said issues under principles of res judicata, collateral estoppel or any similar principle. For example, the Court has dismissed the coverage claims with respect to VJB and Kajima/VJB. Thus, any claims for coverage by or on behalf of said parties in the Amended Second Third-Party Plaintiff should be dismissed under principles of res judicata and collateral estoppel.

## AS AND FOR A THIRTEENTH DEFENSE

60.    To the extent that the Amended Second Third-Party Complaint seeks a declaratory judgment with respect to any alleged duty of Travelers, St. Paul or any other related or affiliated entity to indemnify Second Third-Party Plaintiff or any claimed insureds in connection with the underlying first-party action or underlying claims herein, said request would be premature insofar as the facts necessary to determine said coverage issues will be decided in the underlying first-party action and/or any related action.

## AS AND FOR A FOURTEENTH DEFENSE

61.    The Amended Second Third-Party Complaint should be dismissed to the extent it concerns or relates to any alleged circumstances, accidents, losses, occurrences or damages that took place outside of the policy period of the Policy, the Excess Policy or any other relevant primary or excess insurance policy issued by Travelers, St. Paul or any other related or affiliated entity upon which Second Third-Party Plaintiff is basing its claims. Also, this action should be dismissed to the extent the alleged accidents, losses, occurrences or damages took place at a location or premises not covered by the Policy, the Excess Policy or any other relevant insurance policy issued by Travelers, St. Paul or any other related or affiliated entity. Furthermore, this action should be dismissed to the extent that any alleged circumstances, accidents, losses, occurrences or damages that took place after the cancellation of the Policy, the Excess Policy or any other relevant insurance policy issued by Travelers, St. Paul or any other related or affiliated entity upon which

17

Second Third-Party Plaintiff is basing its claims.

## AS AND FOR A FIFTEENTH DEFENSE

62.    Second Third-Party Plaintiff's claims are barred in whole or in part by the terms, exclusions, conditions, definitions and limitations in the Policy, the Excess Policy or any other relevant primary or excess policy issued by Travelers, St. Paul or any other related or affiliated entity that could be applicable to this claim.

## AS AND FOR A SIXTEENTH DEFENSE

63.    Upon information and belief, Second Third-Party Plaintiff failed to join all necessary and/or indispensable parties to this action, the absence of which creates a substantial risk that Travelers and St. Paul will be exposed to prejudice. Such parties include, but are not limited to, any and all relevant general liability insurers or any other type of insurer.

## AS AND FOR A SEVENTEENTH DEFENSE

64.    Under the Policy, the Excess Policy or any other policy issued by Travelers, St. Paul or any other related or affiliated entity, Second Third-Party Plaintiff's action should be dismissed because of its failure, any claimed insured's failure and/or any party's failure to fully comply with all the terms of any said policies including, but not limited to, notice, assistance, and cooperation.

## AS AND FOR AN EIGHTEENTH DEFENSE

65.    Second Third-Party Plaintiff is not a third-party beneficiary of any contract between Travelers/St. Paul and its named insured. Nor does Second Third-Party Plaintiff otherwise have standing to seek recovery in connection with any such insurance contract.

## AS AND FOR A NINETEENTH DEFENSE

18

66. No coverage is created by any alleged Certificate of Insurance.

## AS AND FOR A TWENTIETH DEFENSE

67. Under its terms, the Policy does not apply to:

b. Contractual Liability

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1) That the insured would have in the absence of the contract or agreement; or

(2)Assumed in a contract or agreement that is an "insured contract," provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

(a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

(b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

c. Workers Compensation and Similar Laws

Any obligation of the insured under a workers compensation, disability benefits or unemployment compensation law or any similar law.

d. Employer's Liability

"Bodily injury" to:

(1) An employee of the insured arising out of and in the course of:

(a) Employment by the insured; or

(b) Performing duties related to the conduct of the insured's business; or

(2)     The spouse, child, parent, brother or sister of that "employee" as a consequence of (1) above.

This exclusion applies:

(1)     Whether the insured may be liable as an employer or in any other capacity; and

(2)     To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract."

68.     The St. Paul Excess Policy contains similar provisions.

69.     Thus, the Travelers Policy and the St. Paul Excess Policy would not cover any insured, additional insured or alleged insured to the extent any claims against any said entity or individual fall within the above exclusions. Travelers and St. Paul reserve all their rights in this regard.

## AS AND FOR A TWENTY-FIRST DEFENSE

70.     Upon information and belief, Second Third-Party Plaintiff's claims are barred in whole or in part by New York's General Obligations Law § 5-322.1, and/or by virtue of their own culpability in connection with any claim here at issue.

## AS AND FOR A TWENTY-SECOND DEFENSE

71.     For the reasons stated herein, 475 Ninth, VJB, Kajima/VJB and any other claimed insured or additional insured would not be entitled to any coverage or recovery from Travelers, St. Paul or any related entity, under the Excess Policy. Thus, for example, any such coverage would be lacking because, and to the extent that, among other reasons: 475 Ninth, VJB and Kajima/VJB are not insureds or additional

20

insureds on any such policy or any other possible relevant policy; 475 Ninth, VJB and Kajima/VJB are not insureds or entitled to coverage under the "Basic Insurance" (including the Policy) or any other possibly relevant underlying insurance as defined in the Excess Policy; 475 Ninth, VJB and Kajima/VJB are not covered under the "Basic Insurance" (including the Policy) or any other possibly relevant underlying insurance "only because they exceed the payment of the applicable limit of coverage stated in your 'Basic Insurance'"; late notice and failure to tender; and a breach of policy conditions. Nor is there coverage under the Excess Policy because and to the extent that the "applicable limit of coverage" of the "Basic Insurance" (e.g., the Policy) has "not been used up." In any event, even if there were coverage under the Excess Policy, any such policy would be only excess and subject to any terms, underlying limits, conditions, deductibles, and other similar policy provisions/requirements therein.

72.     Further, there is no coverage under the Excess Policy because and to the extent that R&J never agreed in writing to provide said parties with excess or umbrella insurance. Even if there was such a contract, there would be no coverage under the Excess Policy because and to the extent that the "limits of coverage required by the contract [did not] exceed the applicable limit of coverage in your 'Basic Insurance' [e.g., the Policy]."

AS AND FOR A TWENTY-SECOND DEFENSE

73.     Travelers, St. Paul and any other relevant, related or affiliated entity reserves the right to assert additional defenses (policy based or otherwise) upon receipt and review of all documents and other materials or information relevant to this matter.

AS AND FOR A CROSS CLAIM AGAINST REPUBLIC FRANKLIN
INSURANCE COMPANY, UTICA NATIONAL INSURANCE GROUP
and SCOTTSDALE INSURANCE COMPANY

21

74.     Travelers and St. Paul repeat and reallege each and every allegation contained in paragraphs 1 through 73 as though fully set forth herein.

75.     Upon information and belief, Second Third-Party Defendants Republic Franklin Insurance Company, Utica National Insurance Group and Scottsdale Insurance Company issued primary and excess policies of insurance covering Second Third-Party Plaintiff for each and every aspect of the claims set forth in and relating to the above captioned action.

76.     To the extent, if any, it is determined that Travelers, St. Paul or any other related entity is obligated to defend and/or indemnify Second Third-Party Plaintiff or any other party herein or in connection with the above captioned action (which Travelers and St. Paul deny), any such obligation would be subject to the duties and obligations of Second Third-Party Defendants Republic Franklin Insurance Company, Utica National Insurance Group and Scottsdale Insurance Company and of any and all other insurance carriers to act as primary insurers.

77.     There exists a real, actual and justiciable controversy between Second Third-Party Defendants Republic Franklin Insurance Company, Utica National Insurance Group and Scottsdale Insurance Company and Travelers and St. Paul.

78.     Travelers and St. Paul have no adequate remedy at law with respect to the allegations in this cross-claim.

22

**WHEREFORE**, Second Third-Party Defendants Travelers Property Casualty Company of

America and St. Paul Fire and Marine Insurance Company, demand judgment as follows:

a.   declaring that Travelers and St. Paul have no obligation to defend or to indemnify, and/or have no other obligation to Second Third-Party Plaintiff 475 Ninth Avenue Associates, LLC, Defendants VJB Construction Corp. and Kajima/VJB Construction Services, LLC or any other relevant party herein;

b.   otherwise dismissing the Amended Second Third-Party Complaint in its entirety;

c.   that Travelers and St. Paul have judgment over and against Second Third-Party Defendants Republic Franklin Insurance Company, Utica National Insurance Group and Scottsdale Insurance Company for all or part of any verdict or judgment which may be obtained herein by Second Third-Party Plaintiff against this answering third-party defendant;

d.   awarding Travelers and St. Paul its expenses, costs and reasonable attorneys fees;

e.   awarding Travelers and St. Paul such other and further relief as the Court otherwise deems, just and proper.

Dated:  New York, New York
        June 8, 2007

                         LAZARE POTTER GIACOVAS & KRANJAC LLP


                         By: _____
                             Stephen M. Lazare, Esq.
                             Andrew M. Premisler, Esq.
                         950 Third Avenue
                         New York, New York  10022
                         (212) 758-9300
                         Attorneys for Second Third-Party Defendants Travelers
                         Property Casualty Company of America ("Travelers")
                         and St. Paul Fire and Marine Insurance Company ("St.
                         Paul")

## ATTORNEY VERIFICATION

ANDREW M. PREMISLER, an attorney admitted to practice in the Courts of the State New York, and an associate with the firm of Lazare Potter Giacovas & Kranjac LLP, with offices located at 950 Third Avenue, New York, NY 10022, affirms that he is the attorney for the answering Second Third-Party Defendants Travelers Property Casualty Company of America ("Travelers") and St. Paul Fire and Marine Insurance Company ("St. Paul") in the within action, and that the following statements are true under the penalties of perjury:

I have read the foregoing Answer and know the contents thereof, and the same is true to the best of my knowledge except as to the matters therein stated to be alleged upon information and belief and as to those matters I believe them to be true. The grounds for my belief as to all matters therein are as follows: investigations made into the subject matter and information received in the course of my duties as attorney for said Defendant.

The reason this Verification is made by me and not by said Defendant is said Defendant is a foreign corporation.

Dated: New York, New York
       June 8, 2007

ANDREW M. PREMISLER, ESQ.

STATE OF NEW YORK        )
                         )  ss:
COUNTY OF NEW YORK  )

        BARBARA CANCEL, being duly sworn, deposes and says:

        Deponent is not a party to this action, is over the age of eighteen years and resides in the State of New York, County of Queens.

        That on the 8th day of June 2007 deponent caused to be served a copy of the **ANSWER TO AMENDED SECOND THIRD-PARTY COMPLAINT** on the parties herein by depositing one true copy of said document to the addresses listed below, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York upon:

        Please see attached service list.

                                      BARBARA CANCEL

Sworn to before me this
8th day of June 2007

Notary Public

**ANDREW M. PREMISLER**
**Notary Public, State of New York**
**No. 01PR6012186**
**Qualified in New York County**
**Commission Expires** _1/3/4/u_

## Service List

Stephen Rach, II, Esq.
Furey, Kerley, Walsh, Matera & Cinquemani, P.C.
2174 Jackson Avenue
Seaford, New York 11783

Michael J. Devereaux, Esq.
Devereaux Weindenbaum, LLP
39 Broadway, Suite 910
New York, New York 10006

Michael Reagan, Esq.
O'Connor, O'Connor, Hintz & Deveney, LLP
One Huntington Quadrangle, Suite 1C07
Melville, New York 11741

Michael A. Rose, Esq.
Hach & Rose, LLP
185 Madison Avenue, 8th Floor
New York, New York 10016

Veronica LaValle, Esq.
Rutherford & Christie
300 East 42nd Street
New York, New York 10017

Robert Sanchez, Esq.
Frank Wright and Associates
641 Lexington Avenue
New York, New York 10022



SUPREME COURT OF THE STATE OF NEW YORK,
APPELLATE DIVISION: FIRST DEPARTMENT
Index No.: 118596/03

GEORGE SANTOLI and STACEY SANTOLI,

Plaintiffs,

-against-

475 NINTH AVENUE ASSOCIATES, LLC,
VJB CONSTRUCTION 475 9TH AVENUE LLC, VJB CONSTRUCTION CORP., SPIELER &
RICCA ELECTRICAL CO. INC. and KAJIMA DEVELOPMENT CORPORATION,

Defendants,

VJB CONSTRUCTION CORP.; and LIBERTY INTERNATIONAL UNDERWRITERS a/s/o
VJB CONSTRUCTION CORP.,

Third-Party Plaintiffs,

-against-

R&J CONSTRUCTION CORP,; TRAVELERS INDEMNITY COMPANY; TRAVELERS
INDEMNITY COMPANY OF AMERICA; TRAVELERS INDEMNITY COMPANY OF
CONNECTICUT; REPUBLIC FRANKLIN INSURANCE COMPANY; UTICA NATIONAL
INSURANCE COMPANY OF TEXAS; UTICA NATIONAL INSURANCE GROUP; UTICA
MUTUAL INSURANCE COMPANY; UTICA NATIONAL ASSURANCE COMPANY;
REGIONAL SCAFFOLDING and HOISTING CO., INC.

Third-Party Defendants.

## ANSWER TO AMENDED SECOND THIRD-PARTY COMPLAINT

Certification (Pursuant to Rule 130-1.1)

Andrew J. Premisler, Esq.

**LAZARE POTTER GIACOVAS & KRANJAC LLP**
**950 THIRD AVENUE**
**NEW YORK, NEW YORK 10022**
**(212) 758-9300**

*Attorneys for Third-Party Defendant-Respondent The Travelers Indemnity Company of Illinois,
(erroneously sued herein as "Travelers Indemnity Company," "Travelers Indemnity Company of
America," and "Travelers Indemnity Company of Connecticut")*