# Exhibit O

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------X          Index No. 118596/03

GEORGE SANTOLI and STACEY SANTOLI,

                                 Plaintiffs,

               -against-

475 NINTH AVENUE ASSOCIATES, LLC,
VJB CONSTRUCTION 475 9TH AVENUE LLC,
VJB CONSTRUCTION CORP.,
SPIELER & RICCA ELECTRICAL CO., INC.,
and KAJIMA DEVELOPMENT CORPORATION,

                               Defendants.

------------------------------------------------------------------X          TP Index No
                                                                 590445/04
VJB CONSTRUCTION CORP.,
LIBERTY INTERNATIONAL
UNDERWRITERS a/s/o VJB CONSTRUCTION CORP.,

                             Third-Party Plaintiffs,

          -against-

R & J CONSTRUCTION CORP., TRAVELERS INDEMNITY
COMPANY, TRAVELERS INDEMNITY COMPANY
OF AMERICA, TRAVELERS INDEMNITY COMPANY
OF CONNECTICUT, REPUBLIC FRANKLIN INSURANCE
COMPANY, UTICA NATIONAL INSURANCE COMPANY
OF TEXAS, UTICA NATIONAL INSURANCE GROUP,
UTICA MUTUAL INSURANCE COMPANY, UTICA
NATIONAL ASSURANCE COMPANY, REGIONAL
SCAFFOLDING and HOISTING CO., INC.,

                             Third-Party Defendants,

------------------------------------------------------------------X          2nd TP Index No
475 NINTH AVENUE ASSOCIATES, LLC,                         590528/05
VJB CONSTRUCTION, 475 9TH AVENUE LLC,
VJB CONSTRUCTION CORP.,
KAJIMA DEVELOPMENT CORPORATION, KAJIMA/VJB
CONSTRUCTION SERVICES, LLC,
LIBERTY INTERNATIONAL UNDERWRITERS a/s/o
475 NINTH AVENUE ASSOCIATES,
LLC, VJB CONSTRUCTION 475 9TH AVENUE LLC,
VJB CONSTRUCTION CORP., KAJIMA
DEVELOPMENT CORPORATION, KAJIMA/VJB
CONSTRUCTION SERVICES, LLC DEVELOPMENT
CORPORATION and KAJIMA/VJB
CONSTRUCTION SERVICES, LLC,

Index No. 118596/03

**NOTICE**
**OF ENTRY**

Second Third-Party Plaintiffs,

-against-

R & J CONSTRUCTION CORP.,
SAINT PAUL TRAVELERS GROUP, TRAVELERS CASUALTY,
SURETY COMPANY OF AMERICA, TRAVELERS INDEMNITY
COMPANY, TRAVELERS INDEMNITY COMPANY OF AMERICA,
TRAVELERS INDEMNITY COMPANY OF CONNECTICUT,
REPUBLIC FRANKLIN INSURANCE COMPANY,
UTICA NATIONAL INSURANCE COMPANY OF TEXAS,
UTICA NATIONAL INSURANCE GROUP, UTICA MUTUAL
INSURANCE COMPANY, UTICA NATIONAL ASSURANCE
COMPANY, REGIONAL SCAFFOLDING AND
HOISTING CO., INC.

Second Third-Party Defendants,

----------------------------------------------------------------X

COUNSEL:

PLEASE TAKE NOTICE that annexed hereto is a true copy of the Decision and

Order of the Honorable Shirley Kornreich duly entered in the office of the Clerk of the within

named Court on August 20, 2007.

Dated: New York, New York
       Tuesday, August 21, 2007

Yours, etc.,

Michael A Rose
Hach & Rose LLP
Attorneys for Plaintiff
GEORGE SANTOLI and
STACEY SANTOLI
185 Madison Avenue
New York, New York 10016
Tel. 212.779.0057

To:    O'Connor O'Connor
       Hintz & Deveney, LLP
       Attorneys for Defendant(s)
       SPIELER & RICCA ELECTRICAL CO., INC.
       One Huntington Quadrangle, Suite 1C07
       Melville, NY 11747
       631.777.2330


       Devereaux & Associates, LLP
       Attorneys for Defendant(s)
       475 NINTH AVENUE ASSOCIATES, LLC,
       VJB CONSTRUCTION 475 9TH AVENUE LLC,
       VJB CONSTRUCTION CORP.
       TP Plaintiff(s)
       VJB CONSTRUCTION CORP., LIBERTY INTERNATIONAL
       UNDERWRITERS a/s/o VJB CONSTRUCTION CORP., and
       2nd TP Plaintiff(s)
       475 9TH AVENUE LLC, VJB CONSTRUCTION CORP.,
       KAJIMA DEVELOPMENT CORPORATION, KAJIMA/VJB
       CONSTRUCTION SERVICES, LLC, LIBERTY INTERNATIONAL
       UNDERWRITERS a/s/o 475 NINTH AVENUE ASSOCIATES,
       LLC, VJB CONSTRUCTION 475 9TH AVENUE LLC, VJB
       CONSTRUCTION CORP., KAJIMA DEVELOPMENT
       CORPORATION, KAJIMA/VJB CONSTRUCTION SERVICES, LLC
       DEVELOPMENT CORPORATION and
       KAJIMA/VJB CONSTRUCTION SERVICES, LLC
       39 Broadway, Suite 910
       New York, New York 10006
       (212) 785-5959

       Furey Kerley Walsh Matera & Cinquemani, P.C.
       Attorneys for Third-Party Defendant(s)
       and 2nd TP Defendant(s)
       REPUBLIC FRANKLIN INSURANCE COMPANY,
       UTICA NATIONAL INSURANCE COMPANY OF TEXAS
       UTICA NATIONAL INSURANCE GROUP, UTICA MUTUAL
       INSURANCE COMPANY, UTICA NATIONAL ASSURANCE COMPANY
       and UTICA NATIONAL ASSURANCE COMPANY
       2174 Jackson Avenue
       Seaford, New York 11783
       516.409.6200

Rutherford & Christie
Attorneys for Third-Party Defendant
R & J Construction Corp.
300 East 42nd Street
New York, New York 10017
212.599.5799

Frank H. Wright, P.C.
Attorneys for Defendant(s)
REGIONAL SCAFFOLDING
and HOISTING CO., INC.
641 Lexington Avenue
New York, New York 10022
212.832.3611

Lazare Potter Giacovas & Kranjac LLP
Attorneys for Third-Party Defendant(s)
TRAVELERS INDEMNITY
COMPANY, TRAVELERS INDEMNITY COMPANY OF AMERICA,
TRAVELERS INDEMNITY COMPANY OF CONNECTICUT
950 Third Avenue
New York, New York 10022
212.753.9300

SCANNED ON 8/20/2007

# SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: JUDGE SHIRLEY WERNER KORNREICH                    PART 54

Index Number : 118596/2003

SANTOLI, GEORGE

vs

475 NINTH AVENUE ASSOCIATES

Sequence Number : 008

DISMISS

INDEX NO. _____

MOTION DATE  5/10/07

MOTION SEQ. NO. _____

MOTION CAL. NO. _____

The following papers, numbered 1 to _20_ were read on this motion to/for _dismiss (sj.)_

|                                                                    | PAPERS NUMBERED |
|--------------------------------------------------------------------|-----------------|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ...   | 1 - 5           |
| Answering Affidavits — Exhibits _____                    | 6 - 16          |
| Replying Affidavits _____                                | 17 - 20         |

Cross-Motion:  ☒ Yes   ☐ No

Upon the foregoing papers, It is ordered that this motion

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S):

MOTION IS DECIDED IN ACCORDANCE
WITH ACCOMPANYING MEMORANDUM
DECISION AND ORDER.  **FILED**

AUG 2 0 2007

Dated: _____

HON. SHIRLEY WERNER KORNREICH
J.S.C.

Check one:  ☐ FINAL DISPOSITION   ☒ NON-FINAL DISPOSITION

Check if appropriate:  ☐ DO NOT POST        ☐ REFERENCE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X

GEORGE SANTOLI and STACEY SANTOLI,

                       Plaintiffs,

        -against-

475 NINTH AVENUE ASSOCIATES, LLC,
VJB CONSTRUCTION 475 9TH AVENUE, LLC,
VJB CONSTRUCTION CORP., SPIELER & RICCA
ELECTRICAL CO., INC., and KAJIMA
DEVELOPMENT CORPORATION,

                      Defendants.

------------------------------------------------------------X

VJB CONSTRUCTION CORP., LIBERTY
INTERNATIONAL UNDERWRITERS a/s/o
VJB CONSTRUCTION CORP.,

                Third-Party Plaintiffs,

        -against-

R&J CONSTRUCTION CORP., TRAVELERS
INDEMNITY COMPANY, TRAVELERS
INDEMNITY COMPANY OF AMERICA,
TRAVELERS INDEMNITY COMPANY OF
CONNECTICUT, REPUBLIC FRANKLIN
INSURANCE COMPANY, UTICA NATIONAL
INSURANCE COMPANY OF TEXAS, UTICA
NATIONAL INSURANCE GROUP, UTICA
MUTUAL INSURANCE COMPANY, REGIONAL
SCAFFOLDING and HOISTING CO, INC.,

              Third-Party Defendants.

------------------------------------------------------------X

SHIRLEY WERNER KORNREICH, J.

    Index No. 118596/03

    DECISION & ORDER

    Third-Party Index No. 590445/04

**FILED**

AUG 2 0 2007

NEW YORK
COUNTY CLERKS OFFICE

*I. Motions Before the Court*

Defendants 475 Ninth Avenue Associates, LLC (Owner); VJB Construction 475 9th

1

Avenue, LLC (VJB/475); VJB Construction Corp. (VJB); and Kajima Development Corporation (Kajima) (collectively, "movants") move: 1) for summary judgment dismissing plaintiffs' claims under Labor Law 200, 240(1), and 241(6) and for common law negligence; 2) for summary judgment on their cross-claims against *Spieler and Ricca Electrical Co., Inc. (Spieler),* for contractual indemnification; 3) for summary judgment on their cross-claims against Spieler's insurer, Utica; 3) for sanctions against Spieler for failure to provide discovery; 4) to vacate the note of issue; 5) for sanctions against plaintiffs for failure to provide discovery; 5) to modify or vacate orders of the court dated March 18, April 28 and October 3, 2005; and 6) to compel discovery. In the affirmation of Michael J. Devereaux, dated April 18, 2007, submitted in opposition to plaintiffs' cross-motion, movants for the first time request summary judgment on their contractual indemnification against second third-party defendant R&J Construction Corp. (R&J). Movants request for summary judgment against R&J is not properly before the court and will not be considered because movants did not request that relief in their moving papers, *Schiulaz v. Arnell Constr. Corp.,* 261 A.D.2d 247, 248 (1ˢᵗ Dept. 1999), and did not attach a copy of the Owner's second third-party complaint against R&J, CPLR 3212(b).

Plaintiffs cross-move for summary judgment on their Labor Law §240(1) claim. Plaintiffs move by separate cross-motion for imposition of sanctions on movants, pursuant to 22 NYCRR §130-1.1.

Spieler's cross-motion to clarify prior orders of the court, dated April 28 and October 3, 2005, and for sanctions was withdrawn prior to oral argument. The court disagrees with movants' contention that Spieler impermissibly withdrew its motion without consent of all parties. Spieler's cross-motion was permitted to be withdrawn by order of the court entered

2

January 6, 2006 and the argument initially was scheduled for January 26, 2006. The motion was not fully submitted until May 10, 2007, due to a stay pending appeal. A motion may be withdrawn at any time prior to final submission, which occurs when the attorney steps forward to argue the motion. *Oshrin v. Celanese Corp. of America*, 37 N.Y.S.2d 548 (Sup. Ct. N.Y. 1942), 1942 N.Y. Misc. LEXIS 2065 (n.o.r.), *affirmed*, 265 A.D. 923 (1st Dept. 1942), *affirmed*, 291 N.Y. 170 (1943); *Marsh v. Marsh*, 63 N.Y.S.2d 42, 43 N.Y. Misc. LEXIS 2322 (Sup Ct. Nassau Co. 1946)(n.o.r.); *Wallace v. Ford*, 44 Misc.2d 313 (Sup. Ct. Erie Co. 1964). Therefore, Spieler's cross-motion was properly withdrawn.

*Procedural Background*

While these motions were pending, by order of the Appellate Division, First Department, dated March 27, 2007 (AD Order), this court's order, dated October 3, 2005 (October 2005 Order) was modified to the extent of reinstating the second third-party complaint of the Owner and otherwise affirmed. The AD Order also held that "the answer of 475 Ninth, the owner, was never stricken and remains pending." The October 2005 Order was affirmed insofar as it struck VJB's answer, affirmative defenses, cross-claims and third-party complaint and to the extent that it struck the second third-party complaint against all parties, with the exception of the Owner. In addition, the October 2005 Order was affirmed insofar as it denied movants' motion to compel discovery, preclude or strike the pleadings of plaintiffs and Spieler. The AD Order dismissed appeals from orders of this court dated March 18, April 28, and June 15, 2005. The June 15, 2005 Order granted summary judgment in favor of Spieler's insurer, Utica, which moots movants' motion insofar as it seeks summary judgment against Utica. Further, the AD Order noted that the actions against VJB/475 and Kadima were abandoned by plaintiffs, pursuant to

3

CPLR 3215(c), because plaintiffs failed to enter a default judgment against those parties within one-year of the default.

Hence, most of the relief sought by the motion in chief has been determined adversely to movants and affirmed by the AD Order. What remains of the motion in chief is 1) the Owner's motion for summary judgment dismissing plaintiffs' claims under Labor Law §§200, 240(1), 241(6) and common law negligence; and 2) the Owner's summary judgment motion on its cross-claims against Spieler for contractual indemnification.

*Factual Background* [1]

Plaintiff allegedly was injured on April 2, 2003, while working as a carpenter/foreman for third-party defendant R&J. In its June 22, 2004 answer to the amended complaint, the Owner admitted that it owned the construction site on which the accident occurred, which was located at 475 Ninth Avenue, New York, New York. Plaintiff testified that a carpenter/foreman "is in charge of all the other carpenters on the job," and that he supervised all the other carpenters.

On the day of the accident, nobody from R&J to whom plaintiff reported was on the site until after the accident. Noone gave plaintiff instructions on the day of the accident. Plaintiff did not know whether anyone else was working on the top floor where he was working on the day of the accident and he did not see any other workers there that day. He had not seen anyone working on the top floor for "[a] couple of weeks" prior to the accident. Plaintiff recounted that prior to the accident, in preparation for Building Department inspections, debris in dumpsters and equipment from the lower floors had been taken to the top floor by the general contractor's

---

[1]Familiarity with the AD Order and this court's prior orders, which are mentioned above, is assumed and the facts will be repeated only as necessary.

4

laborers and all of the other trades.

Plaintiff said that he was working on the top floor of the site,[2] after his lunch break, replacing ceiling tiles in a hallway, when the unwitnessed accident occurred. He was descending from the 3rd rung of a 4 rung A-frame ladder, when it started to shift to the right, causing his left foot to slide. He lost his balance and jumped off the ladder, whereupon his left foot landed and slipped on a rolling piece of construction debris, causing his body to hit a wall. After colliding with the wall, plaintiff looked down to see what he had stepped on and saw a 6 inch piece of BX cable. He also stated that, for approximately two weeks before the accident, the hallway contained dumpsters full of garbage and debris consisting of "[a] little bit of everything," including "shavings from the pipe cutter," "scraps of ceiling tiles that were cut offs," and sheetrock. Plaintiff testified that before the accident, the debris "was off on the side. The path was pretty much cleared because I set my ladder up and I made sure the path was clear to get up and down." Plaintiff opined that the "job was understaffed with laborers which created garbage build up."

Prior to the accident, plaintiff had noticed that the ladder, which was owned by R&J and which he had used "[a] thousand times," occasionally shifted. The ladder was wooden and did not have shoes or boots on the bottom of the legs, only wood.

However, plaintiff gave other accounts of the accident from which a jury could infer that an unsteady ladder was not involved. In his signed report of the accident, dated 4/31/03, it is unclear whether plaintiff reported a fall from the ladder. The report stated that he "came off

---

[2]Plaintiff described the top floor as the "13th construction, 15th residential" floor, with the putative explanation that 13 is skipped because it is thought to bring bad luck.

ladder steped on BX and sliped." [sic]  It does not say how plaintiff "came off the ladder."  The report of the independent medical examination by the Workers' Compensation Board doctor, dated April 26, 2004, states that:

> The claimant, while working as a carpenter on his job on 04/04/03, had tiles from the ceiling come down and as a result he stepped on a cable and debris twisting his body to stop himself from falling.

The history, apparently imparted by plaintiff to the doctor, did not mention a ladder.

There is no evidence that the BX cable on which plaintiff allegedly slipped had been left there by Spieler.  Although Spieler's witness testified that Spieler was the only trade using BX cable on the site, he did not know whether during the week of the accident Spieler was working on the floor where the accident happened.  Moving Papers, Exh. 8, p. 105.  The record contains no evidence that Spieler was working where plaintiff was injured on or near the date of the accident.  Plaintiff testified that the electricians were not working with BX cable for weeks before the accident, that nobody was working on the top floor for two weeks before it occurred, that there was debris other than BX cable which he cleared away before he set up his ladder, and that on the day of the accident Spieler's electricians were working in the lobby.

*Discussion*

It is well established that summary judgment may be granted only when it is clear that no triable issue of fact exists.  *Alvarez v. Prospect Hosp.*, 68 N.Y.2d 320, 325 (1986).  The burden is upon the moving party to make a prima facie showing of entitlement to summary judgment as a matter of law.  *Zuckerman v. City of New York*, 49 N.Y.2d 557, 562 (1980); *Friends of Animals, Inc. v. Associated Fur Mfrs., Inc.*, 46 N.Y.2d 1065, 1067 (1979).  A failure to make such a *prima facie* showing requires a denial of the summary judgment motion, regardless of the sufficiency of

6

the opposing papers. *Ayotte v Gervasio*, 81 N.Y.2d 1062, 1063 (1993). If a *prima facie* showing has been made, the burden shifts to the opposing party to produce evidentiary proof sufficient to establish the existence of material issues of fact. *Alvarez, supra*, 68 N.Y.2d at 324; *Zuckerman, supra*, 49 N.Y.2d at 562. The papers submitted in support of and in opposition to a summary judgment motion are examined in the light most favorable to the party opposing the motion. *Martin v. Briggs*, 235 A.D.2d 192, 196 (1st Dept. 1997). Mere conclusions, unsubstantiated allegations, or expressions of hope are insufficient to defeat a summary judgment motion. *Zuckerman, supra*, 49 N.Y.2d, at 562. Upon the completion of the court's examination of all the documents submitted in connection with a summary judgment motion, the motion must be denied if there is any doubt as to the existence of a triable issue of fact. *Rotuba Extruders, Inc. v. Ceppos*, 46 N.Y.2d 223, 231 (1978).

### A. Labor Law §240(1)

The motion and cross-motion for summary judgment on plaintiffs' §240(1) claim must be denied because there is a question of fact as to whether plaintiff was injured by a risk for which protection is afforded under the statute. Labor Law §240(1) provides as follows:

> All contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work, in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.

Where a ladder malfunctions, there is a presumption that it was not good enough to afford proper protection. *Blake v. Neighborhood Hous. Servs. of N.Y. City, Inc.*, 1 N.Y.3d 280, 289 (2003). In

7

this case, plaintiff testified that the ladder malfunctioned by shifting. Movants' argument that plaintiff jumped or was required to look where he was jumping is unavailing because contributory negligence is not a defense to a claim under the statute. *Id.* at 287. Liability may be imposed where an unsteady ladder causes the worker to lose his balance, even if the worker does not fall, but is injured in attempting to avert a fall. *Fernandes v. Equitable Life Assur. Soc'y of the United States*, 4 A.D.3d 214, 215 (1st Dept. 2004); *see also Perrone v. Tishman Speyer Props., L.P.*, 13 A.D.3d 146 (1st Dept. 2004); *Hart v. Turner Constr. Co.*, 30 A.D.3d 213 (1st Dept. 2006); *Montalvo v. J. Petrocelli Constr., Inc.*, 8 A.D.3d 173 (1st Dept. 2004). The crucial issue is whether the worker using a ladder is provided with safety devices. On this record, it is clear that the plaintiff was given none.

The cases cited by movants involving workers who voluntarily choose to jump or choose to utilize inappropriate devices to climb are not on point.[3] In those cases, the workers' voluntary unsafe choices are deemed to be intervening causation that negates the element of proximate cause. Here, plaintiff testified that he lost his balance, not that he elected to jump in lieu of using the ladder.

However, because the accident report and statements made by plaintiff in connection with his application for workers' compensation benefits contradict his testimony that he lost his balance on the ladder, there is an issue of fact as to whether plaintiff was injured due to an accident involving an elevation-related risk. Under Labor Law §240(1), liability depends upon

---

[3]*See, e.g., Egan v. A.J. Constr. Corp.*, 94 N.Y.2d 839, 841 (1999) and *Montgomery v. Fed. Express Corp.*, 307 A.D.2d 865, 866 (1st Dept. 2003). *Bird v. Zelin*, 237 A.D.2d 107 (1st Dept. 1997), also cited by movants, involves a plaintiff who knowingly dived into a shallow pool.

whether a particular task creates an elevation-related risk that must be protected against by the safety devices listed in the statute, including ladders. *Broggy v. Rockefeller Group, Inc.*, 2007 NY Slip Op 5775, 5, 2007 N.Y. LEXIS 1669 (Ct. of Appeals 2007)(n.o.r.). There is evidence in the record from which a jury could infer that plaintiff merely stepped off the ladder onto the BX cable. This is sufficient to create an issue of fact as to whether plaintiff's injury was the result of a gravity-related risk.

### B. Labor Law §241(6)

Labor Law §241(6) provides that an owner is required to make sure that all areas where construction is taking place are "shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein..." Section 241(6) imposes strict liability on owners for injuries that befall workers "irrespective of the owner's ... control or supervision of the worksite where the work was performed during construction, excavation or demolition and where the defendants violated a rule or regulation that sets forth a specific standard of conduct." *Spiteri v. Chatwal Hotels*, 247 A.D.2d 297, 299 (1st Dept. 1998). The plaintiff must allege a violation of a concrete specification of the Industrial Code. *Ross v Curtis Palmer Hydro-Elect. Co.*, 81 NY2d 494 (1993). A Code provision is "concrete" if it imposes requirements more specific than those that would be required by common-law standards of care. *Id.* at 503.

On April 9, 2007, with its cross-motion, plaintiffs served a supplemental bill of particulars alleging a violation of the Industrial Code, 12 NYCRR 23-1.7(e)(2), which provides that "[a]ll passageways shall be kept free from accumulations of dirt and debris and from any other obstructions or conditions which could cause tripping." A supplemental bill of particulars

may be served without leave of court in the absence of surprise or prejudice, *Noetzell v. Park Ave. Hall Hous. Dev. Fund Corp.*, 271 A.D.2d 231 (1st Dept. 2000). Amendments should be freely granted, even when made in response to motion papers, so long as prejudice is absent. *Kelleir v. Supreme Indus Park, LLC*, 293 A.D.2d 513 (2d Dept. 2002); *Warden v. Orlandi*, 4 A.D.3d 239, 241 (1st Dept. 2004). Here, as plaintiff testified at his deposition that he tripped on BX cable in a passageway, there is no surprise or prejudice in plaintiffs' reliance on a new section of the Industrial Code. Movants responded to plaintiffs' cross-motion to which plaintiffs' supplemental bill of particulars was annexed.

Movants' motion for summary judgment dismissing plaintiffs' claim under §241(6) must be denied because plaintiffs have alleged that the Owner violated a section of the Industrial Code that provides a specific regulation of conduct. *Lopez v. City of New York Transit Auth.*, 21 A.D.3d 259 (1st Dept. 2005)(12 NYCRR 23-1.7(e)(2) sufficiently specific to support liability under §241(6)). In searching the record, plaintiffs are granted summary judgment on their claim under §241(6) on liability only, as plaintiffs' testimony that he slipped on BX cable in the hallway is not controverted. The issues of comparative negligence and damages, however, remain.

### C. Labor Law §200

The Owner is entitled to summary judgment dismissing plaintiffs' claim under Labor Law §200, which codifies the common law duty of a building owner to maintain a safe workplace. *Ross v. Curtis-Palmer Hydro-Elec. Co.*, 81 N.Y.2d 494, 505 (1993), citing *Rizzuto v. L.A. Wenger Contr. Co.*, 91 N.Y.2d 343, 352 (1998). Implicit in this duty is the owner's obligation to control or exercise supervision over "'the activity bringing about the injury to enable it to avoid or correct an

10

unsafe condition.'" *Rizzuto v. L.A. Wenger Contr. Co., supra; accord, Perri v. Gilbert Johnson Enters., Ltd.,* 14 A.D.3d 681, 683 (2nd Dept. 2005). Here, no triable issue of fact exists as to whether the Owner controlled the activity that allegedly brought about plaintiff's injury. Plaintiff testified that on the day of the accident he was the supervisor in charge of the carpenters. Therefore, the Owner was not in a position to supervise and control plaintiff's work so as to cast it in liability for plaintiff's injuries.

In addition, the Owner's motion for summary judgment dismissing plaintiffs' §200 claim must be granted because plaintiffs have failed to present evidence that the Owner had actual or constructive notice of the BX cable or the ladder's propensity to shift. The proponent of a Labor Law §200 claim must demonstrate that the defendant had actual or constructive notice of the alleged specific unsafe condition and its location. *Canning v. Barney's N.Y.,* 289 A.D.2d 32, 33 (1st Dept. 2001). The plaintiff must demonstrate more than general complaints about the debris at the construction site. *Id.* There is no evidence in the record that the Owner had actual or constructive notice of the BX cable in the hall or the condition of the ladder.

Finally, the common law duty to provide a safe workplace is not breached where plaintiff's alleged injuries arose out of an alleged defect in his employer's tools or methods. *De La Rosa v. Philip Morris Mgmt. Corp.,* 303 A.D.2d 190, 192 (1st Dept. 2003). Here, the alleged injury arose out of a ladder supplied by plaintiff's employer, which plaintiff had used a thousand times. Hence, the Owner is not liable for the injury under §200.

### D. Owner's Cross-Claims against Spieler

The Owner's Answer, dated June 22, 2004, which is annexed as Exhibit 2 to movants'

11

notice of motion contains 11 overlapping cross-claims against Spieler and Utica.[4]  Although the

notice of motion limits the relief sought to summary judgment on the Owner's claim for

contractual indemnification, the moving affirmation seeks summary judgment on all of the cross-

claims except the 9th and 10th.  The Owner served another answer, by prior counsel, also dated

June 22, 2004, but that answer does not contain a claim against Spieler for contractual

indemnification.  It does contain a claim against Spieler for common law indemnification and

contribution.

The Owner's motion for summary judgment against Spieler is denied because there is no

evidence that Spieler was negligent.  Further, in searching the record, the court rules that Spieler

is entitled to summary judgment dismissing those portions of the Owner's cross-claims for

defense and indemnification against Spieler in the answer interposed by the Owner's present

counsel, as well as the claims for contribution and common law indemnification in the Owner's

answer by prior counsel.  Plaintiff testified that Spieler was not working on the top floor at the

time of the accident and had not been there for weeks.  There is no evidence that Spieler left the

---

[4] The following causes of action are plead in the Owner's answer attached to the moving papers: Spieler agreed to name Owner as additional insured for defense and indemnification and to defend and indemnify Owner (1st cross-claim); damages for Utica's breach of contract to indemnify and insure Owner (2nd cross-claim); damages and attorneys' fees for Utica's breach of contract (3rd cross-claim); declaratory judgment that Utica must defend Owner (4th cross-claim); declaratory judgment that Utica must indemnify Owner (5th cross-claim); ordering Spieler to purchase and maintain insurance (6th cross-claim); damages and attorneys' fees for Spieler's failure to procure insurance (7th cross-claim); declaratory judgment that Spieler must defend and indemnify Owner (8th cross-claim); declaratory judgment that Spieler must defend and indemnify owner through Utica Policy CPP3113891 (9th cross-claim); damages for Spieler's failure to notify its liability insurer (10th cross-claim); declaratory judgment that Spieler must reimburse owner for attorneys' fees and expenses for defense of the action and must indemnify Owner under Utica Policy CPP3113891 (11th cross-claim).  The motion does not seek summary judgment on 9th & 10th cross-claims.  Moving Affirmation, ¶¶ 99 & 100.

piece of BX cable that allegedly caused plaintiff to slip. Based upon plaintiff's testimony that the laborers and other trades brought debris from other floors, it would be pure speculation that the BX cable involved in the accident was left there by Spieler.

The remainder of movants' cross-claims were dismissed by the order of June 15, 2005 and relate to the obligation of Spieler's insurer, Utica, to defend and indemnify the Owner or Spieler's obligation to notify Utica. The AD Order dismissed the appeal from the June 15, 2005 order, which dismissed all of movants' claims against Utica. In addition, there is no evidence that Spieler was negligent, which would be necessary to trigger Spieler's insurance. Although the motion in chief did not seek summary judgment on the 9th and 10th cross-claims, they are repetitive of others. Thus, all of the Owner's cross-claims against Spieler and Utica are dismissed.

### E. Movants' Motions to Compel Discovery & Strike Note of Issue

Movants' motion to compel discovery or strike the note of issue is denied. The movants', other than the Owner, have no standing to request discovery because their pleadings were stricken. The action against Spieler has been dismissed and, therefore, the Owner is not entitled to discovery from that entity. The Owner has had a reasonable opportunity for disclosure from plaintiff and R&J, whose deposition the Owner seeks. This action has been pending since 2003. The Owner's answers were interposed in June 2004. R&J has been a third-party defendant since at least March 18, 2004, when it appeared for a discovery conference.[5] At that time, the court ordered all depositions to be completed by November 15, 2004. In an order dated March 18,

---

[5] The date on which R&J became a party is not in the record because no party supplied the court with a copy of the third-party complaint or the second third-party complaint.

13

2004, the court ordered the depositions of all third-party defendants, including R&J, to be completed by January 31, 2005. On January 13, 2005, the court ordered all depositions to be completed by March 11, 2005. The October 2005 Order directed the parties to appear for a discovery conference to resolve a previous motion by movants to compel discovery. Subsequently, on October 27, 2005, the court issued an order directing plaintiff to file a note of issue by November 14, 2005. On November 8, 2005, movants served a subpoena to take the deposition of R&J on November 14, 2005, the deadline for filing the note of issue, giving R&J only six days notice, in violation of CPLR §3107. The note of issue was filed on November 18, 2005. Service of a second third-party complaint by the Owner does not change the fact that R&J has been in this case since 2004. Thus, the court will not strike the note of issue or compel the deposition of R&J. Obviously, plaintiffs have been in the case since its inception and, therefore, the Owner had more than ample opportunity to obtain discovery from plaintiffs.

### E. Motions and Cross-Motions for Sanctions

The motions and cross-motions for sanctions are denied. In light of the AD Order, the motion for summary judgment was not completely without merit, as evidenced by this court's disposition of the motion. Although the Owner did not prevail on the motion for summary judgment on Spieler's cross-claims, it was not frivolous. The portion of the motion to vacate the court's prior orders was partially based upon the viability of the Owner's claims, a view endorsed by the disposition of the appeal. The portion of the motion seeking to strike the note of issue and for discovery, although not meritorious, was a small part of the relief sought. Therefore, the court denies all the motions for sanctions. Accordingly, it is

ORDERED that the motion by 475 Ninth Avenue Associates, LLC (Owner); VJB

14

Construction 475 9th Avenue, LLC; VJB Construction Corp.; and Kajima Development for: 1) summary judgment dismissing plaintiffs' claims under Labor Law 200, 240(1), and 241(6) and for common law negligence; 2) summary judgment on their cross-claims against Spieler and Ricca Electrical Co., Inc. (Spieler), for contractual indemnification; 3) summary judgment on their cross-claims against Spieler's insurer, Utica; 3) sanctions against Spieler for failure to provide discovery; 4) vacatur of the note of issue; 5) sanctions against plaintiffs for failure to provide discovery; 5) modification or vacatur of orders of the court dated March 18, April 28 and October 3, 2005; and 6) discovery, is granted solely to the extent that plaintiffs' claims against the Owner, under Labor Law §200 and the common law are dismissed, and in all other respects the motion is denied and movants' request for summary judgment against R&J Construction Corp. is denied without leave to renew; and it is further

ORDERED that, in searching the record, the cross-claims of the Owner against Spieler and Utica contained in its two answers, both dated June 22, 2004, are dismissed, and plaintiffs are granted summary judgment on their claim under Labor Law §241(6) against the Owner; and it is further

ORDERED that plaintiffs' cross-motions for summary judgment on their claim pursuant to Labor Law §240(1) and for sanctions are denied; and it is further

ORDERED that Spieler's cross-motion is permitted to be withdrawn; and it is further

ORDERED that the parties are directed to appear for a pre-trial conference on September 6, 2007, in Part 54, Room 1227, of the courthouse located at 111 Centre Street, New York, NY, at 11:00 a.m.

Dated: August 6, 2007

ENTER:

FILED

AUG 20 2007

NEW YORK
COUNTY CLERK'S OFFICE.

J.S.C.

15

---

SUPEME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

GEORGE SANTOLI and STACEY SANTOLI,

Plaintiff(s),

      -against-

475 NINTH AVENUE ASSOCIATES, LLC, VJB CONSTRUCTION 475 9TH AVENUE LLC, VJB CONSTRUCTION CORP., SPIELER & RICCA ELECTRICAL CO., INC., and KAJIMA DEVELOPMENT CORPORATION,

Defendant(s).

---
---

**HACH & ROSE, LLP**
Attorneys for Plaintiff(s)
GEORGE SANTOLI and STACEY SANTOLI

185 Madison Ave, 8th Floor
New York, NY 10038
Tel. (212) 779-0057
Fax. (212) 779-0028

---

To:
Attorneys for:

---

Service of a copy of the within **NOTICE OF ENTRY** is hereby admitted
Dated:

          ........................................................................................

Attorneys for:

---

PLEASE TAKE NOTICE

☐    That the within is a (certified) true copy of a
       Entered in the office of the Clerk of the within named court on     _____ 20_____

☐    That an Order of which the within is a true copy will be presented for settlement to the Hon.
                              one of the judges of the within named Court,

        at
        on     _____ 20_____    at         M.

Dated:                   **HACH & ROSE, LLP**
                           Attorneys for Plaintiff(s)
               GEORGE SANTOLI and STACEY SANTOLI
185 Madison Avenue, 8th Floor
New York, New York 10016

To:
Attorney(s) for:

---
---