

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------------X

GEORGE SANTOLI,                                    Index No. 118596/03

             Plaintiff(s),

     -against-                              **NOTICE OF**
                               **ENTRY**

VJB CONSTRUCTION CORP.,

             Defendant(s).

        PLEASE TAKE NOTICE that annexed hereto is a true copy of the Decision and Order of

the Honorable Shirley Werner Kornreich duly entered in the office of the Clerk of the within

named Court on December 12, 2007.


Dated:  New York, New York
            Thursday, December 13, 2007

                          Yours, etc.,

                          Michael A Rose
                          Hach & Rose LLP
                          Attorneys for Plaintiff
                          185 Madison Avenue
                          New York, New York 10016
                          Tel. 212.779.0057


To:    Devereaux & Weidenbaum, LLP
       Michael J. Devereaux
       39 Broadway, Suite 910
       New York, New York 10006
       (212) 785-5959

       O'Connor O'Connor
       Hintz & Deveney, LLP
       Michael T. Reagan
       One Huntington Quadrangle, Suite 1C07
       Melville, NY 11747

Rutherford & Christie
David S. Rutherford
300 East 42nd Street
New York, New York 10017
212.599.5799

Lazare Potter Giacovas & Kranjac, LLP
Andrew M. Premisler
950 Third Avenue
New York, New York 10022

Furey Kerley Walsh Matera & Cinquemani
Stephen E. Rich, II
2174 Jackson Avenue
Seaford, New York 11783



1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  CIVIL TERM : PART 54
-------------------------------------------X
GEORGE SANTOLI,

                              Plaintiff,


        -against-


VJB CONSTRUCTION CORP. and KAJIMA
DEVELOPMENT CORP.,

                              Defendants
-------------------------------------------X
Index No. 118596/03        111 Centre Street
MOTION                     New York, New York
                           December 6, 2007



B E F O R E:

          HONORABLE SHIRLEY WERNER KORNREICH, Justice


A P P E A R A N C E S:


    HACH ROSE
        185 Madison Avenue-8th Floor
        New York, New York 10016
    BY: MICHAEL A. ROSE, ESQ.
        Attorney At Law

    DEVEREAUX & ASSOCIATES, LLP
        39 Broadway-suite 910
        New York, New York 10006
    BY: MICHAEL J. DEVEREAUX, ESQ.
        Attorney At Law


ALSO PRESENT:


    O'CONNOR, O'CONNOR, HINTZ & DEVENEY
        One Huntington Quadrangle-Ste 1C07
        Melville, New York 11747
    BY: MICHAEL T. REAGAN, ESQ.
        Attorney At Law


          (Continued on the following page.)
                      MLB

FILED

DEC 1 2 2007

COUNTY CLERK'S OFFICE
NEW YORK

2

ALSO PRESENT:   (Cont'g)


    RUTHERFORD & CHRISTIE, LLP
        300 East 42nd Street
        New York, New York 10017
    BY: DAVID S. RUTHERFORD, ESQ.
        Attorney At Law


    LAZARE POTTER GIACOVAS & KRANJAC, LLP
        950 Third Avenue
        New York, New York 10022
    BY: ANDREW M. PREMISLER, ESQ.


    FUREY, KERLEY, WALSH, MATERA & CINQUEMANI
        2174 Jackson Avenue
        Seaford, New York 11783
    BY: STEPHEN E. RICH, II, ESQ.


            MARK L. BOWIN
         Official Court Reporter


MLB

3

1    Proceedings

2    THE COURT:  Okay.  We're on the record at

3    the request of moving party in this reargument

4    motion.

5    MR. DEVEREAUX:  Actually, the other counsel

6    requested it.  I don't object to it.

7    THE COURT:  Okay.  You are moving now to

8    reargue the Court's decision August 20; correct?

9    MR. DEVEREAUX:  It's dated August 6.  It

10    was entered August 20; correct.  I'm not sure when it

11    was served.

12    It's the decision dated August 6th granting

13    Spieler's cross-motion for summary judgment.  We're

14    moving to reargue -- to revisit that decision --

15    THE COURT:  When you say "we," you --

16    MR. DEVEREAUX:  475 Ninth, VJB and the

17    Kajima entities.

18    Right now I think the only remaining entity

19    is 475.  We're moving for reargument and denial of

20    plaintiff's summary judgment motion.

21    Plaintiff testified in his deposition on

22    pages 71 and 72 that he slipped -- I'm sorry.

23    Plaintiff testified he slipped on BX cable.

24    Spieler testified, at pages 71 and 72 on

25    the EBT testimony attached as Exhibit 8 to the

26    papers, that only they used BX cable on the project.

MLB

4

1        Proceedings

2            Spieler's contract, which is attached in

3        Volume 2, Exhibit 5, establishes that Spieler agreed

4        to remove, at least weekly, all rubbish and surplus

5        and material, including the BX cable, from the

6        project.

7            Accordingly we argue that the evidence

8        therefore establishes that the BX cable was left

9        there by Spieler because they agreed to remove their

10       rubbish surplus materials, at least briefly, from the

11       site; therefore; it was there more than a week, two

12       weeks, three weeks, four weeks, whatever the duration

13       of time; they certainly have a duty to remove it.  To

14       the extent that plaintiff fell due to that BX cable,

15       therefore, there's a duty there by Spieler, and they

16       should not be granted summary judgment.

17           Plaintiff's testimony that Spieler was not

18       working where plaintiff was injured is irrelevant

19       because Spieler was at all times required to remove

20       their BX cable from the site.

21           Plaintiff's testimony that he believed VJB

22       was allegedly behind in some schedule or something

23       with respect to other rubbish or materials of other

24       subcontractors is totally irrelevant to the duty of

25       Spieler to comply with their contract and their duty

26       to remove their BX cable they also used on the job at

                        MLB

5

Proceedings

1
2      least weekly, if not more so, as directed by the
3      construction manager.
4              This all creates an issue of fact which
5      requires denial of the cross-motion for summary
6      judgment by Spieler, your Honor.
7              That's our motion in a nutshell.
8              THE COURT:  Can I hear from the other side?
9              MR. REAGAN:  Good morning, your Honor.  My
10     name is Mike Reagan, O'Connor, O'Connor, Hintz &
11     Deveney.  I represent Spieler and Ricca.
12             At the outset, I would just state -- as you
13     know, there are extremely complicated matters in this
14     case, not so much with regard to the points
15     Mr. Devereaux is raising but the subsequent events
16     which have taken place after your last decision and
17     order which had dismissed all claims against my
18     client.
19             And I guess with that in mind, I would ask
20     your Honor, respectfully, to try to let us go through
21     our points because I think we're all on the same page
22     here with regard to myself and plaintiff's counsel
23     and the co-defendants.
24             And I would also request --
25             THE COURT:  Let me start with this.
26             There was a settlement, I thought, of this

MLB

6

Proceedings

1
2   case on November 9th.
3           MR. REAGAN:  That's correct, your Honor.
4           THE COURT:  Now, did 475 settle or not?
5           MR. ROSE:  I think I'm in the best position
6   to answer this, your Honor.
7           I represent the plaintiff in this matter;
8   and prior to trial, there was a settlement agreement
9   reached between the plaintiff's employer, R & J
10  Construction, that the plaintiff specifically agreed,
11  number one, to accept for the amount of $750,000 and
12  that we would release both R & J Construction and 475
13  Ninth Avenue Associates.
14          We then proceeded to trial in the caption
15  before your Honor.  And regarding the settlement,
16  this matter is very clear that the trial proceeded
17  against VJB Construction Corp. and Kajima Development
18  Corp.
19          Prior to the trial, the action was
20  discontinued against 475 Ninth Avenue Associates.
21          What's happening here, your Honor, is a --
22          THE COURT:  And then there was a subsequent
23  settlement?
24          MR. ROSE:  Yes.
25          Just to be complete, your Honor, there was
26  a subsequent settlement made on the record by

MLB

7

Proceedings

1

2    Mr. Devereaux's office who, at the time, was acting

3    as counsel for the only remaining defendants, which

4    were VJB Construction Corp. and Kajima Construction

5    Corp.

6         And the record is clear that a settlement

7    was reached in the amount of $875,000, to be paid

8    only by those two defendants who were remaining at

9    that time.

10        THE COURT:  Which were VJB and Kajima.

11        MR. ROSE:  Exactly, your Honor.

12        What is occurring here is that

13   Mr. Devereaux, who represented 475 Ninth Avenue

14   Associates, Kajima and VJB, is now making a thinly

15   veiled attempt on behalf of the carrier that hired

16   him in this matter, Liberty Mutual Insurance, to now

17   recover monies that were never paid on behalf of the

18   defendant, 475 Ninth Avenue Associates.

19        That's the only thing that's occurring

20   here.

21        475 Ninth Avenue Associates, their insurer

22   in this matter is Liberty Mutual International.

23        THE COURT:  Yes.

24        MR. ROSE:  They never paid a penny on

25   behalf of 475 Ninth Avenue Associates; so all of

26   these other issues are moot.

MLB

8

Proceedings

1
2          MR. REAGAN:  Your Honor, we're on the same
3     page.  We just want to talk because our points
4     overlap one another.
5          THE COURT:  One at a time.
6          Are you going to answer the movant's
7     motion?  Is anybody going to answer that?
8          MR. REAGAN:  I am, your Honor.
9          THE COURT:  Against that background, why
10    don't you just respond to the motion to reargue.
11         MR. REAGAN:  Well, my response, again, your
12    Honor, that's why I was asking for the Court's
13    indulgence because there are so many points to be
14    raised.
15         It's moot.  There's no standing.  This
16    issue shouldn't even be here.
17         THE COURT:  Well, can you elaborate for the
18    record.
19         MR. REAGAN:  Exactly, your Honor; that's
20    what we were doing.
21         In this case, 475 Ninth Avenue has suffered
22    no loss.  Therefore, what are they seeking to
23    accomplish?
24         THE COURT:  They are seeking to be
25    indemnified --
26         MR. REAGAN:  Exactly.  It's a moot point.

MLB

9

Proceedings

1

2            R & J, on their behalf, has paid in full,

3    so they have not expended any sums.

4            So for Mr. Devereaux to come here --

5            THE COURT:  Your argument is they have no

6    standing to seek indemnification, since they have no

7    loss to be indemnified?

8            MR. REAGAN:  Absolutely, your Honor.

9            Not only that, the third-party action is

10   gone because the plaintiff has discontinued.

11           What we have here is, again, is Liberty

12   attempting to recoup the funds it expended on

13   attorney's fees.  But there are so many problems with

14   that, aside from the fact, even if your Honor were to

15   find questions of fact, okay, and reverse herself,

16   which would be completely unwarranted under the facts

17   of the case, but even if you were to do that, what

18   would that accomplish?

19           Well, all it would accomplish is that

20   perhaps VJB could seek to recoup for attorney's fees.

21   But, again -- excuse me; not VJB; I take that back.

22   475.

23           475 has no out-of-pocket expenses; again,

24   it's Liberty.

25           Not only that, the funds that Liberty

26   expended upon its defense were fees that it expended

MLB

10

Proceedings

1

2    on its defense for its main insured, VJB, whose

3    answer has been stricken.

4            So for 99 percent of the course of this

5    litigation, Liberty has paid on behalf -- the defense

6    costs for VJB and 475.

7            And if I might -- another point, it's

8    tangential but it's an important point.  I said this

9    throughout the course of this litigation.  For

10   Mr. Devereaux to sit here and to represent throughout

11   the course of this case, VJB and 475 is such an

12   obvious breach of his obligation, such a conflict of

13   interest because he has two clients whose positions

14   are adverse to one another.  It's black letter law.

15           This is actually a matter that should be

16   brought to the Grievance Committee.  I don't need to

17   show any case law.  We're all clear.

18           If you have clients who there's even a

19   potential for an appearance of conflict of interest,

20   you must cease representing both.

21           Throughout the course of this litigation,

22   VJB had their answer stricken.  They are the GC,

23   okay.  475 is property owner who faced statutory

24   liability under Lien Law 240.  They had absolutely

25   valid and enforceable claims for indemnification

26   against VJB.

MLB

11

Proceedings

1

2      So for counsel to come here to say that

3   he's representing 475 is a sham.  He should be

4   removed from counsel and this matter should be

5   referred to the Grievance Committee because this

6   entire proceeding is highly improper, I mean, *for so*

7   many reasons.

8      I guess I'm going to sit down for now,

9   unless your Honor has any questions, and let *anybody*

10  else make any points they want to raise.

11     If your Honor wants me to discuss the

12  merits of his argument, I certainly will do so.

13     THE COURT:  Very, very briefly.

14     MR. REAGAN:  Sure.  Okay.

15     As your Honor correctly found, all the

16  deposition testimony establishes that there was

17  complaint after complaint after complaint that there

18  weren't enough workers to clean up the garbage.

19     The garbage was all over the place.  The

20  contracts and deposition testimony established That

21  it's VJB's responsibility to remove the garbage.  All

22  the trades were required to do was to keep their area

23  generally clean by sweeping it into a central pile on

24  the floor, from which point VJB, their laborers would

25  come; they would pick up the garbage and then they

26  would deposit it or *remove it.*

MLB

12

1                           Proceedings

2              However, there were problems with removing

3        the debris.

4              They were trying to get certain floors

5        ready to be inspected for a certificate of occupancy;

6        so what they did is they took all the debris and they

7        brought it up to the floor that the plaintiff was

8        working on at the time of his accident for a period

9        of weeks beforehand and they dumped it there.

10             It wasn't just a piece of BX cable on the

11       floor that Mr. Santoli fell on.

12             The testimony establishes there were pieces

13       of sheetrock; paint cans; there was everything.  All

14       the debris you would find at a garbage site all over

15       the place.

16             My client hadn't been on that floor for

17       weeks.  So it would be sheer speculation to say that

18       we had anything to do with this.

19             The evidence, as we knew it right now,

20       strongly points to the fact that it was VJB which was

21       negligent.  So, factually, this issue is a sham.

22       Procedurally, it's highly improper; and counsel's

23       conduct is, again, is a matter which I would ask your

24       Honor to take a look at because you will see that he

25       has committed such an ethical breach that this matter

26       should be brought up before the Grievance Committee.

                              MLB

13

Proceedings

1

2    MR. DEVEREAUX:  Your Honor, may I reply,

3    please, especially to the scurrilous attacks on me,

4    which you have allowed them to make against my

5    character.

6        The only one who has standing right now is

7    me, standing before you, and Spieler.

8        This action was settled vis-a-vis the

9    plaintiff, and the record on the stipulation

10   expressly states at pages 5 and 6:

11       "Every other claim is expressly reserved

12   against every other entity."

13       For him to say I lack standing, it's just

14   the opposite.  Everything they say, in terms of

15   statements and arguments, except for the brief

16   statement on the merits regarding this motion I

17   object to and take exception to.

18       THE COURT:  Can I ask you this.

19       Has your client -- you're representing 475.

20   Has 475 expended any money on the settlement?

21       MR. DEVEREAUX:  Of course they have, your

22   Honor.

23       THE COURT:  What was it; other than

24   attorney's fees?

25       MR. DEVEREAUX:  In terms of indemnity, your

26   Honor, $750,000.  That's what they expended.

MLB

14

Proceedings

1

2          With all due respect, to say I lack

3      standing --

4          THE COURT:  When you say $750,000, that's

5      not 475 --

6          MR. DEVEREAUX:  That's absolutely 475,

7      Judge.

8          THE COURT:  Wait, wait, wait.

9          475, their insurer or they themselves have

10     paid the settlement?

11         I'm asking you a direct question.

12         MR. DEVEREAUX:  Yes.

13         MR. ROSE:  Have you paid?  Have you?

14         THE COURT:  I'm asking you a direct

15     question.

16         Has 475 paid out any money in settlement?

17         MR. DEVEREAUX:  475, through their

18     insurance carrier, has paid $750,000 to settle.

19         THE COURT:  Whose insurance carrier?

20         MR. DEVEREAUX:  475's insurance carrier,

21     Liberty International --

22         THE COURT:  Was Liberty their insurance

23     carrier or Kajima's insurance carrier?

24         THE WITNESS:  Their insurance carrier.

25     Liberty International Underwriters is the insurance

26     carrier for 475 Ninth and has been throughout this

MLB

15

1                               Proceedings

2       litigation.

3                   THE COURT:  Wait a minute.  When you say

4       that, do you mean that VJB or Kajima has picked up

5       the defense of 475?

6                   Is that what you're saying?

7                   MR. DEVEREAUX:  If your Honor pleases, in

8       that respect; however, they are additional insureds

9       with the same rights as insureds under the Liberty

10      International Underwriters policy.

11                  THE COURT:  But they were not the ones that

12      purchased that insurance.  It was the subcontractor.

13      Their --

14                  MR. DEVEREAUX:  I don't know if that's a

15      correct statement, your Honor.

16                  There are contractual relationships here

17      which require consideration.  In effect, they might

18      have paid for it.

19                  I'm going to try to respond to the myriad

20      of statements and arguments made against me,

21      including scurrilous arguments and statements about

22      pretrial settlement discussions, which I believe are

23      totally irrelevant to this motion.

24                  But for them to assert that I have any

25      conflict of interest with my client when I represent

26      zealously my client and they say we, when they have

                                MLB

16

Proceedings

1

2  no standing to represent 475 Ninth at all.

3           R & J's attorney and R & J's carrier never

4  took over the defense and indemnity of 475.  They

5  never had any apparent or actual authority to speak

6  on behalf of my client.

7           For them now to make some kind of secret

8  agreement among themselves to say:  "We are acting on

9  behalf of 475 Ninth" without me knowing about it is

10  outrageous.  That's a conflict of interest.

11           In effect, they're acting contrary to the

12  interests of 475 Ninth, the owner, by trying to say

13  they're acting for them.

14           MR. ROSE:  They're out of the case without

15  paying.

16           THE COURT:  Please, everybody.  Enough.

17           At this point, let me just say this for the

18  record.

19           You know, I looked at the facts.  On the

20  facts alone, I'm denying the argument.

21           MR. DEVEREAUX:  Could I say one more

22  point --

23           THE COURT:  I'm talking about the merits of

24  the argument --

25           MR. DEVEREAUX:  I haven't replied to the

26  merits yet because I've been trying --

MLB

17

Proceedings

1

2          THE COURT:  Please, Mr. Devereaux.  Let

3    everybody -- let me speak.

4               I am extremely familiar with this case.  I

5    have written on this case I don't remember how many

6    times but certainly more than once.  I am familiar

7    with the facts.  I wrote a lengthy decision in regard

8    to the facts.

9               We went through the facts very, very

10   carefully, and I believe my determination was

11   appropriate.  I don't believe I overlooked any fact.

12   I don't believe I misstated the law; and I am going

13   to adhere to my August 2007 decision.

14          MR. DEVEREAUX:  Your Honor --

15          THE COURT:  On that alone, reargument is

16   denied.

17          MR. DEVEREAUX:  Your Honor, I have no

18   problem with that.  I respect your Honor's decision.

19               However, Judge, they have ambushed me with

20   a myriad of arguments that were not raised in

21   opposition or raised in any way.

22               Your Honor, this is going up on appeal.  I

23   would like to respond.

24          THE COURT:  You may respond however you

25   want, but not on the facts.

26          MR. REAGAN:  Your Honor, may I just have

MLB

18

Proceedings

1
2  ten seconds?

3        THE COURT:  You can only respond to what
4  you consider attacks on yourself.

5        MR. REAGAN:  Your Honor, before he does
6  that, can I just have ten seconds to make a quick
7  point?

8        Counsel is correct; I came in here knowing
9  that he is going to take this up on appeal so,
10  respectfully, what I would request your Honor to do,
11  since we feel that the developments which have taken
12  place since your last order are so important, we
13  would respectfully request that your Honor grant
14  reargument and then, upon reargument, adhere to your
15  prior determination.

16        That way, he can only take an appeal from
17  your denial on reargument, because it subsumes he
18  will not be able to appeal from the original
19  decision; because it's absolutely imperative that we
20  bring all of these matters before the Appellate
21  Division, not merely the underlying motion practice.

22        So by granting reargument and adhering to
23  your prior determination, it will be from this and
24  from, you know, everything globally will be before
25  the Appellate Division.

26        MR. DEVEREAUX:  Let me say, your Honor,

MLB

19
Proceedings

1
2    with that in mind, I did not merely move to reargue;
3    I moved to vacate because I do want this to go before
4    the Appellate Division. So I would agree with that
5    statement by Mr. Reagan.
6              THE COURT:  At this point, then, I will
7    grant reargument and deny the reargument, since
8    everybody wants me to do so -- and deny the motion,
9    deny the motion; and I'm adhering to my original
10   findings of fact and decision on those facts.
11             MR. DEVEREAUX:  I thought that's the
12   opposite of what Mr. Reagan said --
13             THE COURT:  Strike all of that.  Strike it
14   all.
15             At this point, I'm going to do what the
16   parties want.
17             I'm granting reargument and denying the
18   motion now before me.
19             MR. DEVEREAUX:  Okay.  Judge, I think that
20   ends the matter, except for the scurrilous attacks
21   against me.
22             All of this was irrelevant to the merits of
23   this motion.
24             As was indicated by Mr. Reagan on
25   reargument, he went off, made all these statements on
26   the record and then your Honor said:  "Could you

MLB

20

1                          Proceedings

2      address the merits, please."  The last --

3              THE COURT:  What about the standing issue?

4              MR. DEVEREAUX:  The standing issue with

5      respect to R & J, you're talking about that, because

6      they're in a conflict --

7              THE COURT:  No.  I'm talking about 475.

8              MR. DEVEREAUX:  They have absolute

9      standing.  They paid $750,000 through their insurance

10     carrier, Liberty International Underwriters.

11             Therefore, they have all the rights to seek

12     defense and indemnity from Spieler, R & J and from

13     the respective insurance carriers.  That right was

14     expressly reserved on the stipulation of settlement

15     on pages 5 and 6.

16             This is totally irrelevant to this motion,

17     as we expressly told Mr. Rose and I told R & J's

18     attorney, Veronica Gannon --

19             Judge, I'm being personally attacked again

20     here.  The Judge seems to be going along with the

21     attacks against my character, which are totally

22     irrelevant.

23             Nobody's saying:  "You cannot make those

24     attacks.  Stop that.  Respectfully, Counsel, address

25     the merits and nothing else."

26             Veronica Gannon, who I spoke to before the

                            MLB