UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LIBERTY MUTUAL INSURANCE COMPANY

                Plaintiff,                07 CV 11292 (JFK)

  - against -

                                        Electronically Filed

TRAVELERS PROPERTY CASUALTY COMPANY
OF AMERICA f/k/a THE TRAVELERS
INDEMNITY COMPANY OF ILLINOIS,

                Defendant.

# TRAVELERS' MEMORANDUM OF LAW IN SUPPORT
# OF ITS MOTION TO DISMISS

LAZARE POTTER GIACOVAS & KRANJAC LLP
950 Third Avenue
New York, New York 10022
(212) 758-9300
Attorneys for Defendant

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................... iii

PRELIMINARY STATEMENT ................................................................................... 1

STATEMENT OF FACTS ........................................................................................... 2

    THE POLICIES ...................................................................................................... 2

        *The Travelers/R&J Policy*.................................................................2

        *The Liberty Policy*...........................................................................2

    THE UNDERLYING PROJECT, CONTRACT AND ACCIDENT.........................2

    THE UNDERLYING FIRST-PARTY ACTION......................................................3

    THE UNDERLYING THIRD-PARTY ACTION AND ITS DISMISSAL................3

        *The April 2005 Order and the October 2005Order*....................................3

        *The Motions for Summary Judgment and the June 2005 Order*.....................4

        *The Appeal*.......................................................................................4

    THE UNDERLYING SECOND THIRD-PARTY ACTION....................................5

        *The Second Third-Party Complaint and Its Dismissal* ...........................................5

        *The Appeal* ......................................................................................5

        *The Amended Second Third-Party Action*..............................................6

        *The August 2007 Order*.......................................................................6

    THE UNDERLYING SETTLEMENT ....................................................................7

        *The Santoli/R&J Settlement*................................................................7

        *The Santoli/Liberty Settlement*............................................................7

        *The December 6, 2007 Conference*.........................................................8

THIS COVERAGE ACTION…………………………………………………………..8

ARGUMENT ..........................................................................................................................9

PLAINTIFF'S COMPLAINT IS BARRED BY RES JUDICATA PRINCIPLES.............9

A.    The Collateral Estoppel Bars Plaintiff's Complaint…………..……………..…10

    i.    *The State Court Action Decided the Issue of 475 Ninth and VJB's Additional Insured Status Under the Travelers/R&J Policy*………………………………………………………………..…11

    ii.    *Liberty Had a "Full and Fair Opportunity" to Contest these Prior Determinations*……………………………………………12

B.    The Claim Preclusion Doctrine Bars Plaintiff's Complaint ……………………..13

CONCLUSION.....................................................................................................................17

# TABLE OF AUTHORITIES

<u>CASES</u>

<u>Adirondack League Club v. Bd. of Black River Regulating Dist.</u>,
201 N.Y. 219, 93 N.E.2d 647 (1950)……………………………………………………………12

<u>AmBase Corp. v. City Investing Co. Liquidating Trust</u>,
326 F.3d 63 (2d Cir. 2003)………………………………………………………….........14

<u>Beck v. Eastern Mut. Ins. Co.</u>,
295 A.D.2d 740, 744 N.Y.S.2d 57 (3d Dep't 2002)…………………………………………14, 15

<u>Brass v. American Film Techs., Inc.</u>,
987 F.2d 142 (2d Cir. 1993)…………………………………………………………………….9

<u>Buechel v. Bain</u>,
97 N.Y.2d 295, 740 N.Y.S.2d 252, 766 N.E.2d 914 (2001), <u>cert. denied</u>, 535 U.S. 1096, 122 S.
Ct. 2293, 152 L. Ed. 2d 1051(2002)……………………………………………………………..10

<u>Castellano v. City of New York</u>,
251 A.D.2d 194, 674 N.Y.S.2d 364 (1st Dep't 1998)…………………………………………......13

<u>Cieskowska v. Gray Line New York</u>,
295 F.3d 204 (2d Cir. 2002)………………………………………………………….…………..14

<u>Commerce and Indus. Ins. Co. v. Nester Town of Clarkson</u>,
102 A.D.2d 850, 476 N.Y.S.2d 621 (2d Dep't 1984)…………………………………………13

<u>Cortec Industries, Inc. v. Sum Holdings, L.P.</u>,
949 F.2d 42 (2d Cir. 1991)…………………………………….…………………………….9

<u>Cruz v. Kamlis Dresses & Sportswear Co.</u>,
238 A.D.2d 103, 654 N.Y.S.2d 778 (1st Dept. 1997)…………………………………………11

<u>Culpepper v. Allstate Ins. Co.</u>,
31 A.D.3d 490, 818 N.Y.S.2d 544 (2d Dep't 2006)…………………..………………………..13

<u>D'Arata v. New York Cent. Mut. Fire Ins. Co.</u>,
76 N.Y.2d 659, 564 N.E.2d 634, 563 N.Y.S.2d 24 (1990)……………………………10, 11, 12

<u>Duane Reade, Inc. v. St. Paul Fire and Marine Ins. Co.</u>,
503 F. Supp.2d 699, 703-06 (S.D.N.Y. 2007)…………………………………………………14, 15

G.E.I.C.O General Ins. Co. v. Canal Ins. Co.,
189 Misc.2d 467, 733 N.Y.S.2d 847 (Civ. Ct. 2001)…………………………………………15

Greater New York Mut. Ins. Co. v. Liberty Mut. Ins. Co.,
 01 Civ. 10632 (JFK), 2003 WL 22149522 at * 3 (S.D.N.Y. 2003)………………………………..13

Hishon v. King,
467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984)……………………………...............9

Jardine Emett & Chandler New York, Inc. v. Armored Transp. of New York,
 204 A.D.2d 606, 612 N.Y.S.2d 186 (2nd Dept. 1994)…………………………………………15, 16

Landenburg Thalmann& Co. v. Imaging Diagnostic Sys., Inc.,
176 F. Supp. 2d 199 (S.D.N.Y. 2001)……………………………………………………………9

Leeds v. Sturm, Ruger and Co., Inc.,
101 A.D.2d 881, 476 N.Y.S.2d 181 (2nd Dept. 1984)……………………………………………16

Migra v. Warren City School Dist. Bd. of Ed.,
465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d56, 61 (1984)…………………………………...……14

Murphy v. Gallagher,
761 F.2d 878 (2d Cir. 1985)………………………………………………………………...10

O'Brien v. City of Syracuse,
54 N.Y.2d 353, 429 N.E.2d 1158, 445 N.Y.S.2d 687 (1981)…………………………...……..14

Pincus & Assocs., Inc. v. Oppenheimer & Co.,
936 F.2d 759 (2d Cir. 1991)………………………………………………………………9

Res. N.E. of Long Island, Inc. v. The Town of Babylon,
28 F. Supp.2d 786 (E.D.N.Y. 1998)……………………………………….……………………...9

Santoli v. 475 Ninth Ave. Assoc.,
38 A.D.3d 411, 833 N.Y.S.2d 40 (1st Dep't 2007)……………………………5, 6, 11, 12, 15

State Farm Mut. Auto Ins. Co. v. Baltz Concrete Const., Inc.,
29 A.D.3d 777, 815 N.Y.S.2d 203 (2d Dep't 2006)…………………………………………..13

State v. Seaport Manor A.C.F.,
19 A.D.3d 609, 797 N.Y.S.2d 538 (2nd Dep't 2005)……………………………………………16

Strom v. Goldman, Sachs & Co.,
202 F.3d 138 (2d 1999)…………………………………………………………………………9

Tejeda v. 750 Gerard Prop. Corp.,
272 A.D.2d 124, 707 N.Y.S.2d 174 (1st Dept. 2000)…………………………………………15

Thomas v. City of N.Y.,
143 F.3d 31 (2d Cir. 1998)…………………………………………………………....…9

Thompson v. County of Franklin,
15 F.3d 245 (2d Cir. 1994)…………………………………………………………………10

Tellabs, Inc. v. Makor Issues & Rights, Ltd.,
127 S.Ct. 2499, 75 USLW 4462,168 L.Ed.2d 179 (2007)………………………….................9

Watts v. Swiss Bank Corp.,
27 N.Y.2d 270, 277, 317 N.Y.S.2d 315, 265 N.E.2d 739 (1970)…………………………..13

Zitnansky v. Int'l Fidelity Ins. Co.,
229 Fed.Appx. 6 (2d Cir. 2007)……………………………………………………………15

## STATUTES

N.Y.C.P.L.R. 3126....................................................................................................5

FED.R.CIV.P. 12(b)(6)………………………………………………………………………1

## PRELIMINARY STATEMENT

Defendant Travelers Property Casualty Company of America ("Travelers") f/k/a The Travelers Indemnity Company of Illinois, respectfully submits this memorandum of law in support of its motion to dismiss the complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, in lieu of an answer.    Travelers also respectfully refers the Court to the accompanying Declaration of Andrew M. Premisler, Esq. ("01/22/08 Premisler Dec.").

This action represents another improper attempt by Liberty Mutual Insurance Company ("Liberty") to circumvent prior state court dismissals -- with prejudice -- of the very claims now being asserted.  In fact, in response to Liberty and its insureds' maneuverings, the state court was forced to address and dismiss the claims now at issue not once, but four times.  Apparently realizing that the state courts would no longer tolerate Liberty's conduct, Liberty is now taking a fifth try in the Southern District.

Specifically, this insurance coverage action follows an underlying personal injury lawsuit brought by George Santoli and Stacey Santoli against 475 Ninth Avenue Associates, LLC ("475 Ninth"), VJB Construction Corp. ("VJB") and others in the New York State Supreme Court. Liberty provided defense/indemnification coverage to 475 Ninth and VJB as named insureds under the policy it issued to VJB.  475 Ninth, VJB and Liberty then commenced two third-party actions against Travelers, R&J Construction Corp. ("R&J") and others seeking, among other things, additional insured coverage for 475 Ninth and VJB under the policy that Travelers issued to R&J.  The state court redundantly dismissed these coverage actions.  Here, Liberty -- despite the state court's prior dismissals -- inexplicably reasserts its claim for additional insured coverage on behalf of 475 Ninth and VJB under the same Travelers policy.

This Court, however, should dismiss Liberty's complaint because:

--    As discussed below, the collateral estoppel (or issue preclusion) doctrine bars this action. Plaintiff's complaint seeks additional insured coverage for 475 Ninth and VJB under the Travelers Policy. The state court, however, previously determined that issue. (Infra at pp. 9 to 13).

--    The doctrine of claim preclusion also bars this action. Again, the state court already considered and dismissed the identical claims now at issue. Moreover, Liberty actually appeared in the state action (or, at the very least, was in privity with a party to the state action). For this additional reason, Plaintiff's complaint should be dismissed. (Infra at pp. 13 to 16).

Travelers now respectfully asks this Court to dismiss the complaint.

## STATEMENT OF FACTS

### THE POLICIES

#### *The Travelers/R&J Policy*

On January 22, 2003, Travelers issued general liability policy number DT-CO-963K2686-TIL-03 ("the Travelers/R&J Policy") to its named insured R&J, with a policy period of January 1, 2003 to January 1, 2004. (01/22/08 Premisler Dec. at ¶ 2, Exh. "A" [at ¶ 15]; Exh. "B").

#### *The Liberty Policy*

Liberty issued general liability policy number DGL-NY-078805-012 (the "Liberty Policy") to its named insured VJB, with a policy period of January 25, 2002 to July 25, 2003. (01/22/08 Premisler Dec. at ¶ 2, Exh. "A" [at ¶ 21]; Exh. "C"). 475 Ninth is also named as an insured on the Liberty Policy. (01/22/08 Premisler Dec. at ¶ 2, Exh. "C").

### THE UNDERLYING PROJECT, CONTRACT AND ACCIDENT

475 Ninth -- the owner of 475 Ninth Avenue, New York, New York ("the Premises") -- hired Kajima/VJB Construction Services LLC ("K/V") to act as "construction manager" in connection with the construction of a building at the Premises ("the Project"). (01/22/08

Premisler Dec. at ¶ 2, Exh. "D").  On January 9, 2001, K/V hired R&J to perform carpentry and drywall work on the Project.  (01/22/08 Premisler Dec. at ¶ 2, Exh. "A" [at ¶ 10]; Exh. "D").  Allegedly, Mr. Santoli was injured on April 7, 2003 while working for R&J on the Project.  (01/22/08 Premisler Dec. at ¶ 2, Exh. "A" [at ¶ 7]).

**THE UNDERLYING FIRST-PARTY ACTION**

Following the accident, Santoli sued 475 Ninth, VJB and others in the Supreme Court of the State of New York, County of New York ("the Underlying First-Party Action").  (01/22/08 Premisler Dec. at ¶ 2, Exh. "A" [at ¶ 6]; Exh. "E-1").  475 Ninth and VJB separately answered the complaint. (01/22/08 Premisler Dec. at ¶ 2, Exh. "E-2" and Exh. "F").

**THE UNDERLYING THIRD-PARTY ACTION AND ITS DISMISSAL**

VJB and Liberty International Underwriters[1] then commenced a third-party action against Travelers, R&J and others. (01/22/08 Premisler Dec. at ¶ 2, Exh. "E").  VJB and Liberty (represented by Michael Devereaux, Esq. and his firm) sought additional insured coverage for VJB under the Travelers/R&J Policy.  (01/22/08 Premisler Dec. at ¶ 2, Exh. "E").  On July 8, 2004, Travelers timely answered the third-party complaint.  (01/22/08 Premisler Dec. at ¶ 2, Exh. "G").[2]

### The April 2005 Order and the October 2005 Order

On April 28, 2005, the state court issued an order striking the third-party complaint due to the repeated failures to comply with court ordered discovery.  (01/22/08 Premisler Dec. at ¶ 2, Exh. "I" [April 2005 Order]).  Thereafter, 475 Ninth, VJB and Liberty moved to "reargue,

---

[1]     It is not and cannot be disputed that Liberty International Underwriters is a related and affiliated entity of Liberty Mutual Insurance Company -- the Liberty insuring entity that Plaintiff now claims actually issued the policy. See, e.g., www.libertymutual.com.  Thus, as it appears that the reference to "Liberty International Underwriters" is simply a misnomer in the state action; here, Liberty International Underwriters and Liberty Mutual Insurance Company are collectively referred to as "Liberty."

[2]     Thereafter, Mr. Devereaux substituted in as counsel for 475 Ninth. (01/22/08 Premisler Dec. at ¶ 2, Exh. "H").  Thus, following Travelers' answer, Mr. Devereaux represented 475 Ninth, VJB and Liberty.

renew, vacate, modify, and/or reverse" the April 2005 Order.  (01/22/08 Premisler Dec. at ¶ 2, Exh. "J" [October 2005 Order at p. 5 and 11]).  In the October 2005 Order, the state court declined to vacate or otherwise modify the April 2005 Order striking the third-party complaint. (01/22/08 Premisler Dec. at ¶ 2, Exh. "J").

### *The Motions for Summary Judgment and The June 2005 Order*

On October 19, 2004, 475 Ninth, VJB and Liberty moved for summary judgment against Travelers seeking coverage for 475 Ninth and VJB in the Underlying First-Party Action. (01/22/08 Premisler Dec. at ¶ 2, Exh. "K" [the June 2005 Order at p. 4-5]).  On December 17, 2004, Travelers cross-moved for summary judgment.  (01/22/08 Premisler Dec. at ¶ 2, Exh. "K" [at p. 4-5]).

Even though the state court had already struck the third-party complaint, it nonetheless decided the outstanding summary judgment motions.  (01/22/08 Premisler Dec. at ¶ 2, Exh. "K").   On June 9, 2005, the state court dismissed the third-party complaint and otherwise concluded that "the Travelers policy does not provide coverage to the VJB Entities [e.g., VJB and 475 Ninth]."  (01/22/08 Premisler Dec. at ¶ 2, Exh. "K" [at p. 10]).  Specifically, the state court ruled on the motions "as to all the VJB Entities [including 475 Ninth]" even though 475 Ninth was not named as a third-party plaintiff.  (01/22/08 Premisler Dec. at ¶ 2, Exh. "K" [at n. 4]).[3]  Thus, as of October 2005, the state court had dismissed the coverage claims now at issue three times.

---

[3]    The state court reasoned that the motion sought relief on behalf of all the "VJB Entities [e.g., 475 Ninth and VJB]" and that those entities "should not be allowed to escape the rulings herein -- which apply in equal force to all of them – merely because [VJB's counsel] neglected to include them as … third-party plaintiffs." (01/22/08 Premisler Dec. at ¶ 2, Exh. "K" [at n. 4]).  Even though Mr. Devereaux had initially neglected to include 475 Ninth as a plaintiff in the first third-party action, his motion papers assumed they were by specifically arguing and demanding coverage for 475 Ninth and VJB.

### *The Appeal*

475 Ninth, VJB and Liberty then appealed from the April 2005 Order, the June 2005 Order and the October 2005 Order to the Appellate Division, First Department. <u>Santoli v. 475 Ninth Avenue Associates</u>, 38 A.D.3d 411, 833 N.Y.S.2d 40 (1st Dep't 2007). The Appellate Division affirmed the state court's dismissal of the third-party complaint. <u>Santoli</u>, 38 A.D.3d at 414-18, 833 N.Y.S.2d at 43-46. Specifically, the Appellate Division concluded that the state court "properly exercised its discretion under CPLR 3126 [in the October 2005 Order] in declining to vacate the striking of VJB's answer and third-party complaint." <u>Santoli</u>, 38 A.D.3d at 414, 833 N.Y.S.2d at 43. Moreover, the Appellate Division dismissed the appeal from the April 2005 Order as "not appealable as of right" and dismissed the appeal from the June 2005 Order as "academic." <u>Santoli</u>, 38 A.D.3d at 414, 418, 833 N.Y.S.2d at 43, 46.

## THE UNDERLYING SECOND THIRD-PARTY ACTION

### *The Second Third Party Complaint and Its Dismissal*

In the meantime, 475 Ninth, VJB and Liberty circulated a second third-party summons and complaint among counsel. <u>Santoli</u>, 38 A.D.3d at 417, 833 N.Y.S.2d at 45. In the second third-party complaint, 475 Ninth, VJB and Liberty sought additional insured coverage for 475 Ninth and VJB under the Travelers/R&J Policy. (01/22/08 Premisler Dec. at ¶ 2, Exh. "L"). Thereafter, all second third-party defendants jointly moved to dismiss the action in lieu of serving an answer. (01/22/08 Premisler Dec. at ¶ 2, Exh. "J"). The state court, in the October 2005 Order referenced above, dismissed this action as "an improper attempt to circumvent the Court's order striking VJB's pleadings." (01/22/08 Premisler Dec. at ¶ 2, Exh. "J" [p. 10]).

### The Appeal

As part of the same appeal mentioned above (see supra p. 5), 475 Ninth, VJB and Liberty also challenged that portion of the October 2005 Order that dismissed the second third-party complaint. Santoli, 38 A.D.3d at 417, 833 N.Y.S.2d at 45. As a result, the Appellate Division confirmed the dismissal of the second third-party action's claims on behalf of VJB. Santoli, 38 A.D.3d at 417, 833 N.Y.S.2d at 45. The Appellate Division modified the October 2005 Order "to reinstate the second third-party complaint solely to the extent it is asserted by 475 Ninth …" Santoli, 38 A.D.3d at 417, 833 N.Y.S.2d at 45. The Panel, however, did not address the state court's prior (June 2005) dismissal of 475 Ninth's coverage claims on the merits. Santoli, 38 A.D.3d at 417, 833 N.Y.S.2d at 45.

### The Amended Second Third-Party Action

Following the Appeal, 475 Ninth served an amended second third-party complaint alleging that 475 Ninth was entitled to coverage from Travelers. (01/22/08 Premisler Dec. at ¶ 2, Exh. "M" [¶ 237-240]). Even though Liberty was not named as a third-party plaintiff, the amended second third-party complaint also alleged that Liberty was "entitled to a declaratory judgment" that Travelers defend and indemnify 475 Ninth. (01/22/08 Premisler Dec. at ¶ 2, Exh. "M" [¶ 237-240]). Travelers answered the amended second third-party complaint. (01/22/08 Premisler Dec. at ¶ 2, Exh. "N").

### The August 2007 Order

475 Ninth (and others) then moved for summary judgment against Santoli and another defendant/third-party defendant Spieler & Ricca Electrical Company Inc. ("Spieler") and its insurer, Utica National Insurance Company ("Utica"). (01/22/08 Premisler Dec. at ¶ 2, Exh. "O" [August 2007 Order]). Santoli cross moved for summary judgment. (01/22/08 Premisler Dec. at

¶ 2, Exh. "O").  The state court denied 475 Ninth's motion and granted Santoli's cross motion.  (01/22/08 Premisler Dec. at ¶ 2, Exh. "O").  The state court also searched the record and, among other things, dismissed 475 Ninth's coverage claims against Utica based upon the June 2005 Order because the Appellate Division Order "dismissed the appeal from the [June 2005 Order], which dismissed all of movants [e.g., 475 Ninth's] claims against Utica."  (01/22/08 Premisler Dec. at ¶ 2, Exh. "O" [at p. 13]).

## THE UNDERLYING SETTLEMENT

### The Santoli/R&J Settlement

On November 2, 2007, Travelers' named insured -- R&J -- reached a settlement with Santoli in which R&J would pay Santoli $750,000.  (01/22/08 Premisler Dec. at ¶ 2, Exh. "P" and "Q").  In return, Santoli agreed to discontinue the first-party action against 475 Ninth and to defend and indemnify R&J and Travelers in connection with any further related litigation.  (01/22/08 Premisler Dec. at ¶ 2, Exh. "P" [at p. 6], Exh. "Q" [at p.21-23]).

On November 5, 2007, all parties appeared before the Honorable Shirley Werner-Kornreich and advised her of the agreement.  (01/22/08 Premisler Dec. at ¶ 2).  Although 475 Ninth, VJB and Liberty's counsel refused to sign a stipulation discontinuing the first-party action against 475 Ninth, the state court accepted Santoli's discontinuance of the action against 475 Ninth and directed that the trial go forwarded only against VJB.  (01/22/08 Premisler Dec. at ¶ 2).

### The Santoli/Liberty Settlement

The trial against VJB then proceeded.  However, on November 9, 2007, the action against VJB was settled on the record.  (01/22/08 Premisler Dec. at ¶ 2, Exh. "P"; Exh. "Q").  Specifically, Liberty was to pay Santoli $750,000 on behalf of VJB, VJB itself was required to

pay $125,000 and the parties were to discontinue the action.  (01/22/08 Premisler Dec. at ¶ 2, Exh. "P"; Exh. "Q").

**The December 6, 2007 Conference**

Subsequently, on December 6, 2007, all the parties on all the above referenced actions appeared before the state court in connection with 475 Ninth, VJB and Liberty's motion to reargue the August 2007 Order.  (01/22/08 Premisler Dec. at ¶ 2, Exh. "Q").  At that time, 475 Ninth, VJB and Liberty's counsel disputed the November 9, 2007 settlement.  (01/22/08 Premisler Dec. at ¶ 2, Exh. "Q").  Specifically, in a thinly veiled attempt to again circumvent the court's prior orders dismissing VJB's third-party claims, counsel stated that he believed that the settlement agreement called for Liberty's $750,000 payment to be made on behalf of 475 Ninth - - not VJB.  (01/22/08 Premisler Dec. at ¶ 2, Exh. "Q" [at pp. 13-14]).  Judge Kornreich, who was present when the parties reached the settlement, disagreed with counsel's version of events and found that the open court settlement only called for Liberty to make a payment on behalf of VJB. (01/22/08 Premisler Dec. at ¶ 2, Exh. "Q" [at pp. 21-23]).  After 475 Ninth, VJB and Liberty's counsel refused the court's offer to vacate the settlement, the court confirmed that the "entire case" -- i.e., all of the aforementioned claims and coverage claims  -- were dismissed.  (01/22/08 Premisler Dec. at ¶ 2, Exh. "Q"[at pp. 37, 43-44).

**THIS COVERAGE ACTION**

In this coverage action, Liberty again seeks additional insured coverage for VJB and 475 Ninth under the Travelers/R&J Policy. (01/22/08 Premisler Dec. at ¶ 2, Exh. "A").  Travelers now moves, in lieu of an answer, to dismiss the complaint.

## ARGUMENT

## PLAINTIFF'S COMPLAINT IS BARRED BY RES JUDICATA PRINCIPLES

A motion to dismiss, pursuant to F.R.C.P. 12(b)(6), should be granted where it appears that the non-moving party can prove no set of facts that would entitle it to relief.  Landenburg Thalmann & Co. v. Imaging Diagnostic Sys., Inc., 176 F. Supp. 2d 199, 203 (S.D.N.Y. 2001) (citing Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984)); Thomas v. City of N.Y., 143 F.3d 31, 36 (2d Cir. 1998).  When deciding a Rule 12(b)(6) motion to dismiss, the Court must consider the complaint in its entirety as well as other "documents incorporated into the complaint by reference, and matters to which a court may take judicial notice."  Tellabs, Inc. v. Makor Issues & Rights, Ltd., 127 S.Ct. 2499, 2509, __ U.S. __, 168 L.Ed.2d 179 (2007);  see also I. Meyer Pincus & Assocs., Inc. v. Oppenheimer & Co., 936 F.2d 759, 762 (2d Cir. 1991) (holding that the Court may consider any documents integral to or explicitly referenced in the pleading).   The Court should also consider prior state court proceedings, orders, matters of public record, items appearing in the record of the case, and exhibits attached to the complaint.  See, e.g., Brass v. American Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993); Resource N.E. of Long Island, Inc. v. The Town of Babylon, 28 F. Supp.2d 786, 791 E.D.N.Y. 1998) (holding that the Court may also "consider the prior state court proceedings referred to in the Complaint."); Strom v. Goldman, Sachs & Co., 202 F.3d 138 (2d 1999) (court, ruling on motion to dismiss, correctly considered the policy on the theory that it was incorporated by reference in complaint); Cortec Industries, Inc. v. Sum Holdings, L.P., 949 F.2d 42, 48 (2d Cir. 1991)(documents in plaintiff's possession and those which plaintiff had knowledge and relied upon in bringing suit were reviewable in a motion to dismiss).  Moreover,

a Rule 12(b)(6) motion to dismiss may raise the principles of res judicata. Thompson v. County of Franklin, 15 F.3d 245, 253 (2d Cir. 1994).

The doctrine of res judicata embraces two concepts: claim preclusion (often confusingly referred to as res judicata) and collateral estoppel (or issue preclusion). Murphy v. Gallagher, 761 F.2d 878, 879 (2d Cir. 1985). "Although fair play demands that a party have his day in court, the doctrine of res judicata forecloses a second day." Murphy, 761 F.2d at 879. Here, Liberty and its insureds have already sued Travelers for the same coverage sought in this action. They were unsuccessful and the principles of res judicata preclude Plaintiff from doing so again.

**A.    The Collateral Estoppel Doctrine Bars Plaintiff's Complaint**

This action is barred by the collateral estoppel (or issue preclusion) doctrine. Plaintiff's complaint seeks additional insured coverage for 475 Ninth and VJB under the Travelers Policy. The state court, however, previously determined these identical issues. Thus, Plaintiff's complaint should be dismissed.

Collateral estoppel is an equitable doctrine based upon the general notion that "a party, or one in privity with a party, should not be permitted to relitigate an issue" previously decided against it. D'Arata v. New York Central Mutual Fire Ins. Co., 76 N.Y.2d 659, 564 N.E.2d 634, 563 N.Y.S.2d 24 (1990); see also Buechel v. Bain, 97 N.Y.2d 295, 740 N.Y.S.2d 252, 766 N.E.2d 914 (2001), cert. denied, 535 U.S. 1096, 122 S. Ct. 2293, 152 L. Ed. 2d 1051 (2002)(the collateral estoppel doctrine is supposed to avoid "relitigation of a decided issue and the possibility of an inconsistent result"). Only two basic requirements must be satisfied in order to invoke the collateral estoppel doctrine. D'Arata, 76 N.Y.2d at 664, 564 N.E.2d at 636, 563 N.Y.S.2d at 26. First, the "identical issue" must have been decided in the prior action. D'Arata, 76 N.Y.2d at 664, 564 N.E.2d at 636, 563 N.Y.S.2d at 26. Secondly, the party to be precluded

from re-litigating the issue must have had a "full and fair opportunity to contest the prior determination." D'Arata, 76 N.Y.2d at 664, 564 N.E.2d at 636, 563 N.Y.S.2d at 26.  While the movant has the burden of proving the first requirement, "[t]he burden is on the party attempting to defeat the application of collateral estoppel to establish the absence of a full and fair opportunity to litigate." D'Arata, at 664, 564 N.E.2d at 636, 563 N.Y.S.2d at 26.

     **i.**    ***The State Court Action Decided the Issue of 475 Ninth and VJB's Additional Insured Status Under the Travelers/R&J Policy***

Plaintiff's complaint seeks additional insured coverage for 475 Ninth and VJB under the Travelers Policy.  (Supra at p. 8).  The state court, however, was forced to address this identical issue no less than *three* times.  (Supra at pp. 3 to 8).  Each and every time, the state court dismissed these claims.  (Supra at pp. 3 to 8). The Appellate Division also concluded that the state court "properly exercised its discretion under CPLR 3126 [in the October 2005 Order] in declining to vacate the striking of VJB's answer and third-party complaint." Santoli, 38 A.D.3d at 414, 833 N.Y.S.2d at 43.  For this reason alone, collateral estoppel bars Liberty's coverage claims regarding VJB.  See, e.g., Cruz v. Kamlis Dresses & Sportswear Co., 238 A.D.2d 103, 654 N.Y.S.2d 778 (1st Dept. 1997)(dismissing the third-party action on the grounds of collateral estoppel since the issues therein were identical to those in the underlying action which were dismissed due to plaintiff's failure to comply with a conditional preclusion order). The Appellate Division also confirmed the dismissal of Liberty and VJB's coverage claims in the second third-party action. Santoli, 38 A.D.3d at 417, 833 N.Y.S.2d at 45.  Moreover, although the Appellate Division reinstated 475 Ninth's coverage claims, the state court later cleared up any confusion

following the settlement when it unequivocally confirmed that the "entire case" was dismissed. (Supra at p. 8).[4]

### ii.  *Liberty Had a "Full and Fair Opportunity" to Contest these Prior Determinations*

Liberty has not and cannot satisfy its burden of proving that it did not have a "full and fair opportunity" to contest these prior state court determinations. Specifically, Liberty appeared in the state action, acted as a party and actually participated in this litigation. (Supra at pp. 3 to 8). For example, Liberty asserted claims against Travelers in the third-party actions, took part in the motion practice outlined above and was a party to the appeal. (Supra at pp. 3 to 8).

Even if Liberty had never appeared in the state action or otherwise participated in the litigation, it would still be bound by the determinations therein because it was in privity with 475 Ninth and VJB. Specifically, a nonparty to a prior litigation is in privity with a party to that litigation where "his own rights or obligations in the subsequent proceeding are conditioned in one way or another on, or derivative of the rights of the party to the prior litigation." D'Arata, 76 N.Y.2d at 664, 564 N.E.2d at 637, 563 N.Y.S.2d at 27(holding that a party standing in the shoes of an insured or otherwise proceeding "as a subrogee of the insured's rights" is in privity with the insured). Privity also attaches to those who "control an action" and "those whose interests

---

[4]     Further, although the Appellate Division did not reverse, affirm, modify or otherwise discuss the merits of the June 2005 Order (wherein the lower court determined that "the Travelers policy does not provide coverage to the VJB Entities [e.g., VJB and 475 Ninth]"), it did dismiss the appeal from that order. Santoli, 38 A.D.3d at 418, 833 N.Y.S.2d at 46. The Appellate Division also specifically noted that it was expressing "no view as to the viability of 475 Ninth's third-party claims on the merits." Santoli, 38 A.D.3d at 418, 833 N.Y.S.2d at 46, n. 5. Accordingly, the lower court's summary judgment determinations as to both VJB and 475 Ninth remained "in effect." See, e.g., Adirondack League Club v. Board of Black River Regulating Dist., 201 N.Y. 219, 223, 93 N.E.2d 647, 649 (1950). The fact that the June 2005 determinations remained in effect was subsequently confirmed by the state court. (01/22/08 Premisler Dec. at ¶ 2, Exh. "O" [at p. 13]).

are represented by a party to the action…"  Watts v. Swiss Bank Corp., 27 N.Y.2d 270, 277, 317

N.Y.S.2d 315, 265 N.E.2d 739 (1970).[5]

Here, there can be no dispute that Liberty was in privity with 475 Ninth and VJB.  It was

the direct liability insurer of 475 Ninth and VJB and, was defending and indemnifying them in

connection with the state action.  It is by virtue of its insurance contract with 475 Ninth and VJB

that it before, and again now claims a right to seek reimbursement from Travelers.  In other

words, Liberty is now standing in the shoes of 475 Ninth and VJB.  Moreover, Liberty had a

significant financial interest (i.e., $1,000,000 plus defense costs) in the state action which would

have been eliminated had the underlying third-party plaintiffs successfully prosecuted the

coverage claims against Travelers.  It is hard to imagine a more direct privity situation.

Thus, Plaintiff is collaterally estopped from bringing this action.

**B.    The Claim Preclusion Doctrine Bars Plaintiff's Complaint**

Even if the complaint is not barred by the collateral estoppel doctrine, it should be

dismissed based upon the overlapping doctrine of claim preclusion.  In this action, Liberty claims

that it is entitled to additional insured coverage for 475 Ninth and VJB under the Travelers/R&J

Policy in connection with the Underlying First-Party Action.  However, this exact same cause of

action was redundantly adjudicated in state court.  Thus, since Liberty appeared in the state

---

[5]    See, e.g., Culpepper v. Allstate Ins. Co., 31 A.D.3d 490, 491 818 N.Y.S.2d 544, 546 (2d Dep't 2006)(privity exists between an insured and its insurer where their "interest[s] did not diverge …");  Greater New York Mut. Ins. Co. v. Liberty Mut. Ins. Co., 01 Civ. 10632 (JFK), 2003 WL 22149522 at * 3 (S.D.N.Y. 2003)(issue decided against insured would bar a challenge to that issue in the subsequent coverage action brought by the insurer);  Castellano v. City of New York, 251 A.D.2d 194, 674N.Y.S.2d 364 (1st Dep't 1998)("those with interests that were represented in the prior proceeding [citation omitted], or who controlled the conduct of the prior action …" are in privity with the party to that prior action);  State Farm Mut. Auto Ins. Co. v. Baltz Concrete Const., Inc., 29 A.D.3d 777, 815 N.Y.S.2d 203 (2d Dep't 2006)(issues decided in prior action against insured had preclusive effect in connection with the insurer's subsequent action as subrogee of insured);  Commerce and Industry Ins. Co. v. Nester  Town of Clarkson v. Boston Old Colony Ins. Co., 102 A.D.2d 850, 476 N.Y.S.2d 621 (2d Dep't 1984)(insurer could not relitigate issue decided in a prior action brought against its insured); Restatement (Second) of Judgments §54.

action (or, at the very least, was in privity with a party to the State Action), the Court should dismiss the complaint.

The United States Constitution's Full Faith and Credit Clause and the Federal Full Faith and Credit Statute require a federal court to "give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City School Dist. Bd. of Ed., 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d56, 61 (1984);  see also U.S. Const., Art. IV, § 1; 28 U.S.C. § 1738.  The federal courts determine this "preclusive effect" by analyzing the state's preclusion rules.  AmBase Corp. v. City Investing Co. Liquidating Trust, 326 F.3d 63, 72 (2d Cir. 2003).

Under the claim preclusion doctrine, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy."  O'Brien v. City of Syracuse, 54 N.Y.2d 353, 357, 429 N.E.2d 1158, 1159, 445 N.Y.S.2d 687 (1981).  In other words, a plaintiff is barred from "litigating claims that were or could have been raised in a prior action against the same defendant" where they arise from the same "transaction or occurrence."  Cieskowska v. Gray Line New York, 295 F.3d 204, 205 (2d Cir. 2002).  Thus, the claim preclusion doctrine applies to preclude litigation when "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been raised in the prior action."  Duane Reade, Inc. v. St. Paul Fire and Marine Insurance Co., 503 F. Supp.2d 699, 703 (S.D.N.Y. 2007)(internal quotes omitted)

For example, in Beck v. Eastern Mutual Insurance Co., 295 A.D.2d 740, 744 N.Y.S.2d 57 (3d Dep't 2002) an insured brought an action against his insurer for defense and indemnification

in connection with an underlying tort action.  However, the insured had previously brought a declaratory judgment action against the same insurance company.  In this previous action, the court had held that there was no coverage under the policy.  Thus, in <u>Beck</u>, the court held that "plaintiffs' second declaratory judgment action is precluded because plaintiffs' claim that defendant should indemnify them in the underlying action was the subject matter of the first declaratory judgment action."  <u>Id.</u> at 741-42, 744 N.Y.S.2d at 59; <u>see also</u> <u>Zitnansky v. International Fidelity Ins. Co.</u>, 229 Fed.Appc. 6 (2d Cir. 2007)(holding that insured's second action for indemnity against an insurer was barred because the insurer's indemnity obligations were already decided in a prior action against the same insurer); <u>Duane Reade, Inc. v. St. Paul Fire and Marine Ins. Co.</u>, 503 D. Supp.2d 699, 703-06 (S.D.N.Y. 2007)(res judicata barred coverage claims because "they could have been, and rightfully should have been, brought in the prior action.");  <u>G.E.I.C.O General Ins. Co. v. Canal Ins. Co.</u>, 189 Misc.2d 467, 733 N.Y.S.2d 847 (Civ. Ct. 2001)(barring an insurer from asserting a claim in a second action that was decided in a prior action, even though the insured, not the insurer, was a party to the previous action).

Here, the state court already considered and dismissed the identical claims now at issue – claims of additional insured coverage for 475 Ninth and VJB.  (<u>Supra</u> at pp. 3 to 8).  Further, the Appellate Division concluded that the state court "properly exercised its discretion under CPLR 3126 [in the October 2005 Order] in declining to vacate the striking of VJB's answer and third-party complaint."  <u>Santoli</u>, 38 A.D.3d at 414, 833 N.Y.S.2d at 43.  For this reason alone, res judicata bars Liberty's coverage claims regarding VJB.  <u>See</u>, <u>e.g.</u>, <u>Tejeda v. 750 Gerard Properties Corp.</u>, 272 A.D.2d 124, 707 N.Y.S.2d 174 (1st Dept. 2000)(res judicata bars the relitigation of a claim that was previously dismissed based upon the failure to comply with court ordered discovery); <u>Jardine Emett & Chandler New York, Inc. v. Armored Transport of New</u>

York, 204 A.D.2d 606, 612 N.Y.S.2d 186 (2nd Dept. 1994) (finding the action properly dismissed on the grounds of res judicata "because it was identical to a prior action that was dismissed because of plaintiff's failure to comply with a conditional order of preclusion"); Leeds v. Sturm, Ruger and Co., Inc., 101 A.D.2d 881, 476 N.Y.S.2d 181 (2nd Dept. 1984)(same).   Moreover, although the Appellate Division reinstated Liberty's coverage claims regarding 475 Ninth, the state court subsequently dismissed those claims following the settlement.   (Supra at p. 8).   For this additional reason, res judicata bars this action.   See, e.g., State v. Seaport Manor A.C.F., 19 A.D.3d 609, 797 N.Y.S.2d 538 (2d Dep't 2005).[6]   Nor can it be legitimately disputed that the underlying third-party actions did not involve Liberty or those in privity with  Liberty – i.e., VJB and 475 Ninth.   (Supra at pp. 12 to 13).

Thus, since all the elements of the claim preclusion doctrine are met, this action should be dismissed.

---

[6]        Moreover, the June 2005 Order (wherein the lower court determined that "the Travelers policy does not provide coverage to the VJB Entities [e.g., VJB and 475 Ninth]") remained "in effect" following the appeal.  Supra at p. 12, n. 4).

## CONCLUSION

For the reasons stated herein and in the accompanying declarations, Travelers respectfully asks the Court to dismiss the complaint in its entirety.

Dated: New York, New York
      January 22, 2008

                  LAZARE POTTER GIACOVAS & KRANJAC

                  s/Andrew M. Premisler
                  Andrew M. Premisler (AMP-0811)
                  950 Third Avenue
                  New York, New York  10022
                  Telephone: (212) 758-9300
                  Fax: (212) 888-0919
                  E-mail: apremisler@lpgk.com
                  Attorneys for Defendant Travelers Property Casualty Company of America, f/k/a The Travelers Indemnity Company of Illinois

17

## CERTIFICATE OF SERVICE

I, Andrew M. Premisler, Esq., hereby certify that on January 22, 2008, the foregoing

Memorandum of Law was filed with the Clerk of the District Court by electronic filing using the

CM/ECF system and served by electronic filing and regular mail upon the following parties:


        Marshall T. Potashner, Esq.
        Jaffe & Asher LLP
        600 Third Avenue
        New York, New York 10016
        (212) 687-3000


Dated: New York, New York
       January 22, 2008

                              s/ Andrew M. Premisler
                        Andrew M. Premisler (AP-0811)
                        Lazare Potter Giacovas & Kranjac LLP
                        950 Third Avenue
                        New York, New York  10022
                        (212) 758-9300
                        apremisler@lpgk.com
                        Attorneys for Defendant Travelers Property
                        Casualty Company of America f/k/a The
                        Travelers Indemnity Company of Illinois