UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
LIBERTY MUTUAL INSURANCE COMPANY,

                    Plaintiff,

    -against-

TRAVELERS PROPERTY CASUALTY COMPANY
OF AMERICA f/k/a THE TRAVELERS INDEMNITY
COMPANY OF ILLINOIS,

                  Defendant.
------------------------------------------------------------------------x

Civil Action No.:
07 Civ. 11292 (JFK)

# PLAINTIFF'S MEMORANDUM OF LAW IN
# OPPOSITION TO MOTION TO DISMISS

Jaffe & Asher LLP
600 Third Avenue, 9th Floor
New York, New York 10016
(212) 687-3000

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ....................................................................................... ii

**PRELIMINARY STATEMENT** ................................................................................... 1

**STATEMENT OF ALLEGATIONS** ............................................................................ 3

**ARGUMENT** ................................................................................................................ 3

      **Point I** AS A MATTER OF LAW, 475 NINTH AND VJB
      ARE ADDITIONAL INSUREDS UNDER THE TRAVELERS
      POLICY FOR THE CLAIMS ALLEGED IN THE
      UNDERLYING ACTION ....................................................................................... 3

      **Point II** LIBERTY MUTUAL'S COMPLAINT AGAINST
      TRAVELERS IS BASED UPON ITS OWN RIGHT OF
      ACTION AND NOT AS SUBROGEE OF ITS INSUREDS .................... 10

      **Point III** THE COLLATERAL ESTOPPEL DOCTRINE DOES
      NOT BAR LIBERTY MUTUAL'S COMPLAINT ...................................... 12

      **Point IV** THE RES JUDICATA DOCTRINE DOES NOT
      BAR LIBERTY MUTUAL'S COMPLAINT ................................................. 22

**CONCLUSION** ............................................................................................................. 25

## TABLE OF AUTHORITIES

AIU Ins. Co. v. American Motorists Ins. Co.,
292 A.D.2d 277, 740 N.Y.S.2d 296 (1st Dep't 2002).........................................7,10

AMEX Assurance Co. v. Caripides,
179 F. Supp. 2d 309 (S.D.N.Y. 2002) ...........................................................................2

Atlantic Mut. Ins. Co. v. Greater New York Mut. Ins. Co.,
271 A.D.2d 278, 707 N.Y.S.2d 398 (1st Dep't 2000)................................18,19,20

Atlantic Mut. Ins. Co. v. Lauria,
291 A.D.2d 492, 739 N.Y.S.2d 394 (2d Dep't 2002) .........................................14

BBS Norwalk One, Inc. v. Raccolta, Inc.,
117 F.3d 674 (2d Cir.1997)....................................................................................13

Church v. New York State Thruway Auth.,
16 A.D.3d 808, 791 N.Y.S.2d 676 (3d Dep't 2005) ...........................................14

City of New York v. Welsbach Electric Corp.,
9 N.Y.3d 124, 848 N.Y.S.2d 551 (2007) ............................................................23

Consolidated Edison Co. of New York, Inc. v. Hartford Ins. Co.,
203 A.D.2d 83, 610 N.Y.S.2d 219 (1st Dep't 1994)......................................7,8,10

Consolidated Edison Co. of New York, Inc. v. U.S. Fidelity and Guar. Co.,
266 A.D.2d 9, 697 N.Y.S.2d 620 (1st Dep't 1999)...........................................7,8

Curry v. City of Syracuse,
316 F.3d 324 (2d Cir. 2003)...............................................................................12-13

Failla v. Nationwide Ins. Co.,
267 A.D.2d 860, 701 N.Y.S.2d 161 (3d Dep't 1999) .........................................18

Figueroa v. Center Associates,
283 A.D.2d 324, 728 N.Y.S.2d 5 (1st Dep't 2001)...............................................21

First Investors Corp. v. Liberty Mut. Ins. Co.,
955 F. Supp. 274 (S.D.N.Y. 1997) ................................................................................2

First State Ins. Co. v. J & S United Amusement Corp.,
67 N.Y.2d 1044, 504 N.Y.S.2d 88 (1986) .........................................................17

Gelb v. Royal Globe Ins. Co.,
798 F.2d 38 (2d Cir. 1986)..........................................................................12,16

Jeffreys v. Griffin,
1 N.Y.3d 34, 769 N.Y.S.2d 184 (2003) ......................................................13,22

Jenkins v. City of New York,
478 F.3d 76 (2d Cir. 2007)..........................................................................14,16

Johnson v. Watkins,
101 F.3d 792 (2d Cir. 1996).......................................................................14,16

Krisberg v. Scheyer,
11 Misc. 3d 818, 808 N.Y.S.2d 889 (2006).....................................................23

Kulak v. City of New York,
88 F.3d 63 (2d Cir.1996)...................................................................................14

Levich v. The Liberty Central Sch. Dist.,
361 F. Supp. 2d 151 (S.D.N.Y. 2004) ........................................................13,21

Linette v. Hanover Ins. Co.,
29 A.D.3d 338, 814 N.Y.S.2d 608 (1st Dep't 2006)...................................17-18,19

Maryland Cas. Co. v. W.R. Grace & Co.,
218 F.3d 204 (2d Cir. 2000)...............................................................10,11,12,24

McKithen v. Brown,
481 F.3d 89 (2d Cir. 2007)...............................................................................13

National Cas. Co. v. Vigilant Ins. Co.,
466 F. Supp. 2d 533 (S.D.N.Y. 2006) ...............................................................10

New York Central Mut. Fire Ins. Co. v. Steiert,
43 A.D.3d 1065, 842 N.Y.S.2d 494 (2d Dep't 2007) ...............................17,18,19

New York State Ins. Fund v. Merchants Ins. Co. of New York,
5 A.D.3d 449, 773 N.Y.S.2d 431 (2d Dep't 2004) .............................................18

Postlewaite v. McGraw-Hill, Inc.,
333 F.3d 42 (2d Cir. 2003)...............................................................................14

Russell v. New York Cent. Mut. Fire Ins. Co.,
11 A.D.3d 668, 783 N.Y.S.2d 404......................................................................18

Saastomoinen v. Pagano,
278 A.D.2d 218, 717 N.Y.S.2d 218 (2d Dep't 2000) .........................................21

Santangelo v. Fluor Constructors Int'l, Inc.,
294 A.D.2d 903, 741 N.Y.S.2d 807 (4th Dep't 2002) .......................................23

Santoli v. 475 Ninth Avenue Assocs., LLC,
38 A.D.3d 411, 833 N.Y.S.2d 40 (1st Dep't 2007)...................2,3,15,16,17,21,24

Tishman Interiors Corp. of New York v. Firemen's Fund Ins. Co.,
236 A.D.2d 385, 653 N.Y.S.2d 367 (2d Dep't 1997) ...................................7,8,10

Tops Markets, Inc. v. Maryland Cas.,
267 A.D.2d 999, 700 N.Y.S.2d 325 (4th Dep't 1999) ..............................10,11,12

Town of East Hampton v. Omabuild USA No. 1, Inc.,
215 A.D.2d 746, 627 N.Y.S.2d 723 (2d Dep't 1995) ....................................13,14

Wollman v. Long Island Jewish Med. Ctr.,
170 A.D.2d 673, 566 N.Y.S.2d 937 (2d Dep't 1991) .........................................14

Zurich-American Ins. Cos. v. Atlantic Mut. Ins. Cos.,
139 A.D.2d 379, 531 N.Y.S.2d 911 (1st Dep't 1988)..........................................10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
LIBERTY MUTUAL INSURANCE COMPANY,

Plaintiff,

-against-

TRAVELERS PROPERTY CASUALTY COMPANY
OF AMERICA f/k/a THE TRAVELERS INDEMNITY
COMPANY OF ILLINOIS,

Defendant.
-------------------------------------------------------------------x

Civil Action No.:
07 Civ. 11292 (JFK)

## PLAINTIFF'S MEMORANDUM OF LAW IN
## OPPOSITION TO MOTION TO DISMISS

### PRELIMINARY STATEMENT

Plaintiff LIBERTY MUTUAL INSURANCE COMPANY ("Liberty Mutual")

submits this memorandum of law in opposition to defendant TRAVELERS PROPERTY

CASUALTY COMPANY OF AMERICA's ("Travelers") motion to dismiss this action

based upon grounds of res judicata (claim preclusion) and/or collateral estoppel (issue

preclusion).  Instead of granting the motion to dismiss, this Court, based upon a search of

the undisputed record, should determine and declare that 475 Ninth Avenue Associates

LLC ("475 Ninth") and VJB Construction Corp. ("VJB") are additional insureds under a

liability policy issued by Travelers to R&J Construction Corp. ("R&J") for an underlying

action entitled George Santoli and Stacey Santoli v. 475 Ninth Avenue Associates LLC et

1

al., Index No. 118596/03, which was brought in the Supreme Court of the State of New York, County of New York (the "Underlying Action").[1]

The collateral estoppel and res judicata doctrines are both grounded upon notions of fundamental fairness. The grant of Travelers' motion would be manifestly unfair because, as discussed in Point I herein, there can be no legitimate dispute that Travelers is a co-insurer with Liberty Mutual for the claims alleged in the Underlying Action. As discussed in Point II herein, Liberty Mutual's right to a direct action for recovery of co-insurance against Travelers is not based on, and does not derive from, the rights of their common insureds - - VJB and 475 Ninth. It is a direct right against Travelers that Liberty Mutual possesses and may pursue even in the absence of such a right by the common insureds.

The issues raised by this lawsuit were not decided in the Underlying Action, and Liberty Mutual has never had a full and fair opportunity to litigate them. VJB's coverage suit against Travelers, instead, was dismissed solely based upon a failure to comply with discovery and perhaps as a result of VJB's counsel's misrepresentations. The Appellate Division, in the Underlying Action, refused to consider the coverage issues on their substantive merits – terming any determination as "academic". Santoli v. 475 Ninth Avenue Assocs., LLC, 38 A.D.3d 411, 418, 833 N.Y.S.2d 40, 46 (1st Dep't 2007).

---

[1] Because the undisputed documents, particularly Travelers' insurance policy, the complaint in the underlying action, and the contract between R&J and VJB establish, at a matter of law, that 475 Ninth and VJB are additional insureds under Travelers' policy for the claims alleged in the Underlying Action, this Court "is empowered to search the record and, if warranted, to grant summary judgment" on this limited issue in Liberty Mutual's favor. First Investors Corp. v. Liberty Mut. Ins. Co., 955 F. Supp. 274, 279 (S.D.N.Y. 1997); see also AMEX Assurance Co. v. Caripides, 179 F. Supp. 2d 309, 317 n.3 (S.D.N.Y. 2002).

The Appellate Division did reinstate 475 Ninth's coverage suit, which was never subsequently decided. Id. at 417, 833 N.Y.S.2d at 45.

Liberty Mutual, furthermore, never had the chance to exercise its right to pursue its direct rights against Travelers. Both the Trial Court and the Appellate Division determined that Liberty Mutual was not a party to the Underlying Action. Id. at 417, 833 N.Y.S.2d at 46. Liberty Mutual never had its day in court, and the grant of this motion would deny Liberty Mutual from ever having due process.

Finally, in addition to the lack of identity of the parties, the res judicata doctrine cannot apply because no final Judgment was ever entered on the Third-Party Complaint in the Underlying Action.

## STATEMENT OF ALLEGATIONS

Rather than repeating the facts at length herein, this Court is respectfully referred to the accompanying affidavit of Marshall T. Potashner.

## ARGUMENT

### Point I

### AS A MATTER OF LAW, 475 NINTH AND VJB ARE ADDITIONAL INSUREDS UNDER THE TRAVELERS POLICY FOR THE CLAIMS ALLEGED IN THE UNDERLYING ACTION

Travelers issued a Contractors Liability policy, No. DT-CO-963K2686-TIL-03, to R&J, with a policy period from January 1, 2003 to January 1, 2004 (the "Travelers Policy"). The Travelers Policy contains an endorsement entitled "Blanket Additional Insured (Contractors)." This endorsement provides, in relevant part, as follows:

3

1.  WHO IS AN INSURED – (Section II) is amended to include any person or organization **you are required to include as an additional insured on this policy by a written contract or written agreement** in effect during this policy period and executed prior to the occurrence of any loss.

2.  The insurance provided to the additional insured is limited as follows:

    a)  The person or organization is only an additional insured with respect to liability arising out of "your work" for that additional insured.

    \* \* \*

4.  Any coverage provided by this endorsement to an additional insured shall be excess over any other valid and collectible insurance available to the additional insured whether primary, excess, contingent or on any other basis **unless a written contract or agreement specifically requires that this insurance apply on a primary or contributory basis**.  (Emphasis supplied.)

(See Marshall T. Potashner's Affidavit in Opposition to Motion to Dismiss ["Potashner Aff't"], Exhibit "3".)  The Travelers Policy defines the term "your work" as follows:

"Your work" means:

a.  Work or operations performed by you or on your behalf; and

b.  Materials, parts or equipment furnished in connection with such work or operations.

"Your work" includes:

a.  Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

4

       b.     The providing or failure to provide warnings or
                instructions.

(See Potashner Aff't, Exhibit "3".)

      The Underlying Action arises out of George Santoli's ("Santoli") alleged accident on April 2, 2003 at the premises located at 475 Ninth Avenue, New York, New York. Santoli alleges that, at the time of the alleged accident, he was performing work at the premises (the "Project") as an employee of R&J, Travelers Named Insured.[2] Santoli alleges that, as a result of this accident, he was caused to fall and sustain bodily injuries. (See Potashner Aff't, Exhibit "1".)

      It is indisputable that R&J was performing work on the Project pursuant to a Subcontract with a Joint Venture between Kajima and VJB (the "Subcontract"). With respect to insurance, the Subcontract provides, in relevant part, as follows:

> 17. [Note: Schedules may need to be specified] Insurance.
> Subcontractor shall maintain and pay for insurance coverage of the types and with the minimum limits set forth in Schedule _
> attached hereto. Such coverage shall be maintained in form and with companies acceptable to Construction Manager, Architect, and Owner, and shall, notwithstanding Schedule __,
> meet the applicable requirements imposed under the Contract or by any governmental authority having jurisdiction over the Work. Subcontractor shall name all Indemnitees as Additional Insureds.

---

[2] Travelers acknowledges in its motion papers that "Mr. Santoli was injured on April 7, 2003 while working for R&J on the Project." (See Travelers' Memorandum of Law in Support of its Motion to Dismiss, p. 3.)

(See Travelers' Moving Papers, Exhibit "D".)  A rider entitled "Exhibit B –

Subcontractor's Insurance Requirements – NY" is attached to and part of the Subcontract.

This rider provides, in relevant part, as follows:

> Subcontractor shall maintain during the progress of the Work,
> and any extended warranty period as required by the Contract
> Documents or by law, insurance with the minimum limits and
> coverage as shown below or, if higher, the requirements set
> forth in the Agreement between the Owner and the
> Contractor.
>
> \* \* \*
>
> - Owner, Architect and others are additional insured as
>   required in the Contract Documents.  Please include the
>   following as an additional insured:
>
> \* \* \*
>
> ♦ VJB Construction Corp. – 200 West 56th St., New
>   York, NY 10019
>
> \* \* \*
>
> ♦ 475 Ninth Avenue Associates LLC
>
> \* \* \*
>
> - Other insurance clause to be deleted and insurance is to
>   apply on a primary basis for additional insured.  Rights of
>   subrogation against additional insured are waived and
>   evidence of waiver shall be in a form equivalent in all
>   respects to ISO 1984 form CG 24 04 11 85.

(See Potashner Aff't, Exhibit "2".)  Pursuant to the rider, R&J was required to maintain

Commercial General Liability Insurance coverage with "Occurrence Coverage under the

Commercial General Liability ISO form" and "Limits not less than . . . $2,000,000 Each

Occurrence."  (See Potashner Aff't, Exhibit "2".)  Therefore, pursuant to the explicit

6

terms of the Travelers Policy, both 475 Ninth and VJB are included as additional insureds "with respect to liability arising out of" R&J's work for VJB.

Under New York Law, as Santoli was an employee of R&J at the time of his alleged accident, 475 Ninth and VJB's liability is deemed to arise out of R&J's work for 475 Ninth and VJB. See Consolidated Edison Co. of New York, Inc. v. U.S. Fidelity and Guar. Co., 266 A.D.2d 9, 697 N.Y.S.2d 620, 621 (1st Dep't 1999) (holding that contractor's insurer was obligated to indemnify Consolidated Edison Company of New York ("Con Ed") for the claims in the underlying action, where an employee of the contractor alleged he was injured because of Con Ed's negligent placement of a barricade); Consolidated Edison Co. of New York, Inc. v. Hartford Ins. Co., 203 A.D.2d 83, 83-84, 610 N.Y.S.2d 219, 220-221 (1st Dep't 1994) (holding with respect to an additional insured endorsement similar to the one in the Travelers Policy that "[t]he language of the subject endorsement extends coverage for the injuries sustained by the subcontractor's employee."); see also AIU Ins. Co. v. American Motorists Ins. Co., 292 A.D.2d 277, 278-279, 740 N.Y.S.2d 296, 297-298 (1st Dep't 2002).

For example, in Tishman Interiors Corp. of New York v. Firemen's Fund Ins. Co., 236 A.D.2d 385, 653 N.Y.S.2d 367 (2d Dep't 1997), plaintiff Tishman Interiors Corporation of New York ("Tishman") contracted with defendant Industrial Temperature Systems, Inc. ("Industrial") for certain HVAC and sheet metal work. Id. at 386, 653 N.Y.S.2d at 369. Tishman's contract with Industrial required it to purchase general liability insurance which named Tishman as an additional insured. Id. Industrial hired the

subcontractor FRP to perform the sheet metal work. The plaintiff in the underlying action was an employee of FRP who was injured when he was struck by falling brick.

Plaintiffs commenced a declaratory action against Royal Insurance Company ("Royal"), Industrial's insurer, seeking a declaration, inter alia, that Royal was obligated to defend and indemnify Tishman for the underlying action. Royal argued that Tishman was not an additional insured under its policy because the claim did not arise from Industrial's work. The Appellate Division, however, held that the fact that an employee for Industrial's subcontractor was making the claim meant that the claim arose from Industrial's work for Tishman, reasoning as follows:

> The policy obtained by Industrial from Royal provided coverage to Tishman for liability 'arising out of' Industrial's work for Tishman at this job site. The contract required the policy to cover personal injury claims 'however such injuries may be caused, whether * * *directly or indirectly by the negligence of the Contractor or Subcontractor'. **Since LoVerde was injured while performing sheetmetal work which Industrial was contractually obligated to perform for Tishman, it must be concluded that LoVerde's injury arose from Industrial's work for Tishman so as to trigger the coverage provided in the Royal policy.** (Emphasis supplied; citations omitted.)

Id.

In the Underlying Action, Santoli alleges that he was injured while performing work that R&J was contractually obligated to perform for VJB and 475 Ninth. Pursuant to Consolidated Edison Co. of New York, Inc. v. U.S. Fidelity and Guar. Co., Consolidated Edison Co. of New York, Inc. v. Hartford Ins. Co., AIU Ins. Co. v. American Motorists Ins. Co., and Tishman Interiors Corp. of New York, it must be

concluded that Santoli's injury arose from R&J's work so as to trigger the coverage provided by the Travelers Policy.

The Commercial General Liability Coverage Form that is part of the Travelers Policy provides, in relevant part, as follows:

**1.    Insuring Agreement**

a.     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result.

(<u>See</u> Potashner Aff't, Exhibit "3".) The Travelers Policy defines the terms "bodily injury" and "occurrence" as follows:

"Bodily injury" means bodily injury, shock, fright, mental injury, disability, mental anguish, humiliation, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \*

"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

(<u>See</u> Potashner Aff't, Exhibit "3".) In the Underlying Action, Santoli alleges that he suffered "bodily injury" on April 2, 2003 as a result of an accident. (<u>See</u> Potashner Aff't, Exhibit "1".) Travelers, based upon the language of its own policy,

9

owes a primary duty to defend and indemnify to both 475 Ninth and VJB for the

claims alleged in the Underlying Action.

Accordingly, pursuant to Consolidated Edison Co. of New York, AIU Ins.

Co., and Tishman Interiors Corp., this Court should determine that, as a matter of law,

VJB and 475 Ninth are additional insureds for the Underlying Action under the Travelers

Policy, and that Travelers owes them a primary duty to defend and indemnify for it.

### Point II

### LIBERTY MUTUAL'S COMPLAINT AGAINST TRAVELERS IS BASED UPON ITS OWN RIGHT OF ACTION AND NOT AS SUBROGEE OF ITS INSUREDS

"An insurer has a right to seek contribution from an obligated coinsurer."

Tops Markets, Inc. v. Maryland Cas., 267 A.D.2d 999, 1000, 700 N.Y.S.2d 325, 326

(4th Dep't 1999).  As this Court has noted, "New York law recognizes a cause of action

for pro rata contribution when a co-insurer pays more than its fair share for a loss covered

by multiple insurers."  National Cas. Co. v. Vigilant Ins. Co., 466 F. Supp. 2d 533, 540

(S.D.N.Y. 2006).  This right is not dependant on the common insured's rights against the

co-insurer.  See Zurich-American Ins. Cos. v. Atlantic Mut. Ins. Cos., 139 A.D.2d 379,

387, 531 N.Y.S.2d 911, 916 (1st Dep't 1988)(held that Zurich could bring claim

against co-insurer notwithstanding that common insured never requested coverage from

the co-insurer).  This claim is not based upon an insurer's rights to subrogation; rather, it is

an independent equitable right of the insurance company.  Maryland Cas. Co. v. W.R.

Grace & Co., 218 F.3d 204, 210-11 (2d Cir. 2000); National Cas. Co. v. Vigilant Ins.

Co., 466 F. Supp. 2d at 541-42.

10

In Maryland Cas. Co. v. W.R. Grace & Co., Maryland Casualty Company ("Maryland") and Continental Casualty Company ("CNA") brought claims for recovery of co-insurance against Royal Indemnity Company ("Royal") for asbestos litigation claims against their common insured, W.R. Grace & Company ("Grace"). Royal had previously settled its coverage obligations with, and received a release from, Grace. Maryland Cas. Co. v. W.R. Grace & Co., 218 F.3d at 208. The District Court dismissed Maryland and CNA's claims for recovery of co-insurance against Royal based upon the settlement and release, reasoning "that because Royal had fully satisfied its coverage obligations to Grace and obtained a release from further liability with Grace, it could not be subject to reimbursement claims from Maryland and CNA." Id. at 209.

The Second Circuit rejected that holding and reasoning, ruling that Maryland and CNA's claims did not derive from Grace's rights against Royal. Id. at 210-11. "The notion that any settlement by which an insurer obtains a release from its insured, regardless of its terms, insulates that insurer from all contribution claims, is untenable." Id. at 210. The Second Circuit specifically held that subrogation principals do not apply because the insurers "are not seeking reimbursement from a third-party wrongdoer." Id. at 211. The Second Circuit, instead, held that co-insurers have direct rights of action based upon equitable principles of contribution. Id. at 210-11.

Similarly, in Tops Markets, Inc., the New York Appellate Division, Fourth Department, held that an insurer does not stand in the shoes of its insured in bringing a claim against a co-insurer. In that case, the Appellate Division held that the insurer, in bringing a claim for recovery of co-insurance, could not enforce the statutory rights under

11

N.Y. Ins. Law § 3420(d) that the insured could have enforced if it had brought a direct claim. Tops Markets, Inc., 267 A.D.2d at 1000, 700 N.Y.S.2d at 326.

In the case at bar, it is clear that the dismissal of VJB's claims against Travelers based upon VJB's discovery failures does not preclude Liberty Mutual's claims in the case at bar. Liberty Mutual does not stand in the shoes of VJB in bringing this suit. Liberty Mutual, instead, brought this suit based upon its own direct right of action against Travelers. If a release by an insured to an insurer does not bar a claim for recovery of co-insurance against that insurer, as the Second Circuit held in Maryland Cas. Co. v. W.R. Grace & Co., 218 F.3d at 210-11, then the striking of VJB's third-party complaint based upon a failure to comply with discovery does not bar the instant action.[3]

### Point III

## THE COLLATERAL ESTOPPEL DOCTRINE DOES NOT BAR LIBERTY MUTUAL'S COMPLAINT

"[T]he doctrine of collateral estoppel has limitations to assure that the precluded issue was carefully considered in the first proceeding." Gelb v. Royal Globe Ins. Co., 798 F.2d 38, 44 (2d Cir. 1986). A party seeking to establish application of the doctrine of collateral estoppel must show (1) that an identical issue was already decided; (2) in a previous proceeding in which the party against whom collateral estoppel is being invoked had a full and fair opportunity to litigate; and (3) the issue that was previously raised is decisive in the present action. Curry v. City of Syracuse, 316 F.3d 324, 331

---

[3] The equities clearly favor Liberty Mutual. As discussed in Point I, Travelers can have no legitimate defense to the claim that it owes 475 Ninth and VJB a defense and indemnity for the Underlying Action.

(2d Cir. 2003). In determining whether the party had a full and fair opportunity to

litigate an issue, the Court must look to the "realities of the prior litigation". <u>Levich v.

The Liberty Central Sch. Dist.</u>, 361 F. Supp. 2d 151, 158 (S.D.N.Y. 2004).

> The specific factors to be considered include: the nature of the
> forum and the importance of the claim in the prior
> proceeding; the incentive and initiative to litigate and the
> actual extent of litigation; the competence and expertise of
> counsel; the availability of new evidence; the differences in the
> applicable law; and the foreseeability of future litigation.
> However, collateral estoppel is a flexible doctrine which can
> not be mechanically applied or reduced to a rigid formula.
> (Citation omitted.)

<u>Id.</u> Application of the general notions of fairness is the cornerstone of the collateral

estoppel doctrine. <u>See Jeffreys v. Griffin</u>, 1 N.Y.3d 34, 40-41, 769 N.Y.S.2d 184,

188-89 (2003). Only determinations resulting in a Judgment or Order support a claim

of collateral estoppel. <u>See Town of East Hampton v. Omabuild USA No. 1, Inc.</u>, 215

A.D.2d 746, 750, 627 N.Y.S.2d 723, 726 (2d Dep't 1995). The Second Circuit has

cautioned that "issue preclusion will apply only if it is quite clear that these requirements

have been satisfied, lest a party be precluded from obtaining at least one full hearing on his

or her claim." <u>McKithen v. Brown</u>, 481 F.3d 89, 105 (2d Cir. 2007)(citation omitted).

   The party asserting preclusion bears the burden of proof. As the Second

Circuit has held,

> "[T]he party asserting preclusion bears the burden of showing
> *with clarity and certainty* what was determined by the prior
> judgment," and "[i]ssue preclusion will apply only if it is *quite
> clear* that this requirement has been met." *BBS Norwalk One,
> Inc. v. Raccolta, Inc.,* 117 F.3d 674, 677 (2d Cir.1997)
> (internal quotation marks omitted) (emphases added); *see,*

13

e.g., *Kulak v. City of New York,* 88 F.3d 63, 72 (2d Cir.1996).

*Postlewaite v. McGraw-Hill, Inc.,* 333 F.3d 42, 49 (2d Cir. 2003).

"Appellate review plays a central role in assuring the accuracy of decisions." *Gelb* at 44. "Thus, although failure to appeal does not prevent preclusion . . . [, the] inability to obtain appellate review, or the lack of such review once an appeal is taken, does prevent preclusion." *Id.* at 44. Therefore, as the Second Circuit held, "if an appeal is taken and the appellate court affirms on one ground and disregards the other, there is no collateral estoppel as to the unreviewed ground." *Id.* at 45; *see also Johnson v. Watkins,* 101 F.3d 792, 795 (2d Cir. 1996)("collateral estoppel will not bar reconsideration of an issue if there is an inability to obtain review or there has been no review, even though an appeal was taken"); *Jenkins v. City of New York,* 478 F.3d 76, 91 (2d Cir. 2007).

Similarly, for a decided issue to have collateral estoppel effect, "[t]he issue must have been material to the proceeding and essential to the decision rendered therein." *Wollman v. Long Island Jewish Med. Ctr.,* 170 A.D.2d 673, 675, 566 N.Y.S.2d 937, 939 (2d Dep't 1991). Mere *dicta* does not give rise to a collateral estoppel effect. *Town of East Hampton,* 215 A.D.2d at 750, 627 N.Y.S.2d at 726; *Church v. New York State Thruway Auth.,* 16 A.D.3d 808, 810, 791 N.Y.S.2d 676, 679 (3d Dep't 2005)(when a judgment or order is entered, a determination will generally not be given preclusive effect unless the resolution of the issue was "essential" to the decision rendered in the first action or proceeding"); *Atlantic Mut. Ins. Co. v. Lauria,* 291 A.D.2d 492, 493, 739 N.Y.S.2d 394, 396 (2d Dep't 2002); *Postlewaite,* 333 F.2d at 48 ("[i]f an

14

issue was not actually decided in the prior proceeding, or if its resolution was not necessary to the judgment, its litigation in a subsequent proceeding is not barred by collateral estoppel").

In applying the doctrine to the case at bar, it is clear that Liberty Mutual is not collaterally estopped from pursuing the instant action. The issue of whether Liberty Mutual is entitled to co-insurance from Travelers was never decided in the prior suit. Liberty Mutual has never had a full and fair opportunity to litigate Travelers' coverage obligation for 475 Ninth and VJB in the Underlying Action. Liberty Mutual has never had that one full hearing on its claim.

Travelers relies on the June 9, 2005 Decision and Order to support its claim that Liberty Mutual is collaterally estopped from arguing that Travelers insures 475 Ninth and VJB for the claims alleged in the Underlying Action.[4] However, the June 9, 2005 Decision and Order was appealed to Appellate Division, First Department, as reported at Santoli v. 475 Ninth Avenue Assocs., LLC, 38 A.D.3d 411, 833 N.Y.S.2d 40 (1st Dep't 2007). In its decision, the First Department held that the Trial Court "properly exercised its discretion under CPLR 3126 in declining to vacate the striking of VJB's answer and third-party complaint." Id. at 414, 833 N.Y.S.2d at 43. The First Department specifically held that the misrepresentations of VJB's counsel, both to the Trial Court and the Appellate Division, justified its ruling. Id. at 415-16, 833 N.Y.S.2d at 44. Most important, for purposes of this motion, is that the Appellate Division, First

---

[4] The coverage rulings in the June 9, 2005 Decision and Order were mere dicta, as the Third-Party Complaint was being stricken for discovery violations in any event.

Department, did not rule on the coverage issue. It did not address whether VJB and 475 Ninth are additional insureds under the Travelers Policy. Rather, it based its decision solely upon VJB's and its counsel's discovery failures and misrepresentations regarding discovery. The First Department thus concluded as follows:

> Since we are in any event affirming the dismissal of VJB's original third-party complaint-which, to reiterate, was asserted solely by VJB-as a penalty for VJB's contumacious flouting of its discovery obligations, **we dismiss the appeal from the June 2005 order as academic**. (Emphasis supplied.)

Id. at 418, 833 N.Y.S.2d at 46.

Since the determination as to coverage under the Travelers Policy was never addressed on appeal, and the appeal from the June 2005 Order was dismissed as academic, there has been no full and fair opportunity to litigate the coverage issues in the prior proceeding and any determination was not necessary to the ultimate determination. As the Appellate Division held, it was "academic". Id. Therefore, the coverage determination of the lower court does not have collateral estoppel effect. See Gelb at 44-5; Johnson v. Watkins, 101 F.3d 792; Jenkins v. City of New York, 478 F.3d at 91. With respect to the coverage suit by 475 Ninth, the First Department, Appellate Division, reversed the dismissal and reinstated that suit. Id. at 417, 833 N.Y.S.2d at 45. As the last line of the appeal decision states, "the second third-party complaint remains pending insofar as asserted by 475 Ninth." Id. at 418, 833 N.Y.S.2d at 46. Similarly, any decision or Order which was non-appealable because it was not based upon a written motion, cannot have collateral estoppel effect. See Gelb at 44-45; Johnson at 795.

Liberty Mutual was not a party to the Underlying Action.  Although an entity with the "Liberty" name was listed as a third-party plaintiff, since "Liberty" was not a defendant in the main action, it could not bring the third-party action.  See N.Y. C.P.L.R. § 1007 (allows only a defendant to bring a third-party action).  The Appellate Division, First Department, recognized this fact, specifically stating that "Liberty" was never a party to the Underlying Action and that it was not ruling on any issues regarding "Liberty" as follows:

> We note that the remaining entities on whose behalf the
> second third-party complaint was asserted either are no longer
> parties to the action (Kajima and VJB/475) **or never have
> been parties to the action** (K/VJB and **Liberty**).
> (Emphasis supplied.)

Santoli at 417, 833 N.Y.S.2d at 46.  Even the Trial Court, in its June 9, 2005 Decision and Order, in footnote 2 on page 2, "notes that both the answer and third-party complaint are made only on behalf of VJB Construction Corp."  (See Travelers' Moving Papers, Exhibit "K".)  As such, Liberty Mutual was never afforded an opportunity to litigate the coverage issues.

For purposes of collateral estoppel, in cases not involving subrogation, an insurer is not bound by determinations of a court in an action involving its insured.  See First State Ins. Co. v. J & S United Amusement Corp., 67 N.Y.2d 1044, 1046, 504 N.Y.S.2d 88, 89 (1986)(held that insurer was not bound by determination in underlying action notwithstanding that it paid for the insured's defense of the underlying action); New York Central Mut. Fire Ins. Co. v. Steiert, 43 A.D.3d 1065, 842 N.Y.S.2d 494 (2d Dep't 2007); Linette v. Hanover Ins. Co., 29 A.D.3d 338, 814 N.Y.S.2d 608 (1st

17

Dep't 2006); New York State Ins. Fund v. Merchants Ins. Co. of New York, 5 A.D.3d
449, 773 N.Y.S.2d 431 (2d Dep't 2004); Atlantic Mut. Ins. Co. v. Greater New York
Mut. Ins. Co., 271 A.D.2d 278, 707 N.Y.S.2d 398 (1st Dep't 2000); Failla v.
Nationwide Ins. Co., 267 A.D.2d 860, 862-63, 701 N.Y.S.2d 161, 163 (3d Dep't
1999). Absent subrogation, the insurer-insured relationship does not give rise to the type
of privity necessary to bind a non-party pursuant to the collateral estoppel doctrine.

Thus, in New York Central Mut. Fire Ins. Co. v. Steiert, Dawn Steiert sought
supplementary uninsured/underinsured motorists ("SUM") benefits as an insured under a
policy issued by New York Central Mutual Fire Insurance Company ("New York
Central"). "New York Central asserted that additional coverage was available pursuant to
a policy issued by Kemper Auto and Home Insurance Company ["Kemper"]." New York
Central Mut. Fire Ins. Co. v. Steiert at 1066-67, 842 N.Y.S.2d at 495. "Kemper had
disclaimed coverage, and Steiert had unsuccessfully challenged the disclaimer in a
declaratory judgment action." Id. at 1067, 842 N.Y.S.2d at 495. The Second
Department held that New York Central was not bound to that determination, reasoning
as follows:

> New York Central was not a party to the declaratory judgment
> action. Further, it was neither argued nor demonstrated that
> New York Central was in privity with a party to that action
> (Russell v. New York Cent. Mut. Fire Ins. Co., 11 A.D.3d
> 668, 783 N.Y.S.2d 404). In addition, New York Central
> demonstrated that it was not afforded a full and fair
> opportunity to contest the determination in the declaratory
> judgment action. Thus, collateral estoppel was not properly
> applied, and New York Central is entitled to litigate Kemper's
> disclaimer on the merits.

New York Central Mut. Fire Ins. Co. v. Steiert at 1067, 842 N.Y.S.2d at 496.

In Linette, the insured sought a declaratory judgment against her insurer, and argued that the insurer was bound to the issues decided in an underlying personal injury action. The insurer knew of the action, "but chose not to intervene." Linette at 338, 814 N.Y.S.2d at 609. The First Department held that "the law and policy of New York precludes the application of [collateral estoppel] under the circumstances. Id. The First Department reasoned that the insurer was not a party to the underlying action, and that New York "recognize[s] the potential prejudice to insurers forced to participate in personal injury matters." Id. As such, the First Department concluded, the insurer "did not have a full and fair opportunity to be heard on the issues therein." Id.

Finally, in Atlantic Mut. Ins. Co. v. Greater New York Mut. Ins. Co., 271 A.D.2d 278, 707 N.Y.S.2d 398 (1st Dep't 2000), a case remarkably on-point, Atlantic Mutual Insurance Company ("Atlantic Mutual") brought suit against Greater New York Mutual Insurance Company and Insurance Company of Greater New York (hereinafter, collectively, "Greater") for recovery of co-insurance related to a claim brought against their common insured, 1010 Tenants Corporation ("1010"). Atlantic Mutual had disclaimed coverage, and Greater assumed the defense of the underlying action. Atlantic Mut. Ins. Co. v. Greater New York Mut. Ins. Co. at 279, 707 N.Y.S.2d at 399. 1010 previously brought a suit against Atlantic Mutual for coverage, and recovered a Judgment against Atlantic Mutual. The Trial Court in that other action directed a new trial unless 1010 agreed to a reduction of the judgment amount. Atlantic Mutual then settled the action by paying the full Judgment obtained by 1010.

19

Atlantic Mutual then commenced suit against Greater, seeking contribution towards the amounts it paid to settle the suit brought by their common insured, 1010. Atlantic argued that Greater was collaterally estopped from relitigating issues decided in the first coverage suit brought by 1010. The First Department held that collateral estoppel did not apply because "Greater was neither a party to the insured's action against Atlantic Mutual . . ., nor in privity with a party to that action." Id. (citation omitted).

These cases are analogous to the case at bar. As discussed in Point II above, Liberty Mutual does not bring the instant action based on the subrogation rights assumed from VJB or 475 Ninth. It brings this suit based upon its own right to contribution from a co-insurer. It was neither a party to the Underlying Action nor in privity with a party to the Underlying Action. As in Atlantic Mut. Ins. Co. v. Greater New York Mut. Ins. Co., the determinations in a prior coverage suit involving a co-insurer and a common insured are not binding in a subsequent suit between the two insurers. The collateral estoppel doctrine simply does not apply in the case at bar.

In looking to the "realities of the prior litigation", it is clear that Liberty Mutual never had a full and fair opportunity to litigate the coverage issues. VJB, and/or its counsel, had some reason for failing to comply with the Court's discovery orders. It could simply be that VJB did not want to bear the expense of producing the requested documents. Liberty Mutual, given the strong coverage claims against Travelers, clearly had no interest in frustrating discovery. Liberty Mutual's interests were clearly aligned with providing discovery and pursuing the coverage suit against Travelers. VJB, having coverage from Liberty Mutual, did not have such a strong interest.

20

Given the ruling from the Appellate Division, the competence and expertise of VJB's counsel in pursing the coverage claims must be questioned. According to the Appellate Division, VJB's counsel refused to comply with outstanding discovery demands, and made misrepresentations to both the Trial Court and the First Department regarding VJB's document production. Santoli at 415-16, 833 N.Y.S.2d at 44. VJB's coverage claims were ultimately dismissed, not on the merits, but based on a sanction for failure to comply with discovery. The manner in which VJB's counsel litigated the Underlying Action compels the conclusion that Liberty Mutual did not have a full and fair opportunity to litigate the coverage issues. See Levich, 361 F. Supp. 2d at 158 ("the competence and expertise of counsel" is a factor to be considered in determining whether there was a full and fair opportunity to litigate an issue).

Furthermore, since Liberty Mutual was not a party to the Underlying Action, the Court in that action lacked authority to impose sanctions against Liberty Mutual. See Figueroa v. Center Associates, 283 A.D.2d 324, 325, 728 N.Y.S.2d 5, 6 (1st Dep't 2001)("[a]s the lessee's insurer is not a party to the action, the trial court properly denied the . . . motion seeking . . . a sanction against the insurer"); Saastomoinen v. Pagano, 278 A.D.2d 218, 717 N.Y.S.2d 218 (2d Dep't 2000)("[b]ecause CPLR 8303-a and 22 NYCRR 130-1.1 do not include a nonparty or a 'real party in interest' as a person against whom a sanction and costs may be imposed, the Supreme Court had no authority to impose a sanction and costs against Allstate"). As discussed in Point I, there can be no dispute that both 475 Ninth and VJB are insureds under the Travelers Policy for the claims alleged in the Underlying Action. Travelers' arguments, if followed, would

essentially sanction Liberty Mutual for the conduct of Travelers' and Liberty Mutual's

mutual insured, VJB.  Liberty Mutual, which abided by its contractual duty to defend,

would be penalized.  Travelers, which beyond dispute breached its contractual duty to

defend, would be rewarded.  Such an application of the collateral estoppel doctrine would

contravene the general notions of fairness that are its cornerstone.  See Jeffreys v. Griffin

at 40-41, 769 N.Y.S.2d at 188-89.

In conclusion, Liberty Mutual never had a full and fair opportunity to litigate

Travelers' coverage obligations.  The coverage determination by the Trial Court in the

Underlying Action was mere dicta.  The dismissal of the coverage suit was appealed and

affirmed on other grounds.  The Appellate Division specifically held that it would not

decide the coverage issues as "academic".  Liberty Mutual was not a party to the

Underlying Action, and it was not in privity with a party to the Underlying Action.  It

never had its day in Court.  Particularly since, as discussed in Pont I above, there is no

legitimate doubt that Travelers owes coverage to VJB and 475 Ninth for the claims alleged

in the Underlying Action, it would be fundamentally unfair to preclude Liberty Mutual

from bringing this suit.  Accordingly, this Court should determine that Liberty Mutual is

not collaterally estopped from pursuing this suit and deny Travelers' motion.

### Point IV

### THE RES JUDICATA DOCTRINE DOES
### NOT BAR LIBERTY MUTUAL'S COMPLAINT

The application of the doctrine of res judicata "requires the existence of a

prior final judgment on the same cause of action between the same parties as in the current

action." <u>Santangelo v. Fluor Constructors Int'l, Inc.</u>, 294 A.D.2d 903, 741 N.Y.S.2d 807 (4th Dep't 2002).  "One linchpin of res judicata is an identity of parties actually litigating successive actions against each other; the doctrine applies only when a claim *between* the parties has been previously brought to a final conclusion."  <u>City of New York v. Welsbach Electric Corp.</u>, 9 N.Y.3d 124, 127, 848 N.Y.S.2d 551, 553 (2007).

For example, in <u>Krisberg v. Scheyer</u>, 11 Misc. 3d 818, 808 N.Y.S.2d 889 (2006), the Court held that res judicata did not bar the property owners' request for a variance based upon denial of prior owners' application for a variance.  As the Court reasoned,

> [T]he doctrine of res judicata may not be used against one who was not a party to the first action because that would deny that person a hearing and raise issues of due process.

<u>Id.</u> at 825, 808 N.Y.S.2d at 893.

In the case at bar, Travelers has not and cannot establish either element necessary for res judicata to apply.  There has been no final Judgment entered in the third-party action against Travelers in the Underlying Action.  The third-party action was severed from the main action.  The Judgment entered in the main action relates to a settlement agreement, and it does not affect the third-party action.

There is no identity of parties.  Both the Trial Court and the Appellate Division, First Department, determined that Liberty Mutual was not a party to the Underlying Action.  Liberty Mutual, not being a defendant to the main action, could not bring the third-party action.  <u>See</u> N.Y. C.P.L.R. § 1007.  Liberty Mutual was rejected

23

from participating in the Underlying Action as a non-party.  Santoli at 417, 833

N.Y.S.2d at 46.  It cannot be deprived of its day in court by the res judicata doctrine.

Moreover, as discussed in detail in Point III, Liberty Mutual is not in privity

with any party to the Underlying Action so as to invoke a preclusion doctrine.

The claims Liberty Mutual brings in the instant action could not have been

brought in the Underlying Action.  In the case at bar, Liberty Mutual asserts its right to a

direct action for contribution against Travelers based upon Liberty Mutual's status as a co-

insurer with Travelers.  As discussed in Point II, such a claim is not derivative or dependant

on VJB or 475 Ninth's rights against Travelers.  Liberty Mutual could bring this claim even

if VJB and/or 475 Ninth had released Travelers of its insurance obligations.  See Maryland

Cas. Co. v. W.R. Grace & Co., 218 F.3d at 210-11.  Therefore, as Liberty Mutual was

not a party, Liberty Mutual's direct action rights against Travelers could not have been

pursued in the Underlying Action.

In conclusion, application of the res judicata doctrine to the case at bar

would deprive Liberty Mutual of ever having its day in Court.  It would deprive Liberty

Mutual of due process and a fair hearing.  Such a result would be manifestly unjust –

particularly since, as discussed in Point I above, there can be no legitimate dispute that

Travelers owes coverage to VJB and 475 Ninth as a co-insurer for the claims alleged in the

Underlying Action.

The elements for establishing the res judicata bar have not been satisfied.

No final judgment was entered in the Underlying Action on the coverage issues.  There is

no identity of the parties.  Accordingly, this Court must deny Travelers' motion to dismiss.

24

## <u>CONCLUSION</u>

For the foregoing reasons, this Court should deny Travelers' motion to dismiss in all respects.

Dated:   New York, New York
February 25, 2008

Respectfully submitted,

JAFFE & ASHER LLP

By: _____
Marshall T. Potashner, Esq. (MTP-3552)
David R. Shyer, Esq. (DS-6506)
Attorneys for Plaintiff
LIBERTY MUTUAL INSURANCE
COMPANY
600 Third Avenue, 9th Floor
New York, New York  10016
(212) 687-3000