UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LIBERTY MUTUAL INSURANCE COMPANY

                Plaintiff,              07 CV 11292 (JFK)

- against -

                                    Electronically Filed

TRAVELERS PROPERTY CASUALTY COMPANY
OF AMERICA f/k/a THE TRAVELERS
INDEMNITY COMPANY OF ILLINOIS,

                Defendant.

**TRAVELERS' REPLY MEMORANDUM OF LAW IN
FURTHER SUPPORT OF ITS MOTION TO DISMISS**

LAZARE POTTER GIACOVAS & KRANJAC LLP
950 Third Avenue
New York, New York 10022
(212) 758-9300
Attorneys for Defendant

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. iii

PRELIMINARY STATEMENT ...........................................................................................1

ARGUMENT..........................................................................................................................2

I.      TRAVELERS' MOTION TO DISMISS SHOULD BE GRANTED ……………………2

        A.      Plaintiff has Failed to Refute Travelers' Entitlement to a Dismissal
of this Action Pursuant to the Claim Preclusion Doctrine …………………..……2

              i.      *The Exact Same Claims Asserted in this Action were
Raised in the State Action*……………………………………………2

              ii.     *The State Court Has Already Considered and Dismissed
(with Prejudice) the Additional Insured Coverage Claim at Issue*………..4

              iii.    *The State Action Involved Liberty and Those in Privity with Liberty*……..6

        B.      Plaintiff has Failed to Refute Travelers' Entitlement to a Dismissal
of this Action Pursuant to the Collateral Estoppel Doctrine…………………........9

II.     THE COURT SHOULD DENY PLAINTIFF'S REQUEST FOR A
DETERMINATION THAT 475 NINTH AND VJB ARE
ADDITIONAL INSUREDS ON THE TRAVELERS POLICY ………………………..11

CONCLUSION………………………………………………………………………………..13

**TABLE OF AUTHORITIES**

<u>CASES</u>

Adirondack League Club v. Board of Black River Regulating Dist.,
201 N.Y. 219, 93 N.E.2d 647 (1950)……………………………………………………………10

Argo Corporation v. Greater New York Mutual Ins. Co.,
4 N.Y.3d 332, 827 N.E.2d 762, 794 N.Y.S.2d 704 (2005)………………………………………12

Atlantic Mutual Ins. Co. v. Greater New York Mut. Ins. Co.,
271 A.D.2d 278, 707 N.Y.S.2d 398 (1st Dep't 2000)……………………………………………..8

Beck v. Eastern Mut. Ins. Co.,
295 A.D.2d 740, 744 N.Y.S.2d 57 (3d Dep't 2002)………………………………………………4

Bone v. General Security Ins. Co. of Canada,
55 Misc.2d 588, 285 N.Y.S.2d 675 (Sup. Ct., Albany Co., 1967)………………………...…7

Browning Debenture Holders' Committee v. DASA Corp.,
605 F.2d 35 (2d Cir. 1978)……………………………………..……………………………………5

Castellano v. City of New York, 251 A.D.2d 194, 674 N.Y.S.2d 364 (1st Dep't 1998)…………..7

Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)…………..11

Cruz v. Kamlis Dresses & Sportswear Co.,
238 A.D.2d 103, 654 N.Y.S.2d 778 (1st Dept. 1997)……………………………………...……7, 9

Culpepper v. Allstate Ins. Co., 31 A.D.3d 490, 818 N.Y.S.2d 544 (2d Dep't 2006)………...……7

D'Arata v. New York Cent. Mut. Fire Ins. Co.,
76 N.Y.2d 659, 564 N.E.2d 634, 563 N.Y.S.2d 24 (1990)…………………………………7, 9

Duane Reade, Inc. v. St. Paul Fire and Marine Ins. Co.,
503 F. Supp.2d 699 (S.D.N.Y. 2007)……………………………………..………………3, 4

Failla v. Nationwide Ins. Co., 267 A.D.2d 860, 701 N.Y.S.2d 161 (2d Dep't 1999)……….…..8

First State Ins. Co. v. J&S United Amusement Corp.,
67 N.Y.2d 1044, 495 N.E.2d 351, 504 N.Y.S.2d 88 (1986)…………………………………….8

Gelb v. Royal Globe Ins. Co., 798 F.3d 38 (2d Cir. 1986)………………………………………10

Glynn v. United House of Prayer, 292 A.D.2d 319, 741 N.Y.S.2d 499 (1st Dept. 2002)………..12

Greater New York Mut. Ins. Co. v. Liberty Mut. Ins. Co.,
01 Civ. 10632 (JFK), 2003 WL 22149522 (S.D.N.Y. 2003)……………....…………………7

Jardine Emett & Chandler New York, Inc. v. Armored Transport of New York,
204 A.D.2d 606, 612 N.Y.S.2d 186 (2nd Dept. 1994)…..……………………………………… 5

Jenkins v. City of New York, 478 F.3d 76 (2d Cir. 2007)……………………………………….10

Johnson v. Watkins, 101 F.3d 792 (2d Cir. 1996)…………………………………………….10

Kalinka v. Saint Francis Hospital, 34 A.D.3d 742, 827 N.Y.S.2d 75 (2nd Dep't 2006)…....……5

Leeds v. Sturm, Ruger and Co., Inc.,
101 A.D.2d 881, 476 N.Y.S.2d 181 (2nd Dept. 1984)………………………….…..…………….5

Lewis v. City of New York,
17 Misc.3d 537, 844 N.Y.S.2d 650 (Sup. Ct., Bronx Co., 2007)……………………………….7

Linarello v. City University of New York,
6 A.D.3d 192, 774 N.Y.S.2d 517 (1st Dept. 2004)…………………………………..………..12

Linette v. Hanover Ins. Co., 29 A.D.3d 338, 814 N.Y.S.2d 608 (1st Dep't 2006)……………..…8

Maryland Cas. Co. v. W.R. Grace and Co., 218 F.3d 204 (2d Cir. 2000)………………………...3

New York Convention Center Op. Corp. v. Morris Cerullo World Evangelism,
269 A.D.2d 275, 704 N.Y.S.2d 211 (1st Dep't 2000)……………………………………………13

New York State Ins. Fund v. Merchants Ins. Co. of New Hampshire, Inc.,
5 A.D.3d 449, 773 N.Y.S.2d 431 (2d Dep't 2004)……………………………………..…………8

NM IQ LLC v. McVeigh, 03 Civ. 4371 (JFK), 2004 WL 2827618 (S.D.N.Y. 2004)………..…..7

O'Brien v. City of Syracuse,
54 N.Y.2d 353, 429 N.E.2d 1158, 445 N.Y.S.2d 687 (1981)……………………………………..5

Security Mut. Ins. Co. v. Acker-Fitzsimons Corp.,
31 N.Y.2d 436, 293 N.E.2d 76, 340 N.Y.S.2d 902 (1972)……………………………………12

State v. Seaport Manor A.C.F., 19 A.D.3d 609, 797 N.Y.S.2d 538 (2d Dep't 2005)…………..…5

Teltronics Services, Inc. v. Hessen, 762 F.2d 185 (2d Cir. 1985)……………………….....…6

Town of Clarkson v. Boston Old Colony Ins. Co.,
102 A.D.2d 850, 476 N.Y.S.2d 621 (2d Dep't 1984)……………………………………...…………7

Watts v. Swiss Bank Corp.,
27 N.Y.2d 270, 317 N.Y.S.2d 315, 265 N.E.2d 739 (1970)………………...…………………..7

OTHER MATERIALS

71 N.Y. Jur.2d Insurance § 2385……………………….…………………………………8

Restatement (Second) of Judgments §58…………………………………………………….8

**PRELIMINARY STATEMENT**

Defendant Travelers Property Casualty Company of America ("Travelers") f/k/a The Travelers Indemnity Company of Illinois, respectfully submits this reply memorandum of law in further support of its motion to dismiss the complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, in lieu of an answer. Travelers also respectfully refers the Court to the accompanying April 1, 2008 Declaration of Andrew M. Premisler, Esq. ("04/01/08 Prem. Dec.").

Liberty Mutual Insurance Company's ("Liberty") opposition does not refute Travelers' entitlement to dismissal. Travelers respectfully urges the Court to look past Liberty's unsupported claim's of unfairness and suggestions that it "never had its day in court." In fact, the state court dismissed -- with prejudice -- not once, but four times, the exact same coverage claims now at issue. Liberty, however, attempts to reassert its claim for additional insured coverage on behalf of 475 Ninth and VJB under the Travelers Policy.

The indisputable facts and relevant case law dictate that Liberty's complaint should be dismissed. Specifically,

- -- The claim preclusion doctrine bars this action. It is not and cannot be disputed that the state action involved a "full scale legal contest" of 475 Ninth and VJB's additional insured status under the Travelers Policy. This action involves the identical subject matter. Case law confirms that Liberty cannot escape the prior dismissals merely by changing the action's form -- e.g., by calling it a direct action for "coinsurance." Moreover, Liberty appeared in the state action or was in privity with a party to that action. (Infra at pp. 2 to 8).

- -- The collateral estoppel (or issue preclusion) doctrine also bars this action. Again, Liberty's complaint seeks additional insured coverage for 475 Ninth and VJB under the Travelers Policy. Liberty and its privies, however, litigated this issue in the state court and the state court made a determination on the issue. For this additional reason, the complaint should be dismissed. (Infra at pp. 9 to 10).

# ARGUMENT

## I.

## TRAVELERS' MOTION TO DISMISS SHOULD BE GRANTED

As previously established, to assess whether Liberty's action should be dismissed, the Court can consider the complaint, exhibits attached to the complaint, documents integral to or referenced in the complaint, the prior state court proceedings, orders, matters of public record, items appearing in the record and any other documents in plaintiff's possession which plaintiff had knowledge and relied upon in bringing suit. (Travelers' 1/22/08 Mem. at p. 9). It is undisputed that all of the materials Travelers submitted fall into one (or more) of these categories and can be considered by the Court in deciding this motion. Liberty's self-serving characterizations notwithstanding, this evidence demonstrates that Liberty and its insureds have already sued Travelers in state court for the same coverage sought in this action. They were unsuccessful and the principles of res judicata preclude Liberty from doing so again here.

**A.  Plaintiff has Failed to Refute Travelers' Entitlement to a Dismissal of this Action Pursuant to the Claim Preclusion Doctrine**

As previously established, the claim preclusion doctrine applies to preclude an action when "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been raised in the prior action." Duane Reade, Inc. v. St. Paul Fire and Marine Insurance Co., 503 F. Supp.2d 699, 703 (S.D.N.Y. 2007)(internal quotation omitted). The claims brought in this action satisfy all three of these requirements.

*i.  The Exact Same Claims Asserted in this Action were Raised in the State Action*

In its complaint, Liberty claims that "VJB and 475 Ninth qualify as [] additional insured[s] under the Travelers Policy for the claims alleged in the Underlying Action." (1/22/08

2

Prem. Dec., Exh. "A" [¶ 29]). In its motion papers, Liberty admits that this action concerns a claim that "475 Ninth and VJB are additional insureds for the Underlying Action, and that Travelers owes them (i.e., 475 Ninth and VJB] a primary duty to defend and indemnify…" (2/25/08 Liberty Mem. at p. 23). In fact, Liberty does not dispute that this exact same coverage was sought in the state court action. (01/22/08 Prem. Dec. at ¶ 2, Exhs. "E," "L" and "M").

Instead, Liberty claims (in contradictory fashion) that it is bringing this direct action against Travelers based upon its "status as a co-insurer with Travelers." (2/25/08 Liberty Mem. at pp. 10-12, 24).[1] Liberty, however, does not have a direct right of action against Travelers for any indemnity expenses because it has never paid the underlying settlement. (04/01/08 Prem. Dec. at ¶ 2, n. 1). In fact, the case law that Liberty relies upon, requires it to have made a payment of "more than its pro rata share" to the underlying plaintiffs before "it may compel the co-obligors to contribute their share [if any] of the amount *paid*." Maryland Cas. Co. v. W.R. Grace and Co., 218 F.3d 204, 210 (2d Cir. 2000)(empshasis added). Thus, Liberty's opposition should be rejected and the complaint dismissed.

Even if Liberty did have such standing and the Court were to accept Liberty's self-serving and contradictory characterization of its claim, it remains insufficient to defeat Travelers' motion. Liberty's "direct action"/"coinsurance" assertion misses the point. The focus of the "same claim" prong of the claim preclusion doctrine is on the "subject matter" of the litigation; not its form. In other words, the res judicata doctrine is triggered where (as is the case here) the "subject matter" of the current and prior actions is the same. See, e.g., Duane Reade, 503 D. Supp.2d at 705-06 ("New York courts will not allow a party to retry issues that formed the

---

[1] This assertion, however, completely contradicts the clear language of the complaint and the first part of Liberty's opposition wherein Liberty alleges that Travelers owes sole primary coverage to VJB and 475 Ninth. (1/22/08 Prem. Dec., Exh. "A" [¶ 29]; 2/25/08 Liberty Mem. at p. 23). For this reason alone, Liberty's opposition should be rejected.

3

subject matter of a prior declaratory judgment action."); Beck v. Eastern Mut. Ins. Co., 295 A.D.2d 740, 741-42, 744 N.Y.S.2d 57, 59 (3d Dep't 2002)("plaintiffs' second declaratory judgment action is precluded because plaintiffs' claim that defendant should indemnify them in the underlying action was the subject matter of the first declaratory judgment action.").

Here, there is no dispute that the "subject matter" of this and the state action is the same -- the additional insured status of VJB and 475 Ninth under the Travelers Policy. Nor can it be disputed that the state court action involved anything other than a "full scale legal contest" concerning Travelers obligations under the policy. Duane Reade, 503 D. Supp.2d at 704. Thus, the "same claim" prong of the claim preclusion doctrine has been satisfied.

   *ii.*  *The State Court Has Already Considered and Dismissed (with Prejudice) the Additional Insured Coverage Claim at Issue*

Liberty does not dispute that the Appellate Division affirmed the lower state court's dismissal of Liberty and VJB's coverage claims against Travelers for failing to comply with court ordered discovery. Santoli v. 475 Ninth Avenue Associates, 38 A.D.3d 411, 414, 833 N.Y.S.2d 40, 43 (1st Dep't 2007). Nor does Liberty dispute that this order was a dismissal "on the merits" for the purposes of the claim preclusion doctrine. (Liberty's 2/25/08 Mem. at pp. 22-24). Further, although the Appellate Division reinstated Liberty's coverage claims regarding 475 Ninth, Liberty does not dispute that the state court subsequently dismissed those claims with prejudice. (Travelers' 1/22/08 Mem. at p. 8).

Instead, Liberty vaguely asserts that the claim preclusion doctrine is inapplicable because there has been "no final Judgment" entered in the underlying third-party action. (Liberty's 2/25/08 Mem. at p. 23). Again, Liberty misses the point. Whether or not a specific document called a "judgment" has been filed in the underlying action is not determinative of this issue. Under New York law, this aspect of the claim preclusion doctrine is satisfied once a claim is

4

brought to a "final conclusion." O'Brien v. City of Syracuse, 54 N.Y.2d 353, 357, 429 N.E.2d 1158, 1159, 445 N.Y.S.2d 687, 688 (1981).

For example, it is well settled that an "order" dismissing an action based upon a party's failure to "comply with disclosure … is properly given res judicata effect." Kalinka v. Saint Francis Hospital, 34 A.D.3d 742, 827 N.Y.S.2d 75 (2nd Dep't 2006); see also Jardine Emett & Chandler New York, Inc. v. Armored Transport of New York, 204 A.D.2d 606, 612 N.Y.S.2d 186 (2nd Dept. 1994) (order dismissing action for failing to comply with court ordered discovery was a dismissal on the merits); Leeds v. Sturm, Ruger and Co., Inc., 101 A.D.2d 881, 476 N.Y.S.2d 181 (2nd Dept. 1984)("order of dismissal" based upon failure to comply with discovery was a dismissal on the merits); Browning Debenture Holders' Committee v. DASA Corp., 605 F.2d 35, 39 (2d Cir. 1978)("involuntary dismissal for failure to comply with a court order constitutes a dismissal on the merits."). Similarly, an order dismissing an action following a settlement is considered "on the merits" for res judicata purposes. See, e.g., State v. Seaport Manor A.C.F., 19 A.D.3d 609, 797 N.Y.S.2d 538 (2d Dep't 2005).

Here, there is not and cannot be any legitimate dispute that the coverage claims at issue have been brought to a "final conclusion." Again, Liberty does not dispute that the dismissal of VJB's coverage claims against Travelers for failing to comply with court ordered discovery is, for the purposes of the claim preclusion doctrine, a dismissal on the merits. (Liberty's 2/25/08 Mem. at pp. 22-24). Nor does Liberty dispute that the dismissal following settlement was on the

merits for the purposes of the claim preclusion doctrine. (Liberty's 2/25/08 Mem. at pp. 22-24).[2] Thus, Liberty's opposition is insufficient to defeat Travelers' motion.[3]

### iii.    *The State Action Involved Liberty and Those in Privity with Liberty*

As an initial matter, Liberty attempts to escape the effect of the numerous state court determinations dismissing the coverage claims at issue by claiming that (by virtue of a technicality) it was not a party to the state action. Liberty, however, ignores the undisputed fact that it actually appeared in the state action, acted as a party and participated in this litigation. (Travelers' 1/22/08 Mem. at pp. 3 to 8). It is undisputed that Liberty itself asserted claims against Travelers in the underlying third-party actions (1/22/08 Prem. Dec. at ¶ 2, Exhs. "E" and "L"), took part in the motion practice wherein the coverage claims at issue here were repeatedly dismissed (1/22/08 Prem. Dec. at ¶ 2, Exhs. "I," "J" and "K") and was a party to the appeal. Santoli, supra. For this reason alone, the party/privity prong of the res judicata doctrine has been satisfied. See, e.g., Teltronics Services, Inc. v. Hessen, 762 F.2d 185, 191 (2d Cir. 1985)(holding that a person who "participates" in a prior litigation is bound by the resulting determination).

Liberty also claims that it was not in privity with its insureds because "in cases not involving subrogation, an insurer is not bound by determinations of a court in an action involving its insured." (Liberty's 2/25/08 Mem. at p. 17). This vague and conclusory characterization of New York law is simply not true.

---

[2]   Moreover, the June 2005 Order (wherein the lower court determined that "the Travelers policy does not provide coverage to the VJB Entities [e.g., VJB and 475 Ninth]") remained "in effect" following the appeal. (Travelers' 1/22/08 Mem. at p. 12, n. 4).

[3]   Liberty's assertion that the "third-party action was severed from the main action" is misleading and irrelevant. (Liberty's 2/25/08 Mem. at pp. 23). On October 28, 2004, the state court severed the third-party action from the underlying first-party action only for the purposes of trial. (02/22/08 Potashner Aff., Ex "7"). Although there was no written order severing the second third-party action, the Court verbally directed that said action be severed only for the purposes of trial. All pre and post trial proceedings on all of the actions were consolidated. In fact, following the trial, all parties on all of the actions appeared before the state court in connection with 475 Ninth, VJB and Liberty's motion to reargue the August 2007 Order. (01/22/08 Prem. Dec. at ¶ 2, Exh. "Q"). It was at this time, that the state court ordered that the "entire case" -- i.e., all of the claims and coverage claims -- was dismissed. (01/22/08 Prem. Dec. at ¶ 2, Exh. "Q"[pp. 37, 43-44).

As previously established, privity exists where the party's "own rights or obligations in the subsequent proceeding are conditioned in one way or another on, or derivative of the rights of the party to the prior litigation." D'Arata v. New York Cent. Mut. Fire Ins. Co., 76 N.Y.2d 659, 664, 564 N.E.2d 634, 637, 563 N.Y.S.2d 24, 27 (1990). In other words, a party standing in the shoes of an insured is in privity with the insured. Id. Privity also exists where there was an arrangement for a party's representation in, or actual control of, the prior litigation or where a party's "interests" were presented by another party to the earlier action. Watts v. Swiss Bank Corp., 27 N.Y.2d 270, 277, 317 N.Y.S.2d 315, 265 N.E.2d 739 (1970); Castellano v. City of New York, 251 A.D.2d 194, 674N.Y.S.2d 364 (1st Dep't 1998) (privity attaches to those whose "interests were represented in the prior proceeding" or "who controlled the conduct of the prior action…"); NM IQ LLC v. McVeigh, 03 Civ. 4371 (JFK), 2004 WL 2827618 at *7 (S.D.N.Y. 2004).

Thus, it is well settled that, in addition to the subrogation context, where a defending insurer's interests did not diverge from the insured or where an insurer controls the prior litigation, privity exists between an insurer and its insured. Culpepper v. Allstate Ins. Co., 31 A.D.3d 490, 491 818 N.Y.S.2d 544, 546 (2d Dep't 2006)(privity exists between an insured and its insurer where their "interest[s] did not diverge …"); Greater New York Mut. Ins. Co. v. Liberty Mut. Ins. Co., 01 Civ. 10632 (JFK), 2003 WL 22149522 at * 3 (S.D.N.Y. 2003)(issue decided against insured would bar a challenge to that issue in the subsequent coverage action brought by the insurer); Town of Clarkson v. Boston Old Colony Ins. Co., 102 A.D.2d 850, 476 N.Y.S.2d 621 (2d Dep't 1984); Lewis v. City of New York, 17 Misc.3d 537, 844 N.Y.S.2d 650 (Sup. Ct., Bronx Co., 2007)("mutuality of interest" creates privity between insurer and insured); Bone v. General Security Ins. Co. of Canada, 55 Misc.2d 588, 285 N.Y.S.2d 675 (Sup. Ct.,

7

Albany Co., 1967)( "indemnitor-indemnitee relationship" creates privity between an insurer and insured); 71 N.Y. Jur.2d Ins. § 2385; Restatement (Second) of Judgments §58.

Here, Liberty was in privity with 475 Ninth and VJB. It is not disputed that Liberty was the direct liability insurer of 475 Ninth and VJB and, was defending and indemnifying them in connection with the state action. It is by virtue of its insurance contract with 475 Ninth and VJB that it before and again now claims a right to seek reimbursement from Travelers. In other words, notwithstanding its assertions to the contrary, Liberty is now standing in the shoes of 475 Ninth and VJB in seeking coverage for such parties. Liberty cannot simply change the action's form (e.g., by calling this a direct action for co-insurance) and expect prior state court determinations on the exact same coverage claims to be ignored. (Supra at pp. 2 to 4). [4]

Nor is it disputed that Liberty had a significant interest (e.g., $1,000,000 plus defense costs) in the state action which would have been eliminated had 475 Ninth and VJB successfully prosecuted the coverage claims against Travelers. In fact, Liberty admits that its "interests were clearly aligned with . . . pursuing the coverage suit against Travelers." (Liberty's 2/25/08 Mem. at p. 20). Further, the same attorney that is representing Liberty in this action, now represents

---

[4] First State Ins. Co. v. J&S United Amusement Corp., 67 N.Y.2d 1044, 495 N.E.2d 351, 504 N.Y.S.2d 88 (1986), Linette v. Hanover Ins. Co., 29 A.D.3d 338, 814 N.Y.S.2d 608 (1st Dep't 2006), New York State Ins. Fund v. Merchants Ins. Co. of New Hampshire, Inc., 5 A.D.3d 449, 773 N.Y.S.2d 431 (2d Dep't 2004), Atlantic Mutual Ins. Co. v. Greater New York Mut. Ins. Co., 271 A.D.2d 278, 707 N.Y.S.2d 398 (1st Dep't 200) and Failla v. Nationwide Ins. Co., 267 A.D.2d 860, 701 N.Y.S.2d 161 (2d Dep't 1999) are easily distinguishable. In those cases, the prior litigations involved personal injury/property damage claims. Here, the state action involved a claim that VJB and 475 Ninth were additional insureds on the Travelers Policy – the exact same claim being asserted here. Thus, here, Liberty is standing in the exact same shoes that 475 Ninth and VJB were standing in when these coverage issues were decided in the state action. Merely, calling this an action for co-insurance as opposed to a subrogation action does not and cannot change that fact. These cases are also distinguishable from this action because there was no "mutuality of interest" between the insurer and the insured or because the insurer lacked control over the prior action – i.e., the insurer either disclaimed coverage, defended under a reservation of rights or there was a conflict of interest between the insurer and the insured. For example, in First State, supra, the insurer provide a defense under a reservation of rights and, thus, the Court found that counsel was representing the interests of the insured, not the insurer. Here, there is no evidence that Liberty's defense of 475 Ninth and VJB was undertaken pursuant to a reservation of rights. Nor is there any other evidence that Liberty lacked control of the underlying action.

475 Ninth in the state action. (1/22/08 Prem. Dec. at ¶ 2, Exh. "R"). For these additional reasons, privity exists between Liberty and its insureds.

**B.**     **Plaintiff has Failed to Refute Travelers' Entitlement to a Dismissal of this Action Pursuant to the Collateral Estoppel Doctrine**

As previously established, only two basic requirements must be satisfied in order to invoke the collateral estoppel doctrine. D'Arata, 76 N.Y.2d at 664, 564 N.E.2d at 636, 563 N.Y.S.2d at 26. First, the "identical issue" must have been decided in the prior action. Id. Secondly, the party to be precluded from re-litigating the issue must have had a "full and fair opportunity to contest the prior determination." Id. Both requirements have been met here.

In this action, Liberty's complaint seeks additional insured coverage for 475 Ninth and VJB under the Travelers Policy. (1/22/08 Prem. Dec., Exh. "A" [¶ 29]). As detailed above, Liberty was a party to the state action and/or in privity with a party to the state action. (Supra pp. 6 to 9). These coverage issues were fully litigated by Liberty and its privies and repeatedly dismissed in the state action. Thus, Plaintiff's complaint should be dismissed.

In fact, Liberty specifically acknowledges that the Appellate Division concluded that the state court "properly exercised its discretion under CPLR 3126 [in the October 2005 Order] in declining to vacate the striking of VJB's answer and third-party complaint." Santoli, 38 A.D.3d at 414, 833 N.Y.S.2d at 43. Instead, Liberty suggests that lacked a full and fair opportunity to litigate the coverage issues concerning VJB because the third-party complaint was dismissed, not on the merits, but due to the repeated failure to comply with discovery. (Liberty's 2/25/08 Mem. at pp. 15 to 16, 21). However, case law confirms a dismissal of an action based upon a failure to comply with court ordered discovery is a dismissal "on the merits" and otherwise triggers collateral estoppel. Cruz v. Kamlis Dresses & Sportswear Co., 238 A.D.2d 103, 654 N.Y.S.2d

9

778 (1st Dept. 1997); see also supra pp. 4 to 6. For this reason alone, collateral estoppel bars Liberty's coverage claims regarding VJB.

Liberty also points to the Appellate Division's decision to reinstate 475 Ninth's coverage claims in a further attempt to escape the state court's determinations against it. (Liberty's 2/25/08 Mem. at p. 16). This assertion, however, is insufficient to defeat Travelers' motion.

Specifically, Liberty ignores the fact that this reinstatement was based on a partial reversal of the October 2005 Order (wherein the lower court dismissed VJB and Liberty claims for failing to comply with court ordered discovery). Santoli, 38 A.D.3d at 418, 833 N.Y.S.2d at 46. The Appellate Division did not reverse, affirm, modify or otherwise discuss the merits of the June 2005 Order (wherein the lower court determined that "the Travelers policy does not provide coverage to the VJB Entities [e.g., VJB and 475 Ninth]"), it simply dismissed the appeal from that order. Id. The Appellate Division also specifically noted that it was expressing "no view as to the viability of 475 Ninth's third-party claims on the merits." Id. Accordingly, the lower court's summary judgment determinations as to both VJB and 475 Ninth remained "in effect." See, e.g., Adirondack League Club v. Board of Black River Regulating Dist., 201 N.Y. 219, 223, 93 N.E.2d 647, 649 (1950). The fact that the June 2005 determinations remained in effect was subsequently confirmed by the state court. (01/22/08 Prem. Dec. at ¶ 2, Exh. "O" [p. 13]). Moreover, the state court cleared up any confusion and reaffirmed its dismissal of these coverage claims when it unequivocally confirmed that the "entire case" was dismissed. (Travelers' 1/22/08 Mem. at p. 8).[5] Thus, Plaintiff is collaterally estopped from bringing this action.

---

[5] Gelb v. Royal Globe Ins. Co., 798 F.3d 38 (2d Cir. 1986), Johnson v. Watkins, 101 F.3d 792 (2d Cir. 1996) and Jenkins v. City of New York, 478 F.3d 76 (2d Cir. 2007) are distinguishable. In Gelb, Johnson and Jenkins, collateral estoppel was not applied to an issue where there was no appellate review. In other words, the issue was simply disregarded. Gelb, 798 F.3d at 44. Here, the coverage issue was not disregarded; it was reviewed by the Appellate Division and then the appeal was dismissed. Santoli, 38 A.D.3d at 418, 833 N.Y.S.2d at 46. Thus, the lower court's summary judgment determinations as to both VJB and 475 Ninth remained "in effect." A fact which was repeatedly confirmed by the state court. (01/22/08 Prem. Dec. at ¶ 2, Exh. "O" [at p. 13], "Q" [pp. 37, 43-44]).

## II.

**THE COURT SHOULD DENY PLAINTIFF'S REQUEST FOR A DETERMINATION THAT 475 NINTH AND VJB ARE ADDITIONAL INSUREDS ON THE TRAVELERS POLICY**

In an effort to confuse the issues, Liberty spends a good portion of its "opposition" attempting to show that 475 Ninth and VJB are additional insureds on the Travelers Policy. However, the only motion now before this Court is Travelers' pre-answer motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Liberty does not and cannot make a cross-motion for a declaration of coverage under the Travelers Policy. See, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Thus, Liberty's claim in this regard warrants little response.

Briefly, 475 Ninth and VJB are not entitled to additional insured coverage under the Travelers Policy because they failed to timely notify or tender their claims for coverage to Travelers. The underlying accident occurred on April 7, 2003. (01/22/08 Prem. Dec. at ¶ 2, Exh. "A"). 475 Ninth was served with the underlying complaint no later than December, 2003 and VJB was served no later than February, 2004. (04/01/08 Prem. Dec. at ¶ 2, Exhs. "C" and "D"; 01/22/08 Prem. Dec. at ¶ 2, Exhs. "E-1" and "E-2"). Travelers, however, received no notice or tender by (or on behalf of) VJB until April 14, 2004 -- more than one (1) year after the underlying accident and two (2) months after VJB was served with the summons and complaint. (04/01/08 Prem. Dec. at ¶ 2, Exhs. "A" and "B"). Moreover, Travelers received no notice or tender by (or on behalf of) 475 Ninth prior to the commencement of the underlying third-party actions. (04/01/08 Prem. Dec. at ¶ 2, Exh. "B"). This failure violated, among other provisions, the notice and cooperation conditions of the Travelers/R&J Policy. (2/22/06 Potashner Aff., Ex. "3"). As a matter of well-established law, a breach of this provision is fatal to an insurance

claim, regardless of whether the insurer has been prejudiced.  Argo Corporation v. Greater New York Mutual Insurance Company, 4 N.Y.3d 332, 827 N.E.2d 762, 794 N.Y.S.2d 704 (2005); Security Mut. Ins. Co. v. Acker-Fitzsimons Corp., 31 N.Y.2d 436, 442, 293 N.E.2d 76, 78, 340 N.Y.S.2d 902, 905 (1972).

VJB is also not entitled to additional insured coverage under the Travelers Policy because its liability did not arise out of Travelers' named insured's work (i.e., R&J's work) "*for that additional insured.*"  The subject additional insured endorsement applies only to liability that arises out of R&J's work "*for that additional insured*." (2/22/06 Potashner Aff., Ex. "3").  Thus, the additional insured endorsement would not cover an additional insured that Travelers' named insured -- R&J -- was not working for at the time of the accident.  Glynn v. United House of Prayer, 292 A.D.2d 319, 741 N.Y.S.2d 499 (1st Dept. 2002);  Linarello v. City University of New York, 6 A.D.3d 192, 195, 774 N.Y.S.2d 517, 520 (1st Dept. 2004)(a claimed additional insured that did not have a contract with the named insured, is not covered under the policy for liability that arose out of the named insured's contract with another party).  Here, the alleged contract indicates that "Kajima/VJB Construction Services LLC" hired R&J to perform "carpentry & drywall" services in connection with the project. (01/22/08 Prem. Dec. at ¶ 2, Exh. "D").   VJB was not a party to the contract or otherwise in the contractual chain. (01/22/08 Prem. Dec. at ¶ 2, Exh. "D").  Nor was R&J otherwise  performing any work for VJB. (04/01/08 Prem. Dec. at ¶ 2, Exh. "E"; 01/22/08 Prem. Dec. at ¶ 2, Exh. "C").  In fact, VJB had no role on the project at all. (04/01/08 Prem. Dec. at ¶ 2, Exh. "E"; 01/22/08 Prem. Dec. at ¶ 2, Exh. "C").   Thus, for this additional reason, the endorsement is not triggered with respect to VJB.[6]

---

[6]     Even if Travelers were somehow obligated to cover 475 Ninth and VJB, it would not be their sole primary insurer.  Liberty's policy would also provide primary coverage. In fact, Liberty admits that it has an obligation to provide 475 Ninth and VJB with coverage as a "co-insurer." (Liberty's 2/25/08 Mem. at p. 24). Moreover, the relevant "other insurance" provision of the Liberty Policy provides that it is excess unless certain enumerated

12

**CONCLUSION**

For the reasons stated herein and in the accompanying declarations, Travelers respectfully asks the Court to dismiss the complaint in its entirety.

Dated: New York, New York
April 1, 2008

LAZARE POTTER GIACOVAS & KRANJAC

s/Andrew M. Premisler
Andrew M. Premisler (AMP-0811)
950 Third Avenue
New York, New York  10022
Telephone: (212) 758-9300
Fax: (212) 888-0919
E-mail: apremisler@lpgk.com
Attorneys for Defendant Travelers Property Casualty Company of America, f/k/a The Travelers Indemnity Company of Illinois

---

provisions (not of which are triggered) apply here.  (01/22/08 Prem. Dec. at ¶ 2, Exh. "C" [p. 15 0f 24]).  The Travelers Policy's "other insurance" provision is identical in form and substance.  (02/22/08 Potashner Aff., Ex "3" [p. 10 of 14]).  Thus, at most, Travelers would be a "co-insurer" with Liberty.  New York Convention Center Operating Corp. v. Morris Cerullo World Evangelism, 269 A.D.2d 275, 277, 704 N.Y.S.2d 211, 213 (1st Dep't 2000).  Moreover, the Republic Insurance Company policy (issued to contractor Spieler & Ricca) would also need to be examined before any such determination could be made.  For this additional reason, Liberty's request should be denied.